FILED

2012 Oct-24  AM 11:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-11-AR-3695-S |
| | ) | |
| | ) | |
| TERRENCE P. COLLINGSWORTH, | ) | |
| individually and as agent of Conrad & | ) | |
| Scherer, LLP; and CONRAD & | ) | |
| SCHERER, LLP. | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

COME NOW Defendants, TERRENCE P. COLLINGSWORTH and CONRAD & SHERER, LLP, by and through the undersigned counsel, and hereby files this Answer to Plaintiff's Complaint.

## PARTIES

1.    Defendants admit Drummond is a for-profit corporation but has no knowledge of whether is principal place of business is Birmingham, Alabama.

2.    Defendants admit the descriptions of Mr. Collingsworth and Conrad & Scherer, but deny Mr. Collingsworth has conducted business in Birmingham, Alabama.

3.      Defendants admit the description of Mr. Collingsworth and Conrad & Scherer, but deny Conrad & Scherer has conducted business in Birmingham.

## JURISDICTION
## AND
## VENUE

4.      Defendant admits diversity of citizenship between Plaintiffs and Defendant but denies the amount in controversy exceeds $75,000 and demands strict proof thereof.

5.      Defendants deny the allegations contained in paragraph five of Plaintiff's Complaint and demand strict proof thereof.

## FACTUAL
## ALLEGATIONS

6.      Admitted

7.      Defendants deny the allegations contained in paragraph seven of Plaintiff's Complaint and demand strict proof thereof.

8.      Through information and belief, Defendants admit Llanos Oil is an oil exploration company.  Furthermore, Defendants are aware Llanos Oil has made allegations related to Drummond and the Columbian Government related to mineral rights.  Defendant denies the improper characterization of the allegations by Llanos as wild.

2

9.     Defendant Collingsworth admits he wrote correspondence to the Prime Minister of the Netherlands, as well as to other Dutch government authorities.   Defendant states the contents of the letter speaks for itself. Defendant denies a financial arrangement with Llanos Oil.

10.    Defendant admits he wrote the January 18, 2011 letter and states the contents of the letter speaks for itself.  Defendant denies the letter contains false and defamatory statements.

11.    Defendants contend the allegations in paragraph 10 are true. Defendant denies the letters was written in furtherance of a plan with Llanos Oil to defame Drummond.

12.    Defendants deny the allegations contained in paragraph twelve of Plaintiff's Complaint and demand strict proof thereof.

13.    Defendants admit Mr. Collingsworth wrote a February 4, 2011 letter to the Government of the Netherlands, but deny Plaintiff's characterization of the letter and the source of information for it.

14.    Defendants admit they wrote a February 4, 2011 letter. Defendant states the contents of the letters speaks for itself.  Defendants deny the statements were false or defamatory.

15.    Defendants deny the allegations contained in paragraph fifteen of Plaintiff's Complaint and demands strict proof thereof;

16.    Defendants deny the characterization of Mr. Collingsworth's purpose or knowledge, and have no information about the date any referenced letter was put on a website.

17.    Defendants admit Mr. Collingsworth wrote the referenced letter.  Defendants are without sufficient information to admit or deny the facts related to Plaintiff's business relationship with Itochu Corp. Defendants state the contents of the letter speak for itself.  Defendants deny Collingsworth was part of any campaign to defame Drummond.

18.    Defendants state the contents of the September 19, 2011 letter speak for itself.  Defendants deny the letter contains false or defamatory statements.

19.    Defendants deny the allegations contained in paragraph nineteen of Plaintiff's complaint and demand strict proof thereof.

20.    Defendants deny the characterization of Mr. Collingsworth's purpose or knowledge, and have no information about the date any referenced letter was put on any website.

21.    Admitted

22.    Defendants admit a request was made to retract, and Mr. Collingsworth responded by asking Plaintiff for specific references to any alleged false and defamatory statements, and Plaintiff failed to respond.

4

23.     Defendants admit Plaintiff is an Alabama company but have no knowledge of whether its principal place of business is in Birmingham, Alabama.

24.     Defendants deny allegations contained in paragraph twenty-four of Plaintiff's Complaint and demand strict proof thereof.

25.      Defendants deny allegations contained in paragraph twenty-five of Plaintiff's Complaint and demand strict proof thereof.

## <u>COUNT I</u>
## <u>DEFAMATION</u>

26.     Defendants re-allege and incorporate by reference its response to paragraphs 1-25, inclusive, as if fully set forth herein.

27.     Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint and demands strict proof thereof.

28.     Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint and demands strict proof thereof.

29.     Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.

30.     Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint and demands strict proof thereof.

## AD DAMNUM

Defendants deny it is liable to Plaintiff for damages.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Defendants plead absolute, conditional or qualified privilege.

## SECOND DEFENSE

Defendants plead the truth.

## THIRD DEFENSE

Plaintiff cannot establish prima facie case of defamation.

## FOURTH DEFENSE

Defendants plead absence of malice

## FIFTH DEFENSE

Defendants plead mitigation of damages.

## SIXTH DEFENSE

1.      These Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the State of Alabama.

2.      These Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards

provided to Defendants under the Constitution of the United States of America.

3.      These Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

4.      These Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

5.      These Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the Defendants are entitled to the same procedural safeguards accorded to criminal Defendants.

6.    These Defendants aver that they are violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

7.    These Defendants aver that they are violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against this defendant which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

8.    These Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

9.    These Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 15 of the Constitution of Alabama 1901 in that the damages would be an excessive fine.

Done this the 24th day of October, 2012.

/s/ Bradley J. Smith_____
Bradley J. Smith
State Bar ID:  ASB-6847-B52S
Attorney for Defendants

OF COUNSEL:

Clark, Hair & Smith, P.C.
1000 Urban Center Drive
Suite 125
Birmingham, Alabama  35242
205-397-2900
205-397-2901 – Fax
Email:  bsmith@chslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the below counsel on the 24th day of October, 2012 via electronic mail and the CM/ECF system:

William Anthony Davis, III, Esq.
H. Thomas Wells, III, Esq.
Starnes Davis Florie, LLP
P.O. Box 59812
Birmingham, Alabama  35259
205-868-6000
205-868-6099

/s/ Bradley J. Smith_____
Of Counsel