IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV-11-AR-3695-S |
| ) | |
| ) | |
| TERRENCE P. COLLINGSWORTH, ) | |
| individually and as agent of Conrad & ) | |
| Scherer, LLP; and CONRAD & ) | |
| SCHERER, LLP. ) | |
| ) | |
| Defendants. ) | |

## MOTION TO STAY PURSUANT TO RULE 26(c)

COME NOW the Defendants, TERRENCE P. COLLINGSWORTH and CONRAD & SCHERER, LLP, and file this Motion to Stay discovery pursuant to Federal Rule of Civil Procedure 26(c). In support of said Motion, Defendants state as follows:

### BACKGROUND

The subject case was filed on October 21, 2011, asserting defamation claims by Drummond Company, Inc. against Terrence Collingsworth, both individually and as agent of Conrad & Scherer, and Conrad & Scherer, LLP. The claims stem from Drummond alleging Collingsworth wrote a letter to the Prim Minister of the Netherlands and the CEO of a Japanese corporation

describing Drummond Company's activities in Colombia. The alleged letters include facts alleged by plaintiffs represented by Colingsworth and Conrad & Scherer in a related pending lawsuit, *Claudia Balcero Giraldo, et al. v. Drummond Company, Inc., et al.,* Case number 2:09-CV-1041-RDP.

After a review of the jurisdictional issues relative to this case by the Eleventh Circuit, the case is to be litigated in the Northern District of Alabama.

## SUMMARY OF RELATED ACTIONS

The subject case is not the only case currently before the Northern District involving the parties herein. Defendant Collingsworth, as an attorney for Defendant Conrad & Scherer, LLP, has been admitted *pro hac vice* to practice in the Northern District as counsel for various plaintiffs in suits against Drummond Company, Inc. Defendant Collingsworth and Defendant Conrad & Scherer, LLP, along with counsel for Plaintiffs herein, are currently involved in the case *Claudia Balcero Giraldo, et al. v. Drummond Company, Inc., et al.,* Case number 2:09-CV-1041-RDP. In *Giraldo,* an Order setting out a Briefing Schedule regarding summary judgment motions was filed by the Court on August 21, 2012. Defendant Drummond Company, Inc., along with three other defendants to the case, has filed its motion for summary judgment. Plaintiffs and their attorneys,

including Defendant Collingsworth, are currently in the process of amassing evidence to respond to the summary judgment motions filed by Drummond and the three other defendants.

## MOTION FOR STAY

Defendants now bring this Motion for Stay of discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, which provides:

> (1)   *In General.*  A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, **for good cause**, issue an order to protect a party or person from annoyance, embarrassment, oppression, **or undue burden or expense**, including one of more of the following:
>
> (A)   forbidding the disclosure or discovery;
>
> (B)   specifying terms, including time and place, for the disclosure of discovery;
>
> (C)   prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D)   forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
> (E)   designating the persons who may be present while discovery is conducted;

3

      (F)    requiring that a deposition be sealed and opened only on court order;

      (G)    requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

      (H)    requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Rule 26(c), Federal Rules of Civil Procedure (emphasis added).

The rule is explicit that the court has the discretion to order a stay of discovery for good cause. Case law on this issue has defined certain factors relevant to a determination of good cause including (1) the pendency of dispositive motions and potential prejudice to the party opposing the stay; (2) the breadth of discovery sought; and (3) the burden that would be imposed on the parties responding to the proposed discovery. *See Ellington Credit Fund Ltd. v. Select Portfolio Servs., Inc.,* 2009 WL 274483 (S.D. NY Feb. 3, 2009).

The related case *Claudia Balcero Giraldo, et al. v. Drummond Company, Inc., et al.,* Case number 2:09-CV-1041-RDP is, as discussed, at the point of filing motions for summary judgment and responses. The outcomes of the summary judgment motions in *Giraldo* will have an effect on the subject litigation, as the evidence presented, and any subsequent

rulings from the court on the motions, will examine statements made by the Defendants herein and whether or not they acted with malice or reckless disregard of the truth.  In fact, Defendants herein assert that the evidence in the *Giraldo* case will show that Defendants did not make statements regarding Drummond Company's actions in Colombia and/or any Colombian paramilitary groups with any malice or reckless disregard of the truth.

Additionally, the burden imposed upon the Defendants in the subject case would be significant and delay its ability to properly respond to the four summary judgment motions in the *Giraldo* case.  The evidence may also prove to be duplicative as well as unnecessary should the outcome of the summary judgment rulings be such that the subject case would be rendered without merit.  To require the Defendants to move forward with discovery in the subject case at this time is unreasonable given that the *Giraldo* case will have a significant impact on the merits of the subject case.  It is best to wait for the resolution of *Giraldo* before moving forward here.

Given the court's discretion under Rule 26(c), and the fact that other courts have recognized the pendency of dispositive motions in other cases as well as the potential burden upon a party for going forward with discovery in certain circumstances are valid reasons for implementing a stay, it is the

Defendants' contention that a stay is warranted here for those very reasons. Given that all of the parties in the subject case are involved in the *Giraldo* case, and the fact that the outcome of the dispositive motions in *Giraldo* will have an impact on the core issues being litigated here, it is in all parties' best interests to stay the subject case until such time as the dispositive motions in *Giraldo* have been ruled upon by the Court.

WHEREFORE, PREMISES CONSIDERED, Defendants Terrence P. Collingsworth and Conrad & Scherer, LLP respectfully request this Honorable Court to grant this Motion for Stay until such time as issues currently being litigated through dispostive motion in the related *Giraldo* case are addressed and ruled upon by this Court.

Submitted this the 24th day of October, 2012.

                                                      /s/ Bradley J. Smith
                                                    Bradley J. Smith
                                                    State Bar ID:  ASB-6847-B52S
                                                    Attorney for Defendants

OF COUNSEL:

Clark, Hair & Smith, P.C.
1000 Urban Center Drive, Suite 125
Birmingham, Alabama  35242
205-397-2900
205-397-2901 – Fax
Email:  bsmith@chslaw.com

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the below counsel on the 24th day of October, 2012 via electronic mail and the CM/ECF system:

William Anthony Davis, III, Esq.
H. Thomas Wells, III, Esq.
Starnes Davis Florie, LLP
P.O. Box 59812
Birmingham, Alabama  35259

>                                                            */s/ Bradley J. Smith*_____
>                                                            Of Counsel