FILED
2013 Jul-01  PM 10:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC.     ) | |
|     ) | |
|     Plaintiff,     ) | |
|     ) | |
| v.     ) | CV-11-P-3695-S |
|     ) | |
|     ) | |
| TERRENCE P. COLLINGSWORTH,     ) | |
| individually and as agent of Conrad &     ) | |
| Scherer, LLP; and CONRAD &     ) | |
| SCHERER, LLP.     ) | |
|     ) | |
|     Defendants.     ) | |

## ANSWERS TO PLAINTIFF'S
## FIRST INTERROGATORIES

COME NOW, the Defendants TERRENCE P. COLLINGSWORTH and CONRAD & SCHERER, LLP and in response to Plaintiff's First Interrogatories say as follows:

1.      Identify every person who drafted, wrote, reviewed, and/or edited any portion of the January 18, 2011 Letter, the February 4, 2011 Letter, and/or the September 19, 2011 Letter.

**ANSWERS:  Defendants object on the ground that this Interrogatory is compound as it requests four categories of information for three separate letters.  Additionally, Defendants object because this Interrogatory contains impermissible subparts. Subject to and without waiving this objection, the sole author, reviewer, and editor of the referenced letters was Terrence P. Collingsworth.**

2.      Identify every person who Defendants contend has information which supports the veracity of the statements implicating Drummond in illegal, immoral or

unethical acts which appear in the January 18, 2011 Letter, the February 4, 2011 Letter, and/or the September 19, 2011 Letter. For each such person, provide their (a) name, (b) current address, (c) contact information (including telephone number and email address, if applicable), and (d) the exact portion(s) of the Letter(s) which the person can corroborate.

**ANSWERS: Defendants object on the grounds that this Interrogatory is overly broad and designed to be burdensome. Further, this Interrogatory improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants refer Drummond to all of the evidence compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, Autodefensas Unidas de Colombia (AUC), to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct.**

3.      Identify every person, corporation, company, partnership, trade association, labor union, governmental entity, international organization, non-profit organization, or any other entity which has paid for any cost or expense incurred by Defendants which was incurred in the litigation against Drummond. This interrogatory

2

includes, but is not limited to, attorneys fees to pay for the work of Terry Collingsworth or any other employee or shareholder of Conrad & Scherer, LLP.

**ANSWERS: Defendants object on the grounds that this Interrogatory seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence and is overly broad and designed to be burdensome. Further, this Interrogatory improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The interrogatory also improperly seeks strategic information relating to the pending case of** *Balcero et. al v. Drummond Company Inc.*, **et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case.**

4.      Identify every person who has worked with or on behalf of Defendants in the litigation against Drummond, and include a description of each person's role in the litigation.  This request includes not only employees of Defendants, but also members of Defendants' litigation team in Colombia and elsewhere, including without limitation members of the Colectivo de Abogados Jose Alvear Restrepo.

**ANSWER:   Defendants object on the grounds that this Interrogatory seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence and is overly broad and designed to be burdensome. Further, this Interrogatory improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The interrogatory also improperly seeks strategic information relating to the pending case of** *Balcero et. al v. Drummond Company Inc.*, **et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case.**

5.      With respect to the statement that Drummond prevailed in the initial litigation arising out of the murders of three union leaders "because this was before the AUC's demobilization, and there was no AUC leader willing to talk about the AUC's *ongoing* relationship with Drummond," identify every AUC leader with whom you attempted to speak about the AUC's relationship with Drummond and who was unwilling to talk about the same.  Include in your answer the date(s) of the communication(s), where the communication(s) took place, and the substance of what was said.

**ANSWER:   Defendants object on the grounds that this Interrogatory seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence and is overly broad and designed to be burdensome. Additionally, this Interrogatory contains impermissible subparts. Further, this Interrogatory improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.**

6.      State whether Defendants have ever received any type of compensation or payment from Llanos Oil or any of its principals, representatives, agents or employees, including Hendrik van Bilderbeek and Albert van Bilderbeek.  If your answer is anything other than an unequivocal "no," for each such payment provide the date, amount and method of the payment, as well as a description of the purpose of which the payment was made or received.

**ANSWER:   Defendants object on the grounds that this Interrogatory seeks information that is not relevant or material to claims or defenses in this litigation, or**

4

likely to lead to admissible evidence and is overly broad and designed to be burdensome. Further, this Interrogatory improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.

7.     State the aggregate amount of attorneys fees, costs, and expenses incurred by the Defendants which in any way relate to the pursuit of litigation against Drummond.

ANSWER:   Defendants object on the grounds that this Interrogatory seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence and is overly broad and designed to be burdensome. Further, this Interrogatory improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.

8.     Identify every oral agreement, from January 1, 2000 to present, entered into by Defendants and any person, corporation, company, partnership, trade association, labor union, governmental entity, international organization, non-profit organization, or any other entity which provided for any fee, contingency fee, expense, cost, or other remuneration to be paid to either or both Defendants in relation to the litigation against Drummond.

ANSWER:   Defendants object on the grounds that this Interrogatory seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence and is overly broad and designed to be burdensome. Further, this Interrogatory improperly seeks internal legal work

5

product that is protected by the attorney-client privilege and/or the attorney work product doctrine.

9.      With respect to the January 18, 2011 Letter, the February 4, 2011 Letter, and the September 19, 2011 Letter, identify with particularity when and how (i.e., e-mail, fax, U.S. Mail, etc.) each letter was provided to Llanos Oil or any of its representatives, agents or employees, and provide a detailed description of the purpose for providing each letter to Llanos Oil or any of its principals, representatives, agents or employees.

**ANSWER:   Defendants object on the grounds that this Interrogatory seeks information that is not relevant or material to this litigation and is overly broad and designed to be burdensome. Further, this Interrogatory improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.**

10.     Identify every person, corporation, company, partnership, trade association, union, governmental entity, international organization, or any other entity to which Defendants have ever given a written or oral report, summary, description, outlook, assessment, or evaluation of the litigation against Drummond.  Provide the date, means of communication and detailed description of the substance of each such report, summary, outlook, assessment or evaluation.

**ANSWER:   Defendants object on the grounds that this Interrogatory seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence and is overly broad and designed to be burdensome. Further, this Interrogatory improperly seeks internal legal work**

6

product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The interrogatory also improperly seeks strategic information relating to the pending case of *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case.

11.    Identify all instances in which Defendants communicated with Llanos Oil or any of its principals, representatives, agents or employees, including Hendrik van Bilderbeck and Albert van Bilderbeek, regarding Drummond and/or the litigation against Drummond, and provide a description of the substance of the communication, the means of communication, the date(s) of the communication, and the reason(s) for the communication.

ANSWER:   Defendants object on the grounds that this Interrogatory seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence and is overly broad and designed to be burdensome. Additionally, this Interrogatory contains impermissible subparts. Further, this Interrogatory improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The interrogatory also improperly seeks strategic information relating to the pending case of *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case.

12.    Identify every person, corporation, company, partnership, trade association, union, governmental entity, international organization, or any other entity to which Defendants provided a copy of the January 18, 2011 Letter, the February 4, 2011

Letter, and/or the September 19, 2011 Letter, stating with particularity when and how (i.e., e-mail, fax, U.S. Mail, etc.) each such letter was provided to each such person, corporation, company, partnership, trade association, union, governmental entity, international organization, or any other entity, and providing a detailed description of the reason or purpose for providing the letter(s) to the person, corporation, company, partnership, trade association, union, governmental entity, international organization, or any other entity.

**ANSWER: Defendants object on the grounds that this Interrogatory seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence and is overly broad and designed to be burdensome. Further, this Interrogatory improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Additionally, this Interrogatory contains impermissible subparts. The interrogatory also improperly seeks strategic information relating to the pending case of *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case. Subject to these objections, to the best of his recollection, Mr. Collingsworth sent the January 18 and February 4 letters to the intended recipient by email; the September 19 letter was sent to the intended recipient by fax and regular mail.**

Done this the 3rd day of April, 2013.

Terrence P. Collingsworth, Individually,
and on behalf of Conrad & Scherer, LLP
Defendants


Bradley J. Smith
State Bar ID:  ASB-6847-B52S
Attorney for Defendants


OF COUNSEL:

Clark, Hair & Smith, P.C.
1000 Urban Center Drive
Suite 125
Birmingham, Alabama  35242
205-397-2900
205-397-2901 – Fax
Email:  bsmith@chslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the below counsel on the 2nd day of _____, 2013 via electronic mail and/or the CM/ECF system:

William Anthony Davis, III, Esq.
H. Thomas Wells, III, Esq.
Starnes Davis Florie, LLP
P.O. Box 59812
Birmingham, Alabama  35259
205-868-6000
205-868-6099

_____
Of Counsel

10