FILED
2013 Jul-01  PM 10:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-11-P-3695-S |
| | ) | |
| | ) | |
| TERRENCE P. COLLINGSWORTH, | ) | |
| individually and as agent of Conrad & | ) | |
| Scherer, LLP; and CONRAD & | ) | |
| SCHERER, LLP. | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants, by and through undersigned counsel, pursuant to the Federal Rules of

Civil Procedure 26 and 34, hereby respond to Plaintiff Drummond Company, Inc.'s First

Request for Production of Documents.  Defendants specifically reserve the followings:

1.      The right to object to any of the responses or documents produced based upon competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceeding in, or the trial of, this or any other action.

2.      The right to object to the use of any of these responses, or the documents produced, in any subsequent proceeding in, or the trial of, this or any other action.

3.      The right to object on any ground at any time to a demand for any further response to these or any other document requests or other discovery procedures involving or relating to the subject matter of these documents responses, subject to lawful provisions and obligations under the Federal Rules of Civil Procedure or any Local Rule of this Honorable Court.

4.      The right to withhold production of documents that may be responsive to the document requests based on objections made herein, including but not limited to objections that a particular request is overbroad and unduly burdensome, but to produce documents to the extent the requests are not objectionable.

5.      The right to supplement or revise these objections and responses at any time as required by the Federal Rules of Civil Procedure.  Responses to discovery are made with the understanding that Defendants have not completed their legal or factual investigation, discovery, and/or trial preparation and the responses set forth below are based upon only the information currently available and known following a reasonable and diligent investigation in responding to these document requests with the time and resources available.

## GENERAL OBJECTIONS

Defendants made the following objections, which Defendants incorporate into their responses to the Request for Production below:

1.      Defendants object to each Definition, Instruction, and Request for Production to the extent it purports to require the production of information beyond the scope of that which is required by the Federal Rules of Civil Procedure.

2.      Defendants object to Instruction 10 as overly broad, unduly burdensome, and vague and ambiguous as to "written the power of any of the Defendants, or their attorneys, employees, agents or representatives, to obtain from sources under their control," because it exceeds the scope of the Federal Rules of Civil Procedure.

3.      Defendants objects to certain Requests for Production to the extent it seeks the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

4.      Defendants object to certain Requests for Production to the extent they are vague and ambiguous.

5.      Defendants object to certain Requests for Production to the extent they seek irrelevant information or information not likely to lead to the discovery of admissible evidence.

6.      Defendants object to certain Requests for Production to the extent they are overly broad or unduly burdensome.

7.      Defendants object to certain Request for Production to the extent they are duplicative or cumulative.

8.      Defendants object to certain Requests for Production to the extent they seek information not within Plaintiffs' knowledge, possession, custody, or control.

9.      Defendants object to certain Requests for Production to the extent they seek public or other information as readily accessible to Plaintiffs as it is to Defendants.

10.     Each one of the foregoing General Objections is hereby incorporated into the following specific responses to the enumerated Requests for Production.

## RESPONSES

1.     All documents which Defendants assert support the veracity of the statement that Colombian citizens "had a family member murdered by paramilitary forces working on behalf of Drummond."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AutodefensasUnidas de Colombia (AUC), to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the statement that the Plaintiffs in *Balcero* "had a family member murdered by paramilitary forces working on behalf of Drummond."**

2.     All documents which Defendants assert support the veracity of the statement that Drummond engaged in a "public relations effort to spread half-truths about the status of the human rights lawsuits against it."

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence and is overly broad and designed to be burdensome. Subject to these objections, Defendants will produce a full page ad that Drummond took out in several news outlets in Colombia that contains false and misleading information about Drummond's relationship to the AUC and that defames Mr. Collingsworth. Defendants also refer Plaintiff to documents produced with its initial disclosures.**

3.     All documents which Defendants assert support the veracity of the statement that Drummond "has an atrocious human rights record."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-**

1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the statement that Drummond "has an atrocious human rights record."

4.      All documents which Defendants assert support the veracity of the statement that "in 1999" Drummond "made an alliance with the United Self Defense Forces of Colombia ("AUC"), the umbrella paramilitary group of Colombia.

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in** *Balceroet. al. v. Drummond Company Inc.***, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

5.      All documents which Defendants assert support the veracity of the statement that "Drummond continued its unlawful alliance" with the AUC "until 2006."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in** *Balcero et. al v. Drummond Company Inc.***, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

6.      All documents which Defendants assert support the veracity of the statement that Drummond prevailed in the initial litigation arising out of the murders of three union leaders "because this was before the AUC's demobilization, and there was no AUC leader willing to talk about the AUC's ***ongoing*** relationship with Drummond."

4

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents and the dates they were created support the referenced statement.**

7.     All documents which Defendants assert support the veracity of the statement that "111 people…were executed by the AUC acting on behalf of Drummond."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

8.     All documents which Defendants assert support the veracity of the statement that "Drummond made an arrangement with the AUC in which Drummond supplied funds, logistical support, vehicles and other equipment, and a base of operation to the Front."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes,**

including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.

9.     All documents which Defendants assert support the veracity of the statement that, in exchange for Drummond's alleged support, "the Front was to clear the areas around the Drummond mine and rail line of any guerilla groups, their supporters and sympathizers."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

10.     All documents which Defendants assert support the veracity of the statement that "[a]s a matter of fact, with Drummond's support, the Front went from a small band of 20 thugs to a fighting force of 150 well equipped and trained soldiers."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

11.     All documents which Defendants assert support the veracity of the statement that "Drummond's mandate to the AUC led to the violent slaughter of hundred of innocent civilians."

6

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balceroet. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

12.     All documents which Defendants assert support the veracity of the statement that Colombian government "collaborat[ed] with the AUC."

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

13.     All documents which Defendants assert constitute "good information from Colombia of" the Colombian government's alleged corroboration with the AUC.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No.**

2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.

14. All documents which Defendants assert support the veracity of the statement that Drummond committed "atrocities," including, but not limited to, "human rights atrocities," in Colombia.

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

15. All documents which Defendants assert show "[t]he role of the Drummond Company in major human rights violations in Colombia."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

16. All documents which provide "objective information about the new, credible statements of Drummond's participation in human rights crimes in Colombia"

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in** *Balcero et. al v. Drummond Company Inc.***, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

17.     All documents which Defendants assert support the veracity of the statement that government officials from the Netherlands, Drummond representatives, Drummond's lawyers at Baker Botts, and Ecopetrol representatives "participated in a conference call to discuss my January 18, 2011 letter."

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence and is overly broad and designed to be burdensome. Further, this request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, there are no documents responsive to this Request.**

18.     All documents which Defendants assert support the veracity of the statement that "Drummond can clearly get away with murder, extortion and major theft in Colombia."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in** *Balcero et. al v. Drummond Company Inc.***, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. These documents support the referenced statement. Defendants note that in January, 2013, the Colombian government began an investigation of Drummond's involvement in murders committed by the AUC. Further, the Colombian government recently suspended Drummond's right to export coal from Colombia based on serious environmental violations. It may no longer be the case that Drummond can "get away with" criminal activity in Colombia, but at the time the Letters were drafted and sent, as far as Defendants**

**know, the Colombian authorities had not taken any steps to hold Drummond accountable for its unlawful conduct.**

19.   All documents which Defendants assert support the veracity of the statement that "powerful interests are aligned to protect Drummond."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

20.   All documents which Defendants assert support the veracity of the statement that there are "hundreds of Colombian victims of Drummond's human rights violations."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

21.   All documents which Defendants assert support the veracity of the statement that Drummond, the Dutch government, and Ecopetrol "act[ed] in concert against the interests of Llanos Oils and its two principals, the Dutch nationals Hendrik and Albert van Bilderbeek."

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is**

**overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants do not have the requested documents in their possession, custody or control.**

22.    All documents which Defendants assert support the veracity of the statement that "Drummond is complicit in human rights violations in Colombia."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

23.    All documents which Defendants assert support the veracity of the statement that Drummond "has a record for major human rights crimes."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement. Defendants also note that there is a significant public record in the State of Alabama of Drummond's systematic anti-union activities.**

24.    All documents which Defendants assert support the veracity of the statement that Drummond has "direct involvement in war crimes and other major human rights violations in Colombia."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

25.     All documents which Defendants assert support the veracity of the statement appearing in the September 19, 2011 Letter that "AUC paramilitaries stopped a bus full of Drummond workers returning from the company's mine in La Loma, Colombia."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

26.     All documents which Defendants assert support the veracity of the statement that the AUC paramilitaries referenced in Drummond's Request for Production #25 "asked for Locarno and Orcasita by name."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant**

**Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

27.    All documents which Defendants assert support the veracity of the statement that the AUC paramilitaries referenced in Drummond's Request for Production #25 "said 'these two have a problem with Drummond.'"

**RESPONSE: Defendants object on the grounds that this Request improperly seeks internal legal work product that is protected by the attorney-client privilege. Subject to and without waiving this objection, there is no document evidence to support the referenced statement.**

28.    All documents which Defendants assert support the veracity of the statement that Gustavo Soler "was subsequently pulled from a bus and killed by paramilitaries."

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Defendants also object on the grounds that this Request improperly seeks internal legal work product that is protected by the attorney-client privilege.  Subject to and without waiving this objection, there is no document evidence to support the referenced statement.**

29.    All documents which Defendants assert support the veracity of the statement that "AUC leaders" engaged in "long-term collaboration with Drummond."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

30.     All documents which Defendants assert support the veracity of the statement that any past or present Drummond employee, including, but not limited to, James Adkins and Alfredo Araujo, "paid the AUC to murder the union leaders."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in** *Balcero et. al v. Drummond Company Inc.***, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

31.     All documents which Defendants assert support the veracity of the statement that the AUC engaged in a "scorched earth campaign around the rail corridor that led to hundreds of deaths of innocent civilians."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in** *Balcero et. al v. Drummond Company Inc.***, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

32.     All documents which Defendants assert support the veracity of the statement that "Drummond joined forces with the AUC, a terrorist organization."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections,**

**Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcer oet. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

33.     All documents which Defendants assert support the veracity of the statement that AUC commanders "were paid by Drummond to murder and commit war crimes."

**RESPONSE: Defendants object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.  Subject to and without waiving these objections, Defendants refer Drummond to all of the documents compiled and submitted by the Plaintiffs in opposition to the summary judgment motion filed by Defendant Drummond Ltd. in *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP, which catalogues the evidence that Drummond aided and abetted and conspired with the terrorist paramilitary group, AUC, to commit war crimes, including extrajudicial killings. Defendants also note that there is an ongoing criminal investigation by Colombian authorities of Drummond's involvement in murders committed by the AUC and this process should yield additional evidence of Drummond's unlawful conduct. These documents support the referenced statement.**

34.     All versions of the documentary film titled "The Coca-Cola Case," including unedited, uncut, and/or original versions.  This request includes all footage associated with the documentary, including any footage taken at any point during the filming of the documentary, regardless of whether the footage was ultimately included in the film documentary and regardless of whether the footage was taken with the intent of including it in the documentary.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence.  Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Subject to and without waiving these objections, Defendants do not have the requested documents in their possession, custody or control.**

35.    All documents, including any scripts, notes, or memorandums, relating to the film titled "The Coca-Cola Case."

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence.  Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Subject to and without waiving these objections, Defendants do not have the requested documents in their possession, custody or control.**

36.    All communications relating to the film titled "The Coca-Cola Case."

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence.  Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Subject to and without waiving these objections, Defendants do not have the requested documents in their possession, custody or control.**

37.    All communications with the National Film Board of Canada, including any employees or agents thereof.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Subject to and without waiving these objections, Defendants do not have the requested documents in their possession, custody or control.**

38.    All documents evidencing any communication between the Defendants and Mr. Steven Donziger.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence.  Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Subject to and without waiving these objections, Defendants do not have the requested documents in their possession, custody or control.**

39.    All documents evidencing any communications between the Defendants and Mr. Daniel Kovalik.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to**

lead to admissible evidence.  Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.

40.    All documents evidencing any communications between the Defendants and Mr. Ray Rogers.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence.  Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney work product doctrine.**

41.    All contracts between either Defendant and Llanos Oil and/or Llanos Oil principals, including Hendrik van Beilderbeek and Albert van Bilderbeek.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence.  Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.**

42.    All contracts between either Defendant and Hendrik van Bilderbeek and/or Albert van Bilderbeek.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.**

43.    From January 1, 2000 to the present, all communications, including, but not limited to, e-mails, letters, faxes, voicemails, between Defendants and Llanos Oil or any of its principals, representatives, agents or employees.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence.  Defendants also object on the grounds that this**

**Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.**

44.     From January 1, 2000 to the present, all communications, including, but not limited to, e-mails, letters, faxes, voicemails, between Defendants and Llanos Oil or any of its principals, representatives, agents or employees by the Defendants.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence.   Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.**

45.     From January 1, 2000 to present, all communications sent to any person, governmental entity, governmental agency, corporation, association, or trade union by either or both Defendants on behalf of Llanos Oil or any of its principals, representatives, agents or employees.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence.   Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants do not have the requested documents in their possession, custody or control.**

46.     From January 1, 2000 to present, all communications sent to any person, governmental entity, governmental agency, corporation, association, or trade union by either or both Defendants referencing the Drummond litigation or including statements regarding Drummond's alleged collaboration with the AUC.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence.   Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney work product doctrine.**

47.     From January 1, 2000 to the present, all documents pertaining to Defendants' access, use, review, editing, and/or monitoring of Llanos Oil's weblogs, including any correspondence between Defendants and Llanos Oil or any of its principals, representatives, agents or employees pertaining to Llanos Oil's weblog.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence.  Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections, Defendants do not have the requested documents in their possession, custody or control.**

48.     All drafts, including unedited versions, of the January 18, 2011 letter addressed to the Prime Minister of the Netherlands.  This request includes the "native" electronic file for the January 18, 2011 Letters, including all metadata associated with the Letter.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Subject to and without waiving this objection, Defendants do not have the requested documents in their possession, custody or control.**

49.     All drafts, including unedited versions, of the February 4, 2011 letter addressed to the Prime Minister of The Netherlands.  This request includes the "native" electronic file for the January 18, 2011 Letter, including all metadata associated with the Letter.

**RESPONSE:  Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Subject to and without waiving this objection, Defendants do not have the requested documents in their possession, custody or control.**

50.     All drafts, including unedited versions, of the September 19, 2011 letter addressed to Masahiro Okafuki, the President and CEO of the Itochu Corporation.  This request includes the "native" electronic file for the September 19, 2011 Letter, including all metadata associated with the Letter.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Subject to and without waiving this objection, Defendants do not have the requested documents in their possession, custody or control.**

51.     All documents, including an envelope, a facsimile cover sheet, U.S. Certified Mail receipt, or payment receipt which indicate the date and/or time when Defendants sent the January 18, 2011 Letter to the Prime Minister of The Netherlands.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants admit that Mr. Collingsworth sent the referenced Letter. Subject to and without waiving this objection, Defendants do not have the requested documents in their possession, custody or control.**

52.   All documents, including an envelope, a facsimile cover sheet, U.S. Certified Mail receipt, or payment receipt which indicate the date and/or time when Defendants sent the February 4, 2011 Letter to the Prime Minister of The Netherlands.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Defendants admit that Mr. Collingsworth sent the referenced Letter. Subject to and without waiving this objection, Defendants do not have the requested documents in their possession, custody or control.**

53.   All documents, including an envelope, a facsimile cover sheet, U.S. Certified Mail receipt, or payment receipt which indicate the date and/or time when Defendants sent the September 19, 2011 Letter to the President and CEO of Itochu Enterprises.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Defendants admit that Mr. Collingsworth sent the referenced Letter. Subject to and without waiving this objection, Defendants do not have the requested documents in their possession, custody or control.**

54.   All documents, including an envelope, a facsimile cover sheet, U.S. Certified Mail receipt, or payment receipt which indicate the date and/or time when Defendants sent the January 18, 2011 Letter to Llanos Oil or any of its principals, representatives, agents or employees.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.**

55.   All documents, including an envelope, a facsimile cover sheet, U.S. Certified Mail receipt, or payment receipt which indicate the date and/or time when Defendants sent the February 4, 2011 Letter to Llanos Oil or any of its principals, representatives, agents or employees.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.**

56.     All documents, including an envelope, a facsimile cover sheet, U.S. Certified Mail receipt, or payment receipt which indicate the date and/or time when Defendants sent the September 19, 2011 Letter to Llanos Oil or any of its principals, representatives, agents or employees.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.**

57.     All documents or communications Defendants have received from any person, corporation, company, partnership, trade association, labor union, governmental entity, international organization, non-profit organization, or any other entity which references the January 18, 2011 Letter or statements made therein.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Subject to and without waiving this objection, Defendants do not have the requested documents in their possession, custody or control.**

58.     All documents or communications Defendants have received from any person, corporation, company, partnership, trade association, labor union, governmental entity, international organization, non-profit organization, or any other entity which references the February 4, 2011 Letter or the statements made therein.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Subject to and without waiving this objection, Defendants do not have the requested documents in their possession, custody or control.**

59.     All documents or communications Defendants have received from any person, corporation, company, partnership, trade association, labor union, governmental entity, international organization, non-profit organization, or any other entity which references the September 19, 2011 Letter or the statements made therein.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to**

**admissible evidence.  Subject to and without waiving this objection, Defendants do not have the requested documents in their possession, custody or control.**

60.   From January 18, 2011 to present, all communications between any government officials in The Netherlands and the Defendants.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Subject to and without waiving this objection, Defendants do not have the requested documents in their possession, custody or control.**

61.   From September 19, 2011 to present, all communications between the Itochu Corporation and the Defendants.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Subject to and without waiving this objection, Defendants do not have the requested documents in their possession, custody or control.**

62.   From January 1, 2000 to present, all documents evidencing any type of payment from Llanos Oil or any of its principals, representatives, agents or employees of Defendants.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence.  Subject to and without waiving this objection, Defendants do not have the requested documents in their possession, custody or control.**

63.   From January 1, 2000 to present, all documents evidencing any type of payment from Llanos Oil or any of its principals, representatives, agents or employees.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence.  Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine.**

64.   From January 1, 2000 to present, all documents, including, but not limited to, bills, invoices, cancelled checks, wire transfers, bank statements, expense reports, tax returns, loan documents, payroll records, receipts, and credit card statements, which evidence all expenses and costs that Defendants have incurred in pursuing litigation against Drummond.  This request includes, but is not limited to, attorneys' fees, court costs, clerical expenses, mileage reimbursement, travel costs and reimbursement, plan ticket purchases, court reporter bills, hotel bills, rental care expenses, witness travel

expenses, copying expenses, expert witness fees, meal expenses, and expenses associated with any and all meetings of potential plaintiffs in Colombia.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad, not properly limited in time and scope, and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The Request also improperly seeks strategic information relating to the pending case of *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case.**

65.    From January 1, 2000 to present, all documents evidencing the provision of financial support, including checks, cash, wire transfers, deposits, line of credit, and/or loans, from any person, corporation, company, partnership, trade association, union, governmental entity, international organization, or any other entity, to either or both Defendants, which was used to compensate Defendant Terrence Collingsworth, Defendant Conrad & Scherer, LLP, and/or any Conrad & Scherer employee for their work in pursuing litigation against Drummond.  This request includes any documents evidencing money received from any person, corporation, company, partnership, trade association, union, governmental entity, international organization, or any other entity which was used to pay for any costs associated with Defendants' pursuit of litigation against Drummond, including attorneys fees, court costs, and other litigation expenses.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The Request also improperly seeks strategic information relating to the pending case of *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case.**

66.    From January 1, 2000 to present, all communications between Defendants and any person, corporation, company, partnership, trade association, labor union, governmental entity, international organization, non-profit organization, or any other entity pertaining to the Defendants' request for financial support, including, but not limited to, the payment of attorneys fees, in the litigation against Drummond.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request**

**is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The Request also improperly seeks strategic information relating to the pending case of *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case.**

67.     From January 1, 2000 present, all communications to Defendants from any person, corporation, company, partnership, trade association, labor union, governmental entity, international organization, non-profit organization, or any other entity pertaining to an offer to provide Defendants with financial support, including, but not limited to, the payment of attorneys fees, in the litigation against Drummond.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The Request also improperly seeks strategic information relating to the pending case of *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case.**

68.     From January 1, 2000 to present, all contingency fee agreements entered into by Defendants and any client they represented in the litigation against Drummond.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The Request also improperly seeks strategic information relating to the pending case of *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case.**

69.     From January 1, 2000 to present, all agreements entered into by Defendants and any person, corporation, company, partnership, trade association, labor union, governmental entity, international organization, non-profit organization, or any other entity which provided for any contingency fee to be paid to either or both Defendants which was to be paid upon the outcome of the litigation against Drummond.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to**

**lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The Request also improperly seeks strategic information relating to the pending case of *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case.**

70.     From January 1, 2000 to present, all correspondence between Defendants and any person, corporation, company, partnership, trade association, union, governmental entity, international organization, or any other entity which gives a report, summary, outlook, assessment, or evaluation of the litigation against Drummond.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The Request also improperly seeks strategic information relating to the pending case of *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case.**

71.     All communications between the Defendants and any other person, corporation, company, partnership, trade association, union, governmental entity, international organization, or any other entity regarding the allegation that Drummond collaborated with the AUC or the accusation that Drummond is guilty of human rights violations.   This request does not include communications with Drummond or its attorneys.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad, not properly limited in time and scope, and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The Request also improperly seeks strategic information relating to the pending case of *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case.**

72.     A copy of all insurance policies, including, but not limited to, any of Defendant Terrance Collingsworth's personal or professional liability insurance policies, which may provide coverage for the claims asserted against Defendants in this lawsuit, which is styled *Drummond Co. v. Terry Collingsworth, et al.,* 2:11-cv-3695-WMA.

25

**RESPONSE: Defendants object to this request to the extent it seeks legal conclusions.  Without waiving its general and specific objections, Defendants state it has previously produced its insurance policy to Plaintiff.**

73.     For every year from 2000 to present, a copy of Defendant Terrance Collingsworth's federal and state income tax returns.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome.**

74.     For every year from 2000 to present, a copy of any documents which reflect the hours worked by Defendant Terrance Collingsworth at Conrad & Scherer, LLP.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome.  Further, this request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or attorney work product doctrine.**

75.     For every year from 2000 to present, a copy of any documents which reflect the hours worked by any Conrad & Scherer, LLP, shareholder or employee relating to litigation against Drummond.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome.  Further, this request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or attorney work product doctrine.**

76.     For every year form 2000 to present, a copy of Defendant Conrad & Scherer, LLP's federal and state income tax returns.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome.**

77.     From January 1, 2000 to present, all documents, including, but not limited to, checks, bank statements, receipts, tax returns, cancelled checks and wire transfers, evidencing any personal monies expended by Defendant Terrance Collingsworth which are related in way to litigation against Drummond.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome.**

78.     All documents evidencing any communication between Defendant Collingsworth and any other employee or shareholder at Conrad & Scherer, LLP, regarding the January 18, 2000 Letter.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome.  Further, this Request improperly seeks internal legal work product that is protected by the attorney work product doctrine.  Without waiving its general and specific objections, Defendants state they do not have the requested documents in their possession, custody or control.**

79.     All documents evidencing any communication between Defendant Collingsworth and any other employee or shareholder at Conrad & Scherer, LLP, regarding the February 4, 2011 Letter.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome.  Further, this Request improperly seeks internal legal work product that is protected by the attorney work product doctrine. Without waiving its general and specific objections, Defendants state they do not have the requested documents in their possession, custody or control.**

80.     All documents evidencing any communication between Defendant Collingsworth and any other employee or shareholder at Conrad & Scherer, LLP, regarding the September 19, 2011 Letter.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome.  Further, this Request improperly seeks internal legal work product that is protected by the attorney work product**

**doctrine. Without waiving its general and specific objections, Defendants state they do not have the requested documents in their possession, custody or control.**

81.     All documents reflecting any presentation, analysis, report, summary, update, status, or cost of litigation against Drummond which were referenced, used or distributed in any meeting involving any Conrad & Scherer, LLP, shareholder.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The Request also improperly seeks strategic information relating to the pending case of *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case.**

82.     All contacts, letter agreements, retention agreements, or fee agreements entered into by either or both Defendants and any Alabama law firm, including, but not limited to, any such contracts, letter agreements, retention agreements or fee agreements entered into with the following attorneys or firms:  former Alabama attorney Garve Ivey, attorney Thomas Carmichael, the law firm of Wiggins, Childs, Quinn, & Pantazis, P.C., and the law firm of Whatley Drake & Kallas.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The Request also improperly seeks strategic information relating to the pending case of *Balcero et. al v. Drummond Company Inc.*, et. al, No. 2:09-cv-1041 RDP that Drummond could not obtain in that case.**

83.     All contracts, letter agreements, retention agreements, or fee agreements entered into by either or both Defendants and any Alabama citizen, corporation, business client, or business entity that does business in Alabama.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome.**

84.    All contacts, letter agreements, retention agreements, or fee agreements entered into by either or both Defendants and any citizen, corporation, business client, or business entity that does business in Alabama.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad, not properly limited in time and scope, and designed to be burdensome.**

85.    From January 1, 2000 to present, all documents, including plane tickets, credit card statements, hotel bills, invoices, credit card receipts, and expense reports evidencing any money expended in Alabama by either Defendant.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome.**

86.    All documents, including formal written grievances, professional complaints, Bar association complaints, civil complaints, contempt orders, and criminal complaints, which allege that either Defendant engaged in unethical, illegal, unprofessional, or tortuous conduct.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome.**

87.    All documents, including written opinions, sanction letters, civil judgments, and criminal judgments in which Defendants were found to have violated state or federal law, any ethical obligation, or any professional code of conduct.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome.**

88.    All documents evidencing the payment, by either Defendant, of any fine or civil penalty levied against either or both Defendants as the result of a professional complaint, a formal written grievance, a Bar association complaint, a civil complaint, contempt order, or criminal proceeding.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to**

lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome.

      89.    All repots, correspondence, or other documents prepared by any expert witness retained by Defendants in this matter, provided to any expert witness retained by Defendants in this matter, or received from any expert witness retained by Defendants in this matter.

**RESPONSE: All responsive documents will be produced pursuant to the Court's Scheduling Order or the Federal Rules of Civil Procedure.**

      90.    Defendants' entire file pertaining to *Estate of Rodriguez v. Drummond Co., Inc.*, CV-02-BE-0665-W.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant or material to claims or defenses in this litigation, or likely to lead to admissible evidence. Defendants also object on the grounds that this Request is overly broad and designed to be burdensome. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. The Request also improperly seeks strategic information relating to the pending case of *Estate of Rodriquez v. Drummond Company Inc.*, *et. al* that Drummond could not obtain in that case.**

      91.    A curriculum vitea of every expert witness Defendants expect to call as a witness at the trial of this matter.

**RESPONSE: All responsive documents will be produced pursuant to the Court's Scheduling Order or the Federal Rules of Civil Procedure.**

      92.    All documents which Defendants assert support any of the affirmative defenses set forth in their Answer to the Complaint.

**RESPONSE: The documents Defendants have previously referenced herein will support their affirmative defenses that are based on establishing that Drummond cannot establish a prima facie case. As to the other purely legal affirmative defenses, Defendants have no other document other than case law and statutes to support their defenses, and this legal research is attorney work product and as such is not discoverable.**

Done this 3rd day of April, 2013.


                                        */s/ Bradley J. Smith*_____
                                        Bradley J. Smith
                                        State Bar ID:  ASB-6847-B52S
                                        Attorney for Defendants

OF COUNSEL:

Clark, Hair & Smith, P.C.
1000 Urban Center Drive
Suite 125
Birmingham, Alabama  35242
205-397-2900
205-397-2901 – Fax
Email:  bsmith@chslaw.com

## CERTIFICATE OF SERVICE

        I hereby certify that a copy of the foregoing has been served on the
below counsel on the 3rd day of April, 2013 via electronic mail, U.S. Mail,
and/or the CM/ECF system:

William Anthony Davis, III, Esq.
H. Thomas Wells, III, Esq.
Starnes Davis Florie, LLP
P.O. Box 59812
Birmingham, Alabama  35259
205-868-6000
205-868-6099
twells@stameslaw.com


                                        */s/ Bradley J. Smith*_____
                                        Of Counsel