# Exhibit K

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-11-P-3695-S |
| | ) | |
| | ) | |
| TERRENCE P. COLLINGSWORTH, | ) | |
| individually and as agent of Conrad & | ) | |
| Scherer, LLP; and CONRAD & | ) | |
| SCHERER, LLP. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Come now Defendants, by and through undersigned counsel, and responds to Plaintiff's Second Request for Production as follows:

1.  The right to object to any of the responses or documents produced based upon competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceeding in, or the trial of, this or any other action.

2.  The right to object to the use of any of these responses, or the documents produced, in any subsequent proceeding in, or the trial of, this or any other action.

3.  The right to object on any ground at any time to a demand for any further response to these or any other document requests or other discovery procedures involving or relating to the subject matter of these documents responses, subject to lawful provisions and obligations under the Federal Rules of Civil Procedure or any Local Rule of this Honorable Court.

4.  The right to withhold production of documents that may be responsive to the document requests based on objections made herein, including but not limited to objections that a particular request is overbroad and unduly burdensome, but to produce documents to the extent the requests are not objectionable.

5.  The right to supplement or revise these objections and responses at any time as required by the Federal Rules of Civil Procedure. Responses to discovery are made with the understanding that Defendants have not completed their legal or factual

investigation, discovery, and/or trial preparation and the responses set forth below are based upon only the information currently available and known following a reasonable and diligent investigation in responding to these document requests with the time and resources available.

## GENERAL OBJECTIONS

Defendants made the following objections, which Defendants incorporate into their responses to the Request for Production below:

1. Defendants object to each Definition, Instruction, and Request for Production to the extent it purports to require the production of information beyond the scope of that which is required by the Federal Rules of Civil Procedure.

2. Defendants object to Instruction 10 as overly broad, unduly burdensome, and vague and ambiguous as to "written the power of any of the Defendants, or their attorneys, employees, agents or representatives, to obtain from sources under their control," because it exceeds the scope of the Federal Rules of Civil Procedure.

3. Defendants objects to certain Requests for Production to the extent it seeks the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

4. Defendants object to certain Requests for Production to the extent they are vague and ambiguous.

5. Defendants object to certain Requests for Production to the extent they seek irrelevant information or information not likely to lead to the discovery of admissible evidence.

6. Defendants object to certain Requests for Production to the extent they are overly broad or unduly burdensome.

7. Defendants object to certain Request for Production to the extent they are duplicative or cumulative.

8. Defendants object to certain Requests for Production to the extent they seek information not within Plaintiffs' knowledge, possession, custody, or control.

9. Defendants object to certain Requests for Production to the extent they seek public or other information as readily accessible to Plaintiffs as it is to Defendants.

10. Each one of the foregoing General Objections is hereby incorporated into the following specific responses to the enumerated Requests for Production.

2

## RESPONSES

1. All photographs or videos of Defendants with Colombian paramilitaries, former paramilitaries and/or prisoners, including but not limited to the photographs taken after the testimony taken through the letters rogatory process in *Balcero v. Drummond Company, Inc.,* 2:09-cv-1041-RDP where Mr. Collingsworth posed with the paramilitary witnesses.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to Plaintiff's claims in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further objects this Request exceeds the amount permitted by the Court's Scheduling Order.**

2. All photographs or videos of Defendants with any of the witnesses in the litigation against Drummond, including but not limited to the photographs taken after the testimony taken through the letters rogatory process in *Balcero v. Drummond Company, Inc.,* 2:09-cv-1041-RDP where Mr. Collingsworth posed with the paramilitary witnesses.

**RESPONSE: Defendants object on the grounds that this Request seeks information that is not relevant to Plaintiff's claims in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further objects this Request exceeds the amount permitted by the Court's Scheduling Order.**

3. All recordings, videos, transcripts, or printouts of media interviews wherein Defendants mentioned Drummond and its alleged involvement in any crime, human rights violation, wrongful business practice, or unethical or immoral behavior.

**RESPONSE: Defendant objects to the extent this Request is overly broad and vague. Defendant further objects that this Request exceeds the amount permitted by the Court's scheduling order.**

4. All documents reflecting communications between defendants or anyone working on their behalf and Frank Bajak.

**RESPONSE: Defendant objects on the grounds the Request is overly broad and vague to the extent it seeks "all documents reflecting communication". Defendant also objects the Request improperly seeks internal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant further, objects this Request exceeds the amount permitted by the Court's scheduling order.**

5. All documents reflecting communications between Defendants or anyone working on their behalf and Joaquin Perez.

3

**RESPONSE: Defendant objects on the grounds the Request is overly broad and vague to the extent it seeks "all documents reflecting communication". Defendant also objects the Request improperly seeks internal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant further, objects this Request exceeds the amount permitted by the Court's scheduling order.**

6. All documents reflecting communications between Defendants or anyone working on their behalf and Gonzalo Guillen.

**RESPONSE: Defendant objects on the grounds the Request is overly broad and vague to the extent it seeks "all documents reflecting communication". Defendant also objects the Request improperly seeks internal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant further, objects this Request exceeds the amount permitted by the Court's scheduling order.**

7. All documents reflecting communications between Defendants or anyone working on their behalf and Jose Joaquin Pinzon Diaquiz.

**RESPONSE: Defendant objects on the grounds the Request is overly broad and vague to the extent it seeks "all documents reflecting communication". Defendant also objects the Request improperly seeks internal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant further, objects this Request exceeds the amount permitted by the Court's scheduling order.**

8. All documents reflecting communications between Defendants or anyone working on their behalf and Ivan Otero.

**RESPONSE: Defendants object on the grounds this Request is overly broad and vague, and seeks documents that are protected by the attorney opinion work product doctrine and community of interest privilege, as Mr. Otero represents former paramilitaries who are providing testimony against Drummond in this case, he cooperates with Plaintiffs' counsel, and such communications concern Plaintiffs' counsels' case strategies and are not discoverable. Defendants further object this Request exceeds the amount permitted by the Court's scheduling order.**

9. All documents reflecting communications between Defendants or anyone working on their behalf for Carlos Toro.

**RESPONSE: Defendant objects on the grounds the Request is overly broad and vague to the extent it seeks "all documents reflecting communication". Defendant also objects the Request improperly seeks internal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant**

4

**further, objects this Request exceeds the amount permitted by the Court's scheduling order.**

10. All documents mentioning or reflecting communications between Defendants or anyone working on their behalf and Carlos Julio Pedrahita Gomez, or anyone going by that name or using it as an Alisa.

**RESPONSE: Defendant objects on the grounds the Request is overly broad and vague to the extent it seeks "all documents mentioning or reflecting communication". Defendant also objects the Request improperly seeks internal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant further, objects this Request exceeds the amount permitted by the Court's scheduling order.**

11. All documents reflecting any compensation received or time billed by the Defendants for preparation of and/or writing the January 18, 2011 Letter, the February 4, 2011 Letter and/or the September 19, 2011 Letter.

**RESPONSE: Defendants object on the grounds this Request is overly broad and vague. Further, this Request improperly seeks internal legal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object this Request exceeds the amount permitted by the Court's scheduling order.**

12. All documents reflecting communications between Defendants or anyone working on their behalf and anyone from the Colectivo de Abogados Jose Alvear Restrepo ("CAJAR") referencing or relating to Drummond or any witnesses who will provide testimony pertaining to Drummond.

**RESPONSE: Defendant objects on the grounds the Request is overly broad and vague to the extent it seeks "all documents reflecting communication". Defendant also objects the Request improperly seeks internal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant further, objects this Request exceeds the amount permitted by the Court's scheduling order.**

13. Any and all documents disclosed to, or reflecting communications with, third-parties by Defendants during the course of representing Llanos Oil and which relate to oil, gas and/or mineral interests in Colombia.

**RESPONSE: Defendant objects on the grounds the Request is overly broad and vague to the extent it seeks "all documents reflecting communication". Defendant also objects the Request improperly seeks internal work product that is protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant further, objects this Request exceeds the amount permitted by the Court's scheduling order.**

5

Done this the 21st day of June, 2013.

                                          */s/ Bradley J. Smith*
                                          Bradley J. Smith
                                          State Bar ID:  ASB-6847-B52S
                                          Attorney for Defendants

OF COUNSEL:

Clark, Hair & Smith, P.C.
1000 Urban Center Drive
Suite 125
Birmingham, Alabama  35242
205-397-2900
205-397-2901 – Fax
Email:  bsmith@chslaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served on the below counsel on the 21st day of June, 2013 via electronic mail and/or the CM/ECF system:

William Anthony Davis, III, Esq.
H. Thomas Wells, III, Esq.
Starnes Davis Florie, LLP
P.O. Box 59812
Birmingham, Alabama  35259
205-868-6000
205-868-6099

                                          */s/ Bradley J. Smith*
                                          Of Counsel

6