# Exhibit M

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV-11-P-3695-S |
| ) | |
| ) | |
| TERRENCE P. COLLINGSWORTH, ) | |
| individually and as agent of Conrad & ) | |
| Scherer, LLP; and CONRAD & ) | |
| SCHERER, LLP. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' FIRST AMENDED ANSWERS TO PLAINTIFF'S SECOND INTERROGATORIES

Come now Defendants, by and through undersigned counsel, and responds to Plaintiff's Second interrogatories as follows:

1. Identify every instance in which Defendants have mentioned or discussed Drummond and its alleged involvement in any crime, human rights violation, wrongful business practice, or unethical or immoral behavior, including in your answer the person(s), media outlet, governmental or non-governmental organization, or other entity, the date (or, if the date is not known, best approximation of time frame) of the communication or discussion, and the substance of the statements made concerning Drummond. This interrogatory excludes any discussions with named Plaintiffs, the court, or with counsel of record in any of Defendants' litigation with Drummond.

**RESPONSE: Defendant objects to this interrogatory on the grounds it is overly broad, contains impermissible subparts, is vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects the interrogatory seeks information subject to the attorney-client privilege and/or work product doctrine. Defendant additionally objects the interrogatory improperly seeks strategic information relating to the pending case of *Balcero et. al. v. Drummond, Inc. et.al.*, No. 2:09-CV-1041 RDP that Drummond could not obtain in that case. Furthermore, the information sought regarding litigation with Drummond is equally available to Plaintiff.**

**SUPPLEMENTAL RESPONSE: Subject to its original response and objections, Defendants state Mr. Collingsworth is the only one who has spoken to the press.**

Throughout the years, he has done a number of interviews on various issues and topics. He does not take notes or keep a journal of such discussions. To the best of his present recollection, he spoke to Frank Boyak of the Associated Press several times over the years. He does not recall dates. He does recall that the last time he spoke to him was around July of 2012 about the letter rogatory hearings. The only other specific discussion he had that he can recall was in 2001, after the third murder of the union leader. He spoke to a reporter named Steven Dudley who was writing an article for the Nation.

2.   Please state whether either or both of the Defendants received any compensation, or billed any time, for preparing for and/or writing the January 18, 2011 Letter, the February 4, 2011 Letter and/or the September 19, 2011 Letter, and if so, state the amount of compensation or billed time and the person(s) and/or entity from whom the compensation was received or to whom the time was billed.

**RESPONSE: Defendant objects to this interrogatory on the ground it seeks information subject to the attorney-client privilege and/or work product doctrine. Subject to the objection, Defendants received no compensation for writing the letters.**

3.   Identify every instance in which Defendants or anyone working on their behalf met, spoke to, or otherwise communicated with Carolos Julio Pedrahita Gomez, or anyone going by that name or using it as an Alias, including in your answer the date (or, if the dates is not known, best approximation of time frame) of the communication or meeting, the purpose of the communication or meeting, and the substance of any communication.

**RESPONSE: Defendant objects to this interrogatory to the extent it is vague, broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects that the interrogatory improperly seeks strategic information relating to the pending case of *Balcero et. al. v. Drummond, Inc. et. al.*, No. 2:09-CV-1041 RDP that Drummond could not obtain in that case.**

**SUPPLEMENTAL RESPONSE: Subject to its original response and objections, Defendants state they do not know anything about this individual other than noticed the name is mentioned in the June 29, 2010 Report of the Office of the Prosecutor General of the Nation.**

4.   Identify every media interview with or statement made by either of the Defendants in which Defendants made statements about alleged human rights crimes in Colombia, including in your answer the date (or, if the date is not known, best approximation of time frame) of the interview and/or statement, the name of the reporter, the name of the media outlet, and the substance of the statements made by the Defendants.

2

**RESPONSE:** Defendants objects to this Request on the grounds it is vague, broad, unduly burdensome and not relevant to Plaintiff's claims in this case. Subject to there objections, Defendant Terry Collingsworth responded to questions from a reporter for Bloomberg in February 2013.

**SUPPLEMENTAL RESPONSE:** Subject to its original response and objections, Defendants state Mr. Collingsworth responded to questions about the history of the litigation, the current status of the litigation, and how the three pending Drummond cases relate to each other.

5.  Identify every speech, lecture, continuing legal education course, brown bag lunch series speaking engagement, or other speaking engagement (collectively "Speaking Engagements") by either of the Defendant during which either of the Defendants or their partners spoke about paramilitaries and/or alleged human rights violations in Colombia, including in your answer the date (or, if the date is not known, best approximation of time frame), purpose, intended audience, and substance of each Speaking Engagement.

**RESPONSE:** Defendant objects to this interrogatory on the grounds it is overly broad contains impermissible subparts, is vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that the interrogatory seeks information subject to the attorney-client privilege and/or work product doctrine. Defendant further objects that the interrogatory improperly seeks strategic information relating to the pending case of *Balcero et. al. v. Drummond, Inc. et.al.*, No. 2:09-CV-1041 RDP that Drummond could not obtain in that case. Subject to there objections, Defendants have given no such lectures specific to Drummond.

**SUPPLEMENTAL RESPONSE:** Subject to its original response and objections, Defendants state Mr. Collingsworth does not recall any Drummond specific discussions given by him at any speaking engagement. It is likely he would have mentioned Drummond as one of his numerous cases brought under the Alien Tort Statute, but does not recall any other specifics.

6.  With respect to the statement in the September 19, 2011 Letter that "[n]umerous witnesses confirmed to me that the paramilitaries said, 'these two have a problem with Drummond,'" please identify by name, last known address, telephone number and e-mail address every witness that made such a confirmation to Mr. Collingsworth.

**RESPONSE:** Defendant objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Without waiving its objections, Defendants refer Plaintiff to its response to RFP 27. Defendant further objects that the interrogatory improperly seeks strategic

3

information relating to the pending case of *Balcero et. al. v. Drummond, Inc. et. al.*, No. 2:09-CV-1041 RDP that Drummond could not obtain in that case.

**SUPPLEMENTAL RESPONSE: Subject to its original response and objections, Defendants state during the course of his investigation of the facts prior to the trial in Drummond I, Mr. Collingsworth interviewed approximately five individuals who were on the bus that Locarno and Oracasita were removed from and executed. All of them said that the paramilitaries that boarded the bus said something to the effect of "these two have a problem with Drummond." Other than the two statements that were produced, the other witnesses at the time were terrified that they would be killed for testifying against Drummond and refused to allow Mr. Collingsworth to use their names in connection with the litigation.**

7. Identify every person, corporation, company, partnership, trade association, labor union, governmental entity, international organization, non-profit organization, or any other entity to which Defendants or anyone working on their behalf applied for or otherwise requested funding for the litigation against Drummond, whether or not such funding was actually provided to or received by Defendants.

**RESPONSE: Defendant objects to this interrogatory on the grounds it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant also objects to interrogatory is not relevant to Plaintiff's claims in this case and intended to be unduly burdensome. Defendant further objects that the interrogatory improperly seeks strategic information relating to the pending case of *Balcero et. al. v. Drummond, Inc. et.al.*, No. 2:09-CV-1041 RDP that Drummond could not obtain in that case.**

8. Please describe with specificity the purpose(s) of all payments made by Defendants or anyone working on their behalf to Jose Joaquin Pinzon Diaquiz, including in your answer what Mr. Pinzon was meant to do with each payment.

**RESPONSE: Defendant objects to this interrogatory on the grounds it is overly broad contains impermissible subparts, is vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that the interrogatory seeks information subject to the attorney-client privilege and/or work product doctrine. Defendant further objects that the interrogatory improperly seeks strategic information relating to the pending case of *Balcero et. al. v. Drummond, Inc. et. al.*, No. 2:09-CV-1041 RDP that Drummond could not obtain in that case.**

**SUPPLEMENTAL RESPONSE: Subject to its original response and objections, Defendants state this person collects security payments on behalf of alias "Halcon". As Plaintiff is aware from the discovery responses in *Balcero*, Defendants have provided cost of relocation and security for alias "Halcon" who escaped an attempt on his life immediately following his cooperation with Plaintiff in providing evidence of Drummond's support for and cooperation with the AUC.**

4

Done this the 26th day of June, 2013.

_____
Terrence P. Collingsworth, Individually,
and on behalf of Conrad & Scherer, LLP
Defendants

_____
Bradley J. Smith
State Bar ID: ASB-6847-B52S
Attorney for Defendants

OF COUNSEL:

Clark, Hair & Smith, P.C.
1000 Urban Center Drive
Suite 125
Birmingham, Alabama 35242
205-397-2900
205-397-2901 – Fax
Email: bsmith@chslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the below counsel on the 26th day of June, 2013 via electronic mail and/or the CM/ECF system:

William Anthony Davis, III, Esq.
H. Thomas Wells, III, Esq.
Starnes Davis Florie, LLP
P.O. Box 59812
Birmingham, Alabama 35259
205-868-6000
205-868-6099

_____
Of Counsel