IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC.,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.     ) | Case No. 2:11-cv-3695-RDP |
| ) | |
| TERRENCE P. COLLINGSWORTH,     ) | ORAL ARGUMENT REQUESTED |
| Individually and as agent of Conrad &     ) | |
| Scherer, LLP; and CONRAD &     ) | |
| SCHERER, LLP.     ) | |
| ) | |
| Defendants.     ) | |

## **DEFENDANTS' MOTION TO COMPEL ANSWERS TO FIRST INTEROGATORIES AND RESPONSES TO FIRST REQUEST FOR PRODUCTION**

Bradley Smith, Esq.
Eric D. Bonner, Esq.
Clark, Hair & Smith, P.C.
1000 Urban Center Drive, Suite 125
Birmingham, Alabama 35242
205-397-2900
205-397-2901 – Fax
Email: bsmith@chslaw.com

*Attorneys for Terrance P. Collingsworth and Conrad & Scherer, LLP*

# TABLE OF CONTENTS

A.     Efforts to Resolve Discovery Disputes…………………………………………...1

B.     Case Overview as to Necessity for Requested Discovery…………………...3

C.     Interrogatories in Dispute…………………………………………………8

D.     Request for Production in Dispute………………………………………16

Prayer for Relief…………………………………………………………………...26

Certificate of Service…………………………………………………………...28

## A. Efforts to Resolve Discovery Disputes

On or about March 15th, 2013, the Defendants served First Interrogatories as well as First Request for Production to the Plaintiff. (See Exhibit 1, Defendants' First Interrogatories to the Plaintiff and Exhibit 2, Defendants' First Request for Production to the Plaintiff.) On or about April 17th, 2013, Plaintiff's Answers to Defendants' First Interrogatories and Plaintiff's Responses to Defendant's First Request for Production were served. (See Exhibit 3, Plaintiff's Answers to Defendants' First Interrogatories and Exhibit 4, Plaintiff's Responses to Defendants' First Request for Production.) In the Plaintiff's Answers to Defendants First Interrogatories, Drummond did not identify a single witness with discoverable information. Similarly, the Plaintiff produced only a couple of articles and Orders from earlier cases in response to the Defendants' document requests.

On May 8th, 2013, Defendants' counsel wrote Plaintiff's counsel detailing deficiencies with the Plaintiff's Answers to Interrogatories and Responses to Request for Production. (See Exhibit 5, May 8th, 2013, correspondence.) Subsequently, counsel for the parties conducted an in-person meeting on May 16th, 2013, to discuss outstanding written discovery that the parties owed to one another. During the May 16th, 2013, meeting defense counsel offered several limitations as to scope and time to the Defendants' written discovery requests in hopes to aid and streamline the discovery process between the parties. In fact, in correspondence

dated June 3rd, 2013, defense counsel noted several proposed limitations to his clients' Interrogatories and Requests for Production of Documents in an attempt to aid the discovery process where the Plaintiff had still not yet revealed the identity of any witnesses nor produced more than a handful of documents responsive to the Defendants' discovery requests. (See Exhibit 6, June 3rd, 2013, correspondence.)

On or about June 21st, 2013, the Plaintiff filed Amended and Supplemental Answers to Defendants' First Interrogatories and Amended Responses to Defendants' First Request for Production of Documents. (See Exhibit 7, Plaintiff's Amended and Supplemental Answers to Defendants' First Interrogatories, and Exhibit 8, Plaintiff's Amended Responses to Defendants' First Request for Production.) Despite defense counsel's two earlier letters and the discovery meeting between counsel, the Plaintiff's again provided the exact same and/or similar blanket objections and nominal responses to the Defendants' First Interrogatories and First Request for Production.

Drummond has still not provided any substantive responses including witnesses that it will rely upon in support of its claims in this litigation nor has it produced documents to the Defendants that it intends to rely upon in support of its claims. Drummond has done little to further the discovery process over the last several months where it has provided minimal substantive information and only a handful of documents in response to the Defendants' First Interrogatories and First

Request for Production. At this point, all of the Defendants informal measures have failed to yield any meaningful discovery responses and/or documents from Drummond. Accordingly, Defendants Collingsworth and Conrad & Scherer, LLP have no option but to request that this Honorable Court compel the Plaintiffs to cooperate and provide meaningful discovery responses and documents. Herein the Defendants address each of the Interrogatory Answers and Responses to Request for Production in dispute specifically noting how those answers and responses are wholly inadequate.

### B. Case Overview as to Necessity for Requested Discovery

This defamation action is brought by Drummond Co., Inc. against Terrance Collingsworth and Conrad & Scherer, LLP. The claims relate to three letters written by Collingsworth to the Prime Minister of The Netherlands, additional Dutch Officials and the CEO of Itachu, a Japanese corporation. (See Complaint, Attached as Exhibit 9). The letters contain statements relating to human rights violations by Drummond in Colombia. The statements are identical to allegations made by Collingsworth and co-counsel in ancillary litigation with Drummond.

Drummond has filed the defamation action but has refused to provide any meaningful discovery responses. The majority of Drummond's objections include that the requests are broad, burdensome and/or irrelevant. Although Defendants disagree with Drummond's position, in order to compromise and move the case

along, counsel for Defendants agreed to limit numerous requests. (See Exhibit 6). However, Drummond still refuses to provide responses.

The discovery sought is crucial to defenses asserted by the Defendants. The Complaint contains a single count for defamation. The elements of libel include: 1.) a publication which requires a communication with someone other than the plaintiff; 2.) the publication must be defamatory which means a false statement understood by some third party is natural and probably injurious to the plaintiff's reputation; 3.) the statement must have sufficient specificity for the person to whom publication is made to know it relates to the plaintiff; and 4.) it must have been intentional or have occurred in such circumstances that the defendant would have anticipated its occurrence. See *United States Steel, LLC v. Tieco, Inc.* 201 F. 3d 1275 (11th Cir. 2000).

The information sought is relevant to whether Plaintiff is a public figure as well as to applicable defenses such as the truth and privilege. Many of the requests are also relevant to damages. Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the court has broad discretion to ensure that parties "obtain discovery regarding any matter, not privileged, that is relevant to any party's claim or defense," and "[f]or good cause, … may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "relevant information need not be admissible at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence." *Id.* "[I]f there is an objection that the discovery goes beyond material relevant to the parties' claims or defenses, the Court ... become[s] involved to determined whether the discovery is relevant to the claims or defenses[.]" Fed. R. Civ. P. 26(b)(1), advisory committee's note (2000 Amendment). If it is not, the court must determine "whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible." *Id.* Rule 26(b)(1) is "highly flexible," *United States v. Microsoft Corp.*, 165 F. 3d 952, 959-60 (D. C. Cir. 1999), and, as a whole, the federal discovery rules are to be construed broadly and liberally, *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635, 60 L. Ed. 2d 115 (1979).

There are certain constitutional issues that deal with the law of defamation. In *Sullivan v. The New York Times,* 376 U.S. 254 (1964), the United States Supreme Court instituted the additional requirement of malice. *Sullivan* malice is a heightened element required in defamation cases brought by public officials or public figures, imposed to accommodate First Amendment freedom of expression interests. *Sullivan* malice is defined as "knowledge that the statement was false or with reckless disregard of whether it was false or not."[1] *Sullivan* malice requires clear and convincing proof. The court abrogated the doctrine of defamation per se

---

[1] The Sullivan requirement of actual knowledge was extended from "public officials" to "public figures" in *Curtis Publishing Company v. Butts*, 388 U.S. 130 (1967).

as to public official plaintiffs, requiring them to prove the falsity of the statement. Based upon Sullivan, Plaintiffs in defamation cases can be characterized as either public figures or public officials; limited purpose public figures, or private individuals.

Various factors go into determining the status of an individual or corporation for purposes of a defamation suit.[2] This is a threshold question in lawsuits alleging libel. In *American Benefit Life Insurance Co. v. McIntyre*, the Alabama Supreme Court observed that because a corporation's dealings were subject to government regulations, and its very existence is owing to the government. 375 So. 2d 239 (Ala. 1975). Access to media and public relations campaigns are also important factors. *Mobile Press Register v. Faulkner*, 372 So.d 2d 1282 (Ala. 1979). This is particularly true for a large multinational coal mining company such as Drummond. In addition, the Court also looks to examine the Plaintiff's role in the controversy. Important factors include the Plaintiff's role in the controversy and attempts to purposely try to influence the public controversy or because of its position in the controversy, to have an impact on its resolution. *Little v. Breland*, 93 F. 3d 755-759 (11th Cir. 1996).

In addition to determining whether Plaintiff is a public figure, the discovery sought is relevant to several defenses. Where a party makes a communication

---

[2] A business corporation may be a "public figure." *American Benefit Life Insurance Co. v. McIntyre*, 375 So. 2d 239 (Ala. 1979).

which is prompted by a duty owed either to the public or to a third party, or where it is a situation in which the party has an interest and is made to another having a corresponding interest, this communication has a "qualified privilege" or "conditional privilege" if made in good faith and without actual malice. The Alabama Supreme Court has held that a statement is privileged and cannot be the subject of a defamation action where a party makes the statement pursuant to a duty owed either to the public or to a third party, or where the statement is one in which the speaker and third party have a corresponding interest. See *Montgomery v. Big B, Inc.*, 460 So. 2d 1286 (Ala. 1984); See also *Langston v. Det*, 890 F. 2d 380 (11th Cir. 1989).

The law also permits an absolute privilege. The absolute privilege bars recovery even without a showing of actual malice. Alabama has adopted Restatement 2nd §587 which states a party to a private litigation or a private prosecutor or a defendant in a criminal prosecution is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course of or as part of a judicial proceeding in which he participates if the matter has only some relation to the proceeding. *Walker v. Majors,* 496 So. 2d 726, 729, (Ala. 1986). In the present situation the allegations are identified to those assertions in the

underlying litigation. *Johnson v. Federal Express Corp.*, 147 F. Supp. 2d 1268 (M.D. Ala. 2001).

Truth is an absolute defense to defamation. When the absolute absence of the truth might not be available as a complete bar to liability, Alabama Code (1975) §6-5-183 provides that "the truth of the words spoken or written or the circumstances under which they are spoken or written may be given in evidence under a general denial and mitigation of the damages." Accordingly, Defendants are entitled to discovery which goes towards the truth of the alleged defamatory statements.

Finally, Defendants are entitled to the propounded discovery to the extent it goes to damages. This would include, but is not limited to compensatory such as out of pocket issues but also alleged injuries to reputation. See *Cabble v. Claire's Stores, Inc.*, (919 F. Supp. 397, 402 M.D. Ala. 1996).

## C.  Interrogatories in Dispute

1.    Identify all persons with knowledge of any facts relevant to this lawsuit and state the substance of each person's knowledge.

**PLAINTIFF'S ANSWER:**    Drummond objects to this interrogatory on the ground that it is overly broad and unduly burdensome to have Drummond list every person with "any knowledge of any facts relevant to this lawsuit" Subject to this objection, the persons with the most relevant and discoverable knowledge are listed in Drummond's initial disclosures.

**DEFENDANTS' RESPONSE:**    **Plaintiff is a corporation and has filed a defamation lawsuit.  Thus, clearly the identity of persons with**

knowledge of any facts relevant to the lawsuit and the substance of each person's knowledge is relevant and material to the Defendants' defenses in this case. Further, a blanket referral to the Plaintiff's Initial Disclosures makes it impossible for the Defendants to determine which of the identified individuals have knowledge that the statements made by the Defendants were false. Also, the Defendants are entitled to know if there are any additional persons with relevant discoverable information other than those listed in the Initial Disclosures. Accordingly, the Plaintiff should be ordered to amend its answer to identify specifically all persons with knowledge of facts that the Plaintiff contends support its assertion that the statements contained in the letters giving rise to this litigation are false.

3. For all statements identified in your response to the previous interrogatory, identify all persons with knowledge of facts that you believe support your contention that such statements are false and defamatory.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory on the ground that it is overly broad and unduly burdensome to have Drummond list every person with "any knowledge of any facts relevant to this lawsuit" Subject to this objection, the persons with the most relevant and discoverable knowledge are listed in Drummond's initial disclosures.

**DEFENDANTS' RESPONSE:** As with the answer to Interrogatory # 1, the Plaintiff is attempting to avoid identifying specifically which persons have knowledge of facts that support the Plaintiff's contentions in this lawsuit. For the same reasons stated above in response to Interrogatory #1 the requested information is both discoverable and relevant.

4. Identify all articles, broadcasts, reports, publications, and/or other type of published material that in any way mentioned Drummond since 2000. Your answer should include, but is not limited to, any such reference on any internet website and/or web blog.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the

discovery of admissible evidence, and seeks irrelevant information. Drummond further objects that the interrogatory seeks information equally available to the Defendants.

**DEFENDANTS' RESPONSE:** First of all, the information sought is clearly relevant and is in no way overly broad or unduly burdensome. Nevertheless, the Defendant through counsel has previously indicated to Plaintiff's Counsel that they are willing to limit the request to Columbia, the AUC, mine worker's paramilitaries, labor relations, acquisitions of murder, wrongful conduct or alleged wrongdoing. Despite these suggested limitations Plaintiff has refused to provide the requested information. Likewise, Drummond in its response does not indicate that it is not in possession of this information. Further, if the Defendants were in possession of the requested information we would not be requesting this information. There are numerous articles, broadcasts, reports, publications, and other published materials that have mentioned Drummond since 2000 that may no longer be regularly available. Accordingly, if Drummond is in possession of any such documents those would be relevant to the Plaintiff's defamation claims and the Defendant's defenses.

5.     Identify (by style, cause number, filing date, court, alleged causes of actions, attorneys involved, status and outcome) every lawsuit, bankruptcy, judicial proceeding (civil or criminal), arbitration, and/or administrative proceedings to which you have been a party, whether pending in the United States, Colombia or any court or judicial proceeding in the world.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:** The interrogatory is very specific and not broad in any manner. As previously stated, this is a defamation action where the truth of the matter is a defense. In addition, Drummond is a corporation and the Defendants are entitled to information regarding collateral proceedings and allegations. Defendants have indicated that they are willing to limit this interrogatory from 1989 to present and to information

related to wrong doing of any sort in Colombia, and litigations and/or proceedings related to mine workers anywhere in the world. Despite these proposed limitations, Drummond has still refused to produce the requested discoverable information.

6. Identify all government investigations involving or relating to Drummond, Inc. from 1993 to present. Your responses should include, but not be limited to, any and all national, state, or local government agency.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information. Drummond further objects that the interrogatory seeks information equally available to the Defendants. Subject to these objections, Defendants have already been made aware of any investigations relating to allegations of connections to Colombian paramilitaries through discovery in *Balcero, et. al. v. Drummond Company, Inc., et. al.,* 7:09-CV-1041-RDP (N.D. Ala.).

**DEFENDANTS' RESPONSE:** Subject to the above objections, Plaintiff states Defendants have already been made aware of any investigations relating to allegations of connections to Colombian paramilitaries through discovery in the *Balcero* lawsuit. Like the previous interrogatory, this interrogatory is not broad but is quite specific. Drummond has failed to explain what is unduly burdensome about the request. The Interrogatory is clearly relevant where the Defendants are entitled to know about investigations related to allegations of connections to Colombian militaries. This would go to the defense of truth as well as the public controversy related to Drummond's role in Colombia. If Drummond has this required information it should be provided.

11. Identify any and all government agencies and/or groups that regulate, license or control any of the businesses owned or operated by Drummond, Inc.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:** The interrogatory is not broad or burdensome. It is specific and presumably would not be a burden for Drummond to determine the agencies that regulate, license or control the businesses. Drummond's regulation and licensure are relevant to Drummond's status in this defamation action. Defendants have previously indicated that they are willing to limit this interrogatory to 1989 to present.

12. Identify all individuals, firms, groups or any entity that has provided any lobbying and/or public relations work for or on behalf of Drummond, Inc. For each set for the dates of service and the purpose of the work.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:** Once again, the interrogatory is very specific and not burdensome whatsoever. The information is relevant as it goes to the debate regarding Drummond's activities in Colombia and the defense of whether Drummond is a public figure or not.

14. Disclose all contributions made to any individuals, party or political action committee, whether in the United States, Europe or South America, for the periods of 1992 to present. For each disclose the amount of the contribution, the date made and the identity of the individual, party or political action committee.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:** This interrogatory is not overly broad or unduly burdensome. The interrogatory is relevant as to Drummond's role in the controversy and its attempts to control the controversy. Also, this interrogatory again goes to whether Drummond is a public figure or not.

16. State the year Drummond, Inc. was incorporated, the identity of all incorporators and the purpose for the incorporation.

**PLAINTIFF'S ANSWER:**  Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:**  **Defendants agreed to limit this request to the year Drummond was incorporated and the purpose of incorporation.  Drummond is no longer seeking the identity of the incorporators.  The corporate history is relevant as to its status in a defamation action.**

17. State all factors that went into Drummond, Inc.'s decision to operate a coal mine in the Republic of Colombia.

**PLAINTIFF'S ANSWER:**  Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:**  **The interrogatory is specific rather than broad and there is nothing burdensome about this request.  The interrogatory is relevant to Drummond's operations in Colombia and its status for the purpose of the defamation lawsuit.  The interrogatory again is also relevant as to the defense of whether Drummond is a public figure or not.**

18. Identify every person or document Plaintiff contends substantiates the information included in the January 18, 2011, February 4, 2011, and September 19, 2011 letters are completely false.  For each person, provide the following:

    (a)    their name;

    (b)    current address;

    (c)    contact information (including telephone number and email address if applicable); and

(d)  the exact portion(s) of the letter(s) which the person can establish as false.

**PLAINTIFF'S ANSWER:**  Drummond objects to this interrogatory as it is overly broad and unduly burdensome.  Subject to these objections, the persons with the most relevant and discoverable knowledge are listed in Drummond's initial disclosures.  With respect to documents, Defendants are referred to all documents produced by the parties in *Balcero, et al. v. Drummond Company, Inc., et al.,* 7:09-CV-1041-RDP (N.D. Ala.) which show a complete lack of documentary support for any of the statements. Defendants are also referred to the investigation and findings of the Fiscalia, resulting in the June 29, 2010 decision from the Office of the Prosecutor General of the Nation of which Defendants already have a copy. Defendants are also referred to the discovery, court file, trial transcripts and exhibits, and jury verdict from *In re Juan Aquas Remero v. Drummond Co.,* CV-03-BE-575-W and consolidated cases.

**DEFENDANTS' RESPONSE:**  **This request is specifically crafted and there is nothing broad about the request.  Drummond has referred back to Initial Disclosures and the *Balcero* and *Romero* lawsuits.  Obviously, that is not responsive to the request.  Drummond's response to Interrogatory #2 outlines issues contained in the subject letters which it "challenged in this action."  If Drummond has any witnesses that will substantiate that the information in the letters is completely false, it should identify them, their contact information, and the exact portion of the letter(s) that the person can establish is false.**

22.  Identify each person having knowledge of, and all documents reflecting or referring to the allegations in paragraphs 11, 19, and 23 of Plaintiff's Complaint that "[at] the time of writing the letter, Collingsworth knew these statements were false and/or acted with reckless disregard to whether they were false or not."

**PLAINTIFF'S ANSWER:**  Drummond objects to this interrogatory as it is overly broad and unduly burdensome.  Subject to these objections, the persons with the most relevant and discoverable knowledge are listed in Drummond's initial disclosures.  With respect to documents, Defendants are referred to all

documents produced by the parties in *Balcero, et al. v. Drummond Company, Inc., et al.*, 7:09-CV-1041-RDP (N.D. Ala.) which show a complete lack of documentary support for any of the statements. Defendants are also referred to the investigation and findings of the Fiscalia, resulting in the June 29, 2010 decision from the Office of the Prosecutor General of the Nation of which Defendants already have a copy. Defendants are also referred to the discovery, court file, trial transcripts and exhibits, and jury verdict from *In re Juan Aquas Remero v. Drummond Co.*, CV-03-BE-575-W and consolidated cases.

**DEFENDANTS' RESPONSE:** **The interrogatory is not broad but specific and relates to specific information contained in Plaintiff's Complaint. Plaintiff again refers Defendants to Plaintiff's Initial Disclosures and numerous other documents from other lawsuits. If Plaintiff has any information or evidence which substantiates Plaintiff's claim that "Collingsworth knew these statements were false and/or acted with reckless regard as to whether they were false or not" the information should be produced. The Defendant is entitled to more than overly broad responses that do not answer very specific questions, Plaintiff continues to attempt to hide the ball from the Defendant with its routine objections and vague and overly broad responses.**

23.    Identify any and all allegations made from any source that Drummond

has committed human rights violations.

**PLAINTIFF'S ANSWER**    Drummond objects to this interrogatory as it is overly broad and unduly burdensome. Drummond further objects to this interrogatory as it seeks information equally available to the Defendants. Subject to these Interrogatories Drummond is not aware of any allegations that it committed human rights violations other than those spearheaded by Mr. Collingsworth and his associates.

**DEFENDANTS' RESPONSE:** **If Drummond is aware of any allegation that it committed human rights violations made by anyone other than Mr. Collingsworth, it should be required to provide that information. Further, defense counsel has previously spoken with counsel for Drummond about identifying who "his associates" are.**

24.     Identify any allegations made from any source that Drummond formed an alliance with or support a paramilitary group.

**PLAINTIFF'S ANSWER**     Drummond objects to this interrogatory as it is overly broad and unduly burdensome.  Drummond further objects to this interrogatory as it seeks information equally available to the Defendants.  Subject to these Interrogatories Drummond is not aware of any allegations that it formed an alliance with or supported a paramilitary group other than those spearheaded by Mr. Collingsworth and his associates.

**DEFENDANTS' RESPONSE:**     **If Drummond is aware of any allegation that it formed an alliance with or supported a paramilitary group by anyone other than Mr. Collingsworth, it should be required to provide that information.     Defense counsel has previously spoken with counsel for Drummond about identifying who "his associates" are from this response.**

D.     **Request for Production in Dispute**

1.     All documents which plaintiff asserts support any of the claims set forth in its Complaint.

**PLAINTIFF'S ANSWER:**     Drummond objects to this request as overly broad and unduly burdensome.  Subject to this objection, the documents showing the defamatory statements were made and published will be produced.  With respect to the falsity of the statements, and Defendants knowledge to reckless disregard of the same, Defendants are referred to all documents produced by the parties in *Balero, et al. v. Drummond Company, Inc., et al.,* 7:09-CV-1041-RDP (N.D. Ala.) which show a complete lack of documentary support for any of the statements. Defendants are also referred to the investigation and findings of the Fiscalia, resulting in the June 29, 2010 decision from the Office of the Prosecutor General of the Nation of which Defendants already have a copy.  Defendants are also referred to the discovery, court file, trial transcript and exhibits, and jury verdict from *in re Juan Aguas Romero v. Drummond Co.,* CV-03-BE-575-W and consolidated cases.

**SUPPLEMENTAL RESPONSE:**     Drummond reasserts the objection stated above, and additionally refers Defendants to those documents produced by Mr. Collingsworth reflecting payments to and correspondence with witnesses,

including Duarte, Charris, Jamie Blanco, and Jose Pinzon and a person with the email address halcon85@yahoo.com. Drummond also refers Defendants to the various conflicting testimonies given by the witnesses relied upon by Mr. Collingsworth in the course of the *Balcero* case. Drummond reserves the right to amend this response as discovery proceeds, as there are likely numerous other documents in Mr. Collingsworth's or others' possession that have not been produced.

**DEFENDANTS' RESPONSE:** **Following several unfounded objections, Plaintiff states the documents showing the defamatory statements that were made and published will be produced. However, after initial responses and supplemental responses Drummond has still not produced any of the promised documents. The Defendants are not in possession of the investigation and findings of the Fiscalia, resulting in the June 29, 2010 decision from the office of the Prosecutor General of the National and is entitled to a copy from Drummond. Further, in Drummond's supplemental response it refers to documents in the possession of others that have not been produced. Accordingly, if Drummond is in possession of responsive documents supporting its claims in its Complaint those are clearly discoverable and should be produced.**

5.   Produce any and all documents generated or received by you that

support your claims in this case.

**PLAINTIFF'S ANSWER:**   Drummond objects to this response as overly broad and unduly burdensome. Subject to this objection, this request is duplicative of Request # 1, and Drummond incorporates by reference the response and objections to that request.

**DEFENDANTS' RESPONSE:**   **In response, Plaintiff simply refers to its response to request for production #1. Such a reference is not proper. The Defendants are entitled to a specific response to the request. The Plaintiff has filed a defamation action against the Defendants and the Defendants are naturally entitled to any and all documents which support the Plaintiffs' claims. Accordingly, if the Plaintiff has generated or received any documents that support its claims any such documents are relevant and discoverable.**

6. Produce any and all documents generated or received by you that support any damages alleged by you in this case.

**PLAINTIFF'S ANSWER:** Drummond objects to this response as overly broad and unduly burdensome. Subject to this objection, this request is duplicative of Request # 1, and Drummond incorporates by reference the response and objections to that request.

**DEFENDANTS' RESPONSE: Plaintiff again provides an unfounded objection and refers Defendant to its response to Request #1. The request is not broad but is very specific in that it requests documents that support any damage alleged by Drummond in the case. Obviously it is not burdensome in that if Plaintiff is in possession of documents supporting its damages those would be documents necessary to establish its claims. While if Drummond has no plans to put forth evidence of direct financial damage, it should amend its response to reflect that position.**

8. Produce any and all documents relating to or evidencing any communications between you or your attorney and any other person or entity relating to this case.

**PLAINTIFF'S ANSWER:** Drummond objects to this request as it seeks documents protected by the work product doctrine. Drummond further objects to the request as it is impermissibly vague and not sufficiently descriptive to permit a meaningful response. Subject to these objections, non-privileged documents responsive to this request will be produced in response to Request #15 below. Also, Drummond will produce a communication received by Drummond's counsel that purports to be from Hendrik can Bilderbeek.

**DEFENDANTS' RESPONSE: Plaintiff objects to this request as seeking documents protected by the work product doctrine. Drummond further objects to the request in that "it is impermissibly vague and not sufficiently descriptive to permit a meaningful response." Subject to those objections, Drummond indicated non-privileged documents responsive to this request will be produced in response to Request #15 below. Also, Drummond represented that it will produce a communication received by Drummond's counsel that purports to be from Hendrik van Bilderbeek. Drummond to date**

has still not produced the communication received by Drummond's counsel that purports to be from Hendrik van Bilderbeek. Drummond has also not produced any other documents reflecting communications between its Attorney and any third party or entity, including but not limited to any governmental entity, any of the letter recipients and/or the press or media. Defendants have also clarified to Plaintiff that they are not seeking any privileged communications between Drummond and its counsel. Obviously any communications if shared with third parties by Drummond or its counsel would not be protected by the work product doctrine. Nevertheless, Drummond has still not produced any of the requested information.

9. Produce all press releases issued by Drummond since 1985.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:** The request is not broad in that it specifically seeks press releases by Drummond. The request is certainly relevant and will lead to admissible evidence. Defendants have attempted to narrow the request by agreeing to limit this request to all press releases since 1985 related to wrongdoing in Colombia, unions and any and lawsuits filed by Collingsworth against Drummond. Accordingly, where this is a defamation action and Drummond's press releases are relevant to its role as a public figure, the requested documents are discoverable and should be produced.

10. Produce copies of any and all articles and/or written work published in a print or electronic medium that quotes an employee and/or agent of Drummond or any of its subsidiaries related to Drummond's activities in Colombia.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:** The Defendants are entitled to this information because it is relevant and material to Drummond's role in the

controversy and ability to respond and/or attempt to control the controversy. As with Request # 9 the requested information is also relevant to Drummond's role as a public figure.

11. Produce any and all written materials drafted, created, published or to which Drummond played any role related to the Sintraminergetica Mineworkers Union.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:** Contrary to the Plaintiff's assertion there is nothing broad or burdensome about the request. The information is relevant in that Drummond's relationship with the union is important as it relates to the defamation claims and the Defendants' defense of truth. The Defendant has previously offered to limit the request to a time frame from 1998 to 2005. Any responsive documents in Drummond's possession are discoverable and should be produced.

12. Produce all documents related to Drummond's business relationship with Itachu Corp.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:** There is absolutely nothing broad or burdensome about this request. Plaintiff's lawsuit seeks damages related to an alleged defamatory letter sent to Itachu. As a result, Drummond's business relationship with Itachu is certainly relevant to the lawsuit and whether that business relationship was in any way damaged and/or harmed by the letter. Accordingly, all responsive documents should be produced.

16.  Produce all documents sent by Drummond or any of its representatives to the United States Government or a United States Government official related to, in whole or in part, Drummond's Colombian operations.

**PLAINTIFF'S ANSWER:**  Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:**  **The request is not broad but rather specific and would not be burdensome.  Drummond's communications with third parties like the United States Government are relevant to this case.  Drummond is a public figure and how it interacts with third parties related to its Colombian operations is relevant to the allegations in the case.  To further aid the discovery process, the Defendants are willing to limit this request to any communications related to allegations of wrong doing in Colombia.**

17.  All documents evidencing payments by Drummond of any fine or civil penalty levied against Drummond or any subsidiary related to the Colombian operations.

**PLAINTIFF'S ANSWER:**  Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:**  **The request is not broad or unduly burdensome.  The requested information is certainly relevant in that Drummond's activities and relations with governments or regulating bodies are relevant to Drummond's role as a public figure.  Thus, all responsive documents in Drummond's possession should be produced.**

18.  All documents related to any and all visitors to the Drummond, LTD offices in Valledupar, Colombia for the years 1996 – 2007.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:** **The request is very specific and is not burdensome. It is obviously relevant to the claims in this case. There are allegations that members of the AUC visited the Drummond, LTD offices. Thus, who visited Drummond at its Colombian offices is at the core of the Defendants' truth defenses. Thus, the responsive documents would be relevant and discoverable.**

19.    All documents or communications related to inquiries from media related to Drummond's activities in Colombia.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:** **There is nothing broad or burdensome about the request. Drummond's interactions with the media are related to the defenses in this case. The Defendants are willing to limit this request to documents or communications related to inquiries from media related to alleged wrongdoing in Colombia.**

20.    All documents related to investigations or request for information by The Netherlands and/or The Kingdom of The Netherlands related to Drummond's activities in Colombia.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information. Subject to these objections and to the extent this request seeks documents related to investigations or requests for information relating to the letters made to the basics of the Complaint, Drummond does not possess any documents responsive to this request.

**DEFENDANTS' RESPONSE:** Drummond objected to this request as overly broad, unduly burdensome, not reasonably calculated to lead to discovery of admissible evidence, and seeking irrelevant information. Drummond then stated it does not possess responsive documents and limited the documents related to investigations or requests relating to the letters made the basis of the Complaint. However, the request was not meant to be limited to the letters made the basis of the Complaint. Any investigations by any government, specifically The Netherlands, are relevant to the defenses in this case. It is hard to imagine that the Plaintiff would not be in possession of a single document responsive to this request.

21.    All documents related to investigations or request for information by

The Kingdom of Denmark related to Drummond's activities in Colombia.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information. Subject to these objections and to the extent this request seeks documents related to investigations or requests for information relating to the letters made to the basics of the Complaint, Drummond does not possess any documents responsive to this request.

**DEFENDANTS' RESPONSE:** For the same reasons discussed in Request #20 the information requested here in Request #21 is discoverable. Again it is hard to imagine that Drummond would not have any documents related to investigations or requests by The Kingdom of Denmark related to Drummond's activities in Colombia. Accordingly, any such documents are both relevant and discoverable and should be produced.

23.    Any and all documents used in responding to this discovery.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad, unduly burdensome and too vague and non-specific to allow for a meaningful response.

**DEFENDANTS' RESPONSE:** The request is not broad, burdensome, vague, or non-specific. Obviously, if Plaintiff reviewed any documents in order to prepare responses to Defendants' Interrogatories and Request for Production, the Defendants are entitled to those documents.

**Accordingly, the response should be amended to state that no documents were used in order to respond to the discovery or the requested documents should be produced.**

25.    Provide tax returns for Drummond Co., Inc. and Drummond LTD for the past 15 years.

**PLAINTIFF'S ANSWER:**    Defendants already have copies of, or equal access to, the documents identified and referred to in the Complaint. With respect to other documents "used in drafting" the Complaint, Drummond objects to this request as it impermissibly intrudes into the work product and mental impressions of Drummond's counsel.

**DEFENDANTS' RESPONSE:**    Drummond objected to the request as overly broad and as seeking confidential information. Drummond also states it is not seeking loss of business and/or economic opportunity in this lawsuit and therefore, the request is irrelevant. However, the requested documents do not go solely to damages. Rather, Drummond is a corporation which relies upon the State of Alabama for its existence. How its profits are calculated and its expenses and deductions are taken are relevant to the activities and size of the corporation and its identity for the purposes of the defamation lawsuit. Thus, the requested information is clearly relevant as to the defense of whether Drummond is a public figure in this defamation lawsuit.

26.    All documents which support or tend to support any allegations in Plaintiff's Complaint.

**PLAINTIFF'S ANSWER:**    Drummond objects to this response as overly broad and unduly burdensome. Subject to this objection, this request is duplicative of Request # 1, and Drummond incorporates by reference the response and objections to that request.

**DEFENDANTS' RESPONSE:**    To #26 Plaintiff objects that the request is overly broad and unduly burdensome and incorporates its response to request #1 asserting the request is duplicative. In regards to #26, the request is not broad or burdensome. If Plaintiff is in possession of documents which support its allegations those documents should be produced. Plaintiff

has not produced a single document in response to Request #1, Request #26 or any other request for that matter. Further, if it does not have any responsive documents it should amend its response to state that "no such documents exist."

27. All documents which contradict or tend to contradict or refute any

allegations in Plaintiff's Complaint.

**PLAINTIFF'S ANSWER:** Defendant does not possess any documents responsive to this request.

**DEFENDANTS' RESPONSE:** If the Plaintiff does not possess any responsive documents it should clearly state that "no responsive documents exist." If Drummond does possess any documents which contradict or refute the allegations in its Complaint those are discoverable and should be produced.

29. All documents, or any evidence that support the statement contained

in page 6 & 7, paragraph 19, that "[at] the time of writing the letter, Collingsworth

knew these statements were false and/or acted with reckless disregard as to

whether they were false or not."

**PLAINTIFF'S ANSWER:** Drummond objects to this request as overly broad and unduly burdensome. Drummond further objects to this request because Defendants have improperly refused to disclose all facts, including documents, known to Mr. Collingsworth at the time the letters were written. Subject to these objections, this request is duplicative of Request #1, and Drummond incorporates by reference the response and objections to that request.

**DEFENDANTS' RESPONSE:** The request is very specific and unless there are numerous documents which support this request, it should not be burdensome. Plaintiff also seems to be reaching with its statement that Defendants have improperly refused to disclose all facts. The request is very specific and very simple. Plaintiff's Complaint alleges that Mr. Collingsworth knew the statements were false and/or acted with reckless disregard as to whether they were false or not. If there are any documents or evidence which

support the statement the Defendants are entitled to those. If Plaintiff simply threw the above referenced statement into the Complaint with no support whatsoever, then the Defendants are also entitled to know that as well.

30. All communications by any Plaintiff or any one acting on Plaintiff's behalf including counsel, with any journalist or anyone working with any media outlet in the United States or Colombia (including newspapers, television stations or any web-based media source) referring or relating to any litigation from 2000 to present.

**PLAINTIFF'S ANSWER:** Drummond objects to this interrogatory as it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

**DEFENDANTS' RESPONSE:** The request is not broad or burdensome and is extremely relevant to the defenses in this case. Because this is a defamation action, Drummond's communications with the media and its role in the controversy are important to the public figure defense. The Defendants are willing to limit this request to any coal mining operations. Accordingly, all communications by Plaintiff or someone acting on Plaintiff's behalf with any journalist, or anyone with a media outlet in Colombia or the United States referring to or relating to litigation from 2000 to present related to coal mining operations are discoverable and should be produced.

WHEREFORE, for the all the reasons discussed herein Defendants Terrence P. Collingsworth and Conrad & Scherer, LLP respectfully request this Honorable Court to compel the Plaintiff to respond fully to First Interrogatories and First Request for Production.

Done this the 14th day of August, 2013.


                                        */s/ Bradley J. Smith*
                                        Bradley J. Smith
                                        State Bar ID:  ASB-6847-B52S
                                        Eric D. Bonner
                                        State Bar ID:  ASB-7718-C63B
                                        Attorneys for Defendants


OF COUNSEL:

Clark, Hair & Smith, P.C.
1000 Urban Center Drive
Suite 125
Birmingham, Alabama  35242
205-397-2900
205-397-2901 – Fax
Email:  bsmith@chslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the below counsel on the 14th day of August, 2013 via electronic mail and/or the CM/ECF system:

William Anthony Davis, III, Esq.
H. Thomas Wells, III, Esq.
Starnes Davis Florie, LLP
P.O. Box 59812
Birmingham, Alabama 35259
TDavis@starneslaw.com
htw@starneslaw.com
btp@starneslaw.com
205-868-6000
205-868-6099

Sara E Kropf
LAW OFFICE OF SARA KROPF PLLC
1001 G Street NW, Suite 800
Washington, D.C. 20001
sara@kropf-law.com

*/s/ Bradley J. Smith*
Of Counsel