FILED
2013 Aug-14 AM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT
1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-11-P-3695-S |
| | ) | |
| | ) | |
| TERRENCE P. COLLINGSWORTH, | ) | |
| individually and as agent of Conrad & | ) | |
| Scherer, LLP; and CONRAD & | ) | |
| SCHERER, LLP. | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' FIRST INTERROGATORIES TO PLAINTIFF**

Come now the Defendants Terrence P. Collingsworth and Conrad & Scherer, LLP and propounds the following interrogatories to Plaintiff Drummond Company, Inc. as follows:

### **DEFINITIONS & INSTRUCTIONS**

1. The term "Drummond" refers to Drummond Company, Inc. and Drummond LTD. The term "Drummond" shall also include any subsidiary, employee, shareholder, or agent of Drummond Company, Inc.

2. The term "Defendant" or "Defendants" refers to Terrence P. Collingsworth and the law firm of Conrad & Scherer, LLP.

3. The term "communication" means and shall be deemed to refer to any writing or oral conversation, including, but not limited to, telephone conversations, conversations in meetings, letters, e-mails, voice mails, memoranda, notes, or telegraphic and telex communications.

4. The term "document" means the original and all non-identical copies of any written, printed, typed, photographic and recorded matter of any kind or character, however produced or reproduced, and any tangible thing which, in whole or in part, illustrates or conveys information in your possession, custody, or control, whether produced or stored on paper, cards, tapes, disks, belts, charts, film, computer storage devices, microfilm, magnetic and electronic recordings, sound recordings, computer print-outs or records. The term "document" shall also include any and all drafts and non-identical copies of the aforementioned. For example, and not by way of limitation, the term "document" includes data on a computer hard drive or network; includes telephone message slips; includes desk calendars and "day planners;" includes electronic-mail (whether on hard copy or computer readable memory), and includes recordings or transcriptions of telephone messages and voice mail.

5. A document shall be deemed to "refer," "reflect," or "relate" to a matter if it expressly or otherwise refers to the matter or if its subject matter bears a clear logical relationship to this matter.

6. The term "Letter or Letters" means the letters referred to in Plaintiff's Complaint and dated January 18, 2011, February 4, 2011, and September 19, 2011.

7. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

8. These Interrogatories are continuing to the greatest extent possible permitted by the Federal Rules of Civil Procedures.

9. If you believe any of the Interrogatories are vague or confusing, please contact counsel for Terrence P. Collingsworth and Conrad & Scherer, LLP, for a clarification before objecting to the Interrogatory.

## INTERROGATORIES

1. Identify all persons with knowledge of any facts relevant to this lawsuit and state the substance of each person's knowledge.

2. Identify with specificity the statements by Defendants that you are challenging in this lawsuit. Your response should include, but not be limited to, the publication or medium in which each such statement appears and the precise words of each such statement.

3. For all statements identified in your response to the previous interrogatory, identify all persons with knowledge of facts that you believe support your contention that such statements are false and defamatory.

4. Identify all articles, broadcasts, reports, publications, and/or other type of published material that in any way mentioned Drummond since 2000. Your answer should include, but is not limited to, any such reference on any internet website and/or web blog.

5. Identify (by style, cause number, filing date, court, alleged causes of actions, attorneys involved, status and outcome) every lawsuit, bankruptcy, judicial proceeding (civil or criminal), arbitration, and/or administrative proceedings to which you have been a party, whether pending in the United States, Colombia or any court or judicial proceeding in the world.

6. Identify all government investigations involving or relating to Drummond, Inc. from 1993 to present. Your responses should include, but not be limited to, any and all national, state, or local government agency.

7. Identify all persons (other than your attorneys) with whom Drummond has discussed this lawsuit and/or the allegations in this lawsuit.

8. State fully, completely, and in detail by category, each and every item of actual, general, presumed, special, exemplary, and/or other

4

damages that you claim against any of the defendants in this lawsuit, the dollar amount of each item of damage, and a detailed description of how you calculated the dollar amount of such damages. Your descriptions should include each element of damage or component of recovery that you seek, the amounts sought for each element or component, the manner in which each element or component of the calculation was determined, and the source of each number used in the calculation.

9. Identify all business and/or economic opportunities that you contend were lost as a result of the publication of the statements at issue in this lawsuit.

10. Itemize, by dollar amount, your income for each year since 1992, and your expected income for 2013.

11. Identify any and all government agencies and/or groups that regulate, license or control any of the businesses owned or operated by Drummond, Inc.

12. Identify all individuals, firms, groups or any entity that has provided any lobbying and/or public relations work for or on behalf of Drummond, Inc. For each set for the dates of service and the purpose of the work.

13. Identify and describe with specificity how Drummond became aware of the letters made the basis of the lawsuit.

14. Disclose all contributions made to any individuals, party or political action committee, whether in the United States, Europe or South America, for the periods of 1992 to present. For each disclose the amount of the contribution, the date made and the identity of the individual, party or political action committee.

15. List by year the profit made by Drummond's Colombia operations from 1992 to present.

16. State the year Drummond, Inc. was incorporated, the identity of all incorporators and the purpose for the incorporation.

17. State all factors that went into Drummond, Inc.'s decision to operate a coal mine in the Republic of Colombia.

18. Identify every person or document Plaintiff contends substantiates the information included in the January 18, 2011, February 4, 2011, and September 19, 2011 letters are completely false. For each person, provide the following:

    (a)    their name;

    (b)    current address;

    (c)    contact information (including telephone number and email address if applicable); and

(d) the exact portion(s) of the letter(s) which the person can establish as false.

19. Identify all instances in which Plaintiff communicated with any department of the United States Government related to the January 18, 2011 letter, February 4, 2011 letter, and/or the September 19, 2011 letter and state with particularity whom and how each such communication was made.

20. List all contributions made to the Colombia military by Drummond throughout the time Drummond has done business in Colombia. For each contribution state the amount, date of distribution and purpose of the contribution.

21. State all facts which Drummond bases the Complaint's assertion that Terrence Collingsworth has a business relationship with Llanos Oil.

22. Identify each person having knowledge of, and all documents reflecting or referring to the allegations in paragraphs 11, 19, and 23 of Plaintiff's Complaint that "[at] the time of writing the letter, Collingsworth knew these statements were false and/or acted with reckless disregard to whether they were false or not."

23. Identify any and all allegations made from any source that Drummond has committed human rights violations.

24. Identify any allegations made from any source that Drummond formed an alliance with or support a paramilitary group.

Done this the 15th day of March, 2013.

/s/ Bradley J. Smith
Bradley J. Smith
State Bar ID: ASB-6847-B52S
Attorney for Defendants

OF COUNSEL:

Clark, Hair & Smith, P.C.
1000 Urban Center Drive
Suite 125
Birmingham, Alabama 35242
205-397-2900
205-397-2901 – Fax
Email: bsmith@chslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the below counsel on the 15th day of March, 2013 via electronic mail and/or the CM/ECF system:

William Anthony Davis, III, Esq.
H. Thomas Wells, III, Esq.
Starnes Davis Florie, LLP
P.O. Box 59812
Birmingham, Alabama 35259
205-868-6000
205-868-6099

/s/ Bradley J. Smith
Of Counsel