IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:11-cv-3695-RDP |
| | ) | |
| TERRENCE P. COLLINGSWORTH, | ) OPPOSED | |
| Individually and as agent of Conrad & | ) | |
| Scherer, LLP; and CONRAD & | ) | |
| SCHERER, LLP. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS TERRANCE P. COLLINGSWORTH AND CONRAD & SCHERER, LLP'S REPLY TO DRUMMOND COMPANY, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Bradley Smith, Esq.
Eric D. Bonner, Esq.
Clark, Hair & Smith, P.C.
1000 Urban Center Drive, Suite 125
Birmingham, Alabama 35242
205-397-2900
205-397-2901 – Fax
Email: bsmith@chslaw.com
Email: ebonner@chslaw.com

*Attorneys for Terrance P. Collingsworth and Conrad & Scherer, LLP*

## TABLE OF CONTENTS

I. PLAINTIFF HAS NOT FULLY RESPONDED TO DEFENDANTS' INTERROGATORIES ................................................................................................1

II. PLAINTIFF HAS NOT FULLY RESPONDED TO DEFENDANTS' REQUEST FOR PRODUCTION......................................................................................................................4

III. DRUMMOND MUST COMMIT TO ITS POSITION REGARDING DAMAGES AND PUBLIC FIGURE....................................................................................................................7

A. Plaintiff Must Commit to the Damage Evidence it Intends to Use........................................7

B. Drummond Must Stipulate that it is a Public Figure .............................................................9

Conclusion ........................................................................................................................................11

Certificate of Service ........................................................................................................................11

This case has been pending for almost two years and Drummond has yet to produce substantive discovery responses.[1] On May 8, 2013, Counsel for Defendants wrote Plaintiff's counsel identifying deficiencies in Plaintiff's discovery responses and requested Drummond amend its responses. (Motion to Compel, Ex. 5). On May 16, 2013, counsel for both parties met in person and conducted a meet and confer. Both parties went through all of the discovery responses and attempted to resolve the issues. On June 3, 2013, counsel for Defendants wrote Plaintiff's counsel identifying limitations and further defined certain requests. (Motion to Compel, Ex. 6). Despite those efforts, Defendant has yet to receive meaningful discovery responses. Defendant filed its Motion to Compel August 14, 2013. The motion is due to be granted.

I. **PLAINTIFF HAS NOT FULLY RESPONDED TO DEFENDANTS INTERROGATORIES**

Plaintiff has refused to provide any response to interrogatories 1, 3 & 18 because "they are duplicative" and Plaintiff has referred Defendants to 33 names listed on their initial disclosures. (Plaintiff's Reply, p.11). Defendants requested confirmation as to whether additional persons with relevant and discoverable knowledge other than those listed in the initial disclosures exist. (Motion to Compel, Ex. 6). Plaintiff did respond. The interrogatories are important because they seek the identity of all persons with knowledge of facts that support Plaintiff's claims. From reviewing Plaintiff's initial

---

[1] To date, Drummond has produced 878 documents. However, very few are responsive to Defendant's discovery request. On 5/22/13, after repeated request, Plaintiff finally produced initial disclosures. The documents were bate stamped 1-783. The documents included only the letters that are the subject of the lawsuit and were attached to the complaint, a Memorandum Opinion from *Jane Doe v. Drummond, et. al.,* an 11th Circuit Opinion from *Baloco v. Drummond*, a Colombian judicial opinion with a translated copy. On June 21, 2013, Drummond produced bates stamped documents 784-878 which were purportedly responsive to Defendant's request for production of documents. The documents included a single newspaper article, the *Doe* and *Baloco* opinions and the letters again; a single email from Van Bilderbeek to Drummond's counsel, a photo of Terry Collingsworth and a public relations flyer in Spanish and English entitled "nothing stops them from destroying Drummond's good name."

1

disclosures it is impossible to determine which of the identified individuals have knowledge the statements were false and defamatory. (Plaintiff's Reply, Ex. F). Therefore, Plaintiffs were requested to amend responses to specifically identify all persons with knowledge of facts which support Plaintiff's contention the statements are false and defamatory. If Plaintiff has witnesses that will substantiate the letters are false, it should be required to identify them, their contact information, and the exact portion of the letter(s) that the person can establish is false.

Interrogatory 6 seeks information regarding government investigations regarding Drummond. Plaintiff acknowledges the request is relevant to investigations regarding Drummond's alleged involvement with Colombian paramilitaries. (Plaintiff's Reply, p. 11). Defendants have limited the interrogatory to "Colombian militaries" and moved for a response on "Colombian militaries." (Motion to Compel, Ex. 5., p.3; Motion to Compel, p. 11). Therefore, the motion to compel is due to be granted.

Defendants offered significant limitations in regards to interrogatories 4, 5, 11 and 16. To date, Plaintiff has refused to supplement. In regards to interrogatory 4, Defendants offered to limit the requested information to Colombia, the AUC, mine worker's, paramilitaries, labor relations, accusations of murder, wrongful conduct or alleged wrongdoing. (Motion to Compel, Ex. 6). Defendants offered to limit interrogatory 5 to the year 1989 to present and information related to wrongdoing of any sort in Colombia, and litigations and/or proceedings related to mine workers anywhere in the world. (Id). The information requested in interrogatory 11 was limited to 1989. Finally, in regards to interrogatory 16, Defendants provided several limitations. While Plaintiff did provide a printout from the Alabama Secretary of State indicating the date

2

Plaintiff incorporated, Plaintiff refused to provide a response as to why it incorporated. As stated to Plaintiff, the corporate history of Plaintiff is important to the issue of Plaintiff's characterization in this suit. (Id). Plaintiff acknowledges it must establish *Sullivan* malice but refuses to stipulate that it is a public figure. Defendant is entitled to discovery on that issue.

Interrogatories 12 and 14 go to Plaintiff's characterization for purposes of the defamation claim and are also relevant to Defendant's defense of truth. The interrogatory seeks information related to Drummond's public relations efforts and political contributions. In addition to relevancy related to Drummond's role as a public figure, Plaintiff has alleged it was defamed because of the statement "Drummond has undertaken a public relations effort to spread half-truths about the status of the human rights lawsuits against it." (Motion to Compel, Ex. 7, p.4).

Interrogatory 22 request Plaintiff to identify each person having knowledge of, and all documents reflecting or referring to the allegations in paragraph 11, 19, and 23 of the Complaint that "at the time of writing the letter, Collingsworth knew these statements were false and/or acted reckless disregard to whether they were false or not." Again, Plaintiff referred to their initial disclosures and also cited the findings of the *Fiscala,* and documents from the *Romero*[2] case. However, they refuse to cite a single witness that can state Defendants acted with actual malice. In response to Plaintiff's discovery, Defendants cited to specific evidence by document which supports the alleged defamatory statements. Defendants are entitled to the same discovery.

---

[2] Specifically, Plaintiff responded "[d]efendants are also referred to the discovery, court file, trial transcripts and exhibits, and jury verdict from *In re Juan AquasRomero v. Drummond Co.,* CV-03-BE-575-W and consolidated cases. The case files are presumably thousands of pages and deal with numerous issues not relevant to the present situation.

3

Interrogatories 23 and 24 seek information related to allegations made from any source, related to human rights violations or alliances with paramilitaries. Plaintiff responded it is only aware of allegations "spearheaded by Collingsworth and his associates." Although Plaintiff supplemented its response to identify several individuals and entities, Plaintiff's response is not complete. Plaintiff has speculated that several individuals and entities are "associates" of Mr. Collingsworth. However, Defendants are entitled to know the identity of any source that has made allegations. This includes but is not limited to media, groups, unions, elected officials or any source.

## II. PLAINTIFF HAS NOT FULLY RESPONDED TO DEFENDANTS REQUEST FOR PRODUCTION

Request for production 1, 5, 26, and 29 seek documents that support Plaintiff's claims. Presumably, Plaintiff has some evidence that it relied upon in filing the complaint. However, instead of providing the requested documents, Plaintiff objected the request were "overly broad and unduly burdensome" and referred to "all documents produced by the parties in *Balero, et al. v. Drummond Company, Inc., et al.*, 7:09-CV-1041-RDP (N.D. Ala.), which show a complete lack of documentary support for any of the statements. Defendants are also referred to the investigation and findings of the Fiscalia, resulting in the June 29, 2010 decision from the Office of the Prosecutor General of the Nation of which Defendants already have a copy. Defendants are also referred to the discovery, court file, trial transcript and exhibits, and jury verdict from *in re Juan Aguas Romero v. Drummond Co.*, CV-03-BE-575-W and consolidated cases." The response is overly broad and unduly burdensome. Defendants should not be required to find "a needle in a haystack" and Plaintiff should be compelled to produce responsive documents.

4

Request for production 6, 12 and 25 seek documents related to Drummond's alleged damages. Plaintiff has taken a coy position as they refuse to make a definitive commitment regarding damages. Plaintiff's primary argument is the defamatory letters amount to libel per se and they are entitled to presumed damages. While Defendants do not agree with that position, Defendants have requested that Plaintiff amend its response to state "Drummond has no intentions of putting on evidence of direct financial damage" or "if your client's position has changed on this matter, please produce all responsive documents." (Motion to Compel, Ex. 6). To date, Plaintiff has refused to do either and as a result Defendants are entitled to the requested documents.

In regards to request for production 8, Plaintiff has indeed produced a communication received by Drummond's counsel that purports to be from Hendrick Van Bilderbeek. However, no additional documents have been produced. The request seeks documents between Drummond and others relating to this case. Defendants clarified the request to state "we are seeking any and all documents, except those between Drummond and its counsel, relating to the case. This would include but is not limited to any government entity, any of the letter recipients, and/or the press or media." (Motion to Compel, Ex. 6). The requested documents are relevant to Drummond's characterization in this case, the defense of truth and may be asserted as documents in defense of Plaintiff's claims that the statements were made with actual malice.

Request for production 11 seeks documents related to the Colombian mineworkers union. Drummond objected to the request as overly broad, unduly burdensome and irrelevant. Defendants then limited the request to the 1998 and 2005 time frame but Plaintiff still has produced no documents. (Motion to Compel, Ex. 6).

The request is relevant to Drummond's claim it was defamed by statements related to its anti-labor positions and Defendants are entitled to discovery on the issue. (Motion to Compel, Ex. 7, Ex. 9).

Request for production 18 seeks documents related to visitors to Drummond's Valledupar, Columbia office. While Plaintiff has responded it does not have "a sign in log," the request seeks all documents. The request is relevant because a witness testified a meeting occurred between Drummond employees and paramilitaries at this office. As such, the request is relevant to the truth.

Request for production 9, 10, 19 and 30 seeks documents, press releases, articles and communications with journalist or anyone working with any media outlet in the United States or Colombia (including newspapers, television stations or any web-based media source) referring or relating to any litigation from 2000 to present. The request is relevant to Drummond's role in the controversy but all also relevant to the defense of truth. Specifically, Plaintiff has alleged it was defamed by the statement Drummond engaged in a "public relations effort to spread half-truths about the status of the human rights lawsuits against it." (Motion to Compel, Ex. 7, p.4). Because of the allegation, Defendants are entitled to discovery on Drummonds public relations efforts.

Request for production 20 and 21 seek documents related to investigations or request for information from the Netherlands and Denmark. In response to both requests, Drummond responded it is not in possession of documents "relating to the letters made the basis for the complaint." The request is not limited to "the letters made the basis of the complaint." The request seeks documents related to "Drummond's activities in Colombia." The request is relevant to the truth of the alleged defamatory statements.

6

### III. DRUMMOND MUST COMMIT TO ITS POSITION REGARDING DAMAGES AND PUBLIC FIGURE

#### A. Plaintiff Must Commit to the Damage Evidence it Intends to Use.

Drummond asserts that Defendants' discovery requests directed to its damages are improper. Drummond in making that argument states, "Drummond is *not currently contending* that it lost a business and/or economic opportunity as a result of the defamatory statements at issue." emphasis added. However, Drummond will not specifically commit that it will not introduce any evidence of financial injury and/or damage at trial. In fact, on page 1 of the introduction of its response Drummond states, "It *does not currently plan* to offer evidence of *specific* monetary damages, such as specific loss of business or economic opportunity." However, Drummond does not close the door on this issue and by stating that it does not plan to offer any evidence of financial injury and/or damages at trial Essentially, Drummond cannot have its cake and eat it too and if it will not stipulate that under no circumstances it does not intend to offer evidence at trial of financial injury and/or damage, the requested financial records are clearly fair game.

In all of the cases that Drummond cites in support of its argument that the Defendants are not entitled to Drummond's financial information involve defamation per se claims brought by individual Plaintiffs, not corporations. For instance, in *Tanner v. Ebbole*, 88 So.3d 856 (Ala. Civ. App. 2001), which Drummond heavily relies upon for its argument that it need not prove special or compensatory damages where he or she is the subject of defamation per se, Drummond neglects to inform this Court that in *Tanner* the individual Plaintiff Ebbole had actually produced her federal income tax returns for the years 2004 through 2008 during discovery that showed a drop in her income of

7

approximately one third during 2008 compared to the prior four years. See 88 So.3d 856, 863 (Ala. Civ. App. 2011). Accordingly, the very case that Drummond cites for its proposition that it does not have to produce financial records actually demonstrates that the individual Plaintiff produced her financial records during discovery even though she was alleging claims of defamation per se. In this case, Drummond has not stipulated that it will not be offering any evidence of financial injury and/or damage in support of its claim at trial. Unless Drummond agrees to do so, the requested financial records are fair game in the discovery process.

Also, where Drummond is a corporate Plaintiff there are several different issues as to the potential business and financial losses of Drummond that must be considered in support of and in defense of the claims asserted in this litigation. Alabama has not decided nor has Drummond referred to, any cases where a corporate Plaintiff proceeded under a defamation per se claim and where the deciding Court actually addressed the differences between a corporate plaintiff versus an individual. However, other courts have examined defamation per se claims brought by a corporate Plaintiff. In *Jefferson Audio Visual Systems, Inc. v. Gunnar Light*, 2013 WL 1947625, p. 2n. 4 (W.D. KY), the United States District Court for the Western District of Kentucky just this year in reliance upon an earlier decision *CMI, Inc. v. Intoximeters, Inc.*, 918 F. Supp. 1068, 1084 (W.D. KY 1995), stated the following:

> It is worth emphasizing that in the context of an allegedly defamatory statement lodged at a corporation, a per se analysis may be inapposite since any damage from the statement there from should be reflected in a pecuniary loss, and therefore be brought as a per quod action. In other words, damages for defamation per se aimed at a corporation must be proved, so the distinction between the two types of defamation is largely unimportant.

> The doctrine of defamation per se grew out of a need to provide individuals with a remedy for statements which damaged their reputations by the very nature of the words where the individuals could not prove actual damages.... businesses do not have personalities that are hurt so intangibly. If a business is damaged, the damage is usually reflected in the loss of revenues or profits. Therefore, courts should be very cautious about labeling as defamatory per se comments made about a corporation or its products.

As the U.S. District Court for the Western District of Kentucky noted, damages to a corporation for defamation are usually reflected in the loss of revenues or profits. A corporation does not have its own individual personality, nor is it capable of suffering mental anguish as is normally asserted by individual claimants alleging defamation per se. Thus, how a corporate entity goes about showing its damages in a defamation per se action such as this would normally be based upon some sort of loss in revenues and/or profits. Accordingly, absent Drummond finally committing and stipulating that it will not offer evidence of any financial injury and/or damage, the Defendants' discovery requests regarding Drummond's finances are clearly relevant to damage issues and are discoverable in this case.

### B. Drummond Must Stipulate that it is a Public Figure

Plaintiff claims it is not required to respond to discovery related to its characterization in this case because it acknowledges that its burden of proof is *Sullivan* malice. (Response to Motion to Compel, p. 7). However, Plaintiff specifically refuses to "stipulate that it is a public figure or limited purpose public figure, that the subject of the defamatory statements is a matter of public concern, or that [d]efendants' statement are qualifiedly privileged." (Response to Motion to Compel, p. 7, fn. 5). Again, Plaintiff cannot "have its cake and eat it too." Plaintiff must stipulate or respond to discovery.

9

A court must determine as a matter of law a Plaintiff's classification in the context of a defamation claim. *White v. Mobile Press Register, Inc.,* 514 So. 2d 902 (Ala. 1987). This determination will establish the Plaintiff's burden of proof. *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964). In defamation actions, a Plaintiff is either a private person, a public official, or public figure, either in general or for the limited purpose of a particular public controversy. *Mead Corp. v. Hicks,* 488 So. 2d 308 (Ala. 1984). If a Plaintiff is determined to be a public official, public figure, or limited-purpose public figure, then the Plaintiff has the burden of establishing by clear and convincing evidence that the defamatory statement was made with "'actual malice'- that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times,* 376 U.S. at 280, 84 S. Ct. 710; *Curtis Publ'g Co. v. Butts,* 388 U.S. 130, 87 S. Ct. 1975, 18 L. Ed. 2d 1904 (1967); *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S. Ct. 2997,. 41 L. Ed. 2d 789 (1974); and *White,* 514 SO. 2d at 904. If it is determined that the Plaintiff is a private figure, then the Plaintiff has the burden of establishing by a preponderance of the evidence that the Defendant negligently published the defamatory statement. *Mead Corp.,* 448 So. 2d at 312. Whether an individual is a public figure, limited-purposes public figure, or private figure is a question of law to be determined by the court. *Mobile Press Register, Inc. v. Faulkner,* 372 So. 2d 1282 (Ala. 1979). This determination must be made by the trial court before the jury is charged so that the court can properly instruct the jury. *Faulkner,* 372 So. 2d at 1285. Accordingly, Plaintiff must commit.

## CONCLUSION

Plaintiff has failed and/or refused to provide meaningful discovery responses. The requests are relevant and material to the defamation claims asserted by Plaintiff. Defendants have made attempts to limit and clarify the requests but have had no success. Because the discovery is crucial to Defendants' defense of the case, Plaintiff should be compelled to respond appropriately.

Respectfully submitted

/s/*Bradley J. Smith*
Bradley J. Smith
State Bar ID: ASB-6847-B52S
Attorney for Defendants

OF COUNSEL:

Clark, Hair & Smith, P.C.
1000 Urban Center Drive
Suite 125
Birmingham, Alabama 35242
205-397-2900 - 205-397-2901 – Fax
Email: bsmith@chslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the below counsel on the 18th day of September, 2013 via electronic mail and/or the CM/ECF system:

William Anthony Davis, III, Esq.
H. Thomas Wells, III, Esq.
Benjamin T. Presley, Esq.
Starnes Davis Florie, LLP
P.O. Box 59812
Birmingham, Alabama 35259
205-868-6000
205-868-6099

Sara E. Kropf, Esq.
Law Office of Sarah Kropf, PLLC
1001 G St. NW
Suite 800
Washington, DC 20001
202-627-2900

/s/ *Bradley J. Smith*
Of Counsel

11