FILED
2013 Oct-15 PM 12:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DRUMMOND COMPANY, INC.,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:11-CV-3695-RDP |
| } | |
| **TERRENCE P. COLLINGSWORTH,** } | |
| et al., } | |
| } | |
| Defendants. } | |

## ORDER

The court held a hearing on October 10, 2013 on the Motions to Compel (Docs. #43, 52) that were filed in this case on July 1, 2013 and August 14, 2013, respectively. Those Motions (Docs. #43, 52) were fully briefed on an extended briefing schedule and were the subject of a telephone conference on August 28, 2013. Pursuant to the telephone conference, Defendants submitted a privilege log to opposing counsel and to the court on October 2, 2013. The issues presented in the Motions to Compel (Docs. #43, 52) are thus ripe for review.

The Motions raise broad categories of dispute that were argued and discussed at length during the hearing today. The court made general rulings on certain of these broad categories. For documents requiring *in camera* review and interrogatory-by-interrogatory discussion, a Magistrate Judge within this District is better suited to examine the specifics so that this court is not exposed to any evidence that is not properly discoverable. The Clerk of Court is **DIRECTED** to draw a Magistrate Judge from within this District to further examine this ruling in light of any remaining disputes the parties may have, particularly as those disputes relate to the privilege log that was produced by Defendants on October 2, 2012.

The Motions to Compel (Docs. #43, 52) have been **GRANTED IN PART** and **DENIED IN PART** but have not been fully resolved. The pertinent rulings made during the course of the hearing are summarized here.

- The limitation on requests for production is **EXTENDED** as follows: Discovery that was propounded prior to the entry of the Scheduling Order (Doc. #42) of April 30, 2013 **SHALL** be answered to the extent it is due to be answered barring any legitimate objection. Plaintiff may propound on Defendants an additional 30 requests for production beyond those that were propounded prior to the entry of the Scheduling Order. Defendants may propound on Plaintiff an additional 80 requests for production beyond those that were propounded prior to the entry of the Scheduling Order.

- Interrogatories and requests for production concerning **billing records** are not overbroad and are properly within the scope of discovery. Defendants **WILL** file a response to the pertinent interrogatories and requests for production stating that they are only in possession of time records from some date until the present. For any documents withheld thereafter on grounds of attorney client privilege or work product, the Magistrate Judge will examine the privilege log and related documents and will make independent findings for each issue remaining in dispute.

- Interrogatories and requests for production about the **financing of litigation** brought by Mr. Collingsworth's team against Drummond are not overbroad and are properly within the scope of discovery to the extent that the requests involve **who** financing was sought from, **what** payments were received, **how** the need for money was

characterized, what the **terms** of the financing were, and information on **actual money advanced or loaned or provided to prosecute the actions**. This includes internal financing that may have been provided by Conrad & Scherer, LLP. For any documents withheld thereafter on grounds of attorney client privilege or work product, including status reports, the Magistrate Judge will examine the privilege log and related documents and will make independent findings for each issue remaining in dispute.

- Interrogatories and requests for production concerning **fact gathering** (and specifically subjective beliefs as to the truth of the facts gathered) and how Mr. Collingsworth's team evaluated the **credibility of witnesses** (including **internal communications** about credibility) present some legitimate work product concerns, as three other cases arguably remain within the purview of this court involving the same paramilitary witnesses. The court reserves ruling on this issue until such time as it may be appropriate to decide whether obtaining impressions as to the credibility of witnesses will not do violence to Mr. Collingsworth's team in the ongoing cases against Drummond and/or until such time as the parties brief this issue. The parties **SHALL** meet and confer and provide the court with a proposed briefing schedule for simultaneous initial and reply briefs to further explore the work product privileges that may be intertwined with these interrogatories and requests for production.

- Interrogatories and requests for production on **payments to witnesses** are not overbroad and are properly within the scope of discovery. The fact of payments to witnesses are not subject to work product objections. Interrogatories and requests for

3

- production on **research regarding payments to witnesses** are not overbroad and are properly within the scope of discovery. For any documents (payments to witnesses or research regarding payments to witnesses) withheld on grounds of attorney client privilege or work product, the Magistrate Judge will examine the privilege log and related documents and will make independent findings for each issue remaining in dispute.

- Interrogatories and requests for production on **communications with Mr. Otero** are not overbroad and are properly within the scope of discovery. This court has heretofore held that the common interest doctrine is limited to parties that are in the same litigation. For any documents withheld on grounds of attorney client privilege or work product, the Magistrate Judge will examine the privilege log and related documents will make independent findings for each issue remaining in dispute.

- Interrogatories and requests for production related to **communications with Llanos Oil** have been limited to communications with Llanos Oil regarding Drummond and/or Colombian paramilitaries. Those requests are not overbroad and are properly within the scope of discovery. For any documents withheld on grounds of attorney client privilege or work product, the Magistrate Judge will examine the privilege log and related documents will make independent findings for each issue remaining in dispute.

- Defendants are **DIRECTED** to provide the court and Plaintiff a supplemental privilege log setting out each and every document claimed to be withheld on attorney-client privilege or work product protection. To the extent disclosure on the

privilege log would reveal the content of the document, Defendants are **PERMITTED** to file an additional supplemental privilege log for the eyes of the Magistrate Judge only. All supplemental privilege logs are to include an additional column stating what discovery request(s) the withheld document is relevant to.

- Defendants **may** file an additional brief **on or before October 18, 2013** addressing Drummond Company Inc.'s Supplemental Brief in Support of its Motion to Compel Answers to Interrogatories and Production of Documents (Doc. #62) which was filed on October 8, 2013. Any such brief will be reviewed by this court and will also be utilized by the Magistrate Judge in making specific findings on attorney-client and work product privileges.

- Plaintiff is **DIRECTED** to provide a stipulation to Defendants regarding whether or not they claim financial harm or economic injury in this case and whether or not the "public figure" inquiry is one that is relevant in this case. Such stipulation is anticipated to **MOOT** any discovery propounded regarding financial information.

**DONE** and **ORDERED** this    15th    day of October, 2013.

                                        **R. DAVID PROCTOR**
                                        UNITED STATES DISTRICT JUDGE