IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TERRENCE P. COLLINGSWORTH, individually ) <br> and as an agent of Conrad & Scherer, LLP; and ) <br> CONRAD & SCHERER, LLP, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 2:11-CV-3695-RDP |

### DECLARATION OF TERRENCE P. COLLINGSWORTH
### IN SUPPORT OF DEFENDANTS, BAEZA ACOSTA AND TORO LOPEZ'S
### MOTION TO QUASH SUBPOEA

I, Terrence P. Collingsworth, declare under penalty of perjury of the laws of the United States of America, that:

1. I am a partner in Conrad & Scherer, LLP and lead counsel for the Plaintiffs in *Balcero v. Drummond Company, Inc.*, No. 2:09-cv-1041-RDP (N.D. Ala.). I am also a Defendant in the above-captioned case. I provide this declaration based on my personal knowledge and can testify under oath to all of the facts herein.

2. I am currently the Executive Director and General Counsel for International Rights Advocates ("IRAdvocates"), a Washington, D.C.-based non-profit corporation. I have held this position since 2007 when I founded the organization. In 2007, as the General Counsel for IRAdvocates, I continued to litigate the first human rights case against Drummond Company, *Romero, et al. v. Drummond Company, Inc., et al.*, No. 7:03-cv-00575-KOB (N.D. Ala.) ("*Drummond I*"), which I had previously filed in 2002 when I

was General Counsel for the International Labor Rights Forum (ILRF). After this, in 2008, I, along with all of my staff at IRAdvocates, joined the law firm of Conrad & Scherer as a partner and began litigating all of our human rights cases, including the various Drummond cases, with the firm.

3. As noted above, from 1989 until 2007, I was General Counsel of the ILRF. In 2007, the litigation department of the ILRF separately incorporated and formed IRAdvocates. While at ILRF, I initiated the *Drummond I* litigation in 2002, and then when IRAdvocates formed, I transferred all the litigation files, including those of *Drummond I*, to the new organization. The ILRF has absolutely no documents at all relating to any of the Drummond litigation.

4. Gilma Yineth Baeza Acosta is a Colombian national, a law student, and a legal assistant based in Colombia and works with me on the *Balcero* litigation. Ms. Baeza is employed by Conrad & Scherer, LLP and has been a member of my legal team since April 2009.

5. Carlos Toro is a Colombian attorney who served as counsel for Libardo Duarte, a witness who provided deposition testimony against Drummond in the *Balcero* case. Mr. Toro has consulted with my legal team in the *Balcero* case concerning Colombian law. I first met and first corresponded with Mr. Toro in approximately February of 2011, after I had met with his client, Libardo Duarte.

6. In the course of responding to discovery requests in the *Balcero* case, my legal team has already searched for and produced responsive, non-privileged documents and information from Baeza's email account. Indeed, neither I, nor Conrad & Scherer, LLP has ever taken the position that her email account was not within our control for the purpose of discovery for the *Balcero* litigation or the libel case.

7. Additionally, Defendants have already produced communications with Mr. Toro in his capacity representing Duarte through the discovery process in the *Balcero* case. *See* Ex. 5 below. Recently Defendants produced additional communications with Mr. Toro, and logged all remaining privileged communications. *See* Ex. 4 below.

8. I have reviewed the subpoena Drummond has caused to be issued to Microsoft, Inc. For all the reasons addressed in the accompanying Motion to Quash, I believe this subpoena seeks to impermissibly track the investigations of my staff, which infringes on attorney work product, and places certain witnesses in danger because their locations cannot be disclosed due to previous threats.

9. Additionally, the subpoena is overly broad because during my work with both Conrad & Scherer and IRAdvocates, I have been involved in human rights litigation against several corporations operating in Colombia, including Coca-Cola, Chiquita Brands International, Dole Food Company, Occidental Petroleum and British Petroleum, PLC. I have also investigated several other companies for new cases we are considering. My staff, including Ms. Baeza, has similarly been involved with some of this litigation. The subpoena seeks information that would allow Drummond to track my legal team's investigations concerning companies and litigation that have nothing to do with the underlying libel case.

10. Attached hereto as Exhibit 1 is a true and correct copy of the November 18, 2013 order in *Drummond Company Inc. v. Collingsworth, et al.*, 13-mc-80171-JST (N.D. Cal.), granting in part and denying in part motions to quash.

11. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's Notice of Intent to Serve Fed. R. Civ. P. Rule 45 Subpoena and a copy of the Subpoena to Microsoft, Inc.

12. Attached hereto as Exhibit 3 is a true and correct copy of the November 11, 2013 Notice of Subpoena from Microsoft sent to account holder Gilma Yineth Baeza Acosta.
13. Attached hereto as Exhibit 4 is a true and correct copy of emails with Carlos Toro produced in *Balcero*.
14. Attached hereto as Exhibit 5 is a true and correct copy of emails with Carlos Toro produced in the above-captioned case.
15. Attached hereto as Exhibit 6 is a true and correct copy of the original Declaration of Jairo Jesus Charris Castro, and English translation.
16. Attached hereto as Exhibit 7 is a true and correct copy of the original April 6, 2011 Declaration of Libardo Duarte and English translation.
17. Attached hereto as Exhibit 8 is a true and correct copy of Defendants' Fifth Requests for Production in *Balcero*.
18. Attached hereto as Exhibit 9 is a true and correct copy of emails with account holders listed in the subpoena to Microsoft produced in *Balcero*.
19. Attached hereto as Exhibit 10 is a true and correct copy of Plaintiffs' Subpoena to Produce Documents served on International Rights Advocates on August 1, 2013.
20. Attached hereto as Exhibit 11 is Plaintiff's Second Requests for Production in the above-captioned case.

Executed this 25th day of November, 2013 in Washington, D.C.,

*[signature]*
Terrence P. Collingsworth

4