FILED
2013 Nov-25 PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DRUMMOND COMPANY, INC., )
)
    Plaintiff, )
)
vs. )
)
TERRENCE P. COLLINGSWORTH, )  Case No. 2:11-cv-3695-RDP
individually and as agent of Conrad & )
Scherer, LLP; and CONRAD & )
SCHERER, LLP, )
)
    Defendants. )
)

## DRUMMOND'S SECOND REQUESTS FOR PRODUCTION TO DEFENDANTS TERRENCE P. COLLINGSWORTH AND CONRAD & SCHERER, LLP

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Drummond Company, Inc. ("Drummond") requests that Defendants Terrence P. Collingsworth and Conrad & Scherer, LLP, produce for inspection and copying the documents described below.

### DEFINITIONS AND INSTRUCTIONS

1. The term "Defendant" or "Defendants" refers to Terrence P. Collingsworth and the law firm of Conrad & Scherer, LLP. The term "Defendant" shall also include any employee, shareholder, or agent of Defendant Conrad & Scherer, LLP.

2. The term "communication" means and shall be deemed to refer to any writing or oral conversation, including, but not limited to, telephone conversations, conversations in meetings, letters, e-mails, voice mails, memoranda, notes, or telegraphic and telex communications.

3. The term "document" means the original and all non-identical copies of any written, printed, typed, photographic and recorded matter of any kind or character, however produced or

{B1585105}

reproduced, and any tangible thing which, in whole or in part, illustrates or conveys information in your possession, custody, or control, whether produced or stored on paper, cards, tapes, disks, belts, charts, film, computer storage devices, microfilm, magnetic and electronic recordings, sound recordings, computer print-outs or records. The term "document" shall also include any and all drafts and non-identical copies of the aforementioned. For example, and not by way of limitation, the term "document" includes data on a computer hard drive or network; includes telephone message slips; includes desk calendars and "day planners;" includes electronic-mail (whether on hard copy or computer readable memory), and includes recordings or transcriptions of telephone messages and voice mail. To the extent applicable, all documents should be produced in their complete and native form, including any and all metadata associated with each such document.

4. A document shall be deemed to "refer," "reflect," or "relate" to a matter if it expressly or otherwise refers to the matter or if its subject matter bears a clear logical relationship to this matter.

5. The term "January 18, 2011 Letter" means the letter correspondence addressed to the Prime Minister of The Netherlands, signed by Defendant Terrence P. Collingsworth, which contains the subject line "Re: The Role of the Drummond Company in Major Human Rights Violations in Colombia." The letter is written on Conrad & Scherer, LLP, letterhead, and is dated January 18, 2011.

6. The term "February 4, 2011 Letter" means the letter correspondence addressed to the Prime Minister of The Netherlands, signed by Defendant Terrence P. Collingsworth, which contains the subject line "Re: My January 18, 2011 letter to you regarding the Drummond

Company's Participation in Major Human Rights Violations in Colombia." The letter is written on Conrad & Scherer, LLP, letterhead and is dated February 4, 2011.

7. The term "September 19, 2011 Letter" means the letter correspondence addressed to Masahiro Okafuji, the President and CEO of the Itochu Corporation, signed by Defendant Terrence P. Collingsworth, which contains the subject line "Re: Drummond Company's Human Rights Issues in Colombia." The letter is written on Conrad & Scherer, LLP, letterhead and is dated September 19, 2011.

8. The term "litigation against Drummond" means any and all lawsuits filed against Drummond in which Defendants Terrence Collingsworth and/or the law firm of Conrad & Scherer, LLP, represent any party or parties who have sued Drummond. The term "litigation against Drummond" includes, without limitation, the following lawsuits: *Estate of Rodriguez v. Drummond Co., Inc.*, CV-02-BE-0665-W, *Baloco v. Drummond Co., Inc.*, 7:09-CV-00557-RDP, and *Giraldo v. Drummond Co., Inc.*, 2:09-CV-1041-RDP.

9. To the extent a privilege is claimed with respect to any document (or part of a document) covered by this Request, please detail the following information:

    a.     The author of such document;

    b.     To whom such document is addressed; each and every person who received a copy of such document; and each and every person who had access to such document;

    c.     The date upon which such document was prepared;

    d.     The title or heading of such document;

    e.     The type of document (*e.g.*, handwritten notes, memorandum, tape recording, journal, desk calendar, books of account, etc.);

    f.     Any other information that might be necessary to describe such document sufficiently for designation thereof;

    g.     The present location and custodian of such document;

    h. If a privilege is claimed with respect to such document, the full and complete grounds upon which the claim of such privilege is made, including the substance of the communication sufficient to permit a third party to evaluate the claim of privilege.

 If a privilege is claimed only as to part of a document or thing, please produce all other parts as to which no privilege is being claimed.

 10. If a document otherwise responsive to this Request has been destroyed, deleted, or lost, or is otherwise unavailable, set forth with particularity, for each such document:

    a. The author of such document;

    b. To whom such document was addressed, and each and every person who received a copy of such document;

    c. The date upon which such document was prepared;

    d. The title or heading of such document;

    e. The type of document (*e.g.*, handwritten notes, memorandum, tape recording, journal, desk calendar, books of account, etc.);

    f. The contents of the document, as fully as possible and in form as close to verbatim as is possible; and

    g. The circumstances of the document's destruction, deletion, loss, or unavailability, including the person or persons who occasioned such loss, the reason for the loss, the date of the loss, what precautions had been taken to prevent the loss, and what efforts have been taken to retrieve or recreate the document.

 11. Documents produced in response to this Request shall be arranged in separate categories identified by paragraph number of this Request to which such documents are responsive, or produced as kept in the ordinary course of business.

 12. Please produce all responsive documents that are (a) in the possession, custody or control of any of the Defendants; (b) in the possession, custody or control of any of the Defendants' attorneys, employees, agents or representatives; or (c) within the power of any of

the Defendants, or their attorneys, employees, agents or representatives, to obtain from sources under their control.

13. Should you or others subject to your control, including your attorneys, become aware of documents responsive to this Request subsequent to your initial production, such documents shall promptly be made available for inspection and copying.

14. This Request is continuing to the greatest extent possible permitted by the Federal Rules of Civil Procedure.

15. If you believe any of the Requests are vague or confusing, please contact counsel for Drummond for a clarification before objecting to the Request.

## REQUESTS FOR PRODUCTION

1. All photographs or videos of Defendants with Colombian paramilitaries, former paramilitaries and/or prisoners, including but not limited to the photographs taken after the testimony taken through the letters rogatory process in *Balcero v. Drummond Company, Inc.*, 2:09-cv-1041-RDP where Mr. Collingsworth posed with the paramilitary witnesses.

2. All photographs or videos of Defendants with any of the witnesses in the litigation against Drummond, including but not limited to the photographs taken after the testimony taken through the letters rogatory process in *Balcero v. Drummond Company, Inc.*, 2:09-cv-1041-RDP where Mr. Collingsworth posed with the paramilitary witnesses..

3. All recordings, videos, transcripts, or printouts of media interviews wherein Defendants mentioned Drummond and its alleged involvement in any crime, human rights violation, wrongful business practice, or unethical or immoral behavior.

4. All documents reflecting communications between Defendants or anyone working on their behalf and Frank Bajak.

5. All documents reflecting communications between Defendants or anyone working on their behalf and Joaquin Perez.

6. All documents reflecting communications between Defendants or anyone working on their behalf and Gonzalo Guillen.

7. All documents reflecting communications between Defendants or anyone working on their behalf and Jose Joaquin Pinzon Diaquiz.

8. All documents reflecting communications between Defendants or anyone working on their behalf and Ivan Otero.

9. All documents reflecting communications between Defendants or anyone working on their behalf and Carlos Toro.

10. All documents mentioning or reflecting communications between Defendants or anyone working on their behalf and Carlos Julio Pedrahita Gomez, or anyone going by that name or using it as an Alias.

11. All documents reflecting any compensation received or time billed by the Defendants for preparation of and/or writing the January 18, 2011 Letter, the February 4, 2011 Letter and/or the September 19, 2011 Letter.

12. All documents reflecting communications between Defendants or anyone working on their behalf and anyone from the Colectivo de Abogados José Alvear Restrepo ("CAJAR") referencing or relating to Drummond or any witnesses who will provide testimony pertaining to Drummond.

13. Any and all documents disclosed to, or reflecting communications with, third-parties by Defendants during the course of representing Llanos Oil and which relate to oil, gas and/or mineral interests in Colombia.

/s/ H. Thomas Wells, III
William Anthony Davis, III (ASB-5657-D65W)
H. Thomas Wells, III (ASB-4318-H62W)
STARNES DAVIS FLORIE LLP
P.O. Box 59812
Birmingham, AL 35259
(205) 868-6000
fax: (205) 868-6099

*Attorneys for Drummond Company, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on **May 1, 2013**, I caused a copy of the foregoing to be served by email on:

Bradley J. Smith, Esq.
Clark, Hair & Smith, P.C.
1000 Urban Center Drive
Suite 125
Birmingham, Alabama 35242

/s/ H. Thomas Wells, III
H. Thomas Wells, III (ASB-4318-H62W)