# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:11-cv-3695-RDP |
| ) | |
| TERRENCE P. COLLINGSWORTH, ) | |
| Individually and as agent of Conrad & ) | |
| Scherer, LLP; and CONRAD & ) | |
| SCHERER, LLP. ) | |
| ) | |
|     Defendants. ) | |

## DEFENDANTS' SURREPLY TO DRUMMOND'S REPLY BRIEF RELATED TO THE WORK PRODUCT DOCTRINE AND IVAN OTERO

Bradley Smith, Esq.
Eric D. Bonner, Esq.
Clark, Hair & Smith, P.C.
1000 Urban Center Drive, Suite 125
Birmingham, Alabama 35242
205-397-2900
205-397-2901 – Fax
Email: bsmith@chslaw.com
Email: ebonner@chslaw.com

    *Attorneys for Terrance P. Collingsworth and Conrad & Scherer, LLP*

**INTRODUCTION AND SUMMARY OF THE ARGUMENT**

Pursuant to this Court's October 15, 2013 Order and its verbal instructions at the October 10, 2013 hearing, the parties were directed to address a specific work product issue identified for supplemental briefing. (Doc. #64). The parties filed simultaneous initial and reply briefs to discuss and analyze the work product privilege that may be at issue within the various discovery requests.

Both parties' initial briefs provided legal arguments related to the work product doctrine. (Docs. #78, #80). Drummond's primary focus in its initial brief related to its contention Defendants were not entitled to work product protection because (1) Defendants made improper payments to witnesses and; (2) Defendants waived work product protection because Defendant Collingsworth's subjective state of mind is at issue. (Doc. #78). Drummond did not address work product issues relating to Defendants' Colombian co-counsel Ivan Otero.

Defendants' initial brief focused on 11th Circuit case law supporting its argument Drummond is not entitled to their protected work product. (Doc. #80). Defendants further established that there is no waiver and the security payments made to endangered Colombian witnesses were reasonable, necessary and proper. (Id.) For the first time, in its reply, Drummond put forth the argument that "[d]efendants should not be permitted to withhold any documents pertaining to or communications with [Ivan] Otero on a clam of work product." (Doc. #78:15). Neither party had raised this issue in initial briefs, nor was this an issue the Court directed the parties to brief.

Defendants filed a Motion for Leave to File a Surreply, or in the Alternative, to Strike Portion of Brief Relating to Work Product Doctrine as it Relates to Ivan Otero on

2

February 3, 2014.  (Doc. # 93).  The portion of the motion seeking leave to file a surreply was granted February 4, 2014. (Doc. #95).

Drummond's argument is that Defendants should not be entitled to withhold documents based upon the work product doctrine because of an impermissible contingency fee arrangement with Colombian attorney Ivan Otero.  (Doc. 88: 17-18). Drummond does not cite relevant case law in support of it position.  Rather, Drummond relies upon an expert opinion from Judge Bernard Harwood. (Doc. 88-6: 30 of 36).  Judge Harwood's report concludes the contingency fee agreement between Collingsworth and Otero is, in his opinion, "impermissible." (Id.)  However, the report does not discuss how this opinion relates to work product doctrine.  In fact, the report relating to Otero does not mention the work product doctrine at all.   Instead, Drummond makes broad and speculative statements that are not supported by the facts or law to conclude that "[d]efendants should not be permitted to withhold any documents pertaining to or communications with Otero on a claim of work product."  (Doc. 88:18). Once again, Drummond's argument is based on a false factual premise for which it offers no evidence to support.

Defendant's privileged communications with co-counsel Ivan Otero are protected work product.  Drummond is not entitled to review their contents.

## ARGUMENT

The attorney work-product privilege first established in *Hickman v. Taylor,* 329 U.S. 495 (1947), and codified in Fed.R.Civ.P. Rule 26(b)(3) for civil discovery, protects from disclosure materials prepared by or for an attorney in anticipation of litigation. Since *Hickman, supra,* courts have reaffirmed the "strong public policy" on which the

3

work-product privilege is grounded. The Supreme Court in *Upjohn Co. v. United States,* 449 U.S. 383 (1981) found that "it is essential that a lawyer work with a certain degree of privacy" and further observed that if discovery of work product were permitted "much of what is not now down in writing would remain unwritten" and that "the interests of clients and the cause of justice would be poorly served. *Upjohn,* 449 U.S. at 397–998; *see also In re Grand Jury Proceedings,* 219 F.3d 175, 190 (2nd Cir.2000); *United States v. Aldman,* 134 F.3d 1194, 11967(2nd Cir.1998).

Drummond does not and cannot dispute that Colombian attorney Ivan Otero is part of Defendants' litigation team and is covered by an attorney cooperation agreement that allows for Mr. Otero to share in a contingency fee. There is simply no question that communication between co-counsels, such as Defendants and Mr, Otero, in furtherance of their joint work on a case is protected by work-product privilege. These communications "represent the very essence of an attorney's work product" because "they focus upon an attorney's motives and strategy." *In re D.H. Overmyer Telecasting Co.*, *Inc.,* 470 F. Supp. 1250, 1255 (S.D.N.Y. 1979); *see also In re REFCO Sec. Litig.,* No. 07 MDL 1902 (JSR), 2010 WL 3063876, at *2 (S.D.N.Y. Aug. 4, 2010); *Stix Prods., Inc. v. United Merchs. & Mfrs., Inc.,* 47 F.R.D. 334, 339 (S.D.N.Y. 1969); *Dura Corp. v. Milwaukee Hydraulic Prods., Inc., 37* F.R.D. 334, 339 (S.D.N.Y. 1969); *Dura Corp. v. Milwaukee Hydraulic Prods., Inc.,* 37 F.R.D. 470, 473 (E.D. Wis. 1965); *Burlington Indus. v. Exxon Corp.* 65 F.R.D. 26, 36 (D. Md. 1974). Communications between Otero and Defendants are thus protected by the work product doctrine.

Ivan Otero Mendoza is a very experienced criminal defense lawyer in Colombia. He is based in Valledupar, Cesar, where Drummond has offices, and which is the nearest city to the Drummond mine.  Mr. Otero was very familiar with the facts and issues regarding Drummond's participation in human rights crimes in Colombia before he ever met Terrance Collingsworth.  Otero and Collingsworth first met in November 2008. Otero ultimately agreed to join as co counsel in December 2008.  As a Colombian attorney, Otero's assistant is crucial to aiding Defendants navigate the various legal, language and cultural issues faced in prosecuting cases related to human rights violations in Colombia.  (Doc. 69, TPC Decl. ¶51).  Otero provides assistance in developing facts, assisting with various logistics, facilitating interviews with various Colombian witnesses, and providing advice on procedural issues within the Colombian judicial system.  (Id). These are the quintessential activities that are clearly protected by the work product doctrine. *Hickman,*   329 U.S. at 511.

Ivan Otero has been part of the Plaintiffs' legal team in the *Balcero* human rights litigation since December 2008 and is a vital part of Defendant's litigation team.  (Doc. 69, TPC Decl. ¶ 51; Doc. 69-39, Otero Decl. ¶ 4).  Otero's assistance is crucial to prosecuting human rights cases against Drummond and other foreign multinational corporations conducting business in Colombia.  There is no basis to allow Drummond access to protected work product between Defendants and their Colombian co-counsel.

Drummond cites no legal authority to support its position that communications between Defendants and Otero are not covered by the work product privilege. (Doc. 88: 17-18).  Instead, Drummond argues Defendants are not entitled to work product protection because the contingency agreement is "impermissible."  Drummond ignores

5

that Mr. Otero is acting as local counsel for Defendants, except to make yet another baseless accusation that Mr. Otero's contingency interest might cause him to work to obtain favorable evidence. (Doc. 62:15, 15 n. 14). Drummond's broad argument is baseless. In fact, the argument set forth by Drummond would cause every contingency fee agreement to be suspect. Plaintiff's lawyers, like Defendants and Otero, have the same incentive to work hard to obtain favorable testimony on behalf of their clients. There is no conflict in this case because Otero has an obligation to the Court in Colombia which includes a duty to his clients to tell the truth in the Justice and Peace Process. (Doc. 69-39, Otero Decl. ¶ 3).

In its Reply Brief Pursuant to the Court's Direction at the October 10, 2013 Hearing, Drummond states it "is *not* seeking documents dealing with Defendants' litigation strategy, legal theories, analysis of Drummond's briefing, preparing their own legal arguments, or anything else that does not directly bear on their subjective belief in the witnesses on whose testimony they purportedly base their defamatory statements." (Doc. #88:8 of 22). Despite this statement, Drummond makes the incredible argument in the same brief that "Defendants should not be permitted to withhold **any** documents pertaining to or communication with Otero on a claim of work product. (Doc. 88:18 of 22). (emphasis added). This is another example of Drummond's long history of inconsistent, illogical, and unsupportable positions taken in the current libel action. The fact of the matter is that Defendants have diligently responded to Drummond's voluminous and unreasonable discovery requests. To date, Defendants have produced over 1600 documents related to Ivan Otero and an extensive privilege log identifying work product materials. Drummond is not entitled to further discovery on this topic.

Defendants' expert Professor Steven H. Hobbs, the Tom Bevill Chairholder of Law at the University of Alabama School of Law, reviewed Judge Harwood's report related to his stated concern about the contingency fee arrangement between Defendants and Otero in the *Balcero* matter.  Professor Hobbs opined the contingency fee agreement is not improper under the Alabama Rules of Professional Conflict or the American Bar Association's Model Rules.   (Hobbs 2/11/2014 Decl. ¶ 8, 13, 15, 17-20; Filed Concurrently herewith as Ex.1 ).

Judge Hardwood mentions the contingency fee arrangement many times throughout his Declaration.  Although there is no mention of the attorney work product doctrine, Judge Hardwood relies upon conjecture and speculation, no doubt supplied to him by Drummond, to conclude the contingency fee arrangement is improper.  Judge Hardwood relies primarily upon Alabama Ethics Opinion RO-82-699.  That opinion involved a situation where a lawyer impermissibly traded a witnesses' testimony for a cut from a contingency fee case.  As noted by Judge Hardwood, the attorney in the ethics opinion specifically "demanded a fee for the witness as attorney fee for the witness to provide a deposition."  (Doc. 88-6, Hardwood Report, p. 28). In that situation, the ethics opinion concludes "(a) lawyer may not acquire in compensation a witness contingent on the content of his testimony."

Drummond cites absolutely no fact in the record to even remotely support its false assumption that Mr. Otero has exchanged his share of a contingency fee for specific testimony, as was the case in Alabama Ethics Opinion RO-82-699. (Hobbs 2/11/2014 Decl., ¶ 6; Ex. 1).  Drummond ultimately can merely say that Mr. Otero shares that same

7

incentive as the Defendants herein to obtain favorable testimony, which is indeed the fundamental duty of any litigator acting on behalf of a client.

The record evidence instead shows that the contingency agreement at issue involves a complex, lengthy, civil suit in which all of the lawyers are providing legal services.  In addition, the prospect that any of the lawyers will receive fees is currently uncertain.  Mr. Otero, as a Colombian attorney, is a crucial member of Defendants' litigation team prosecuting cases related to human rights abuses in Colombia.  In that role, Mr. Otero is intimately involved in Defendants' litigation strategy.  In addition to the litigation involving Drummond, Mr. Otero is also co-counsel with defendants in suits pending against other corporations involving human rights abuses in Colombia.  The continuing arrangement between Mr. Otero and Defendant Collingsworth is a long term professional relationship that is ethical and proper.  The Alabama Rules of Professional Conduct do not prohibit an Alabama lawyer from associating or affiliating with a foreign lawyer to assist clients of the Alabama lawyer who are in need of legal services in the country in which the foreign lawyer practices.  (Hobbs, 2/11/2014 Decl. ¶ 8, Ex. 1).  The assistance of Otero is an absolute necessity to Defendants and their ability to prosecute the human rights cases.

The contingency agreement is proper.  Drummond's assertion to the contrary is based solely on false assumptions and speculation.  Drummond has failed to establish any rationale to its continued unsupported accusations it is entitled to Defendants' protected work product.  As a result, Drummond's claim that it is entitled to "all communications with Ivan Otero" is frivolous and due to be denied.

Respectfully submitted

/s/*Bradley J. Smith*
Bradley J. Smith
State Bar ID: ASB-6847-B52S
Attorney for Defendants

OF COUNSEL:

Clark, Hair & Smith, P.C.
1000 Urban Center Drive
Suite 125
Birmingham, Alabama  35242
205-397-2900 - 205-397-2901 – Fax
Email:  bsmith@chslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the below counsel on the 12th day of February, 2014 via electronic mail and/or the CM/ECF system:

| | |
|---|---|
| William Anthony Davis, III, Esq. | Sara E. Kropf, Esq. |
| H. Thomas Wells, III, Esq. | Law Office of Sarah Kropf, PLLC |
| Benjamin T. Presley, Esq. | 1001 G St. NW |
| Starnes Davis Florie, LLP | Suite 800 |
| P.O. Box 59812 | Washington, DC  20001 |
| Birmingham, Alabama  35259 | 202-627-2900 |
| 205-868-6000 | |
| 205-868-6099 | |

/s/ *Bradley J. Smith*
Of Counsel