
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:11-cv-3695-RDP |
| ) | |
| TERRENCE P. COLLINGSWORTH, ) | |
| Individually and as agent of Conrad & ) | |
| Scherer, LLP; and CONRAD & ) | |
| SCHERER, LLP. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO QUASH SUBPOENA TO SUN TRUST BANK, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; PROPOSED ORDER**

Bradley Smith, Esq.
Eric D. Bonner, Esq.
Clark, Hair & Smith, P.C.
1000 Urban Center Drive, Suite 125
Birmingham, Alabama 35242
205-397-2900
205-397-2901 – Fax
Email: bsmith@chslaw.com
Email: ebonner@chslaw.com

*Attorneys for Terrance P. Collingsworth and Conrad & Scherer, LLP*

Pursuant to Federal Rule of Civil Procedure 45(c), Defendants Terrence Collingsworth and the law firm of Conrad & Scherer, LLP hereby move to quash Drummond Company Inc.'s ("Drummond") subpoena issued from this Court and served on Sun Trust Bank on or around April 1, 2014, seeking personal banking records for Terrence Collingsworth. In the alternative, Defendants move for a protective order pursuant to Federal Rule of Civil Procedure 26(c) to limit the scope of this subpoena in order to protect privileged and personal information.

This Motion is based upon the attached Memorandum of Points and Authorities in Support of Defendants' Motion to Quash and the Declaration of Bradley J. Smith.

# TABLE OF CONTENTS

Table of Contents..................................................................................i

Table of Authorities.............................................................................ii

I.   INTRODUCTION...........................................................................3

II.  FACTUAL AND PROCEDURAL HISTORY...............................4

III. LEGAL ARGUMENT.....................................................................5

IV.  CONCLUSION..............................................................................10

Certificate of Service............................................................................17

# TABLE OF AUTHORITIES

## CASES

*Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc.*,
231 F.R.D. 426, 429 (M.D. Fla. 2005)..........................................5,9

*Brown v. Braddick*, 595 F.2d 961, 667 (5th Cir. 1979).......................5

*Catskill Development, LLC v. Park Place Entertainment Corp.*,
206 F.R.D. 78, 93 (S.D.N.Y. 2002)...............................................6

*Falicia v. Advanced Tenant Service e, Inc.*, 235 F.R.D. 5, 7-8
(D.D.C. 2006).........................................................................9

*Khouj v. Darui,* 248 F.R.D. 729, 732 n.6 (D.D.C. 2008).....................6

*Schulovich v. 1161 Rt. 9, LLC,* No. FLW-07-597, 2007 U.S. Dist.........5

*State of Florida v. Jones Chemical, Inc.*, 1993 WL 388645
(M.D. Fla. 1993).....................................................................5

*Syposs v. United Statse,* 181 F.R.D. 224, 226-27 (W.D.N.Y. 1998).......6

*Transcor, Inc. v. Furney_Charters, Inc.,* 212_F.R.D. 588, 591
(D. Kan. 2003).......................................................................6

*United Stats v. Cimino,* 219 F.R.D. 695 (N.D. Fl. 2003).....................6

## RULES

Fed. R. Civ. P. 45(c)(3)(A)....................................................4,5
Fed. R. Civ. P. 45(c)(3)(a)(iii).................................................6
Fed. R. Civ. P. 45(c)(3)(B)(i).................................................6,7
Fed. R. Civ. P. 26(b)(1).........................................................6
Fed. R. Civ. P. 26(c).............................................................5,9

## I. INTRODUCTION

Drummond filed a defamation action against Defendant Terrence Collingsworth and his law firm, Defendant Conrad & Scherer, LLP. The action is pending before this court. Drummond alleges the defamation action stems from letters written by Mr. Collingsworth to Dutch officials and a Japanese CEO related to Drummond's human rights violations in Colombia. The letters are based upon facts gathered by Collingsworth and co-counsel in ancillary cases brought under the Alien Tort Claim Statute (ATS) and the Torture Victims Protection Act (TVPA) against Drummond Company, Inc. and Drummond Ltd. for human rights violations in Colombia. In particular, Mr. Collingsworth has served as lead counsel in several human rights cases against Drummond, including the *Balcero* litigation. In addition to the case pending against Drummond, Mr. Collingsworth is also lead counsel in other cases relating to human rights violations in Colombia.

Drummond's broad subpoena seeks information well beyond the permissible scope of discovery and is designed to harass and intimidate Mr. Collingsworth by improperly seeking private and personal information. The subpoena seeks disclosure of an enormous amount of sensitive details about Mr. Collingsworth's financial activity. The subpoena is also overly broad and vaguely written because it seeks an assortment of banking records with few limitations on time, breadth or scope.

Defendants counsel met and conferred telephonically with Drummond's counsel on April 11, 2014, during which Defendants' proposed that, since there are personal bank accounts, Mr. Collingsworth can request the records and redact non responsive records and log any potentially privileged documents or in the alternative request the bank provide the responsive documents to Defendants' counsel to redact or log. Drummond refused to modify or withdraw the subpoena to Sun Trust Bank. *See* Declaration of Bradley J. Smith ("Smith Decl.") ¶ 2, attached hereto.

Defendants now bring this motion to quash the subpoena. The Movant has

3

standing to challenge the subpoena because (1) it is facially overbroad; (2) it seeks private, personal, and confidential business information; and (3) it is not carefully tailored to request only information that is highly relevant in Drummond's libel suit and unavailable by other means. Additionally, the Court should exercise its discretion to quash the subpoena in its entirety as it is oppressive and unreasonable.

## II. FACTUAL AND PROCEDURAL HISTORY

The subpoena at issue was served after twelve years of contentious litigation brought under the ATS and TVPA against Drummond and Drummond officers for human rights violations in Colombia. In order to unduly burden and harass Mr. Collingsworth who was Plaintiffs' counsel in these human rights cases, Drummond filed a defamation suit against lead counsel in the *Balcero* case, Mr. Collingsworth and the law firm at which he is a partner, Conrad & Scherer. The subpoena issued by this Court to SunTrust Bank is part of this defamation case in which Mr. Collingsworth is a Defendant. The subject of the defamation suit are three letters sent by Defendants in 2011.

### A.  The Nature of the Subpoena

The subpoena to Sun Trust Bank specifically seeks "monetary transfers" from Terrence Collingsworth's personal bank account over a fourteen year period. The subpoena defines "monetary transfer" to include "without limitations, wire transfers, direct deposits, account transfers, personal checks, cashiers checks, or any method of transferring funds." The subpoena also seeks all documents reflecting cash withdrawals of $1,000 or more from any account held by Terrence Collingsworth.

In addition, the subpoena seeks personal and business financial information related to Terrence Collingsworth and 43 additional individuals and entities.

## III.  LEGAL ARGUMENT

As this subpoena was issued in the Northern District of Alabama, this is the proper venue in which to bring this motion to quash. *See* Fed. R. Civ. P. 45(c)(3)(A).

A subpoena *must* be modified or quashed if, among other things, it "requires

4

disclosure of privileged or other protected matters." Fed. R. Civ. P. 45(c)(3)(A). Under Rule 26(c), "[u]pon motion by a party or the person from whom discovery is ought… and for good cause shown, the court … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. MOTION TO QUASH

1.  *Defendants have standing to challenge the subpoenas submitted by Plaintiffs to Sun Trust Bank*

The Eleventh Circuit follows the rule that a party to a case has standing to challenge a subpoena to a non-party if the challenging party alleges a "personal right or privilege" with respect to the subpoena. *Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) and *State of Florida v. Jones Chemical, Inc.*, 1993 WL 388645 (M.D. Fla. 1993).

Although the United States Supreme Court held over three decades ago that a depositer has no protected Fourth Amendment interest in any records held by his or her bank, this holding has been slowly eroded in the following 34 years. While the Eleventh Circuit has not addressed this precise issue, numerous courts have determined that a person does have a privacy interest in his banking records and therefore has standing to quash a subpoena for such documents. *See Schulovich v. 1161 Rt. 9, LLC*, No. FLW-07-597, 2007 U.S. Dist. LEXIS 59705, 2007 WL 2362598, at *2-3 (D.N.J. Aug. 15, 2007) ("Personal rights claimed with respect to bank account records give a party sufficient

5

standing to challenge a third party subpoena served upon financial institutions holding such information"); *United States v. Cimino*, 219 F.R.D. 695 (N.D. Fl. 2003) (parties had standing to object to third-party duces tecum to assert privacy interests in their bank records); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 ( D.Kan. 2003) (Defendant had **"a personal right with respect to its bank account records at the subpoenaed banks, and this right gives it standing to move to quash the subpoenas"**); *Catskill Development, LLC. v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (holding a party whose bank records are subpoenaed has standing to oppose the subpoena); *Khouj v. Darui*, 248 F.R.D. 729, 732 n.6 (D.D.C. 2008) (noting that parties have standing to move to quash subpoenas seeking their financial records from third-party banks because they have a legitimate interest in protecting their private financial information). Accordingly, strong persuasive authority exists that a party does have standing to quash a subpoena seeking the production of banking records.

2. *A party's bank account transactions constitute confidential information subject to the Court's protection and Plaintiff should not be allowed to take a 'free peek' into the private lives of and the financial activity of Terrence Collingsworth.*

Rule 45(c)(3)(a)(iii) provides that "the court by which a subpoena was issued shall quash or modify the subpoena if it ... requires disclosure of privileged or other protected matter and no exception or waiver applies[.]" Fed. R. Civ. P. 45(c)(3)(a)(iii). A subpoena is likewise "subject to the general relevancy standard applicable to discovery under Fed.R. Civ. P. 26(b)(1)." *Syposs v. United States*, 181 F.R.D. 224, 226-27 (W.D.N.Y. 1998). Finally, Rule 45(c)(3)(B)(i) provides that "[i]f a subpoena ... requires

6

disclosure of a trade secret or other confidential research, development, or commercial information ... the court may order appearance or production only upon specified conditions." Fed. R. Civ. P. 45(c)(3)(B)(i).

Plaintiff's subpoena attempts to unnecessarily delve into the personal financial activity of Terrence Collingsworth. The financial information sought has previously been sought by Plaintiff and Defendants have provided responsive documents or placed the documents on a privilege log. Mr. Collingsworth is also agreeable to providing relevant, non privileged, records responsive to specific discovery requests. However, Plaintiff's subpoena seeks *all* bank transactions pertaining to the Defendants which would include a multitude of unrelated, yet personal and/or confidential or personal business information. Plaintiff has no claim or right to such broad array of information and none of Plaintiff's claims or theories are supported by allowing Plaintiff to scour the entirety of Defendants' banking activity. Alleging simply that a Defendant has made defamatory statements (which is expressly denied in this case) should not grant a Plaintiff free and unfettered access to all of the Defendant's personal and private financial records. Defendants have a legitimate interest in their private banking information to which Plaintiff may not invade or interfere.

The law is clear that Plaintiff should not be allowed to use discovery as a 'fishing expedition' to obtain such "confidential commercial information subject to protection under Fed. R. Civ. P. 45(c)(3)(B)(i)." *Syposs v. United States*, 181 F.R.D. 224, 226-227 (W.D.N.Y. 1998). Plaintiff should not be given "free peep" into the private and personal activity of Defendants and the Court should quash Plaintiff's subpoenas.

Defendants have offered less burdensome alternatives to Drummond. First,

Plaintiff acknowledged the requested information has not been sought through a discovery request. Defendants proposed that it should be permitted to request the documents from the bank and produce relevant and responsive documents to a specific request. Second, Defendants proposed the documents be produced to Mr. Collingsworth or counsel who would have an opportunity to review and redact confidential information then produce relevant documents. Finally, Defendants requested Drummond narrow the specific time frame and specific individuals and entities. The parties were unable to reach an agreement.

### B. MOTION FOR PROTECTIVE ORDER

1. *Defendants are entitled to a protective order to prevent discovery of information that is personal, confidential and protected by the right to privacy.*

Plaintiff's subpoena seeks *all* banking account records for Defendants, as well as 43 additional individuals. As stated above, the multitude of Defendants' personal financial transactions are unrelated to the issues before this Court. Plaintiff's claims do not give it free license to invade Defendants' zone of privacy and rifle through their personal financial data over a 14 year period. Such a request exceeds the permissible scope of discovery and Defendants are entitled to a protective order restricting the reach of Plaintiff's subpoena to exclude all transactions other than those that have been redacted of all personal information.

2. *Defendants are entitled to a protective order to prevent discovery of personal, private and confidential business information.*

Defendants have broad standing to seek a protective order in response to the referenced subpoena. Rule 26(c) of the Federal Rules of Civil Procedure states as

8

follows:

> Upon motion by a party of the person from discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken my make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense[.]" FED. R. Civ. P. 26(c). "The decision to enter a protective order is within the court's discretion and does not depend on a legal privilege. *Auto-Owners Insurance Company v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 430 (2005).

This Court may enter an order that tailors the permissible requests to comply to the scope of the relevancy requirements of Rule 26 of the Federal Rules of Civil Procedure. *Id.*

The United States District Court for the District of Columbia has previously described the evaluation a Court should undertake in determining whether to allow discovery of certain business information by subpoena to a non-party. In *Falicia v. Advanced Tenant Services, Inc.*, 235 F.R.D. 5, 7-8 (D.D.C. 2006), the court stated:

> In determining whether information is protected by Rule 45, courts must evaluate whether the information being sought is commercial information that should not be disclosed to the public. There are several factors courts consider in making this assessment. First, courts have traditionally evaluated whether release of the information would unfairly harm the disclosing party's ability to compete in the marketplace. If the answer to this question is in the affirmative, the information is protected from disclosure. This result is called for because commercial information can be used to directly compete with the disclosing party or, alternatively, might be disclosed by a competitor to decrease the competitive advantage of the commercial information. Thus, another relevant factor for a court to consider is who potentially could receive the information. Therefore, courts understandably presume[] that disclosure to a competitor is more harmful than

9

> disclosure to a noncompetitor. If a court determines that the subpoena requests commercial information, the burden shifts to the party seeking the information to show that obtaining the information is both relevant and necessary. If this burden is satisfied, then the court must balance the two competing interests and determine what aspect of the subpoena, if any, will be enforced.

*Id.* (citations, internal quotations omitted).

As stated above, Plaintiff's overly broad subpoena for Mr. Collingsworth's banking records include personal, private and confidential business information Drummond is not entitled to discovery. While several other cases remain pending, there is a substantial likelihood that the privileged and/or confidential information may be misused or that those who may gain a competitive advantage from such information may gain access to it.

At the most, Plaintiff is only entitled to those bank records that are not privileged, relevant and responsive to a specific request that properly limited in time and scope. Disclosure beyond that will undoubtedly cause Mr. Collingsworth to suffer harm. It is therefore respectfully requested that this Court enter a protective order with regard to the requested material to safeguard Defendants' and Terrence Collingsworth's personal and/or business interests and privileged information.

### III. CONCLUSION

For the foregoing reasons, this Court should grant Defendants' Motion to Quash Subpoena and for Protective Order, order that the subpoena to SunTrust Bank be quashed, order that the scope of discovery that Plaintiff may seek and to which Defendants and third parties may be compelled to answer, produce or otherwise testify be limited to those matters that are relevant to Plaintiff's claim of defamation, and not allow

production of information that is personal, protected by the right to privacy, and/or pertains to confidential privileged information.

Respectfully submitted

/s/*Bradley J. Smith*
Bradley J. Smith
State Bar ID: ASB-6847-B52S
Attorney for Defendants

OF COUNSEL:

Clark, Hair & Smith, P.C.
1000 Urban Center Drive
Suite 125
Birmingham, Alabama 35242
205-397-2900 - 205-397-2901 – Fax
Email: bsmith@chslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the below counsel on the 14th day of April, 2014 via electronic mail and/or the CM/ECF system:

William Anthony Davis, III, Esq.
H. Thomas Wells, III, Esq.
Benjamin T. Presley, Esq.
Starnes Davis Florie, LLP
P.O. Box 59812
Birmingham, Alabama 35259
205-868-6000
205-868-6099

Sara E. Kropf, Esq.
Law Office of Sarah Kropf, PLLC
1001 G St. NW
Suite 800
Washington, DC 20001
202-627-2900

/s/ *Bradley J. Smith*
Of Counsel

11