FILED

2015 Nov-19  PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DRUMMOND COMPANY, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **CV- 2:11-CV-3695-RDP** |
| **TERRENCE P. COLLINGSWORTH,** | ) | |
| **individually and as the agent of Conrad &** | ) | |
| **Scherer, LLP; and CONRAD &** | ) | |
| **SCHERER, LLP,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## REPORT AND RECOMMENDATION OF SPECIAL MASTER REGARDING VARIOUS THIRD-PARTY SUBPOENAS

1.      On May 28, 2014, the Honorable R. David Proctor appointed T. Michael Brown Special Master.  (Doc. 129).  The Court ordered the Special Master to oversee discovery in this matter, including the resolution of all disputes between the Parties with respect to any aspect of discovery.  The Court also ordered the Special Master to entertain all motions for relief brought by the Parties concerning discovery, as well as all issues in any pending discovery motions not yet fully adjudicated, and promptly issue written Reports and Recommendations thereon.

2.      There have been a number of subpoenas served on third parties to this action, which are currently before the Special Master on various motions to quash or other motions, including motions related to subpoenas to First United Bank ("First United"), Daniel A. Kovalik ("Kovalik"), International Rights Advocates ("IRA"), and William Wichmann ("Wichmann").

1

3.      On July 1, 2015, the Special Master recommended to this Court a set of Procedures for handling Third-Party Subpoenas (Doc. 266).[1] This Report & Recommendation outlined a set of procedures by which claims of privilege over and production of documents pursuant to subpoenas served on third parties would be handled before the Special Master (hereinafter "Subpoena Procedures").

4.      On August 13, 2015, the Court entered an Order (Doc. 291) adopting the Special Master's recommended Subpoena Procedures.

5.      On October 28, 2015, Defendants sent a letter to Plaintiff proposing certain limitations narrowing the scope of the subpoenas to First United and Kovalik. Plaintiff responded on October 28, 2015 with its position on those proposes limitations.

6.      On November 5, 2015, Defendants sent a letter to Plaintiff requesting further proposals for narrowing certain of these outstanding subpoenas.

7.      On November 16, 2015, Defendants sent a letter to Plaintiff addressing additional issues regarding two[2] of the third-party subpoenas.

8.      The parties have been unable to narrow their differences on these subpoenas except as referenced herein.

<u>First United Bank</u>

9.      First United Bank, which is a third-party to this action, is one of the financial institutions with which Defendant(s) maintains certain bank accounts.

---

[1] Special Master originally filed a Report & Recommendation regarding Procedures for Third-Party Subpoenas on June 11, 2015 (Doc. 241), which the Special Master then revised and substituted with Doc. 266.

[2] One of the subpoenas addressed in the November 16 letter, relating to the law firm of Parker Waichman, is not the subject of or addressed in this Report & Recommendation.

10.     Plaintiff served First United with a subpoena for documents, originally pending before the Southern District of Florida, on or around April 28, 2014. (**Exh. A**). On May 19, 2014, the Defendants filed a Motion to Quash and for Protective Order. Plaintiff filed its Response in Opposition to the Motion to Quash the subpoena on June 15, 2014. The Defendants filed a Reply in Support of its Motion on June 20, 2014.

11.     The case was transferred to the Northern District of Alabama on July 14, 2014 under case number 2:14-mc-01346-RDP.

12.     In their motions and briefs, Defendants moved to quash the subpoena, or for a Protective Order, on the grounds that it seeks privileged and confidential business and financial information regarding the Defendants' bank account at First United. Defendants also assert that the subpoena to First United is duplicative of requests made directly to Defendants, is overbroad and seeks irrelevant information.

13.     Plaintiff argues in its briefing related to the First United subpoena that the Defendants' motion should be denied for a number of reasons, including a failure to meet and confer, that no personal right or privilege of the Defendants is at stake, that the Defendants' "duplicative" argument has been rejected by the Court, and that the requests are not overbroad.

14.     First United has not filed any motions or objections related to this subpoena. There has been no production of documents or privilege log by First United in response to this subpoena.

15.     Having reviewed all motions and objections to the subpoena, the Special Master recommends that the Motions to Quash and for Protective Order discussed above be denied, subject to the Special Master's *in camera* review to consider objections based on privilege, work product and/or relevance on a document-by-document basis. The Special Master recommends that

First United be directed to produce to the Special Master for *in camera* review documents responsive to the subpoena, as modified as follows:

      a.   "[T]he time period can be amended to be from January 1, 2006 to the present."

16.    First United shall produce responsive documents within twenty-one (21) days of the Court's Order on this Report & Recommendation (or other such Order related to this subpoena), at which time the Special Master will provide the documents to the Defendants for review and objection as to work product, privilege and/or relevance in accordance with the Subpoena Procedures outlined in Doc. 266.

Daniel A. Kovalik

17.    At the time the subpoena was served, Daniel A. Kovalik was the Associate General Counsel of the United Steelworkers Union and had been co-counsel to Defendant Collingsworth in the *Drummond I* litigation.

18.    Plaintiff served Kovalik with a subpoena for documents, originally pending before the Western District of Pennsylvania, on or around August 16, 2013. (**Exh. B**). On August 22, 2013, the Defendants filed a Motion for Protective Order and to Quash the subpoena. Plaintiff filed its Opposition to the Motion for Protective Order and to Quash the subpoena on October 23, 2013. The Defendants filed a Brief in Support of its Motion for Protective Order and to Quash on November 6, 2013.

19.    The case was transferred to the Northern District of Alabama on April 14, 2014 under case number 2:14-mc-00681-RDP.

20.    Defendants moved to quash the subpoena to Kovalik, or for a Protective Order, on the grounds that it seeks privileged information or attorney work product, as well as irrelevant information. Defendants also asserted that the subpoena imposed an undue burden and that the

requests were duplicative. Defendants maintain throughout the relevant briefing that the security payments to witnesses were not improper and that there had been no waiver of any claims of privilege.

21.    Plaintiff argues in its briefing that its subpoena to Kovalik does not seek privileged material, that the requests are narrowly tailored, seek relevant information, are not duplicative, and are not overly burdensome. Plaintiff also asserts that the Defendants lack standing to assert objections.

22.    Kovalik has not filed any motions or objections related to this subpoena. There has been no production of documents or privilege log by Kovalik in response to this subpoena.

23.    Having reviewed all motions and objections to the subpoena, the Special Master recommends that the Motions to Quash and for Protective Order discussed above be denied, subject to the Special Master's *in camera* review to consider objections based on privilege, work product and/or relevance on a document-by-document basis. The Special Master recommends that Kovalik be directed to produce to the Special Master for *in camera* review documents responsive to the subpoena, as modified as follows:

     a.   "We will agree to limit the time period to January 1, 2006 to the present."

24.    Kovalik shall produce responsive documents within twenty-one (21) days of the Court's Order on this Report & Recommendation (or other such Order related to this subpoena), at which time the Special Master will provide the documents to the Defendants for review and objection as to work product, privilege and/or relevance in accordance with the Subpoena Procedures outlined in Doc. 266.

<u>International Rights Advocates</u>

25.     At the time of the subpoena, Defendant Collingsworth was the Executive Director of the IRA and had previously been General Counsel of the International Labor Rights Forum. IRA is a non-profit organization whose stated purpose is to "promote[] human rights and corporate accountability through legal advocacy and capacity building." In February 2008, IRA became affiliated with Conrad & Scherer LLP in its human rights litigation.

26.     Drummond issued a notice of intent to serve a subpoena for documents on IRA, originally pending before the District of Columbia, on or about August 1, 2013. (**Exh. C**). The Defendants filed a Motion to Quash the subpoena and Motion for Protective Order on August 16, 2013. IRA filed a Motion to Quash the subpoena on August 16, 2013. On September 13, 2013, Plaintiff filed its Opposition to the Motions to Quash and for Protective Order and submitted additional evidentiary material therewith. Plaintiff filed a Supplemental Memorandum in opposition to the Motions to Quash and Protective Order on October 17, 2013. The Defendants and IRA filed a Reply to Plaintiff's Opposition on October 18, 2013. The Defendants and IRA filed a Supplemental Memorandum in support of their Motions to Quash on October 24, 2013.

27.     On February 25, 2014, Magistrate Judge Deborah A. Robinson held a hearing on the Defendants' and IRA's Motions to Quash and for Protective Order. The Court entered a Minute Entry on February 25, 2014 denying without prejudice these motions. The case was then transferred on the joint motion of the parties to the Northern District of Alabama on April 4, 2014 under case number 2:14-mc-00621.

28.     In their motions and briefing, Defendants and IRA argued that the subpoena should be quashed, or for a Protective Order, because it seeks privileged material and attorney work product, it seeks the same documents as those requested from the Defendants, it is overly broad, and seeks material that is not relevant.

29.     Plaintiff argues in its responsive briefing that the documents requested are relevant, the requests are not overly burdensome or improperly duplicative, and that the documents are not protected by the work product doctrine because the burden of demonstrating privilege has not been met or the privilege has been waived by Defendants.

30.     There has been no production of documents or privilege log by IRA in response to this subpoena.

31.     Having reviewed all motions and objections to the subpoena, the Special Master recommends that the Motions to Quash and for Protective Order discussed above be denied, subject to the Special Master's *in camera* review to consider objections based on privilege, work product and/or relevance. The Special Master recommends that IRA be directed to produce to the Special Master for *in camera* review documents responsive to the subpoena. To the extent that the same documents have already been produced (or logged) by Defendants in this litigation, pursuant to the Court's October 15, 2014 Order or otherwise, IRA does not need to re-produce the same documents produced by Defendants in this litigation. However, IRA must note by Bates number reference which documents fall within that category. Regardless of past productions in this litigation, IRA shall make a full review of the requests and potentially responsive documents, respond to the subpoena requests, and produce documents (and a privilege log) responsive to the requests, except where the exact same documents have been searched and produced (or logged) by Defendants in this litigation, in which case they shall be handled as noted above.

32.     Subject to the limitations in Paragraph 31, IRA shall produce responsive documents within twenty-one (21) days of the Court's Order on this Report & Recommendation (or other such Order related to this subpoena), at which time the Special Master will provide the documents

to the Defendants for review and objection as to work product, privilege and/or relevance in accordance with the Subpoena Procedures outlined in Doc. 266.

William Wichmann

33.     From 2005 to 2009, Wichmann was a contract partner at Conrad & Scherer. In August 2009, Wichmann left the firm, leading to the firm's filing suit against him in Broward County, Florida under allegations of breached fiduciary duties, breached partnership agreement, the misleading of clients and misappropriation of cases.[3]

34.     Plaintiff issued a notice of intent to serve a subpoena for documents on Wichmann, originally pending before the Southern District of Florida, on or about October 7, 2014. (**Exh. D**). The Defendants filed a Motion to Quash on October 21, 2014, and filed an Amended Motion to Quash on October 22, 2014.

35.     In its Motion to Quash, Defendants asserted that the subpoena served by Plaintiff seeks attorney work product and other privileged documents and that it seeks irrelevant and confidential information.

36.     The proceedings related to this subpoena were stayed on October 30, 2014 by agreement of the parties.

37.     The subpoena was transferred to the Northern District of Alabama on April 16, 2015 under case number 2:15-mc-00645.

38.     Wichmann has not filed any motions or objections related to this subpoena. There has been no production of documents or privilege log by Wichmann in response to this subpoena.

---

[3] The Special Master notes that there is a Protective Order in place in the Broward County case, styled *Conrad & Scherer, LLP v. William Wichmann, et al.* (Case No. 09-011600 (Cir. Ct. Broward Co., FL)). The Court in the Broward County action has jurisdiction over discovery in that action and enforcement authority regarding the Protective Order in that action.

39.     Having reviewed all motions and objections to the subpoena, the Special Master recommends that the Motions to Quash discussed above be denied, subject to the Special Master's *in camera* review to consider objections based on privilege, work product and/or relevance on a document-by-document basis. The Special Master recommends that Wichmann be directed to produce to the Special Master for *in camera* review documents responsive to the subpoena.

40.     Wichmann shall produce responsive documents within twenty-one (21) days of the Court's Order on this Report & Recommendation (or other such Order related to this subpoena), at which time the Special Master will provide the documents to the Defendants for review and objection as to work product, privilege and/or relevance in accordance with the Subpoena Procedures outlined in Doc. 266.

41.     The above subpoenas and motions have been pending for a considerable amount of time and the Special Master has discussed the issues related to these subpoenas and motions with the parties at several discovery conferences and hearings. As such, the Special Master recommends that any objections to this Report & Recommendation be filed by December 4, 2015, with responses to such objections, if any, by December 9, 2015.

DATED: November 19, 2015

/s/ T. Michael Brown
T. Michael Brown
Special Master

# EXHIBIT A

AO 88B (Rev 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Alabama

| | | |
|---|---|---|
| Drummond Company, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:11-cv-3695-RDP-TMP |
| Terrence P. Collingsworth, et. al | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
1st United Bank
One North Federal Highway, Boca Raton, FL 33432

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Holland & Knight, c/o George Mencio | Date and Time: |
|---|---|
| 701 Brickell Avenue, Suite 3300<br>Miami, FL 33131 | 05/16/2014 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/24/2014

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Drummond Company, Inc. _____, who issues or requests this subpoena, are:

H. Thomas Wells, III, Starnes Davis Florie LLP, 100 Brookwood Place, 7th Floor, Birmingham, AL 35209, Phone: (205) 868-6083, Email: htw@starneslaw.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:11-cv-3695-RDP-TMP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

### SCHEDULE A to Federal Subpoena to 1ˢᵗ United Bank

#### Definitions

1.    "Conrad & Scherer Operating Account" means the bank account with 1ˢᵗ United Bank held by the law firm of Conrad & Scherer, LLP, with account number ********0106.

2.    "DOCUMENT" has the full meaning ascribed to it in Rule 34 of the *Federal Rules of Civil Procedure* and shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to all writings in any form, notes, memoranda, manuals, reports, records, correspondence, drawings, graphs, charts, photographs, phone records, data compilations of whatever nature (including those from which information can be obtained or translated if necessary), audio tapes, electronic mail messages, and electronic data (including any exchange of information between computers, all information stored in an electronic form or computer database, and all forms and formats of storage).

3.    "Drummond" includes, without limitation, Drummond Company, Inc. and Drummond Ltd.  The term also includes any officer, employee or agent of Drummond Company, Inc. or Drummond Ltd.

4.    "Monetary transfer" includes, without limitation, wire transfers, direct deposits, account transfers, personal checks, cashier's checks, or any other method of transferring funds.

5.    "RELATED TO," "RELATING TO," "IN RELATION TO," "REGARDING" and "CONCERNING" means in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting or having any logical or factual connection with the matter identified, in whole or in part.

#### Instructions

1.    These requests are governed by Rules 26 and 45 of the *Federal Rules of Civil Procedure* and any applicable law and Local Rule.

2.    You are requested to produce all DOCUMENTS and things described below to Holland & Knight, c/o George Mencio, 701 Brickell Avenue, Suite 3300, Miami, FL 33131, on or before May 16, 2014.

3.    In answering and responding to these document requests, you are requested to produce all DOCUMENTS that are in you possession, custody, or control, or that are in the possession, custody, or control of your principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities, acting on your behalf.

4.    If any of the information or DOCUMENTS supplied in response to these document requests does not come from your records, please specify the source of the DOCUMENTS or information.

{111735746}

5.   If you refuse to produce any requested DOCUMENT under a claim of attorney-client privilege, work product privilege, or any other privilege or protection, it is requested that you submit for each DOCUMENT withheld a written statement that: specifies the privilege or other asserted basis for withholding the DOCUMENT; summarizes the substance of the DOCUMENT; identifies the person or entity who prepared the DOCUMENT and any persons or entities to which the DOCUMENT was sent or disclosed; and specifies the date on which the DOCUMENT was prepared, transmitted, and/or received.

6.   The time period covered by the document requests runs from January 1, 2000 to the present. This is a continuing request. Any DOCUMENT obtained or located after the date of production that would have been produced had it been available or had its existence been known at that time should be produced immediately.

7.   If an objection is made to any numbered request, or any subpart thereof, state with specificity all grounds for the objection.

8.   All responsive and potentially responsive documents and tangible things should be preserved and maintained pending the outcome of this matter.

### Documents Requested

1.   All communications, including electronic mail communications, with Terrence P. Collingsworth, Catherine H. Salomon, Richard Drath and any other any agent, representative, employee or partner of Conrad & Scherer, LLP, relating to monetary transfers or other payments to any person or entity in Colombia or Panama.

2.   All documents relating to any wire transfer from any open or closed account held by Conrad & Scherer, LLP, to any person or entity in Colombia or Panama. This request includes, but is not limited to, all documents relating to wire transfers from the Conrad & Scherer Operating Account to Leydi Johana Perez Valencia, Katerin Durango Avendano and/or Celina Lombardi Nieves. This request also includes, but is not limited to, all documents relating to wire transfers from any open or closed account held by Conrad & Scherer, LLP, to Bancolombia S.A. Documents relating to wire transfers include, but is not limited to:

      a. Retained copies of Fed Wire, Swift or other money transfer or message document;

      b. Documents (checks, debit memos, cash receipts, wire transfer documents, etc.,) reflecting the source of the funds wired out;

      c. Documents (bank checks, credit memos, wire transfer documents, etc.,) reflecting the ultimate disposition of the funds wired in; and

      d. Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

     3.     All documents relating to monetary transfers sent or directed to any individual or entity in Colombia or Panama which was sent, or directed to be sent, by any of the following persons or entities:

| | |
|---|---|
| a. | Christian Levesque |
| b. | Eric Hager |
| c. | Susana Tellez |
| d. | Lorraine Leete |
| e. | Natacha H. Thys |
| f. | Piper Hendricks |
| g. | Richard Gordon |
| h. | Jeremy Puentes |
| i. | William Scherer |
| j. | Rachel Sheridan |
| k. | William Scherer, III |
| l. | Brian Campbell |
| m. | Danielle Kisslan |
| n. | Derek Baxter |
| o. | Eryn Schornik |
| p. | Jennifer Bowles |
| q. | Jeff Vogt |
| r. | Mitchell Kominsky |
| s. | Nora Ferm |
| t. | Vanessa Montague |
| u. | Albert Frevola |
| v. | Cristina Stam |
| w. | Gail Garey |
| x. | Lesley Wharton |
| y. | Rafael Garcia |
| z. | Carol Florence |
| aa. | Edward Kreiling |
| bb. | Maxine Streeter |
| cc. | David Pegg |
| dd. | James Carroll |
| ee. | Terrence P. Collingsworth |
| ff. | Catherine Salomon |
| gg. | Yineth Baeza Acosta Acevedo |
| hh. | Francisco Ramirez |
| ii. | Ivan Otero |
| jj. | Pedro Mahecho |
| kk. | Rebecca Pendleton |
| ll. | Carlos Toro |
| mm. | Robert Perillo |
| nn. | Richard Drath |
| oo. | Mindy Drath |
| pp. | International Rights Advocates |

{R1735746}

qq.    International Labor Rights Fund

4.    All documents, including without limitation any account statements or ledgers, which evidence any monetary transfers to any individual or entity in Colombia or Panama from any open or closed account held by Conrad & Scherer, LLP, or any of the individuals or entities listed in Request No. 3.

5.    All documents relating to any monetary transfers from any person or entity in Colombia or Panama to any open or closed account held by Conrad & Scherer, LLP, or any of the individuals or entities listed in Request No. 3.

6.    All documents relating to any monetary transfers from the law firm of Parker Waichman, LLP, or Parker Waichman Alonso, LLP, to any open or closed account held by Conrad & Scherer, LLP, or any of the individuals or entities listed in Request No. 3.

7.    All customer correspondence files for any open or closed accounts held by Conrad & Scherer, LLP, or any of the individuals or entities listed in Request No. 3, relating to any monetary transfers to any individual or entity in Colombia or Panama.

8.    All written procedures, guidelines and policies relating to international monetary transfers.

9.    All CTRs (Form 4789), CMIRs (Form 4790), or Suspicious Activity Reports (SAR) filed with the Department of Treasury, Internal Revenue Service or the United States Customs Service by 1st United Bank concerning monetary transfers and/or currency transactions conducted by or on behalf of the Conrad & Scherer, LLP or any of the individuals or entities listed in Request No. 3.

10.    All documents relating to any Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders which reflect any payment to any individual or entity in Colombia or Panama by Conrad & Scherer, LLP, or any of the individuals or entities listed in Request No. 3. This request includes, but is not limited to:

      a. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;

      b. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders;

      c. Applications for purchase of checks or money orders; and

      d. Retained copies of negotiated checks or money orders.

11.    All communications with any third parties, including without limitation the United States, Colombian or Panamanian governments, relating to monetary transfers to any

{B1735746}

individual or entity in Colombia or Panama from any open or closed accounts held by Conrad & Scherer, LLP, or any of the individuals entities listed in Request No. 3.

12.     All documents reflecting cash withdrawals of $1,000 or more from any open or closed accounts held by Conrad & Scherer, LLP, or any of the individuals or entities listed in Request No. 3.

13.     All documents relating to any monetary transfers, including any wire transfers, from any open or closed accounts held by Conrad & Scherer, LLP or any of the individuals or entities listed in Request No. 3 to the BBVA Bank located at Carrera No. 9, 15A-25, Valledupar, Colombia or to the BBVA Bank located at Carrera 9, 72-21, Floor 5, Bogota, Colombia. This request includes, but is not limited to, all documents relating to any monetary transfers to Ivan Otero with BBVA Bank Account # \*\*\*\*\*\*\*\*\*3787.

14.     All documents relating to any wire transfers to any person or entity in Colombia or Panama from any open or closed account held by International Rights Advocates. Documents relating to wire transfers include, but is not limited to:

   a. Retained copies of Fed Wire, Swift or other money transfer or message document;

   b. Documents (checks, debit memos, cash receipts, wire transfer documents, etc.,) reflecting the source of the funds wired out;

   c. Documents (bank checks, credit memos, wire transfer documents, etc.,) reflecting the ultimate disposition of the funds wired in; and

   d. Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

15.     All documents relating to any Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders which reflect any monetary transfer to any individual or entity in Colombia or Panama from any open or closed account held by International Rights Advocates. This request includes, but is not limited to:

   a. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;

   b. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders;

   c. Applications for purchase of checks or money orders; and

   d. Retained copies of negotiated checks or money orders.

{B1735746}

16.     All documents relating to any monetary transfers from any open or closed account held either by Conrad & Scherer, LLP or any of the individuals or entities listed in Request No. 3 to any open or closed account held by Terrence P. Collingsworth.  This request includes, but is not limited to, any monetary transfers to SunTrust Bank Account # ********2702 (Routing No. *****0104) held by Terrence P. Collingsworth (full account and routing numbers are available upon request).

17.     All documents relating to any monetary transfers from any open or closed account held by Conrad & Scherer, LLP or any of the individuals or entities listed in Request No. 3 to any open or closed account held either by Secure Pointe Partners International LLC or Princeton Global Holdings.  This request includes, but is not limited to, any monetary transfers to Bank of America Account # ********9830 (Routing No. *****9593) held by Secure Pointe Partners International LLC (full account and routing numbers are available upon request).

18.     All documents relating to any monetary transfers from any open or closed account held by Conrad & Scherer, LLP or any of the individuals or entities listed in Request No. 3 to Francisco Ramirez Cuellar.

{B1735746}

# EXHIBIT B

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Pennsylvania

| | | |
|---|---|---|
| Drummond Company, Inc. | ) | |
| *Plaintiff* | ) | Civil Action No.   2:11-cv-3695-RDP |
| v. | ) | |
| Terrence P. Collingsworth, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Alabama         ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Daniel M. Kovalik, 1356 Cordova Road, Pittsburgh, PA 15206

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A.

| Place:   Christopher M. Capozzi<br>Attorney-At-Law, LLC<br>100 Ross Street, Suite 340, Pittsburgh, PA 15219 | Date and Time:<br>8/23/2013 |
|---|---|

□ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   8/16/2013

CLERK OF COURT

                                  OR

_____          _____
     *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Drummond Company, Inc.
_____ , who issues or requests this subpoena, are:

H. Thomas Wells, III, Starnes Davis Florie, LLP, 100 Brookwood Place, 7th Floor, Birmingham, AL 35209, Phone: (205) 868-6083, E-mail:  htw@starneslaw.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:11-cv-3695-RDP

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

   ❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

   ❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

   $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                 *Server's signature*

                 _____
                 *Printed name and title*

                 _____
                 *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A to Federal Subpoena to Daniel M. Kovalik**

## Definitions

1.      "DOCUMENT" has the full meaning ascribed to it in Rule 34 of the *Federal Rules of Civil Procedure* and shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to all writings in any form, notes, memoranda, manuals, reports, records, correspondence, drawings, graphs, charts, photographs, phone records, data compilations of whatever nature (including those from which information can be obtained or translated if necessary), audio tapes, electronic mail messages, and electronic data (including any exchange of information between computers, all information stored in an electronic form or computer database, and all forms and formats of storage).

2.      "RELATED TO," "RELATING TO," "IN RELATION TO," "REGARDING" and "CONCERNING" means in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting or having any logical or factual connection with the matter identified, in whole or in part.

## Instructions

1.      These requests are governed by Rules 26 and 45 of the *Federal Rules of Civil Procedure* and any applicable law and Local Rule.

2.      You are requested to produce all DOCUMENTS and things described below at the law offices of Christopher M. Capozzi, Attorney-At-Law, LLC, 100 Ross Street, Suite 340, Pittsburgh, PA 15219, on or before August 23, 2013.

3.      In answering and responding to these document requests, you are requested to produce all DOCUMENTS that are in you possession, custody, or control, or that are in the possession, custody, or control of your principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities, acting on your behalf.

4.      If any of the information or DOCUMENTS supplied in response to these document requests does not come from your records, please specify the source of the DOCUMENTS or information.

5.      If you refuse to produce any requested DOCUMENT under a claim of attorney-client privilege, work product privilege, or any other privilege or protection, it is requested that you submit for each DOCUMENT withheld a written statement that:  specifies the privilege or other asserted basis for withholding the DOCUMENT; summarizes the substance of the DOCUMENT; identifies the person or entity who prepared the DOCUMENT and any persons or entities to which the DOCUMENT was sent or disclosed; and specifies the date on which the DOCUMENT was prepared, transmitted, and/or received.

{B1623814}

6.    The time period covered by these document requests runs from 2003 to the present. This is a continuing request. Any DOCUMENT obtained or located after the date of production that would have been produced had it been available or had its existence been known at that time should be produced immediately.

7.    If an objection is made to any numbered request, or any subpart thereof, state with specificity all grounds for the objection.

8.    All responsive and potentially responsive documents and tangible things should be preserved and maintained pending the outcome of this matter.

## Documents Requested

1.  Any and all documents related or referring to requests for payment(s) or any form of assistance (whether monetary or nonmonetary in nature) by any individual that has offered or agreed to provide or obtain information, evidence or testimony about Drummond Company, Inc., Drummond Ltd., and/or any of its officers, directors or employees (hereinafter collectively "Drummond") relating to any of the allegations in the matters captioned *Claudia Balcero Giraldo, et al. v. Drummond Company, Inc., et al.,* 2:09-cv-1041-RDP (N.D. Ala.), *Freddy Locarno Baloco, et al. v. Drummond Company, Inc., et al.,* 7:09-cv-00557-RDP (N.D. Ala.), or *Marisol Melo Peñaloza, et al. v. Drummond Company, Inc., et al.,* 2:13-cv-00393-RDP (N.D. Ala.).

2.  Any and all documents related or referring to requests for payment(s) or other assistance (whether monetary or nonmonetary in nature) by any family member of any individual that has offered or agreed to provide or obtain information, evidence or testimony about Drummond relating to any of the allegations in the matters captioned *Claudia Balcero Giraldo, et al. v. Drummond Company, Inc., et al.,* 2:09-cv-1041-RDP (N.D. Ala.), *Freddy Locarno Baloco, et al. v. Drummond Company, Inc., et al.,* 7:09-cv-00557-RDP (N.D. Ala.), or *Marisol Melo Peñaloza, et al. v. Drummond Company, Inc., et al.,* 2:13-cv-00393-RDP (N.D. Ala.).

3.  Any and all documents related or referring to offers of payment(s) or any form of assistance (whether monetary or nonmonetary in nature) to any individual that has offered or agreed to provide or obtain information, evidence or testimony about Drummond Company, Inc., Drummond Ltd., and/or any of its officers, directors or employees (hereinafter collectively "Drummond") relating to any of the allegations in the matters captioned *Claudia Balcero Giraldo, et al. v. Drummond Company, Inc., et al.,* 2:09-cv-1041-RDP (N.D. Ala.), *Freddy Locarno Baloco, et al. v. Drummond Company, Inc., et al.,* 7:09-cv-00557-RDP (N.D. Ala.), or *Marisol Melo Peñaloza, et al. v. Drummond Company, Inc., et al.,* 2:13-cv-00393-RDP (N.D. Ala.).

4.  Any and all documents related or referring to offers of payment(s) or other assistance (whether monetary or nonmonetary in nature) to any family member of any individual that has offered or agreed to provide or obtain information, evidence or testimony about Drummond relating to any of the allegations in the matters captioned *Claudia Balcero Giraldo, et al. v. Drummond Company, Inc., et al.,* 2:09-cv-1041-RDP (N.D. Ala.),

*Freddy Locarno Baloco, et al. v. Drummond Company, Inc., et al.*, 7:09-cv-00557-RDP (N.D. Ala.), or *Marisol Melo Peñaloza, et al. v. Drummond Company, Inc., et al.*, 2:13-cv-00393-RDP (N.D. Ala.).

5. Any and all documents related or referring to payment(s) or other assistance (whether monetary or nonmonetary in nature) to any individual that has offered or agreed to provide or obtain information, evidence or testimony about Drummond relating to any of the allegations in the matters captioned *Claudia Balcero Giraldo, et al. v. Drummond Company, Inc., et al.*, 2:09-cv-1041-RDP (N.D. Ala.), *Freddy Locarno Baloco, et al. v. Drummond Company, Inc., et al.*, 7:09-cv-00557-RDP (N.D. Ala.), or *Marisol Melo Peñaloza, et al. v. Drummond Company, Inc., et al.*, 2:13-cv-00393-RDP (N.D. Ala.).

6. Any and all documents related or referring to payment(s) or other assistance (whether monetary or nonmonetary in nature) to any family member of any individual that has offered or agreed to provide or obtain information, evidence or testimony about Drummond relating to any of the allegations in the matters captioned *Claudia Balcero Giraldo, et al. v. Drummond Company, Inc., et al.*, 2:09-cv-1041-RDP (N.D. Ala.), *Freddy Locarno Baloco, et al. v. Drummond Company, Inc., et al.*, 7:09-cv-00557-RDP (N.D. Ala.), or *Marisol Melo Peñaloza, et al. v. Drummond Company, Inc., et al.*, 2:13-cv-00393-RDP (N.D. Ala.).

7. Any and all documents related or referring to requests for payment(s) or any form of assistance (whether monetary or nonmonetary in nature) by any individual who (1) has any known or alleged connection to Colombian paramilitaries or (2) has admitted to or been accused of having a connection to Colombian paramilitaries.

8. Any and all documents related or referring to requests for payment(s) or any form of assistance (whether monetary or nonmonetary in nature) by the family member, acquaintance or agent of any individual who (1) has any known or alleged connection to Colombian paramilitaries or (2) has admitted to or been accused of having a connection to Colombian paramilitaries.

9. Any and all documents related or referring to payment or any form of assistance (whether monetary or nonmonetary in nature) to any individual who (1) has any known or alleged connection to Colombian paramilitaries or (2) has admitted to or been accused of having a connection to Colombian paramilitaries.

10. Any and all documents related or referring to requests for payment or any form of assistance (whether monetary or nonmonetary in nature) to the family member, acquaintance or agent of any individual who (1) has any known or alleged connection to Colombian paramilitaries or (2) has admitted to or been accused of having a connection to Colombian paramilitaries.

11. Any and all documents related or referring to requests for payment or any form of assistance (whether monetary or nonmonetary in nature) by any individual incarcerated in Colombia or any such individual's agent, including but not limited to

    a.   Jaime Blanco Maya

      b.  Jairo Jesus Charris Castro
      c.  Edgar Ariel Cordoba Trujillo
      d.  Libardo Duarte
      e.  Jhon Jairo Esquivel Cuadrado
      f.  Hernan de Jesus Fontalvo Sanchez
      g.  Jose Gelvez Albarracin
      h.  Alcides Manuel Mattos Tabares
      i.  Javier Ernesto Ochoa Quinonez
      j.  Jose Aristides Peinado Martinez
      k.  Oscar David Perez Bertel
      l.  "Halcon"

12. Any and all documents related or referring to requests for payment or other assistance (whether monetary or nonmonetary in nature) by any family member of any individual incarcerated in Colombia, including but not limited to

      a.  Jaime Blanco Maya
      b.  Jairo Jesus Charris Castro
      c.  Edgar Ariel Cordoba Trujillo
      d.  Libardo Duarte
      e.  Jhon Jairo Esquivel Cuadrado
      f.  Hernan de Jesus Fontalvo Sanchez
      g.  Jose Gelvez Albarracin
      h.  Alcides Manuel Mattos Tabares
      i.  Javier Ernesto Ochoa Quinonez
      j.  Jose Aristides Peinado Martinez
      k.  Oscar David Perez Bertel
      l.  "Halcon"

13. Any and all documents related or referring to payments to individuals incarcerated in Colombia, including but not limited to

      a.  Jaime Blanco Maya
      b.  Jairo Jesus Charris Castro
      c.  Edgar Ariel Cordoba Trujillo
      d.  Libardo Duarte
      e.  Jhon Jairo Esquivel Cuadrado
      f.  Hernan de Jesus Fontalvo Sanchez
      g.  Jose Gelvez Albarracin
      h.  Alcides Manuel Mattos Tabares
      i.  Javier Ernesto Ochoa Quinonez
      j.  Jose Aristides Peinado Martinez
      k.  Oscar David Perez Bertel
      l.  "Halcon"

14. Any and all documents related or referring to payments to any family members of an individual incarcerated in Colombia including but not limited to

    a.   Jaime Blanco Maya
    b.   Jairo Jesus Charris Castro
    c.   Edgar Ariel Cordoba Trujillo
    d.   Libardo Duarte
    e.   Jhon Jairo Esquivel Cuadrado
    f.   Hernan de Jesus Fontalvo Sanchez
    g.   Jose Gelvez Albarracin
    h.   Alcides Manuel Mattos Tabares
    i.   Javier Ernesto Ochoa Quinonez
    j.   Jose Aristides Peinado Martinez
    k.   Oscar David Perez Bertel
    l.   "Halcon"

15. Any and all documents related or referring to any form of assistance (whether monetary or nonmonetary in nature) to any individual incarcerated in Colombia, including but not limited to

    a.   Jaime Blanco Maya
    b.   Jairo Jesus Charris Castro
    c.   Edgar Ariel Cordoba Trujillo
    d.   Libardo Duarte
    e.   Jhon Jairo Esquivel Cuadrado
    f.   Hernan de Jesus Fontalvo Sanchez
    g.   Jose Gelvez Albarracin
    h.   Alcides Manuel Mattos Tabares
    i.   Javier Ernesto Ochoa Quinonez
    j.   Jose Aristides Peinado Martinez
    k.   Oscar David Perez Bertel
    l.   "Halcon"

16. Any and all documents related or referring to any form of assistance (whether monetary or nonmonetary) to any family member of an individual incarcerated in Colombia including but not limited to

    a.   Jaime Blanco Maya
    b.   Jairo Jesus Charris Castro
    c.   Edgar Ariel Cordoba Trujillo
    d.   Libardo Duarte
    e.   Jhon Jairo Esquivel Cuadrado
    f.   Hernan de Jesus Fontalvo Sanchez
    g.   Jose Gelvez Albarracin
    h.   Alcides Manuel Mattos Tabares
    i.   Javier Ernesto Ochoa Quinonez
    j.   Jose Aristides Peinado Martinez
    k.   Oscar David Perez Bertel
    l.   "Halcon"

{B1623814}

17. Any and all documents related or referring to the anticipated testimony of individuals incarcerated in Colombia including but not limited to

     a.    Jaime Blanco Maya
     b.    Jairo Jesus Charris Castro
     c.    Edgar Ariel Cordoba Trujillo
     d.    Libardo Duarte
     e.    Jhon Jairo Esquivel Cuadrado
     f.    Hernan de Jesus Fontalvo Sanchez
     g.    Jose Gelvez Albarracin
     h.    Alcides Manuel Mattos Tabares
     i.    Javier Ernesto Ochoa Quinonez
     j.    Jose Aristides Peinado Martinez
     k.    Oscar David Perez Bertel
     l.    "Halcon"

18. Any and all documents related or referring to the actual testimony of individuals incarcerated in Colombia including but not limited to

     a.    Jaime Blanco Maya
     b.    Jairo Jesus Charris Castro
     c.    Edgar Ariel Cordoba Trujillo
     d.    Libardo Duarte
     e.    Jhon Jairo Esquivel Cuadrado
     f.    Hernan de Jesus Fontalvo Sanchez
     g.    Jose Gelvez Albarracin
     h.    Alcides Manuel Mattos Tabares
     i.    Javier Ernesto Ochoa Quinonez
     j.    Jose Aristides Peinado Martinez
     k.    Oscar David Perez Bertel
     l.    "Halcon"

19. Any and all telephone or Skype records between any employee of IRA and any of the individuals identified in Requests Nos. 1-8, or any individual incarcerated in Colombia.

20. Any and all communications with, or documents related to or referring to, Jose Pinzon Diaquiz.

21. Any and all communications with, or documents related or referring to, Katerin Durango Avendano.

22. Any and all communications with, or documents related or referring to, Carlos Toro.

23. Any and all communications with, or documents related or referring to, Gonzalo Guillen.

24. Any and all communications with, or documents related or referring to, Lisseth Andrea Ballsteros Pinzon.

{B1623814}

25. Any and all communications with, or documents related or referring to, the person using the email address halcon85@yahoo.com.

26. Any and all communications with, or documents related or referring to, Luis Leon.

27. Any and all communications with, or documents related or referring to, Leydi Johana Perez Valencia.

28. Any and all documents showing payments by Conrad & Scherer, Terry Collingsworth or any employee of Conrad & Scherer to IRA.

29. Any and all documents showing payments by IRA to Conrad & Scherer, Terry Collingsworth or any employee of Conrad & Scherer.

30. Any and all written agreements between IRA and Conrad & Scherer or Terry Collingsworth.

31. Any and all written agreements between any employee of IRA and Conrad & Scherer or Terry Collingsworth.

32. Any and all documents related to or referring to the sale by Drummond Ltd. of a portion of its Colombian operations.

33. Any and all documents showing the names of any IRA employees, agents or consultants who are investigating any facts related to Drummond Company or any of its employees, officers or operations.

34. Any and all documents showing the current address of Rebecca Pendleton.

35. Any and all documents showing the current address of Lorraine Leete.

36. Any and all documents related or referring to financing of litigation against Drummond Company, Inc, Drummond Ltd. and any officers, employees, or agents thereof.

37. Any and all documents related or referring to the solicitation for funds to finance litigation against Drummond Company, Inc., Drummond Ltd. and any officers, employees, or agents thereof.

38. Any and all documents related or referring to Llanos Oil or any of its principals, representatives, agents or employees.

{B1623814}

# EXHIBIT C

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| Drummond Company, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Terrence P. Collingsworth, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.    2:11-cv-3695-RDP

(If the action is pending in another district, state where:
Northern District of Alabama                )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Custodian of Records, International Rights Advocates, 1156 15th Street NW, Suite 502, Washington, D.C. 20005

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Law Office of Sara Kropf PLLC | Date and Time: |
|---|---|
| 1001 G. St. NW, Suite 800 | 8/19/13 |
| Washington, D.C. 20001 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  8/1/13

CLERK OF COURT

OR  *[signature]*

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Drummond Company, Inc.
, who issues or requests this subpoena, are:

Sara Kropf, Esq. - Law Office of Sara Kropf PLLC, 1001 G. St. NW, Suite 800, Washington, D.C. 20001 - (202) 627-6900 - sara@kropf-law.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:11-cv-3695-RDP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                 *Server's signature*

                                                 _____
                                                 *Printed name and title*

                                                 _____
                                                 *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

### SCHEDULE A to Federal Subpoena to International Rights Advocates

#### Definitions

1.     "DOCUMENT" has the full meaning ascribed to it in Rule 34 of the *Federal Rules of Civil Procedure* and shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to all writings in any form, notes, memoranda, manuals, reports, records, correspondence, drawings, graphs, charts, photographs, phone records, data compilations of whatever nature (including those from which information can be obtained or translated if necessary), audio tapes, electronic mail messages, and electronic data (including any exchange of information between computers, all information stored in an electronic form or computer database, and all forms and formats of storage).

2.     "RELATED TO," "RELATING TO," "IN RELATION TO," "REGARDING" and "CONCERNING" means in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting or having any logical or factual connection with the matter identified, in whole or in part.

#### Instructions

1.     These requests are governed by Rules 26 and 45 of the *Federal Rules of Civil Procedure* and any applicable law and Local Rule.

2.     You are requested to produce all DOCUMENTS and things described below at the Law Offices of Sara Kropf PLLC, 1001 G. St. NW, Suite 800, Washington, D.C. 20001, on or before _____ 8 / 19 / 13 _____.

3.     In answering and responding to these document requests, you are requested to produce all DOCUMENTS that are in you possession, custody, or control, or that are in the possession, custody, or control of your principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities, acting on your behalf.

4.     If any of the information or DOCUMENTS supplied in response to these document requests does not come from your records, please specify the source of the DOCUMENTS or information.

5.     If you refuse to produce any requested DOCUMENT under a claim of attorney-client privilege, work product privilege, or any other privilege or protection, it is requested that you submit for each DOCUMENT withheld a written statement that:  specifies the privilege or other asserted basis for withholding the DOCUMENT; summarizes the substance of the DOCUMENT; identifies the person or entity who prepared the DOCUMENT and any persons or entities to which the DOCUMENT was sent or disclosed; and specifies the date on which the DOCUMENT was prepared, transmitted, and/or received.

6.     The time period covered by these document requests runs from 2003 to the present.  This is a continuing request.  Any DOCUMENT obtained or located after the date of production that would have been produced had it been available or had its existence been known at that time should be produced immediately.

7.     If an objection is made to any numbered request, or any subpart thereof, state with specificity all grounds for the objection.

8.     All responsive and potentially responsive documents and tangible things should be preserved and maintained pending the outcome of this matter.

## Documents Requested

1.  Any and all documents related or referring to requests for payment or any form of assistance (whether monetary or nonmonetary in nature) by any individual incarcerated in Colombia or any such individual's agent, including but not limited to

    a.  Jaime Blanco Maya
    b.  Jairo Jesus Charris Castro
    c.  Edgar Ariel Cordoba Trujillo
    d.  Libardo Duarte
    e.  Jhon Jairo Esquivel Cuadrado
    f.  Hernan de Jesus Fontalvo Sanchez
    g.  Jose Gelvez Albarracin
    h.  Alcides Manuel Mattos Tabares
    i.  Javier Ernesto Ochoa Quinonez
    j.  Jose Aristides Peinado Martinez
    k.  Oscar David Perez Bertel
    l.  "Halcon"

2.  Any and all documents related or referring to requests for payment or other assistance (whether monetary or nonmonetary in nature) by any family member of any individual incarcerated in Colombia, including but not limited to

    a.  Jaime Blanco Maya
    b.  Jairo Jesus Charris Castro
    c.  Edgar Ariel Cordoba Trujillo
    d.  Libardo Duarte
    e.  Jhon Jairo Esquivel Cuadrado
    f.  Hernan de Jesus Fontalvo Sanchez
    g.  Jose Gelvez Albarracin
    h.  Alcides Manuel Mattos Tabares
    i.  Javier Ernesto Ochoa Quinonez
    j.  Jose Aristides Peinado Martinez
    k.  Oscar David Perez Bertel
    l.  "Halcon"

{B1623531}

3. Any and all documents related or referring to requests for payment or any form of assistance (whether monetary or nonmonetary in nature) by any individual who (1) has any known connection to Colombian paramilitaries or (2) has been accused by the Colombian government of having a connection to Colombian paramilitaries.

4. Any and all documents related or referring to requests for payment or any form of assistance (whether monetary or nonmonetary in nature) by the family member, acquaintance or agent of any individual who (1) has any known connection to Colombian paramilitaries or (2) has been accused by the Colombian government of having a connection to Colombian paramilitaries.

5. Any and all documents related or referring to payments to individuals incarcerated in Colombia, including but not limited to

   a. Jaime Blanco Maya
   b. Jairo Jesus Charris Castro
   c. Edgar Ariel Cordoba Trujillo
   d. Libardo Duarte
   e. Jhon Jairo Esquivel Cuadrado
   f. Hernan de Jesus Fontalvo Sanchez
   g. Jose Gelvez Albarracin
   h. Alcides Manuel Mattos Tabares
   i. Javier Ernesto Ochoa Quinonez
   j. Jose Aristides Peinado Martinez
   k. Oscar David Perez Bertel
   l. "Halcon"

6. Any and all documents related or referring to payments to any family members of an individual incarcerated in Colombia including but not limited to

   a. Jaime Blanco Maya
   b. Jairo Jesus Charris Castro
   c. Edgar Ariel Cordoba Trujillo
   d. Libardo Duarte
   e. Jhon Jairo Esquivel Cuadrado
   f. Hernan de Jesus Fontalvo Sanchez
   g. Jose Gelvez Albarracin
   h. Alcides Manuel Mattos Tabares
   i. Javier Ernesto Ochoa Quinonez
   j. Jose Aristides Peinado Martinez
   k. Oscar David Perez Bertel
   l. "Halcon"

7. Any and all documents related or referring to any form of assistance (whether monetary or nonmonetary in nature) to any individual incarcerated in Colombia, including but not limited to

    a.   Jaime Blanco Maya
    b.   Jairo Jesus Charris Castro
    c.   Edgar Ariel Cordoba Trujillo
    d.   Libardo Duarte
    e.   Jhon Jairo Esquivel Cuadrado
    f.   Hernan de Jesus Fontalvo Sanchez
    g.   Jose Gelvez Albarracin
    h.   Alcides Manuel Mattos Tabares
    i.   Javier Ernesto Ochoa Quinonez
    j.   Jose Aristides Peinado Martinez
    k.   Oscar David Perez Bertel
    l.   "Halcon"

8. Any and all documents related or referring to any form of assistance (whether monetary or nonmonetary) to any family member of an individual incarcerated in Colombia including but not limited to

    a.   Jaime Blanco Maya
    b.   Jairo Jesus Charris Castro
    c.   Edgar Ariel Cordoba Trujillo
    d.   Libardo Duarte
    e.   Jhon Jairo Esquivel Cuadrado
    f.   Hernan de Jesus Fontalvo Sanchez
    g.   Jose Gelvez Albarracin
    h.   Alcides Manuel Mattos Tabares
    i.   Javier Ernesto Ochoa Quinonez
    j.   Jose Aristides Peinado Martinez
    k.   Oscar David Perez Bertel
    l.   "Halcon"

9. Any and all documents related or referring to the anticipated testimony of individuals incarcerated in Colombia including but not limited to

    a.   Jaime Blanco Maya
    b.   Jairo Jesus Charris Castro
    c.   Edgar Ariel Cordoba Trujillo
    d.   Libardo Duarte
    e.   Jhon Jairo Esquivel Cuadrado
    f.   Hernan de Jesus Fontalvo Sanchez
    g.   Jose Gelvez Albarracin
    h.   Alcides Manuel Mattos Tabares
    i.   Javier Ernesto Ochoa Quinonez
    j.   Jose Aristides Peinado Martinez
    k.   Oscar David Perez Bertel
    l.   "Halcon"

{B1623531}

10. Any and all documents related or referring to the actual testimony of individuals incarcerated in Colombia including but not limited to

      a.    Jaime Blanco Maya
      b.    Jairo Jesus Charris Castro
      c.    Edgar Ariel Cordoba Trujillo
      d.    Libardo Duarte
      e.    Jhon Jairo Esquivel Cuadrado
      f.    Hernan de Jesus Fontalvo Sanchez
      g.    Jose Gelvez Albarracin
      h.    Alcides Manuel Mattos Tabares
      i.    Javier Ernesto Ochoa Quinonez
      j.    Jose Aristides Peinado Martinez
      k.    Oscar David Perez Bertel
      l.    "Halcon"

11. Any and all telephone or Skype records between any employee of IRA and any of the individuals identified in Requests Nos. 1-8, or any individual incarcerated in Colombia.

12. Any and all communications with, or documents related to or referring to, Jose Pinzon Diaquiz.

13. Any and all communications with, or documents related or referring to, Katerin Durango Avendano.

14. Any and all communications with, or documents related or referring to, Carlos Toro.

15. Any and all communications with, or documents related or referring to, Gonzalo Guillen.

16. Any and all communications with, or documents related or referring to, Lisseth Andrea Ballsteros Pinzon.

17. Any and all communications with, or documents related or referring to, the person using the email address halcon85@yahoo.com.

18. Any and all communications with, or documents related or referring to, Luis Leon.

19. Any and all communications with, or documents related or referring to, Leydi Johana Perez Valencia.

20. Any and all documents showing payments by Conrad & Scherer, Terry Collingsworth or any employee of Conrad & Scherer to IRA.

21. Any and all documents showing payments by IRA to Conrad & Scherer, Terry Collingsworth or any employee of Conrad & Scherer.

22. Any and all written agreements between IRA and Conrad & Scherer or Terry Collingsworth.

{B1623531}

23. Any and all written agreements between any employee of IRA and Conrad & Scherer or Terry Collingsworth.

24. Any and all documents related to or referring to the sale by Drummond Ltd. of a portion of its Colombian operations.

25. Any and all documents showing the names of any IRA employees, agents or consultants who are investigating any facts related to Drummond Company or any of its employees, officers or operations.

26. Any and all documents showing the current address of Rebecca Pendleton.

27. Any and all documents showing the current address of Lorraine Leete.

28. Any and all documents related or referring to financing of litigation against Drummond Company, Inc, Drummond Ltd. and any officers, employees, or agents thereof.

29. Any and all documents related or referring to the solicitation for funds to finance litigation against Drummond Company, Inc., Drummond Ltd. and any officers, employees, or agents thereof.

30. Any and all documents related or referring to Llanos Oil or any of its principals, representatives, agents or employees.

{B1623531}

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DRUMMOND COMPANY, INC., )
)
    Plaintiff , )
)
vs. )
)
TERRENCE P. COLLINGSWORTH, )   Case No. 2:11-cv-3695-RDP
individually and as agent of Conrad & Scherer, )
LLP; and CONRAD & SCHERER, LLP, )
)
    Defendants . )
)

## DRUMMOND COMPANY, INC.'S NOTICE OF INTENT
## TO SERVE SUBPOENAS ON NON-PARTIES

William Anthony Davis, III (ASB-5657-D65W)          Sara E. Kropf
H. Thomas Wells, III (ASB-4318-H62W)               LAW OFFICE OF SARA KROPF PLLC
Benjamin T. Presley (ASB-0136-I71P)                1001 G St. NW, Suite 800
STARNES DAVIS FLORIE LLP                           Washington, DC 20001
P.O. Box 59812                                     (202) 627-6900
Birmingham, AL 35259
(205) 868-6000
fax: (205) 868-6099

*Attorneys for Drummond Company, Inc.*

{B1836688}

COMES NOW Drummond Company, Inc., the Plaintiff in this case, and pursuant to Rule 45(a)(4) of the *Federal Rules of Civil Procedure*, hereby gives Defendants notice of its intent to serve subpoenas commanding the production of documents and things on the following entity and person:

- SunTrust Bank – a copy of this subpoena is attached hereto as **Exhibit A**.

- William J. Wichmann – a copy of this subpoena is attached hereto as **Exhibit B**.

<table>
<tr>
<td>

*s/ Benjamin T. Presley*

William Anthony Davis, III (ASB-5657-D65W)
H. Thomas Wells, III (ASB-4318-H62W)
Benjamin T. Presley (ASB-0136-I71P)
STARNES DAVIS FLORIE LLP
P.O. Box 59812
Birmingham, AL  35259
(205) 868-6000
fax: (205) 868-6099

</td>
<td>

*s/ Sara E. Kropf*

Sara E. Kropf
LAW OFFICE OF SARA KROPF PLLC
1001 G St. NW, Suite 800
Washington, DC 20001
(202) 627-6900

</td>
</tr>
</table>

*Attorneys for Drummond Company, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on **October 7, 2014**, I served the foregoing notice via e-mail on the following:

Bradley J. Smith, Esq.
Eric D. Bonner, Esq.
CLARK, HAIR & SMITH, P.C.
1000 Urban Center Drive, Suite 125
Birmingham, Alabama 35242

Christopher S. Niewoehner
Savannah E. Marion
STEPTOE & JOHNSON, LLP
115 S. LaSalle Street, Suite 3100
Chicago, IL 60603
Tel: (312) 577-1240
cniewoehner@steptoe.com
smarion@steptoe.com

*s/ Benjamin T. Presley*
Benjamin T. Presley (ASB-0136-I71P)

{B1836688}

# Exhibit B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Alabama

| | |
|---|---|
| Drummond Company, Inc. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    2:11-cv-3695-RDP-TMP |
| Terrence P. Collingsworth, et. al | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                 Mr. William J. Wichmann
888 SE 3rd Ave., Suite 400, Ft. Lauderdale, Florida 33316

*(Name of person to whom this subpoena is directed)*

     ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Starnes Davis Florie LLP c/o H. Thomas Wells, III | Date and Time: |
|---|---|
| 100 Brookwood Place, Seventh Floor<br>Birmingham, Alabama 35209 | 10/31/2014 9:00 am |

     ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/07/2014

       *CLERK OF COURT*
                                    OR

_____        _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Drummond Company, Inc. _____ , who issues or requests this subpoena, are:

   H. Thomas Wells, III, Starnes Davis Florie LLP, 100 Brookwood Place, 7th Floor, Birmingham, AL 35209, Phone: (205)
868-6083, Email: htw@starneslaw.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:11-cv-3695-RDP-TMP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A to Federal Subpoena to William J. Wichmann

1.      "DOCUMENT" has the full meaning ascribed to it in Rule 34 of the *Federal Rules of Civil Procedure* and shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to all writings in any form, notes, memoranda, manuals, reports, records, correspondence, drawings, graphs, charts, photographs, phone records, data compilations of whatever nature (including those from which information can be obtained or translated if necessary), audio tapes, electronic mail messages, and electronic data (including any exchange of information between computers, all information stored in an electronic form or computer database, and all forms and formats of storage).

2.      "DRUMMOND" includes, without limitation, Drummond Company, Inc. and Drummond Ltd.  The term also includes any officer, employee or agent of Drummond Company, Inc. or Drummond Ltd.

3.      "MONETARY TRANSFER" includes, without limitation, wire transfers, direct deposits, account transfers, personal checks, cashier's checks, or any other method of transferring funds.

4.      "RELATED TO," "RELATING TO," "IN RELATION TO," "REGARDING" and "CONCERNING" means in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting or having any logical or factual connection with the matter identified, in whole or in part.

5.      "WITNESS" means any person who claims or claimed to have knowledge regarding Drummond's conduct in Colombia, regardless of whether they have testified or plan to testify in any legal proceeding in either Colombia or the United States.

6.      The term "PAYMENTS," in connection with Requests referring to payments to witnesses or paramilitaries, is meant to encompass – in the broadest sense possible – any documents or communications that relate to witness payments or any form of assistance to witnesses.  This includes all documents relating to requests for payment, offers of payment, refusals to pay, actual payments, contemplated payments, suggestions of payment, proposals of payment, the logistics of effectuating payments, problems (legal, logistical, or otherwise) with payments, amounts of payments, and rejections of offers of payments. "Payments" is not in any way limited to "security" payments; rather it encompasses any payment or benefit (monetary or non-monetary) whatsoever to any witness, whether contemplated or completed, regardless of what any party contends was the purpose of the payment. Additionally, "payments" is not limited to direct payments, but also includes any benefit or thing of value offered or provided to, or requested by, witnesses' lawyers, family members, "contacts", intermediaries, friends, girlfriends, paramours, associates or agents, or payments actually made to a security firm or some other person or entity providing security.

{B1839598}

## Instructions

1.  These requests are governed by Rules 26 and 45 of the *Federal Rules of Civil Procedure* and any applicable law and Local Rule.

2.  You are requested to produce all DOCUMENTS and things described below to Brett Barfield, c/o Holland & Knight, LLP, 701 Brickell Avenue, Suite 3300, Miami, FL 33131, on or before **October 31, 2014**.

3.  In answering and responding to these document requests, you are requested to produce all DOCUMENTS that are in you possession, custody, or control, or that are in the possession, custody, or control of your principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities, acting on your behalf.

4.  If any of the information or DOCUMENTS supplied in response to these document requests does not come from your records, please specify the source of the DOCUMENTS or information.

5.  If you refuse to produce any requested DOCUMENT under a claim of attorney-client privilege, work product privilege, or any other privilege or protection, it is requested that you submit for each DOCUMENT withheld a written statement that:  specifies the privilege or other asserted basis for withholding the DOCUMENT; summarizes the substance of the DOCUMENT; identifies the person or entity who prepared the DOCUMENT and any persons or entities to which the DOCUMENT was sent or disclosed; and specifies the date on which the DOCUMENT was prepared, transmitted, and/or received.

6.  The time period covered by the document requests runs from January 1, 2005 to the present.  This is a continuing request.  Any DOCUMENT obtained or located after the date of production that would have been produced had it been available or had its existence been known at that time should be produced immediately.

7.  If an objection is made to any numbered request, or any subpart thereof, state with specificity all grounds for the objection.

8.  All responsive and potentially responsive documents and tangible things should be preserved and maintained pending the outcome of this matter.

## Documents Requested

1.  All documents produced by any party in the litigation styled *Conrad & Scherer, LLP v. William J. Wichmann, et al.*, Case No. 09-011600 (05) (In the Seventeenth Judicial Circuit in and for Broward County, Florida).

2.  All privilege logs produced by either party in the litigation styled *Conrad & Scherer, LLP v. William J. Wichmann, et al.*, Case No. 09-011600 (05) (In the Seventeenth Judicial Circuit in and for Broward County, Florida).

{31839598}

3.     All deposition transcripts of any Conrad & Scherer, LLP employee, agent or shareholder who has been deposed in the litigation styled *Conrad & Scherer, LLP v. William J. Wichmann, et al.*, Case No. 09-011600 (05) (In the Seventeenth Judicial Circuit in and for Broward County, Florida).

4.     All communications with any person, including without limitation any Conrad & Scherer, LLP employee, agent or shareholder, which were created prior to Mr. Collingsworth joining Conrad & Scherer, LLP and which reference or relate to Mr. Collingsworth. This request includes, but is not limited to, any documents referencing Mr. Collingsworth's reputation or character and/or cautioning against associating with Mr. Collingsworth.

5.     All communications with Terrence P. Collingsworth or any Conrad & Scherer, LLP employee, agent or shareholder which relate to (a) payments to witnesses or Colombian paramilitaries, (b) "security" for witnesses or Colombian paramilitaries, or (c) unethical or illegal conduct by Mr. Collingsworth.

6.     All documents, including e-mail communications, relating to the employment (whether as employee or independent contractor) or compensation of any witness or Colombian paramilitary by Conrad & Scherer, LLP, Terrence P. Collingsworth, IRAdvocates and/or International Labor Rights Fund.

7.     All communications with Terrence P. Collingsworth or any Conrad & Scherer, LLP employee, agent or shareholder which relate to contingency fee agreements with any Colombian criminal lawyer, including, but not limited to, Ivan Otero and Francisco Ramirez.

8.     All communications with Terrence P. Collingsworth or any Conrad & Scherer, LLP employee, agent or shareholder which relate to Llanos Oil or its principals, Albert van Bilderbeek and Hendrik van Bilderbeek.

{B1839598}

STATE OF _____  )

COUNTY OF _____  )

## RECORDS CERTIFICATION

I hereby certify that the attached is a true and complete copy of the documents responsive to the subpoena served on _____ by Drummond Company, Inc. These records are kept in our office, and I am a custodian of the records. I certify that said records of the events, transactions or occurrences to which they relate were made by -- or from information transmitted by -- someone with knowledge. I further certify that said records were made and kept in the course of a regularly conducted activity of the business, and that such records were made at the time of the events, transactions or occurrences to which they relate or within a reasonable time thereafter.

Signed this _____ day of _____, 2014.


_____
RECORDS CUSTODIAN


Sworn and subscribed before me on this the _____ day of _____, 2014.


_____
NOTARY PUBLIC

My commission expires: _____