
FILED
2015 Dec-11  PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| DRUMMOND COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:11-c-3695-RDP |
| v. | ) | |
| | ) | |
| TERRENCE P. COLLINGSWORTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OBJECTIONS OF DANIEL A. KOVALIK TO
## REPORT AND RECOMMENDATION OF
## SPECIAL MASTER REGARDING
## VARIOUS THIRD-PARTY SUBPOENAS

Richard P. Rouco
QUINN, CONNOR, WEAVER, DAVIES &
 ROUCO LLP
2770 Highway 280
Suite 380
Birmingham, AL  35223
rrouco@qcwdr.com
(205) 870-9989
(205) 803-4143 (FAX)

Jeremiah A. Collins (*Pro Hac Vice* to be filed)
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W.
Suite 1000
Washington, DC  20005
jcollins@bredhof.com
(202) 842-2600
(202) 842-1888 (FAX)

## <u>TABLE OF CONTENTS</u>

INTRODUCTION AND SUMMARY ............................................................................. 1

BACKGROUND ...................................................................................................... 2

ARGUMENT ........................................................................................................... 6

   I.  The Proposed Order is Not Permitted by Rule 45 ...................................... 6

   II.  The Special Master's Third-Party Subpoena Procedures ........................... 9

CONCLUSION ..................................................................................................... 10

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:11-c-3695-RDP |
| v. | ) | |
| | ) | |
| TERRENCE P. COLLINGSWORTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OBJECTIONS OF DANIEL A. KOVALIK TO
REPORT AND RECOMMENDATION OF
SPECIAL MASTER REGARDING
VARIOUS THIRD-PARTY SUBPOENAS**

Daniel A. Kovalik, who is not a party to this action but on whom a subpoena to produce documents was served by Plaintiff on August 16, 2013 (the "August 2013 Subpoena" or the "Subpoena"), objects to the Report and Recommendation of Special Master Regarding Various Third-Party Subpoenas (Doc. # 409) ("Report" or "R&R") insofar as the Special Master has recommended that Mr. Kovalik be directed to produce documents pursuant to the August 2013 Subpoena.

**<u>INTRODUCTION AND SUMMARY</u>**

Mr. Kovalik served objections to the August 2013 Subpoena on Plaintiff's counsel on August 22, 2013, in accordance with Rule 45(d)(2)(B), Fed. R. Civ. Pro.  No motion for an order compelling production has ever been filed by Plaintiff, as is required by Rule 45(d)(2)(B)(i) as the predicate for an order compelling production.  To the extent that the Procedures for Third-Party Subpoenas recommended by the Special Master on July 1, 2015 (Doc. # 266) ("Procedures") and approved by the Court on August 13, 2015 (Doc. # 291) might be read to

1

allow for entry of an order compelling production notwithstanding the absence of a motion to compel, those Procedures do not apply to the August 2013 Subpoena and to Mr. Kovalik's objections, which were served nearly two years before the Procedures were adopted.  In any event, Mr. Kovalik has not consented to the Procedures, as both the law and the Procedures themselves require in order for the Procedures to apply to a non-party.  Consequently, the requirements of Rule 45 remain fully applicable here, and they preclude issuance of an order compelling Mr. Kovalik to produce documents.

## **BACKGROUND**

### **A.**

1.      On August 16, 2013, Plaintiffs served on the undersigned counsel, Jeremiah A. Collins, a subpoena for production of documents by Daniel Kovalik, for whom Mr. Collins had agreed to accept service.  *See* Doc. # 409, Ex. B (August 2013 Subpoena); Attachment A hereto (letter from Plaintiff's counsel to Mr. Collins transmitting the Subpoena).

2.      On August 22, 2013, Mr. Collins served Plaintiffs' counsel with objections to the Subpoena.  *See* Attachment B hereto.  The objections raised several issues, including, *inter alia*, (i) that, because Plaintiff acknowledged that the information it was seeking was within Defendant Collingsworth's possession and control, discovery from Defendant Collingsworth should be exhausted before documents were subpoenaed from Mr. Kovalik, (ii) that the Subpoena exceeded the permissible scope of discovery as defined by the parties and the Court's scheduling order; (iii) that the requested production would subject Mr. Kovalik to undue burden; and (iv) that the Subpoena would require production of documents protected by attorney-client privilege and/or the work product doctrine.  *Id.*

2

3.      Consistent with Rule 45, Mr. Kovalik's objections were served on Plaintiff's counsel but were not filed with any court.

4.      On August 22, 2013, Defendants filed in the Western District of Pennsylvania a Motion for Protective Order and to Quash the Subpoena.  *See* Attachment C (Doc. #1 in W.D. Pa. No. 2:13-mc-00365-TFM).  Defendants made clear that they were filing that motion on their own behalf, not on behalf of Mr. Kovalik.  *See id.* at 1.  Recognizing that fact, in responding to Defendants' motion Plaintiff noted that Defendants had no standing to seek to quash the Subpoena except to the extent that the Subpoena would infringe on a privacy interest or privilege of the Defendants.  *See* Attachment D at 14 (Doc. No. 10 in W. D. Pa. No. 2:13-mc-00365-TFM).  Thus, Defendants' motion could not provide a basis for resolving such questions as "whether the subpoena served on Mr. Kovalik is purportedly duplicative, overbroad, irrelevant, or unduly burdensome."  *Id.*

5.      In opposing Defendants' motion, Plaintiff did not seek an order compelling Mr. Kovalik to produce any documents, but simply an order denying Defendants' motion.  *See id.* at 25.

6.      In their reply, Defendants limited their motion as Plaintiff had argued, and sought to quash the subpoena only on the ground that "the subpoena seeks documents that are privileged and protected work product."  *See* Attachment E at 1 (Doc. # 12 in W. D. Pa. No. 2:13-mc-0365-TFM).

**B.**

7.      On April 14, 2014, the Western District of Pennsylvania case in which Defendants' Motion for Protective Order and to Quash Subpoena was pending was transferred to this Court.  R&R ¶ 19.

8.      On May 28, 2014, T. Michael Brown was appointed Special Master to oversee discovery in this litigation.  *Id.* ¶ 1; Doc. # 129.

9.      On July 1, 2015 – nearly two years after the Subpoena had been served on Mr. Kovalik and Mr. Kovalik's objections had been served on Plaintiff's counsel – the Special Master recommended to the Court a set of Procedures for Third-Party Subpoenas (Doc. # 266). As this Court noted, the Procedures were developed by "[t]he parties" and the Special Master (Doc. # 291) (order of the Court approving and adopting the Procedures).

10.     The Procedures provide that the parties to the litigation "may subpoena documents" from third parties pursuant to Rule 45, Doc. # 266 ¶ 3, and that "[a] copy of this Report & Recommendation and its Subpoena Procedures must be served with the third-party subpoena on the Subpoenaed Party," *id.* at p. 3 ¶ A.  Only "[i]f the Subpoenaed Party expressly consents to the … Subpoena Procedures" will disputes concerning the subpoena "be handled pursuant to these Procedures."  *Id.* at p. 4 ¶ C.  Thus, the Procedures apply to objections stated after "the date consent is obtained from the Subpoenaed Party," *id.* ¶ D, and "the Subpoenaed Party that consents to these Procedures" shall produce responsive documents to the Special Master pursuant to the Procedures, *id.* ¶ E.

## C.

11.     As far as Mr. Kovalik and the undersigned counsel are aware, no subsequent subpoenas have been issued seeking production of documents by Mr. Kovalik.  At any rate, no subpoena has been served on Mr. Kovalik or his counsel subsequent to August 2013, nor have Mr. Kovalik or his counsel ever been served a copy of the Procedures.  Mr. Kovalik has not consented to the application of the Procedures.

4

12.     The Special Master's Report states that in October and November 2015, Plaintiff and Defendants engaged in correspondence regarding some unspecified possible "limitations narrowing the scope" of the August 2013 Subpoena, but that "[t]he parties have been unable to narrow their differences on th[is] subpoena[ ] except as referenced [in the Report]."  Doc. # 409 ¶¶ 5-8.  Neither Mr. Kovalik nor his counsel received copies of such correspondence or were involved in any discussions with respect to it.

13.     The Special Master's Report states that "Kovalik has not filed any motions or objections related to the subpoena," and "[t]here has been no production of documents or privilege log by Kovalik in response to the subpoena."  *Id*. ¶ 22.

14.     "Having reviewed all motions and objections related to the subpoena," *id.* ¶ 23 (but obviously not including Mr. Kovalik's objections, of which the Special Master appears to have been unaware), the Special Master has recommended "that [Defendants'] Motion[ ] to Quash and for Protective Order … be denied, subject to the Special Master's *in camera* review to consider objections based on privilege, work product and/or relevance on a document-by-document basis."  Doc. # 409 ¶ 23.  Notwithstanding the absence of any motion to compel, the Special Master also has recommended "that Kovalik be directed to produce to the Special Master for *in camera* review documents responsive to the subpoena" for the time period from January 1, 2006 to the present, *id.*, and "the Special Master will provide the documents to the Defendants for review and objection as to work product, privilege and/or relevance in accordance with the Subpoena Procedures outlined in Doc. 266." *Id.* ¶ 24.

Although the Special Master's Report was not served on Mr. Kovalik or his counsel, they have become aware of the Report.  Mr. Kovalik objects to the Report and to the recommended order for the reasons that follow.

5

## ARGUMENT

The Special Master's recommended order with respect to Mr. Kovalik is not permitted by Rule 45 or by the Procedures approved by the Court for resolving disputes concerning third-party subpoenas in this case.[1]

### I. The Proposed Order is Not Permitted by Rule 45

Rule 45 is designed with "concern for the unwanted burden thrust upon non-parties" by subpoenas. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). Unlike parties, "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *United States v. CBS, Inc.*, 666 F.2d 364, 371 (9th Cir. 1982).

One of the ways in which Rule 45 avoids placing undue burdens on subpoenaed third parties is by providing that a non-party on whom a document subpoena has been served may simply "serve on the party or attorney designated in the subpoena a written objection." Rule 45(d)(2)(B), which "need not be filed with the court." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 238 (E.D. Pa. 2014). A party that has served an objection "need not comply with the subpoena." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2463. Rather, "[o]nce the person subpoenaed objects to the subpoena … the provisions of Rule 45(d) come into play. Then the party seeking discovery must obtain a court order directing compliance." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n. 5 (9th Cir. 1983). To obtain such an order, Rule 45(d)(2)(B)(i) provides that, "on notice to the commanded person,

---

[1] Although we need not rely on the point, issuance of the proposed order also would violate due process.

6

the serving party may move the court for the district where compliance is required for an order compelling production." Production "may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Rule 45(d)(2)(B)(ii).

Although a subpoenaed third party may file a motion to quash the subpoena, the third party is not required to do so if it has served objections. Indeed, if the subpoenaed third party has served objections and the requesting party has not filed a motion to compel, some courts hold that it is "premature" for the subpoenaed third party to file a motion to quash. *Sinclair v. Allstate Indem. Co.,* No. Misc. 08-0311–CG, 2008 WL 4394852, *1 (S.D. Ala. Sept. 24, 2008). In *Sinclair*, the plaintiff served a subpoena on non-party Pilot Catastrophe Service. In addition to serving objections, Pilot moved to quash the subpoena even though the Plaintiff had not filed a motion to compel. The court explained that an order compelling production could not issue unless and until the plaintiff moved for such an order pursuant to Rule 45(d)(2)(B)(i), and therefore Pilot's motion to quash was premature:

> Pilot is under no obligation to respond to the current subpoena until plaintiff obtains an order from the court requiring compliance. If and when plaintiff seeks such an order that will be the time for the court to consider issues of burdensomeness, the nature of the information sought and the possible failure of the plaintiff to perform her duty of protecting the non-party from undue burden and expense, imposed pursuant to Rule 45(c)(1).

*Id.* at * 2.

Thus, because Mr. Kovalik served objections on Plaintiff's counsel in accordance with Rule 45(d)(2)(B) and Plaintiff has never filed a motion to compel – with the result that Mr. Kovalik has not been heard with respect to his objections – Rule 45 (as well as due process) precludes the entry of an order compelling Mr. Kovalik to comply with the subpoena in any

respect.  *See* Rule 45(d)(2)(B)(ii) (compliance with a third-party subpoena may be required
"*only*" as directed in an order issued on a motion to compel filed by the serving party with notice
to the third party pursuant to Rule 45(d)(2)(B)(i)).

**B.**

As noted, Defendants filed a motion to quash the Subpoena that had been served on Mr.
Kovalik.  That motion appears to have generated the Special Master's Report and recommended
order with respect to Mr. Kovalik.  But the plain language of Rule 45 does not allow for a motion
to quash that is filed by a party to the litigation, rather than by the third party that has been
subpoenaed, to substitute for the filing of a motion to compel, with notice to the subpoenaed
third party, seeking an order requiring compliance with the subpoena and thus providing
occasion for consideration of the third party's objections.

Furthermore, the issues raised by a *party* seeking to quash a subpoena to a non-party are,
by definition, different from the issues the subpoenaed *non-party* may raise in objections to the
subpoena.  "Ordinarily a party has no standing to seek to quash a subpoena issued to someone
who is not a party to the action, unless the objecting party claims some personal right or privilege
with regard to the documents sought."  9A Wright & Miller § 2459.  *Accord Brown v. Braddick*,
595 F.2d 961, 967 (5th Cir. 1979).  Thus, a party's motion to quash must be based on *the party's*
interests, not on the interests and objections of the subpoenaed third party.  Plaintiff made that
precise point in opposing Defendants' motion to quash, insisting that the only issue properly
before the Court on that motion was whether production of the documents subpoenaed by
Plaintiff would infringe on a privilege or privacy interest of *the Defendants*, and that issues
concerning *Mr. Kovalik's* interests and potential objections were not to be considered in ruling
on Defendants' motion to quash.  Consistent with that position, Defendants' opposition to

8

Plaintiffs' motion to quash asked only that that motion be denied, and did *not* ask that an order be issued compelling any production by Mr. Kovalik. *See supra* at 3.

Thus, the denial of Defendants' motion provided no predicate for entering an order compelling production by Mr. Kovalik, without consideration of the issues he had raised in his objections and without affording him an opportunity to be heard.

## II. The Special Master's Third-Party Subpoena Procedures Do Not Apply Here and Cannot Support an Order Compelling Mr. Kovalik to Comply With the Subpoena.

The Procedures for Third-Party Subpoenas that the Court approved earlier this year on the Special Master's recommendation, although not entirely clear, appear to require that a subpoenaed third party covered by the Procedures must file objections with the Special Master directly rather than simply serving objections on the issuing party as provided under Rule 45. The Procedures also appear to allow the Special Master to consider such objections even in the absence of a motion to compel. But, however the Procedures may be construed, they do not apply to the subpoena at issue here.

In the first place, by their terms, the Procedures apply prospectively; they provide that the parties "may subpoena documents," and they provide further that a copy of the Procedures "must be served with the third-party subpoena on the Subpoenaed Party." Doc. # 266 ¶¶ 3-4; *id.* at p. 3 ¶ A. The Procedures thus cannot apply to a subpoena issued newly two years before the procedures existed, and which was served without a copy of the Procedures.

Furthermore, the Procedures cannot be applied in any event to a non-party who has not consented to their application, and who therefore has the right to insist on compliance with Rule 45. The Procedures themselves recognize that fact, stating at several points that the Procedures are applicable only to a non-party that has consented to them. *See supra* at 4; Doc. #266 at p. 3 ¶

9

B, p. 4 ¶¶ C, D, E, p. 5 ¶ F.  Indeed, the Procedures apply only "[i]f the Subpoenaed Party *expressly* consents to the Report & Recommendation and its Subpoena Procedures," in which event the Special Master "shall [be] notif[ied] … of such consent."  *Id.* at p. 4 ¶ C (emphasis added).

In short, the Subpoena to Mr. Kovalik was served nearly two years before the Procedures were adopted; he was never served with the Procedures; and he has not consented to them.  Thus the Procedures, by their terms, simply do not apply to Mr. Kovalik, nor *could* they apply absent his consent.  When the subpoena was served on Mr. Kovalik, he relied on Rule 45 and served timely objections.  The subsequent adoption of Procedures that may modify the requirements of Rule 45 as to *consenting* non-parties cannot divest Mr. Kovalik of protections under Rule 45, or impose obligations not required by the Rule, absent his consent.

## CONCLUSION

It is unclear how the proceedings on Defendants' motion to quash came to be regarded by the Special Master and the parties (or some of them) as the equivalent of a motion to compel Mr. Kovalik's compliance with the Subpoena.[2]   In any event, the result has been that the Special Master has issued a recommendation that appears to proceed on the erroneous assumption that Mr. Kovalik had not asserted objections to the Subpoena.  The Special Master's recommended order is not permitted by the Federal Rules or by due process.  If counsel for the Plaintiff and for Mr. Kovalik cannot resolve disputes over the scope of the Subpoena through a meet and confer process, and if Plaintiff then decides to seek an order compelling Mr. Kovalik to comply with the subpoena, Plaintiff must file a properly served motion to compel in the appropriate court, with

---

[2] Counsel for Mr. Kovalik has left telephone messages with Plaintiff's counsel concerning this matter, but the calls have not been returned.

notice to Mr. Kovalik, such that Mr. Kovalik's objections may be considered as required by the rules and by due process.

Respectfully submitted,

/s/ Richard P. Rouco
Richard P. Rouco
QUINN, CONNOR, WEAVER, DAVIES &
   ROUCO LLP
2770 Highway 280
Suite 380
Birmingham, AL  35223
(205) 870-9989
(205) 803-4143 (FAX)

Jeremiah A. Collins (*Pro Hac Vice* to be filed)
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W.
Suite 1000
Washington, DC  20005
(202) 842-2600
(202) 842-1888 (FAX)

*Attorneys for Daniel Kovalik*

Dated:  December 11, 2015

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2015, I filed a true and correct copy of the

foregoing via the Court's CM/ECF system, which will notify and serve the following:

W. Percy Badham, III
BADHAM  & BUCK LLC
2001 Park Place North
Suite 500
Birmingham, AL  35203

John W. Clark
Bradley J. Smith
Eric D. Bonner
CLARK HAIR & SMITH, PC
1000 Urban Center Drive, Suite 125
Birmingham, AL  35242

Andrew P. Campbell
Andrew T. Campbell
Stephen D. Wadsworth
CAMPBELL GUIN WILLIAMS
 GUY AND GIDIERE LLC
505 20th Street North, Suite 1600
Birmingham, AL  35203

William Anthony Davis, III
Benjamin T. Presley
H. Thomas Wells, III
STARNES FLORIE LLP
P.O. Box 598512
Birmingham, AL  35259-8512

Eric J. Hager
CONRAD & SCHERER LLP
1301 Connecticut Ave. NW, Suite 350
Washington, D.C.  20036

Sara E. Kropf
LAW OFFICE OF SARA KROPF PLLC
1001 G. Street NW, Suite 800
Washington, D.C.  20001

T. Michael Brown
Carlyn Emily Miller
BRADLEY ARANT BOULT
  CUMMINGS LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL  35203

Andrea E. Neuman
GIBSON DUNN  & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193

J. Bentley Owens, III
ELLIS HEAD OWENS & JUSTICE
P.O. Box 587
Columbiana, AL  35051

Robert K. Spotswood
Michael Sansbury
William Thomas Paulk, II
SPOTSWOOD SANSOM & SANSBURY LLC
One Federal Place
1819 5th Avenue North, Suite 1050
Birmingham, AL  35203

/s/ Richard P. Rouco
Richard P. Rouco