# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC., | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No.: 2:11-cv-3695-RDP |
| | } |
| TERRENCE P. COLLINGSWORTH, et al., | } |
| | } |
| Defendants. | } |

## MEMORANDUM OPINION AND ORDER

The court has before it the Report and Recommendation of Special Master Regarding Various Third Party Subpoenas (Doc. #409) filed on November 19, 2015. Pursuant to the Order (Doc. #129) of May 28, 2014 all objections have been timely filed and briefed (Docs. #414, 415, 419, 426, 434, 435), and the Report and Recommendation (Doc. #409) is now before the court for review.[1]

The Report (Doc. #409) addresses several specific subpoenas that (1) have been served on third parties in this action and (2) are currently before the Special Master on various motions. Specifically, subpoenas have been served upon First United Bank ("First United"), Daniel A. Kovalik ("Kovalik"), International Rights Advocates ("IRA"), and William Wichmann ("Wichmann"). (Doc. #409, ¶ 2). Those subpoenas are also the subject of four separate miscellaneous cases that are currently before this court. (*See* 2:14-mc-621-RDP; 2:14-mc-681-RDP; 2:14-mc-1346-RDP; 2:15-mc-645-RDP). On July 1, 2015, the Special Master recommended a set

---

[1] Although this case has been stayed pending interlocutory review of the Memorandum Opinion and Order (Doc. #417) of December 7, 2015, the parties have agreed that certain aspects of discovery, including review of the Report and Recommendation Regarding Various Third Party Subpoenas (Doc. #409), should continue forward during the pendency of the interlocutory appeal. (Docs. #421, 433).

of procedures for handling third party subpoenas. (Doc. #266). Those procedures were adopted by the court on August 13, 2015. (Doc. #291).

The parties have attempted to narrow the scope of the subpoenas served on First United and Mr. Kovalik. (Doc. #409, ¶¶ 5-7). Except to the extent expressly indicated below, those attempts have been unsuccessful and, therefore, it has become necessary for the Special Master and this court to intervene. (Doc. #409, ¶ 8). The court addresses each of the outstanding subpoenas in turn.

First United Bank

First United is one of the financial institutions with which Defendants maintain bank accounts, and is Conrad & Scherer's principal bank. (Doc. #409, ¶ 9; Doc. #415 at 3). Plaintiff served First United with a subpoena in the Southern District of Florida on or about April 28, 2014. (Doc. #409, ¶ 10). Briefing was completed on a motion to quash and/or for a protective order filed by Defendants and the case was transferred to the Northern District of Alabama, 2:14-mc-1346-RDP. (Doc. #409, ¶¶ 10, 11). The pending motion was filed by Defendants. No motion was filed by First United. Defendants argue that the subpoena seeks privileged and confidential business and financial information regarding the Defendants' bank account at First United and that the request is duplicative, overbroad, and seeks irrelevant information. (Doc. #409, ¶ 12; Doc. #426 at 11).

The Special Master has recommended that the motion to quash and/or for a protective order be denied, subject to the Special Master's *in camera* review to consider objections based on privilege, work product and/or relevance based on a document-by-document basis. (Doc. #409, ¶ 15). Defendants object to that recommendation, arguing that: (1) the time period covered by the subpoena should be narrowed; (2) the substantive scope of financial documents sought should be narrowed; and (3) restrictions set out by the court regarding privilege logs should be considered. (Doc. #415 at 1-2). Drummond counters that the third party subpoena procedures adopted by the

court on August 13, 2015 are sufficient to address the relevancy objections without need for further intervention. (Doc. #291). Drummond further argues that the requested subpoena is, in actuality, not broad enough because it was drafted before Drummond became aware of all of the witnesses who had received payments. (Doc. #426 at 9). Drummond asserts that this broad approach to discovering the money transfers in Colombia or Panama is necessary, in light of money laundering schemes alleged. (Doc. #426 at 9).

Having carefully considered the objections and briefs related thereto, the Report and Recommendation (Doc. #409) is **ADOPTED** and **APPROVED** as to the subpoena served on First United Bank. First United Bank **SHALL** produce responsive documents within twenty-one (21) days of the date of this Order, at which time the Special Master will provide the documents to Defendants for review and objection as to work product, privilege, and/or relevance in accordance with the order of July 6, 2015. (Doc. #268). The Special Master will then review those documents *in camera*. A separate order will be entered in case 2:14-mc-1346-RDP denying the pending motion to quash and closing that miscellaneous case.[2]

Daniel Kovalik

On or before August 16, 2013, Daniel Kovalik, then the Associate General Counsel for the United Steelworkers Union and former co-counsel with Collingsworth in *Drummond I*, was served with a subpoena for documents in the Western District of Pennsylvania. (Doc. #409, ¶¶ 17, 18). After a motion to quash and/or for protective order was filed by the Defendants, the case was transferred to the Northern District of Alabama on November 14, 2013. (Doc. #409, ¶¶ 18, 19).

---

[2] Defendants' Motion to Quash Subpoena to First United Bank and/or Motion for Protective Order (Doc. #1) in 2:14-mc-1346-RDP is also due to be denied because Defendants have no personal right or privilege in their financial records held by First United, and therefore lack standing to contest the subpoena. *See United States v. Willis*, 759 F.2d 1486, 1498 (11th Cir. 1985) ("[A] bank depositor has no interest in the bank's records of his accounts.").

Briefing was completed on the motion to quash and/or for a protective order on November 6, 2013. (Doc. #409, ¶ 18). The pending motion filed by Defendants argues that the subpoena seeks privileged and attorney work product information and imposes an undue and duplicative burden on Defendants and Mr. Kovalik. (Doc. #409, ¶ 20).

While Mr. Kovalik did not make any filings regarding the subpoena before the Special Master, he did file objections to the Report and Recommendation of the Special Master in this court on December 11, 2015. (Doc. #419). And he had previously served Defendants with objections to the subpoena pursuant to Rule 45 on or about August 22, 2013. (Doc. #419 at 2). Those objections raised the following issues: (1) that, because Plaintiff acknowledged that the information it was seeking was within Defendant Collingsworth's possession and control, discovery from Defendant Collingsworth should be exhausted before documents were subpoenaed from Mr. Kovalik; (2) that the subpoena exceeded the permissible scope of discovery as defined by the parties' and the court's scheduling order; (3) that the requested production would subject Mr. Kovalik to undue burden; and (4) that the subpoena would require production of documents protected by attorney/client privilege and/or the work product doctrine. (Doc. #419 at 2).

With respect to his objections to the Report and Recommendation of the Special Master, Mr. Kovalik argues: (1) he has not consented to the Subpoena Procedures agreed upon by the parties and approved by the court (Doc. #291); (2) he was not involved in any discussions on the possible narrowing of the subpoena; and (3) he served Defendants with objections to the subpoena itself in accordance with Rule 45(d)(2)(B) on August 22, 2013. (Doc. #419 at 6-10). In addition, Defendants have objected to the Special Master's Report and Recommendation regarding the Kovalik subpoena on these additional grounds: (1) the Report and Recommendation incorrectly states that Kovalik did not file any objections; (2) the time period of the subpoena is too broad and should be limited to

4

January 1, 2007 through December 31, 2013; (3) no third party subpoena recipient should be required to log documents post January 1, 2013 or be required to produce categories of documents specifically excluded from discovery among the parties; and (4) the documents requested are overbroad and seek privileged and work product material. (Doc. #415 at 5-9). Drummond counters by asserting that neither Mr. Kovalik or Defendants have presented enough information about the requested documents to allow for proper examination of the claims of protection. (Doc. #426 at 11-12).

After careful review of the objections to the Report and Recommendation of the Special Master (Doc. #409) on issues related to the subpoena to Daniel Kovalik, the Report and Recommendation is **OVERRULED** as follows:

- The Motion to Quash filed by Defendants (not Mr. Kovalik) in 2:14-mc-681-RDP is due to be denied. Defendants lack standing to assert (and therefore cannot properly assert) a claim that production of documents would infringe on the rights of Mr. Kovalik. Moreover, Defendants' objections on the grounds of privilege and protected work product are moot by operation of the court's memorandum Opinion and Order (Doc. #417) regarding the crime-fraud exception. A separate order will be entered in the miscellaneous case denying the motion and closing the case.
- The Subpoena Procedures (Doc. #266) agreed upon by the parties do not currently apply to the subpoena issued upon Mr. Kovalik. Mr. Kovalik never consented to the Subpoena Procedures. (Doc. #419 at 9). On or about August 13, 2013 (two years *before* the Subpoena Procedures were agreed upon by the parties), Mr. Kovalik served Defendants with Rule 45 objections to that subpoena. The court has not been made aware of any motion to compel filed by Plaintiffs in the Western District of Pennsylvania. The court has not been made

5

aware of any request or attempt by Plaintiffs to have Mr. Kovalik consent to the Subpoena Procedures adopted by this court and the parties to this action. Plaintiffs are **DIRECTED** to meet and confer with Mr. Kovalik and/or his counsel in an effort to resolve the issues presented by the third party subpoena.

International Rights Advocates

International Rights Advocates ("IRA") is a non-profit organization created to "promote[] human rights and corporate accountability through legal advocacy and capacity building." (Doc. #409, ¶ 25). In February 2008, IRA became affiliated with Conrad & Scherer LLP in human rights litigation. (Doc. #409, ¶ 25). And at the time a notice of intent to serve subpoena was issued to IRA, Collingsworth was the Executive Director of the IRA. (Doc. #409, ¶ 25).

On August 16, 2013, IRA filed a motion to quash and/or for a protective order in the District of Colombia on the grounds that the subpoena was overbroad and sought privileged material and attorney work product. (Doc. #409, ¶¶ 26, 28). Briefing was completed on October 24, 2013 and a hearing was held by Magistrate Judge Deborah A. Robinson on February 25, 2014. (Doc. #409, ¶ 27). Magistrate Robinson entered a Minute Order on February 26, 2014 denying the motion without prejudice. (Doc. #409, ¶ 27). The case was then transferred to the Northern District of Alabama. (Doc. #409, ¶ 27). The Special Master has recommended that IRA be required to produce the subpoenaed documents to the Special Master for *in camera* review subject to a limitation that IRA not be required to re-produce documents already produced by Defendants in this litigation. (Doc. #409, ¶ 31).

On December 4, 2015, IRA filed objections to the Report and Recommendation of the Special Master. Specifically, IRA argues that the subpoena, as issued, should be modified in the following respects: (1) the time period for the subpoena should be limited; (2) the subpoena to a third

party should not be permitted to circumvent limitations to discovery agreed upon by the parties, particularly as targeted to privileged documents; and (3) the requests are overbroad. (Doc. #414 at 1-2). Drummond counters by asserting that: (1) the time period should not be further limited because IRA's predecessor entity was the International Labor Rights Fund ("ILRF") which involved Collingsworth's human rights cases; there is information that the predecessor was involved with witness payments; (2) the landscape of the case has changed since the court's entry of the October 15, 2014 order (Doc. #151), uncovering additional individuals who may have been involved with payments to witnesses; and (3) Drummond has suggested limitations of the subpoena in the past, but repeated misstatements to Drummond and the court prevent Drummond from trusting IRA. (Doc. #426 at 13-17).

After careful review of the objections to the Report and Recommendation of the Special Master (Doc. #409) on issues related to the subpoena to International Rights Advocates, the Report and Recommendation is **ADOPTED** and **APPROVED IN PART** and **OVERRULED IN PART** as follows:

- The time period for the subpoena shall be limited to begin in January 2005.[3]
- Although the court has heretofore established a discovery log cut-off date of January 1, 2013 (Doc. #151), there is no question that the case has expanded and changed since the time that order was entered. As the subpoena was served on or about August 1, 2013, that will serve as the discovery cut-off date for this subpoena to be expanded, if necessary, following review of responsive documents.

---

[3] Depending upon what is discovered when these documents are reviewed, the court will consider a properly supported request to expand this time period to January 2003.

- All remaining objections are overruled.  The documents responsive to the subpoena, as limited herein, shall be produced to the Special Master for *in camera* review.  International Rights Advocates **SHALL** produce responsive documents within twenty-one (21) days of the date of this Order, at which time the Special Master will provide the documents to Defendants for review and objection as to work product, privilege, and/or relevance in accordance with the order of July 6, 2015. (Doc. #268).  A separate order will be entered in case 2:14-mc-621-RDP denying the pending motion to quash and closing that miscellaneous case.

William Wichmann

William Wichmann worked as a contract partner at Conrad & Scherer from 2005 to 2009. (Doc. #409, ¶ 33).  On or about October 7, 2014, Plaintiff issued a notice of intent to serve a subpoena for documents on Wichmann.  The documents sought pertain to a lawsuit pending in state court in Broward County, Florida. (Doc. #415 at 9).  The Defendants filed a motion to quash in the Southern District of Florida. (Doc. #409, ¶ 34).  The motion to quash contends that the subpoena seeks documents that are privileged, irrelevant, confidential, and covered by attorney work product. (Doc. #409, ¶ 35; Doc. #415 at 10).  The subpoena was transferred to this court on April 16, 2015 as case number 2:15-mc-645-RDP. (Doc. #409, ¶ 37).  Wichmann has not filed any motions or objections related to the subpoena. (Doc. #409, ¶ 38).

Defendants argue that the Wichmann subpoena is overly broad in a variety of ways, primarily because "the *Wichmann* case in Broward County has nothing to do with the *Drummond* or *Dole* matters, and there are only some very peripheral documents related to witness issues in the *Dole*, *Drummond*, and *Chiquita* cases." (Doc. #415 at 10).  Defendants seek to have Drummond narrow the subpoena due to concerns of overbreadth and privilege. (Doc. #415 at 14-18).  But they do not

8

object to Request Nos. 4 through 8 of the subpoena. (Doc. #415). They do object to requests seeking all documents and privilege logs produced in the *Wichmann* case and argue that Drummond should be subject to the Protective Order in the *Wichmann* case. (Doc. #415 at 18). Drummond counters that because the requests seek some relevant information, we should err on the side of requiring production. (Doc. #426 at 18-19). With regard to the privilege logs, Drummond argues that comparison of logs may reveal evidence of fraudulent concealment. (Doc. #426 at 19).

After careful review of the objections to the Report and Recommendation of the Special Master (Doc. #409) on issues related to the subpoena to William Wichmann, the Report and Recommendation is **ADOPTED** and **APPROVED**. The only reasonable way to assess the relevancy, overbreadth, and privilege concerns advanced by Defendants is to have the Special Master review the documents *in camera* after Defendants review those documents in accordance with the Subpoena Procedures (Doc. #266). A separate order will be entered in case 2:15-mc-645-RDP denying the pending motion to quash and closing that miscellaneous case.[4]

**DONE** and **ORDERED** this _____22nd_____ day of January, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[4] Defendants' Motion to Quash Subpoena or in the Alternative Motion for Protective Order (Docs. #1, 6) in 2:15-mc-645-RDP may also be due to be denied on the question of standing, as William Wichmann has filed no objections to the subpoena or to the Report and Recommendation of the Special Master (Doc. #409). However the court makes no independent review of that issue at this time.

9