IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC., | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 2:11-cv-3695-RDP ) |
| TERRENCE P. COLLINGSWORTH, individually and as agent of Conrad & Scherer, LLP; and CONRAD & SCHERER, LLP, | ) **OPPOSED** ) ) ) ) |
| Defendants. | ) ) |

### **DRUMMOND COMPANY INC.'S MOTION TO PARTIALLY LIFT THE STAY**

Drummond Company, Inc. ("Drummond") respectfully requests that this Court lift the stay in this matter to allow the Special Master to review and sort documents for production. As grounds for this motion, Drummond states as follows:

1. On October 17, 2016, this Court stayed this case pending the resolution of Conrad & Scherer, LLP's ("C&S") interlocutory appeal of this Court's crime-fraud opinion. Doc. 500.

2. On April 16, 2018, while C&S's interlocutory appeal was pending on C&S's petition for panel rehearing, the Parties filed a Joint Report, Doc. 508, as directed by this Court.

3. One of the issues specifically raised by this Court and addressed by the Parties in their Joint Report was "[s]hould the Special Master continue to review and sort documents subject to his review." *Id.* at 2. The Parties' joint position was as follows: "No, the Special Master should refrain from conducting any further review in this regard ***until Conrad & Scherer's interlocutory appeal is final and a mandate issues.***" *Id.* (emphasis added).

4. C&S's appeal is now final, and the Eleventh Circuit issued its mandate on May 16, 2018. Doc. 509.

1

5. Following the issuance of the Eleventh Circuit's mandate, Drummond filed a motion for a status conference, which this Court granted and initially set on July 10, 2018. Doc. 511. That hearing was subsequently moved to July 30, 2018 at Defendants' request. Doc. 512. Shortly after this re-setting, Drummond's counsel reached out to the Defendants to determine whether they would oppose a motion which asked that this Court allow the Special Master to review and sort documents while the parties await the July 30th status conference.

6. Collingsworth and C&S oppose this motion. Collingsworth stated reason for doing so is that "the motion [i]s premature without further discussion as to the scope of the review and the legal standard to be applied." Ex. 1. C&S asserted that "[t]here are many complicated and unresolved issues regarding the in camera review process, which we will be prepared to address at the scheduling conference that Drummond requested." *Id.* After Drummond asked that C&S clarify what "issues" it was referring to, C&S again vaguely responded that "the crime-fraud opinion leaves unaddressed a number of issues that we believe should be settled, with court involvement and approval, on the front end before the review process begins prematurely." *Id.* C&S did not actually identify any of the "issues" that ostensibly underlie its opposition to this motion.

7. Collingsworth's stated reasons for opposing this motion are meritless. The scope of the Special Master's review is clearly defined – his principal task is to review all of the documents withheld on claims of privilege by the Defendants (and third parties that have agreed to transfer miscellaneous subpoena proceedings back to this Court pursuant to Fed. R. Civ. P. 45(f)) to determine whether such should be produced, whether pursuant to the crime-fraud exception or any other reason. *See* Doc. 129 (May 28, 2014 Stipulated Order Appointing Special Master) at 2 ("The Special Master shall have the authority to oversee discovery in this matter,

including the resolution of all disputes between the Parties with respect to any aspect of discovery."); Doc. 266 (July 1, 2015 R&R) (setting forth a procedure by which the Special Master will review documents produced by third parties in response to subpoenas).  The "legal standard" to be applied in the Special Master's review is equally clear.  Indeed, the standard by which documents are produced pursuant to the crime-fraud exception is well settled in this circuit, and was reiterated by the Eleventh Circuit in this case.  *See Drummond Company, Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1334-35 (11th Cir. 2018) (setting forth the legal framework of the crime-fraud exception); *see also id.* at n.14.

8.  C&S's stated reasons for opposing this motion – that this case is "complicated" and that there are "issues regarding the in camera review process" – are equally unavailing.  The complexity of the discovery disputes and in camera review process in this case are precisely why a Special Master was appointed in the first place.  They certainly do not constitute reasons why the Special Master should be precluded from performing his duties.  And despite Drummond's request, C&S failed to actually identify any "issue" that supposedly supports its opposition to this motion, instead vaguely asserting that undefined "issues" ought to preclude any review or sorting whatsoever.  *See* Ex. 1.  Simply put, the relief Drummond seeks will allow the Special Master to review and sort documents so that, once the stay is fully lifted, this case can efficiently move forward and the Special Master can be ready to issue R&Rs regarding the production of documents.  To the extent C&S believes there are "issues," C&S can raise them at the July 30th hearing, as it apparently intends to do.

9.  The real reason Defendants oppose this motion is obvious.  Defendants' *modus operandi* in this case has been to avoid, through whatever means possible, discovery of information relating to their witness payments and misrepresentations to this Court.  They have claimed

{B2880382}

privilege over the vast majority of documents responsive to Drummond's discovery requests. They have filed motions seeking to quash virtually every third party subpoena Drummond has served, while simultaneously insisting on an elaborate and unprecedented third party subpoena procedure. They have filed multiple motions to stay. They filed two interlocutory appeals, and lost both of them.[1] In total, those interlocutory appeals took nearly three years to resolve. The last five years of this case have been principally devoted not to merits-based discovery, but rather to trying to unravel, and litigate the consequences of, the Defendants' fraud on the court and misrepresentations regarding the nature and extent of their witness payments.[2] Now, notwithstanding their prior representation that the Special Master's review and sorting of documents should commence once C&S's interlocutory appeal was final and a mandate issued (which has now happened), Doc. 508 at 2, Defendants have resumed their delay tactics.

10.   Another court recently admonished and sanctioned Collingsworth and C&S for these improper tactics. During the pendency of the crime-fraud appeal, United States District Court Judge Kenneth Marra ordered the production of numerous documents relating to witness payments and spoliation withheld by Collingsworth and C&S in the *Chiquita* MDL litigation, finding that "[u]pon careful review of the documents submitted *in camera* for inspection, and briefing of the parties, the Court does not find justification for the assertion of work product or

---

[1] There was also an appeal filed in one of the miscellaneous proceedings relating to Drummond's third party subpoenas. That effort was equally unsuccessful. *See Drummond Co., Inc. v. Terrence P. Collingsworth, Conrad & Scherer, LLP*, 816 F.3d 1319 (11th Cir. 2016) (dismissing an appeal filed by C&S's co-counsel for lack of jurisdiction).

[2] This Court has repeatedly recognized that this case has experienced substantial delay while the Defendants were afforded the ability to protect their purportedly privileged documents. *See* Doc. 473 (Apr. 19, 2016 Hrg. Tr.) at 14:8-15 ("[THE COURT: . . .] Having said that, what I contemplated is that we would parse out anything that went up and still keep this case moving, because, quite frankly, it was filed almost five years ago. I just don't have three-year-old cases on my docket, and all of a sudden now I've got two or three, for various reasons, so I'm not -- my inclination is not to go back into my office, sit still, and wait for you all to get done at the Eleventh Circuit and then take everything up."), at 53:24-54:4 ("THE COURT: I think I have gone well above and beyond the call of duty with respect to protecting your client's interests there. We're not going to sit on a 4 1/2-year-old case . . . .").

{B2880382}

attorney-client privilege as a shield against the disclosure of these documents." Ex. 2 (Dec. 20, 2017 *Chiquita* MDL Order) at 2.[3]  Significantly, Judge Marra also found that "[b]ased on the ***historical dilatory and obstructionist discovery misconduct*** of [C&S and Collingsworth] catalogued in Chiquita's motion to compel [DE 1080], and [C&S and Collingsworth]'s ***patent lack of good faith in the assertion of privilege as purported ground for withholding the vast majority of responsive documents on the witness payment issue***, the Court **GRANTS** the Defendant's request for attorney's fees and costs incurred in the litigation of this motion." *Id.* at 5 (emphasis added).

11.     The next month and a half can be efficiently utilized by the Special Master to review and sort documents, which a process that will take a significant amount of time due to the volume of documents withheld by the Defendants on claims of privilege.  Defendants' opposition to this motion is nothing more than their latest attempt to further obstruct the discovery of information that will shed light on the extent of their witness payments and fraud on the court.  It should be rejected.

---

[3] Judge Marra ordered the production of, *inter alia*, "(1) expense account reimbursement requests by Terrence Collingsworth, a former partner at Conrad & Scherer's Washington D.C. office; (2) cost ledgers reflecting, *inter alia,* a number of petty cash disbursements and wire transfers to various individuals in Colombia; (3) internal office emails and memos concerning travel itineraries and expense reimbursements for various individuals in Colombia; (4) emails and memos concerning IT email recovery efforts and replacement and 'wiping' of Attorney Terry Collingsworth's laptop [ . . .] documents regarding payments offered, considered or requested by Colombian attorney Ivan Otero Mendoza [and . . .] a complete unredacted copy of the June 15, 2012 Leete memorandum," all without resort to the crime-fraud exception.  *See* Ex. 2 (Dec. 20, 2017 *Chiquita* MDL Order) at 2-4.

The Special Master should likewise review documents for production not only pursuant to the crime-fraud exception, but for any other reason, including the lack of any ground on which to assert privilege in the first instance. *See, e.g.,* Doc. 64 (Oct. 15, 2013 Order) at 2 & Doc. 63 (Oct. 10, 2013 Hrg. Tr.) at 38:18-39:17 (ordering production of C&S's financial documents).  Notably, this Court previously held that "even if there were no allegation in this case that Defendants committed any crime or fraud, many (if not all) of the categories of documents withheld under work production would nevertheless be discoverable. Information 'that would otherwise be protected must be produced if the knowledge, mental impressions, opinions, and advice of a lawyer or law firm are at issue in a litigation to which the lawyer or law firm is a party.' Wright & Miller, Fed. Prac. and Proc. § 2026 (Supp. 1994). The central issue in this case is 'who knew what and when did they know it, to borrow the old Watergate question.' (Doc. #311-2 at 351). As such the mental impressions of the lawyers are uniquely intertwined with the allegations of misconduct in this case." Doc. 417 at 6 n.6.

5

WHEREFORE, Drummond respectfully requests that this Court enter an order directing the Special Master to resume his review and sorting of documents.

Respectfully submitted,

| | |
|---|---|
| */s/ H. Thomas Wells, III* | */s/ Sara E. Kropf* |
| William Anthony Davis, III (ASB-5657-D65W) | Sara E. Kropf |
| H. Thomas Wells, III (ASB-4318-H62W) | LAW OFFICE OF SARA KROPF PLLC |
| Benjamin T. Presley (ASB-0136-I71P) | 1001 G St. NW, Suite 800 |
| STARNES DAVIS FLORIE LLP | Washington, DC 20001 |
| P.O. Box 59812 | (202) 627-6900 |
| Birmingham, AL 35259 | |
| (205) 868-6000 | |
| fax: (205) 868-6099 | |

*Attorneys for Drummond Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on **June 15, 2018**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notice to the following counsel of record.

Special Master T. Michael Brown, Esq.
Ms. Carly Miller, Esq.
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
mbrown@babc.com
camiller@babc.com

Robert Spotswood
William K. Paulk
SPOTSWOOD SANSOM & SANSBURY, LLC
One Federal Place
1819 Fifth Avenue North, Suite 1050
Birmingham, Alabama 35203
rks@spotswoodllc.com
wpaulk@spotswoodllc.com
*Attorneys for Conrad & Scherer, LLP*

{B2880382}

Terrence P. Collingsworth
621 Maryland Avenue NE
Washington, D.C. 20002
Phone: (202) 255-2198
tc@iradvocates.org
*Pro se*

                                                  */s/ H. Thomas Wells, III*
                                                  H. Thomas Wells, III (ASB-4318-H62W)