IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DRUMMOND COMPANY, INC.,** | ) |
| | ) |
| Plaintiff , | ) |
| | ) |
| vs. | ) 2:11-cv-3695-RDP-TMP |
| | ) |
| **TERRENCE P. COLLINGSWORTH,** individually and as agent of Conrad & Scherer, LLP; and **CONRAD & SCHERER, LLP,** | ) |
| | ) |
| Defendants . | ) |

## MEMORANDUM OPINION AND ORDER

The court held a telephone conference in this case on October 2, 2019 at the request of Drummond Company, Inc. ("Drummond"). Drummond seeks expedited review of 234 documents subject to now-pending objections to the Special Master's Reports and Recommendations (Docs. # 569-2, 572-2, 590-2). Of those 234 documents, the court has agreed to review the four documents which Plaintiffs have highlighted on an expedited basis. For the reasons set forth herein, the court finds that those four documents are due to be produced pursuant to the crime-fraud exception.

As set out by the court in its earlier Memorandum Opinion and Order (Doc. #417) dealing with the crime-fraud exception, the Special Master is tasked with "carefully scrutiniz[ing]" *in camera* documents "to determine whether they are due to be produced to Plaintiff because they were *in furtherance of, or closely related to*, the unrebutted first prong of the *Schroeder* test." (Doc. #417 at 45) (emphasis added). On interlocutory appeal, the Eleventh Circuit agreed with this court that the Special Master is to assess on a document-by-document basis whether the item at issue "(1) reflects a communication used to further a crime or fraud or was closely related to it or (2) was created to further a crime or fraud or was closely related to it." *Drummond Co., Inc. v.*

1

*Conrad & Scherer, LLP*, 885 F.3d 1324, 1339 n. 14 (11th Cir. 2018) (citing *Cox*, 17 F.3d at 1422; *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1227 (11th Cir. 1987)).

Defendants argue that although the Special Master has articulated the correct standard in his Amended Reports and Recommendations, the application of that standard is flawed. (Doc. #593 at 2; Doc. # 594 at 2). Defendants maintain that information which may constitute evidence of a witness bribery scandal and cover up (such as documents related to payments to witnesses or discussions about discovery requests concerning such payments) is not discoverable under the crime-fraud exception. (Doc. #593 at 5). In support thereof, Defendants cite non-binding authority from the Second Circuit, not the law of this case. (Doc. #593 at 4-5) (quoting *United States v. Jacobs*, 117 F.3d 82, 88 (2d. Cir. 1997) ("the crime fraud exception has a narrow and precise application: It applies only when the communications between the client and his lawyer further a crime, fraud, or other misconduct. It does not suffice that the communications may be related to a crime.")). In fact, Defendants recognize that the Eleventh Circuit's "closely related to" iteration of the crime-fraud standard "may be inconsistent with the proposition that a document is not discoverable under the crime-fraud exception simply because it reflects evidence of a crime," but maintain that the purpose of the crime-fraud exception trumps the articulation of the standard. (Doc. #593 at 4) ("C&S adhered to the Eleventh Circuit's repeated observations that the 'purpose' of the crime fraud exception is to 'identify communications that should not be privileged because they were used to further a crime or fraud.'").

The Eleventh Circuit has clearly articulated the standard to be applied to the review of documents under the crime-fraud exception, and that is the standard that will be applied here.[1]

---

[1] Defendants' argument related to the application of the standard was considered in the crime-fraud hearing. Counsel for Defendants argued that an agreement between Otero and Collingsworth "did not say anything about quid pro quo" and therefore could not be subject to the crime-fraud exception. (Doc. #391 at 783). The court responded: "Well, it would be pretty stupid if it did, wouldn't it? You know, a signed receipt; this is for a bribe for a witness, please sign

The Special Master has reviewed the four documents at issue, and has determined that they are due to be produced with certain redactions. The court agrees in part.

- The Special Master recommended that portions of document **CSPRIV410282** be produced under the crime-fraud exception, but that other portions be redacted before production. Defendants agree that paragraph 2 of the document is arguably "closely related to" the alleged crimes or frauds at issue. (Doc. #593 at 7). Defendants object to the production of the remaining portions of the document. The court finds that the document is due to be produced in its entirety, without redactions because its provisions are "closely related to" the alleged crimes or frauds related to witness bribery and suborning perjury. For example, in the document, permissions for depositions are discussed, expenses are authorized, "costs to JBM," "JBM's impatience," and security payments are referenced.

- Document **CSPRIV441407** is an email discussing a draft declaration of "ET" with the draft declaration attached at **CSPRIV441408-441412**. The Special Master has recommended that these documents be produced with a single redaction. The court agrees with the Special Master's recommendation, but finds again that the redacted portion is due to be produced as it is "closely related to" the alleged crimes or frauds

---

this. Is that how the world works these days?" (*Id.*). The point was also addressed by the court's Memorandum Opinion of December 7, 2015 (Doc. #417 at 30, n. 20) ("It's almost Alice in Wonderland. First the verdict, don't worry about the trial. We don't – we don't want to share any information that may conflict with what our position is. We're asking you to just accept our position."). Specific intent is rarely proven by direct evidence - most likely *no* documents would be due to be produced if a smoking gun standard were applied. *United States v. White*, 663 F.3d 1207, 1214 (11th Cir. 2011) (affirming a federal bribery conviction while rejecting the appellant's argument regarding a lack of direct evidence explaining that "[t]he corrupt usually don't advertise their corrupt ways … [and] the extent to which the parties … conceal their bribes is powerful evidence of the corrupt intent."); *United States v. Suba*, 132 F.3d 662, 673 (11th Cir. 1998) ("Guilty knowledge can rarely be established by direct evidence, especially in respect to fraud crimes which, by their very nature, often yield little in the way of direct proof."). Instead the Special Master was following the task clearly set out for him by this court and the Eleventh Circuit.

of witness bribery and suborning perjury. In the document, there is mention made of "security and relocation funds." Attorney comments on the draft declarations are necessary to compare how the declarations changed over time.

- Document **CSPRIV479561** is an email discussing rates paid to Ivan Otero for "work on JBM." Document **CSPRIV479562** is a time sheet drafted by Lorraine Leete reflecting hours spent by Ivan Otero meeting and following up with Jaime Blanco. The court finds that these documents are due to be produced because the provisions in the documents are "closely related to" the alleged crimes or frauds of witness bribery and suborning perjury.

The parties are **DIRECTED** to create a protocol for production of these documents in connection with ongoing investigations in Colombia such that Defendants' appellate rights are preserved.

**DONE** and **ORDERED** this October 4, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE