# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:11-cv-3695-RDP |
| TERRENCE P. COLLINGSWORTH, individually and as an agent of Conrad & Scherer, LLP; and CONRAD & SCHERER, LLP, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The Special Master has submitted five Reports and Recommendations regarding the application of the crime-fraud exception to the attorney-client and work product privileges. (Docs. # 569, 572, 590, 622, 633). This matter is before the court on Defendant Terry Collingsworth's objections to those Reports and Recommendations. (Doc. # 634).

**I.   Background**

Lest we forget why the parties and the court are going through this arduous process, a quick reminder may be in order. It came to the parties and the court's attention that Collingsworth, a Defendant in this case and Plaintiffs' counsel in a number of cases against Drummond Company, Inc. (which is the Plaintiff in this case), had made payments to certain witnesses related to those prior cases against Drummond. "Drummond served discovery requests about the methods Collingsworth and his litigation team had used in the alien tort cases to secure testimony from the witnesses, including information about any payments made to the witnesses." *Drummond Co., Inc.*

*v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1330 (11th Cir. 2018). This court determined that those witness payments were a proper subject of discovery in this case. (Doc. # 64 at 3-4).

During the course of this litigation and other matters, Collingsworth "repeatedly made knowingly false representations in pleadings, affidavits, correspondence, and open court [which] rise[] far above the level of mere discovery violations." (Doc. # 417 at 17). The years-long series of false representations are set forth in detail in the court's December 7, 2015 Memorandum Opinion and Order at pages 8-17. (Doc. # 417 at 8-17).

Collingsworth and Conrad & Scherer asserted that much of the discovery into witness payments was precluded by the attorney-client privilege or the work product privilege. (*See, e.g.,* Doc. # 62). In response, "Drummond asked the court to hold that the crime-fraud exception vitiated Collingsworth and C&S's claims of attorney-client privilege and work product protection." *Drummond*, 885 F.3d at 1331. This court "made a preliminary determination that the crime-fraud exception may apply to overcome their assertions of privilege and attorney work product protection and ordered a special master to perform an *in camera* review to determine whether the crime-fraud exception does apply." *Id.* at 1327. Specifically, the court "determined that the crime-fraud exception's first prong was satisfied as to three crimes: fraud on the court[1], witness bribery, and suborning perjury." *Id.* at 1332. The court certified its order for immediate appeal. (Doc. # 417 at 49).

---

[1] Fraud on the court is a particular type of fraud "which does[,] or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (internal marks omitted). Fraud among parties, without more, or fraud that can be exposed at trial, such as perjury, is not fraud on the court. *Id*. Instead, fraud on the court involves "the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Gupta v. U.S. Atty. Gen*., 2014 WL 685403, at *1 (11th Cir. 2014) (internal marks omitted). Thus, fraud on the court generally involves "'an unconscionable plan or scheme' to improperly influence the court's decision." *Gupta v. Walt Disney World Co*., 519 F. App'x 631, 32 (11th Cir. 2013) (quoting *Rozier v. Ford Motor Co*., 573 F.2d 1332, 1338 (5th Cir. 1978)).

Collingsworth and C&S filed separate petitions with the Eleventh Circuit, seeking permission to file interlocutory appeals from this court's order. *Drummond*, 885 F.3d at 1334. Two different motion panels ruled on the petitions. Collingsworth's petition was denied. (Doc. #457). A separate motion panel granted Conrad & Scherer's petition, but limited review to the following two questions:

> 1. Can agency principles be used to impute the application of the crime-fraud exception to an agent's principal where the principal has separately-held privileges as a co-defendant in the suit and there is no finding that the exception applies directly to the principal?
>
> 2. Can agency principles be used to impute the application of the crime-fraud exception to an agent's principal where the agent is operating as an attorney and there is no finding that the client's behavior triggered the crime-fraud exception or that the exception applies directly to the principal?

(Doc. # 453).

Conrad & Scherer then filed a motion to confirm exclusive jurisdiction over this court's December 7, 2015 order; which was granted by a third motions panel. That panel expanded the scope of appellate review (*see id.* at 2) ("[T]he entire Order is before us on appeal.") and divested this court of jurisdiction over all aspects of the order (*id.* at 4). (*See id.* at 4) ("This means that the district court lacks the authority to order any further discovery of the materials that are the subject of its crime-fraud Order, unless we direct that it may proceed as to a portion of those materials.").

After briefing and oral argument, the merits panel concluded that interlocutory review was only appropriate to address one aspect of this court's order. *Id*. at 1328. Therefore, it vacated in part as improvidently granted the third motion panel's order. *Id*. It elected not to review the question of whether this court erred in applying agency principles to conclude that Conrad & Scherer intended to commit a crime or fraud and created attorney work product or made communications in furtherance of the crime or fraud because it did not present a pure question of

3

law suitable for review on an interlocutory basis under § 1292(b).[2] *Id*. The merits panel did address the following question:

> [W]hether the crime-fraud exception may be applied to overcome C&S's assertion, as a defendant in this case, that its materials related to other lawsuits where it served as counsel are protected as attorney work product when the firm's clients in those lawsuits were innocent of any wrongdoing.

*Id*. As the court concluded:

> the crime-fraud exception may defeat work product protection in this circumstance. We thus affirm the part of the district court's order determining that the crime-fraud exception could be applied to overcome C&S's claim of work product protection for materials related to lawsuits where C&S served as counsel despite the fact that its clients were innocent of wrongdoing.

*Id*.

The parties mutually agreed that it was appropriate to appoint a Special Master to oversee discovery in this action. The parties also stipulated that T. Michael Brown, Esq. of the law firm Bradley Arant Boult Cummings LLP should be appointed as Special Master. (Doc. # 128). The Special Master has performed an *in camera* review of certain categories of documents that Defendants contend are protected by the attorney client privilege or work product protection. Pursuant to the Eleventh Circuit's directive, and because this court had already found that there had been a *prima facie* showing that Defendants had engaged in criminal or fraudulent conduct, The Special Master reviewed the documents to determine whether each document "(1) reflects a

---

[2] Actually, the court concluded that Conrad & Scherer was subject to the crime-fraud exception based upon agency principles and its own conduct. As the court noted in its December 7, 2015 order:

> it would be incredulous to believe that no one at Conrad & Scherer other than Collingsworth knew of the payments made to witnesses in this case. Payments were delivered on a monthly basis by the firm, using the firm's money, and through the firm's normal approval process as documented in the firm's business records. (Doc. #405 at 1-4). As of May 23, 2011, at a minimum, Terrence Collingsworth, Bill Scherer, Richard Drath, Billy Scherer, Susana Tellez, Lorraine Leete, Victoria Ryan, Pauline Kroper, and Danielle Kisslan had all received written notice that El Tigre and Samario had been paid. (*See* Doc. #402 at 1-4).

(Doc. 417 at 20 n.15).

communication used to further a crime or fraud or was closely related to it or (2) was created to further a crime or fraud or was closely related to it." *Drummond*, 885 F.3d at 1339, n.14. The court instructed, and the Special Master acknowledged, that when evaluating the second prong of the crime-fraud exception, the requirement that the document or communication be made in furtherance of or related to fraudulent conduct "should not be interpreted restrictively." *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1227 (11th Cir. 1987). *See also* Doc. # 417 at 5; Doc. # 569 at 21, n.10.

The Special Master has submitted five Reports and Recommendations. (Docs. # 569, 572, 590, 622, 633). In each of his Reports and Recommendations, the Special Master organized his recommendations by category, and listed the documents in each category in the exhibits thereto. The Special Master has reported that documents listed in Exhibit A constitute attorney work product and/or attorney-client communications, do not facially fall under any exception to the work product protection or attorney-client privilege, and are therefore privileged. The Special Master has reported that documents listed in Exhibit B should be produced pursuant to the crime-fraud exception because they reflect documents and communications that relate closely to or are in furtherance of the alleged criminal and/or fraudulent activities that were the subject of the court's previous order. (Doc. # 64). The Special Master has reported that documents listed in Exhibit C should be produced because they do not constitute work product or attorney-client communications, or because the claimed privilege has been waived through disclosure to a third party. In the first three Reports and Recommendations, the Special Master identified another category of documents, listed in Exhibit D, for which he recommended production after the redaction of certain privileged information.

In light of (1) the sheer number of documents claimed as privileged by the Defendants, (2) the fact that Drummond has generally challenged the claim of privilege as to each and every document logged (thus requiring the Special Master to review more than 18,000 documents), and (3) the number of objections raised by the parties to the Special Master's reports and recommendations, the court required the parties to review and recertify their objections to the first three Reports and Recommendations. The purpose of this process was to reduce the number of documents at issue. Unfortunately, these efforts did not prove particularly helpful. The parties have also filed objections to the last two reports and recommendations issued by the Special Master after the recertification order.

## II.     Applicable Law and Standard of Review

As the Eleventh Circuit has explained, the crime-fraud exception to the attorney-client and work product privileges:

> allows a party—in rare circumstances—to obtain discovery that otherwise would be protected by the attorney-client privilege or the attorney work product doctrine. The crime-fraud exception applies when a two-part test is satisfied:
>
>> First, there must be a prima facie showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice. Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it.
>
> [*In re Grand Jury Investigation*, 842 F.2d 1223, 1226 (11th Cir. 1987)]. Stated simply, the crime-fraud exception removes the "seal of secrecy" from attorney-client communications or work product materials when they are made in furtherance of an ongoing or future crime or fraud. [*United States v. Zolin*, 491 U.S. 554, 56 (1989); *see Cox v. Adm'r U.S. Steel & Carnegie,* 17 F.3d 1386, 14–22 (11th Cir. 1994)] (recognizing that the crime-fraud exception "applies to work-product in the same way that it applies to the attorney-client privilege"). When the crime-fraud exception applies, an attorney's opinion work product is discoverable. *Cox*, 17 F.3d at 1422.

*Drummond*, 885 F.3d at 1335. "[F]or the crime-fraud exception to apply, a court must find that the specific document or testimony that the court is ordering to be produced reflects work of the attorney that was performed in furtherance of the criminal or fraudulent activity *or that was closely related to it*." *Drummond*, 885 F.3d at 1338 (emphasis added). In remanding the case for the Special Master's in camera review of documents, the Eleventh Circuit specifically instructed: "[t]o conclude that the crime-fraud exception applies to require disclosure of any specific document, the special master must find that the document either (1) reflects a communication used to further a crime or fraud *or was closely related to it* or (2) was created to further a crime or fraud *or was closely related to it*. *Id.,* at 1339, n.14 (emphasis added) (citing *Cox*, 17 F.3d at 1422; *In re Grand Jury Investigation*, 842 F.2d at 1227). This is not merely the applicable law, this is the law of this case.

Federal Rule of Civil Procedure 53 sets forth the appropriate standard of review for a district court in reviewing recommendations made by a Special Master. Rule 53(f)(3) provides as follows:

> Reviewing Factual Findings. The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:
>
> (A) the findings will be reviewed for clear error; or
>
> (B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.

Fed.R.Civ.P. 53(f)(3). Rule 53(f)(4) controls the court's review of legal conclusions:

> Reviewing Legal Conclusions. The court must decide de novo all objections to conclusions of law made or recommended by a master.

In acting on a report and recommendation, the court must afford the parties an opportunity to be heard. Fed. R. Civ. P. 53(f)(1). "The requirement that the court must afford an opportunity to be heard can be satisfied by taking written submissions when the court acts on the report without

taking live testimony." Fed. R. Civ. P. 53, Advisory Committee's note to the 2003 amendments. The court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). Consistent with Rule 53, the court will review all objections to the Special Master's privilege findings based upon the correct standard of review.

## III.   Analysis

There are currently five Reports and Recommendations of the Special Master to which the parties have filed objections or re-certified objections:

> 1.   February 14, 2019 Amended Report and Recommendation Regarding Claims of Privilege Over Documents Logged as "Bucket 2" on Defendants' Privilege Logs (Doc. # 569);
>
> 2.   February 28, 2019 Amended Report and Recommendation Regarding Claims of Privilege Over Documents Related to Ivan Otero (Doc. # 572);
>
> 3.   September 23, 2019 Report and Recommendation Regarding Documents Potentially Related to Witness Payments (Doc. # 590);
>
> 4.   March 25, 2020 Report and Recommendation Regarding Witness Payments (Doc. # 622); and
>
> 5.   June 1, 2020 Report and Recommendation Regarding Certain Uncategorized Documents (Doc. # 633).

The parties have re-certified their objections to the first three Reports and Recommendations and have filed objections following recertification to the last two.

### A.   Collingsworth's Objections

In an attempt to reduce the number of documents at issue in relation to the court's crime-fraud review, the court directed the parties to "attest[] that these re-certifications have been made in good faith taking into account Eleventh Circuit precedent and the law of the case." (Doc. # 620 at 2-3). Defendant Collingsworth filed one Certification of Objections to Reports and Recommendations, which contains a general objection to all five of the Special Master's Reports

8

and Recommendations. (Doc. # 634). Alternatively, however, he states that he "joins in [Conrad & Scherer's objections] and adopts them as if fully incorporated." (Doc. # 634 at 3).

Prior to his re-certification, Collingsworth identified documents over which he maintains objections to the Special Master's first two Reports and Recommendations. At the court's direction (Doc. # 586), he provided copies of the documents which are the subject of his objections to the court for *in camera* review. Also at the court's direction, Collingsworth filed a Declaration in Support of Certification of Objections.[3]

### 1. The General Objection

Collingsworth's Certification states that "for all documents in the Exhibit Bs to the five R&Rs, Defendant Collingsworth renews and certifies his objections to the improper application of the *second* prong of the crime fraud test, whether a specific document was *'in furtherance of'* a crime or fraud.'" (Doc. # 634 at 2) (emphasis in original). This statement of the "law" reveals Collingsworth's refusal to apply the legal standards applicable in *this Circuit* and already pronounced as the *law of this case*. To reiterate, the law of this case, according to the *Eleventh Circuit,* is that "for the crime-fraud exception to apply, a court must find that the specific document or testimony that the court is ordering to be produced reflects work of the attorney that was performed in furtherance of the criminal or fraudulent activity *or that was closely related to it*." *Drummond*, 885 F.3d at 1338 (emphasis added).

Collingsworth asserts, without providing any concrete examples tied to any particular documents, that "the Special Master applied the overbroad 'related to' test rather than the required 'in furtherance of the criminal or fraudulent activity or was closely related to it' standard." (Doc.

---

[3] Although the parties were to certify that their objections were made in good faith according to Eleventh Circuit law, Collingsworth's declaration states that all of his "objections … were made in good faith based on Eleventh Circuit precedent concerning the scope of the second prong of the crime fraud test *as well as based on precedent from other Circuit Courts and other authority applying that standard*." (Doc. # 634-1 at 1-2) (emphasis added).

9

# 634 at 7). Collingsworth argues that the Special Master's "application of the standard continues to be overbroad" and that "the proper standard of whether a specific document is '*itself* in furtherance of the crime or fraud.'" (*Id.* at 8-9) (emphasis in original). For this formulation of the crime-fraud test, Collingsworth cites cases from the Second and Fifth Circuits. But, it is the Eleventh Circuit's formulation that is binding on this court. Collingsworth's assertions are bottomed on an inapplicable standard, and they completely ignore the "or was closely related" standard that our circuit has confirmed applies in this case. (Doc. 634 at 9-18).

Indeed, a careful review of it shows that Collingsworth's entire Certification utterly discounts the "closely related to" prong of the Eleventh Circuit's test. And, it ignores the disjunctive "or" between the "in furtherance of" prong and the "closely related to it" prong. *Drummond*, 885 F.3d at 1338. It also incorrectly seeks to restrictively apply the second prong. *Schroeder*, 842 F.2d at 1227. "Generally, the relatedness requirement 'should not be interpreted restrictively.'" *Gutter v. E.I. Dupont De Nemours*, 124 F. Supp. 2d 1291, 1314 (S.D. Fla. 2000) (quoting *Schroeder*, 842 F.2d at 1227). Because Collingsworth's objection rests on an improperly narrow application of the relatedness prong, his general objection is **OVERRULED**.

## 2. Documents Provided for In Camera Review

The court next turns to documents provided by Collingsworth for *in camera* review.

**Document CSPRIV413500** is an Attorney Cooperation Agreement between Ivan Otero and Terry Collingsworth dated January 27, 2009. Ivan Otero is the "Colombian attorney who served as the intermediary for payments from [Conrad & Scherer] to El Tigre and Samario and from van Bilderbeek to Blanco." *Drummond*, 885 F.3d at 1333. The Agreement references certain funds provided to Otero that will be "used to assist key witnesses with any security measures they need [] to allow them to provide evidence for the case." Defendants have consistently characterized

the payments made to witnesses in this case as "security payments." Of course, there is substantial evidence to the contrary.[4] Because the document is an agreement pursuant to which witness payments were to be made, the court concludes that this document quite clearly reflects a communication that is at the heart of the issue in this matter. Thus, the court quite easily concludes that the document is discoverable because there is sufficient evidence that it was in furtherance of "a crime or fraud or was closely related to it" and/or "was created to further a crime or fraud or was closely related to it." *Id.,* at 1339, n.14. Therefore, Collingsworth's objection to the determination that **Document CSPRIV413500** is subject to the crime fraud exception is **OVERRULED**.

**Document CSPRIV413501** appears to be a contract between Collingsworth and a client, Rafael Garcia Torres dated November 20, 2008. Although it is in Spanish, it does not appear to "reflect a communication used to further a crime or fraud or was closely related to it," nor does it appear it "was created to further a crime or fraud or was closely related to it." *Id.*, at 1339, n.14. However, such agreements are generally not privileged. *See Armor Screen Corp. v. Storm Catcher, Inc.*, 2009 WL 2767664, at *2 (S.D. Fla. Aug. 31, 2009) ("the communication of factual information, such as reports containing a litigation's status, fee agreements, and retainer agreements are generally not protected by the attorney-client privilege") (citing *O'Neal v. United States*, 258 F.3d 1265, 1276 (11th Cir. 2001)) ("it is the law of this Circuit that information involving receipt of attorneys' fees from a client is not generally privileged"). Indeed, the "great

---

[4] For example, and this is but one example, on May 22, 2011, Collingsworth emailed lawyers at the Parker Waichmann firm and informed them that he had already paid Otero, Samario, and El Tigre $5400 in cash and that Conrad & Scherer would be making monthly $2700 payments to Samario and El Tigre "until we get the deps in the can." (Doc. #174-6). Bill Scherer and Richard Draft (then the CEO of Conrad & Scherer) were copied on the email and it was forwarded to Bill Scherer's son, Billy Scherer. (Doc. #174-6; Doc. #311-2 at 232:1-25). Making "security payments" to a witness until his deposition is concluded, and then ceasing those payments once the "deps [are] in the can," is hardly consistent with security concerns for that witness.

weight of authority ... refuses to extend the attorney-client privilege to the fact of consultation or employment, including the component facts of the identity of the client and the lawyer." *Howell v. Jones*, 516 F.2d 53, 58 (5th Cir. 1975).[5] Therefore, Collingsworth's objection to the determination that **Document CSPRIV413501** is due to be produced is **OVERRULED.**

**Document CSPRIV441001** is a two-page e-mail chain between Collingsworth and Lorraine Leete, a lawyer and member of Collingsworth's litigation team, regarding methods of providing security for Ivan Otero, including whether and how to provide funds for an armored car versus temporarily relocating Otero. Although the communication is between two lawyers, it appears to relate to business and practical matters, rather than any legal or strategic matters. *See In re Vioxx Prod. Liab. Litig.*, 501 F. Supp. 2d at 797 (citing *In re CFS-Related Securities Fraud Litigation*, 223 F.R.D. 631 (N.D. Okla. 2004) ("Business advice, unrelated to legal advice, is not protected by the privilege even though conveyed by an attorney to the client.")). Therefore, it does not appear to be a privileged communication. Collingsworth's objection to the determination that **Document CSPRIV441001** is due to be produced is **OVERRULED.**

**Document CSPRIV469107** is an e-mail chain dated September 25, 2012, entitled "CS and $$$", with the original e-mail from Collingsworth to Leete and other lawyers involved in the Drummond case, and possibly other cases. The e-mail concerns a conversation between Collingsworth and Conrad & Scherer's CFO, Richard Drath, regarding "payments for offices in Columbia, security for Ivan, etc." Although the communication is between lawyers, it appears to relate to business and financial matters, rather than legal or strategic matters. *See In re Vioxx Prod. Liab. Litig.*, 501 F. Supp. 2d at 797 (citing *In re CFS-Related Securities Fraud Litigation*, 223 F.R.D. 631 (N.D. Okla. 2004) ("Business advice, unrelated to legal advice, is not protected by the

---

[5] The decisions of the former Fifth Circuit handed down before October 1, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

privilege even though conveyed by an attorney to the client.")). Therefore, it does not appear to be a privileged communication. Moreover, even if it were privileged (and again, it is not), the document relates to payments to Otero, who facilitated payments to witnesses; therefore, it may constitute a communication that "was created to further a crime or fraud or was closely related to it." *Drummond*, 885 F.3d at 1339, n.14. Therefore, Collingsworth's objection to the determination that **Document CSPRIV469107** is due to be produced is **OVERRULED.**

**Document CSPRIV469125** is an e-mail chain between Collingsworth, Richard Drath, William Scherer, Lorraine Leete, and others regarding budgets for cases against Drummond, Chiquita, and Dole. While the budgets may be privileged as revealing case strategy, the e-mails themselves provide no details that reflect any case strategy. The only detail mentioned in the e-mails is the salary of a particular employee who had received a raise. Although the communications are between lawyers, they appear to relate to business and financial matters, rather than legal or strategic matters. *See In re Vioxx Prod. Liab. Litig.*, 501 F. Supp. 2d at 797 (citing *In re CFS-Related Securities Fraud Litigation*, 223 F.R.D. 631 (N.D. Okla. 2004) ("Business advice, unrelated to legal advice, is not protected by the privilege even though conveyed by an attorney to the client.")). Because it does not appear to be a privileged communication, Collingsworth's objection to the determination that **Document CSPRIV469125** is due to be produced is **OVERRULED.**

**Document CSPRIV520559** is a four page document entitled "Specific Categories of Requests" which appears to be an attorney or paraprofessional's analysis of responses to interrogatories and requests for production of documents seeking information regarding "payments to, or other improper influence of, witnesses." The document quotes extensively from evidence either already produced to Drummond or filed with the court regarding security for witnesses. The

court finds that the document is due to be produced in its entirety, without redactions, because its provisions are "closely related to" the alleged crimes or frauds related to fraud on the court, witness bribery, and suborning perjury. Therefore, Collingsworth's objection to the determination that **Document CSPRIV520559** is due to be produced is **OVERRULED.**

**Document CSPRIV520948** appears to be a memorandum from Collingsworth to his counsel in this case regarding the "Human Rights Cases" and appears to be attorney-client privileged or work product. However, portions of the document discuss payments for security and witness payments. Those sections are closely related to or in furtherance of the crime of witness bribery. Other portions of the document discuss responses to discovery requests and questions from the court about security payments and those are closely related to the alleged fraud on the court. Both of these portions are due to be produced under the crime-fraud exception. The remainder of the memorandum may be redacted as work product. Therefore, Collingsworth's objection to the determination that portions of **Document CSPRIV520948** are due to be produced is **OVERRULED.**

**Document CSPRIV521233** is a memorandum among Collingsworth's legal team dated July 2, 2012 regarding document production and would appear to attorney-client privileged. However, portions of the document discuss the production of documents related to payments to Colombian witnesses and families. These portions are closely related to the crime of witness bribery. Other portions of the document discuss the disclosure of payments to witnesses and are closely related to or in furtherance of the alleged fraud on the court. Both of these portions should be produced under the crime-fraud exception. The remainder of the memorandum may be redacted as work product. Therefore, Collingsworth's objection to the determination that portions of **Document CSPRIV521233** are due to be produced is **OVERRULED.**

**Document CSPRIV521873** is four pages in length and appears to have been prepared by Collingsworth's legal team discussing responses to discovery requests related to witness payments. The Special Master reported that the first page, which pertains to production of payment-related documents to Drummond, is closely related to the alleged crime of witness bribery and to the alleged fraud on the court and should be produced. He recommended that the remainder of the document should be redacted as work product. The court agrees that the first page is closely related to witness bribery and fraud on the court and should be produced. Therefore, Collingsworth's objection to the determination that the first page of **Document CSPRIV521873** is due to be produced is **OVERRULED.**

**Document CSPRIV522923** is ten pages in length and consists of an e-mail chain among Collingsworth's legal team during the period October 28 through November 2, 2011. Some of the e-mails discuss payments to witness and witnesses' security needs. The Special Master reported that the e-mails are closely related to or in furtherance of the crime of witness bribery and should be produced. The court agrees. Although the remainder of the document may be redacted, Collingsworth's objection to the determination that the portions identified by the Special Master of **Document CSPRIV522923** are due to be produced is **OVERRULED.**

Having reviewed the documents submitted to it by Collingsworth for in camera review, the next question is what should occur with the documents submitted by Conrad & Scherer for in camera review. Those documents, over which Conrad & Scherer still maintains an objection, will be addressed in a separate order.

### 3. Production of Subject Documents

Because Collingsworth's Certification of Objections (Doc. # 634) (1) is primarily based on law that is not applicable in the Eleventh Circuit and not the law of this case, and (2) seeks to apply

15

an improperly narrow interpretation of the relatedness requirement of the crime-fraud exception, his blanket objections are **OVERRULED**. The Special Master **SHALL** produce to Drummond all documents that (1) he has reviewed and recommended be produced pursuant to the crime-fraud exception, *and* (2) over which Conrad and Scherer has *not* re-certified an objection.

There are approximately 1,800 to 1,900 documents which the Special Master has not yet reviewed, but over which Conrad & Scherer has withdrawn its claim of privilege. (Doc. # 641 at 18; Doc. 641-10). Conrad & Scherer has not already produced these documents because Collingsworth has objected to the production of any documents not yet subject to a report and recommendation by the Special Master. (Doc. # 641-9). That is, in light of Conrad & Scherer's withdrawal of its privilege claims over these documents, but for Collingsworth's blanket objection to their production, the documents would have already been produced. (Doc. # 641-10). Drummond argues that the Special Master should also produce these 1,800 to 1,900 documents. (*Id.*). At this time, the court will not order production of these documents. However, Collingsworth **SHALL** revisit whether he seeks to maintain any objection to their production and, if so, state specific objections. And, because Collingsworth's objection is the sole hindrance to the production of these documents, the court will set a hearing to address these documents separately.

### 4. Interlocutory Appeal under 28 U.S.C. § 1292(b)

Despite the fact that this court and the Special Master have applied the second prong of the crime-fraud exception as defined by the Eleventh Circuit in this case, Collingsworth asks this court to certify for interlocutory appeal this court's October 2019 application of the test to four documents. (Doc. # 634 at 22).

Appellate review is generally postponed until after the entry of final judgment. Certification is reserved for truly exceptional cases. *Judicial Watch v. Nat'l Energy Policy Dev.*,

233 F.Supp.2d 16, 20 (D. D.C. 2002). "A party seeking certification pursuant to § 1292(b) must meet a high standard to overcome the strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *Id.* (internal quotations and citation omitted). Because Section 1292(b) "is a departure from the normal rule that only final judgments are appealable," it "must be construed narrowly" and invoked only in "rare circumstances." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

A court may certify an issue for interlocutory appeal if three requirements are met: (1) "a controlling question of law" must be present; (2) there must be a "substantial ground for difference of opinion" as to the controlling question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b). "The preconditions for § 1292(b) review [] are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110–11 (2009). As the parties are keenly aware, the court has already certified a § 1292(b) appeal in this case. After initially ruling on the application of the crime-fraud exception, the court granted the Defendants' motions and certified an interlocutory appeal. The Eleventh Circuit has given us its answer. This court has applied the Eleventh Circuit's ruling here. The privilege issues here do not involve new legal questions. Rather, they involve a straight forward application of the Eleventh Circuit's prior ruling. *See Drummond*, 885 F.3d at 1339 n.13 ("To the extent that [Collingsworth] disagrees with the district court's application of the crime-fraud exception under the facts of this case, it would be quibbling with the way that the district court balanced the clients' interests in secrecy against the need for disclosure in these particular circumstances, which would not raise a pure issue of law appropriate for review under § 1292(b).").

The rulings made by the court regarding four documents -- over a year ago[6] -- do not involve rare or exceptional circumstances or pure issues of law which might warrant certification pursuant to § 1292(b). Nor would an interlocutory appeal materially advance the ultimate termination of this litigation. Therefore, Collingsworth's request for an interlocutory appeal under § 1292(b) is **DENIED**.

### B.     Drummond's Objections

Drummond has asserted 1,426 objections to the Special Master's Reports and Recommendations. (Doc. # 666 at 3). Ruling on those objections would require the court to review, *in camera*, those 1,426 documents, a time consuming process.

Because of the posture of this case, the court has prioritized review of the documents over which Collingsworth and Conrad and Scherer have asserted objections. It has approached the objections in this manner because where Collingsworth and Conrad and Scherer have objected to the Special Master's Reports and Recommendations, the court's review serves to potentially preserve appropriate privilege assertions. In contrast, in connection with Drummond's objections to the Special Master's Reports and Recommendations, the issue is whether Drummond is entitled to the production of documents that the Special Master has already recommended not be produced because they are privileged and do not fall within the crime-fraud exception. Therefore, the court

---

[6] "There is no time limit in the statute or in any applicable rules for seeking the district judge's permission to appeal under 1292(b) ... [b]ut a district judge should not grant an inexcusably dilatory request." *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc*., 202 F.3d 957, 958 (7th Cir. 2000) (citations omitted). "In the context of requests for interlocutory appeals, timely requests for certification are calculated in days, not months." *Fabricant v. Sears Roebuck & Co*., 2001 U.S. Dist. LEXIS 24518 (S.D. Fla. 2001) (unjustified delay of forty-six days rendered motion untimely) citing *Richardson*, 202 F.3d at 958 (two month delay rendered motion untimely) and *Morton College Bd. of Trustees v. Town of Cicero*, 25 F. Supp. 2d 882, 883 (N.D. Ill. 1998) (thirty day delay rendered motion untimely). *See also Ferraro v. Sec'y of U.S. Dep't of Health & Human Servs*., 780 F.Supp. 978 (E.D.N.Y. 1992) (delay of almost two and a half months militated against the granting of certification for interlocutory appeal).

*Bell v. Sys*., 2005 WL 8158592, at *1 (S.D. Ala. Feb. 10, 2005).

prioritized rulings on Defendants' objections and has not yet concluded its review of any of Drummond's objections.

On March 8, 2021, in an effort to facilitate the court's review and rulings with respect to the Reports and Recommendations, Drummond withdrew all of its objections to the pending Reports and recommendations that the court has not yet reviewed. (Doc. # 666 at 3).Therefore, Drummond's objections to the Special Master's Report and Recommendations are **OVERRULED** as withdrawn.

### C. Conrad & Scherer's Objections

The court will address Conrad & Scherer's objections by separate order.

**DONE** and **ORDERED** this March 18, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE