FILED

2022 Jan-07  PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DRUMMOND COMPANY, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No.:  2:11-cv-3695-RDP** |
| **TERRENCE P. COLLINGSWORTH,** ) | |
| **individually and as an agent of Conrad &** ) | |
| **Scherer, LLP; and CONRAD & SCHERER,** ) | |
| **LLP,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

The Special Master has submitted five Reports and Recommendations regarding the application of the crime-fraud exception to the attorney-client and work product privileges. (Docs. # 569, 572, 590, 622, 633). This matter is before the court on Defendant Conrad & Scherer's objections to those Reports and Recommendations. In this Memorandum Opinion and Order, the court addresses Conrad & Scherer's ("C&S") consolidated objections to the Special Master's Amended Reports and Recommendations regarding the "Bucket 2" and "Otero" documents on Defendants' Privilege Logs. (Doc. # 576).

## I.     Applicable Law and Standard of Review

In affirming this court's application of the crime-fraud exception to the attorney-client privilege in this case, the Eleventh Circuit explained:

> The crime-fraud exception allows a party—in rare circumstances—to obtain discovery that otherwise would be protected by the attorney-client privilege or the attorney work product doctrine. The crime-fraud exception applies when a two-part test is satisfied:

> > First, there must be a prima facie showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that

> he committed a crime or fraud subsequent to receiving the benefit of counsel's advice. Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it.
>
> [*In re Grand Jury Investigation*, 842 F.2d 1223, 1226 (11th Cir. 1987)]. Stated simply, the crime-fraud exception removes the "seal of secrecy" from attorney-client communications or work product materials when they are made in furtherance of an ongoing or future crime or fraud. [*United States v. Zolin*, 491 U.S. 554, 56 (1989); *see Cox v. Adm'r U.S. Steel & Carnegie,* 17 F.3d 1386, 14-22 (11th Cir. 1994)] (recognizing that the crime-fraud exception "applies to work-product in the same way that it applies to the attorney-client privilege"). When the crime-fraud exception applies, an attorney's opinion work product is discoverable. *Cox*, 17 F.3d at 1422.

*Drummond*, 885 F.3d at 1335. "[F]or the crime-fraud exception to apply, a court must find that the specific document or testimony that the court is ordering to be produced reflects work of the attorney that was performed in furtherance of the criminal or fraudulent activity *or that was closely related to it*." *Drummond*, 885 F.3d at 1338 (emphasis added). In remanding the case for the Special Master's *in camera* review of documents, the Eleventh Circuit specifically instructed that: "[t]o conclude that the crime-fraud exception applies to require disclosure of any specific document, the Special Master must find that the document either (1) reflects a communication used to further a crime or fraud *or was closely related to it* or (2) was created to further a crime or fraud *or was closely related to it*. *Id.*, at 1339, n.14 (citing *Cox*, 17 F.3d at 1422; *In re Grand Jury Investigation*, 842 F.2d at 1227) (emphasis added). This is not only the applicable law, this is the law of this case.

Federal Rule of Civil Procedure 53 sets forth the appropriate standard of review for a district court to apply when reviewing recommendations made by a Special Master. Rule 53(f)(3) provides as follows:

> Reviewing Factual Findings. The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:

(A) the findings will be reviewed for clear error; or

(B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.

Rule 53(f)(4) provides as follows:

Reviewing Legal Conclusions. The court must decide de novo all objections to conclusions of law made or recommended by a master.

In acting on a report and recommendation, the court must afford the parties an opportunity to be heard. Fed. R. Civ. P. 53(f)(1). "The requirement that the court must afford an opportunity to be heard can be satisfied by taking written submissions when the court acts on the report without taking live testimony." Fed. R. Civ. P. 53 advisory committee's note on 2003 amendments. The Court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). The court has reviewed all objections to the Special Master's privilege findings de novo, in connection with a review of each subject document.

## II.     Analysis of Conrad & Scherer's Objections

### A.     General Objections

C&S acknowledges that the Special Master, in his revised R&Rs, provided additional key information in that he specified the standard used, indicated which crime or fraud a particular document related to, and provided proposed redactions for documents. However, C&S still maintains that the Special Master's application of this standard remains overly broad. (Doc. # 576 at 11). C&S argues that "[n]one of the documents listed in the crime-fraud spreadsheets relate closely to or are in furtherance of the criminal or fraudulent activities, because no criminal or fraudulent activities occurred." (*Id.*).

Respectfully, that ship has sailed. This court has already determined that "the crime-fraud exception's first prong was satisfied as to three crimes: fraud on the court, witness bribery, and suborning perjury." *Drummond*, 885 F.3d at 1332. That order was affirmed. *Id.*, at 1339. Separate

and apart from this unavailing general argument, C&S also urges an overly restrictive application of the second prong. But that argument misses the mark because, "[g]enerally, the relatedness requirement 'should not be interpreted restrictively.'" *Gutter v. E.I. Dupont De Nemours*, 124 F. Supp. 2d 1291, 1314 (S.D. Fla. 2000) (quoting *Schroeder*, 842 F.2d at 1227). Because, like Collingsworth's objections **[CITE]**, C&S's general objection rests on an improperly narrow application of the relatedness prong, its general objection is **OVERRULED**.

### B.      Specific Objections

C&S appears to have taken to heart this court's attempt to reduce the number of documents at issue in relation to the court's crime-fraud review. During that process, the Firm has removed certain documents from its privilege logs. The court commends the Firm and its counsel for these efforts.

The documents provided by C&S for *in camera* inspection and for which it currently maintains an objection are addressed below.

**Document CSPRIV403531** is a two page e-mail chain between Mark Carlson, the President and Managing Partner of Secure Pointe partners and Terry Collingsworth. Although the communication is between lawyers, it appears to relate to business and financial matters, rather than legal or strategic matters. *See In re Vioxx Prod. Liab. Litig.*, 501 F. Supp. 2d at 797 (citing *In re CFS-Related Securities Fraud Litigation*, 223 F.R.D. 631 (N.D. Okla. 2004) ("Business advice, unrelated to legal advice, is not protected by the privilege even though conveyed by an attorney to the client.")). Therefore, it does not appear to be a privileged communication. Moreover, even if it was privileged, it relates to payments to Otero, who facilitated payments to witnesses, and therefore may constitute a communication that "was created to further a crime or fraud or was closely related to it." *Drummond*, 885 F.3d at 1339, n.14. Therefore, C&S's objection to the report

that **Document CSPRIV403531** is due to be produced is **OVERRULED**.

**Document CSPRIV405043** is a two-page e-mail from Collingsworth dated May 22, 2011 entitled "Confidential Trip Report." This is the infamous "deps in the can" e-mail in which Collingsworth indicates that his team needs to continue to pay "security costs" for El Tigre and Samario in the amount of "$2,700 per month to maintain until we get deps in the can." The Special Master recommended that the document be produced in redacted form such that the vast majority of the first paragraph is redacted. C&S objected that the last sentence in the first paragraph should also be redacted.

Again, this court previously found that the crime-fraud exception's first prong was satisfied as to three crimes: fraud on the court, witness bribery, and suborning perjury. (Doc. # 417). This court also recently observed that the:

> assertion[] that communications to and about paid witnesses (*e.g.*, setting meetings, preparing them for depositions,[] reviewing their testimony) are not discoverable is off target. That discovery is fair game as it is "closely related to" the payments made to the witnesses.

(Doc. # 676 at 29). Here, the first paragraph of the redacted document reviews the testimony of Jaime Blanco, one of the paid witnesses, and the effect his testimony may have on other witnesses. This paragraph is "fair game" as it is "closely related to" the payments made to Blanco. Therefore, C&S's objection that the last sentence of the first paragraph of the document should also be redacted is **OVERRULED**. Moreover, the recommendation that the first paragraph be redacted is **REJECTED**. Based on its own de novo review of document **CSPRIV405043**, the court finds that the first paragraph of that document is subject to the crime-fraud exception in its entirety.

**Document CSPRIV405628** is a sixty-six page compilation of various e-mails among Collingsworth's legal team, much of which is duplicative. The vast majority of the e-mails do not appear to be privileged as they merely discuss logistical matters about where to meet for

depositions in Colombia. C&S objects to the production of only a portion of this document, specifically page **CSPRIV405647**, which they assert is work product and not subject to the crime-fraud exception. The court agrees that the Tuesday, July 10, 2012 12:11 p.m. e-mail from Lorraine Leete to Collingsworth and Christian Levesque which contains draft deposition questions and some analysis thereof is properly designated as work product. Therefore, C&S's objection to the determination that **CSPRIV405628** is subject to the crime-fraud exception is **SUSTAINED**. All copies of Leete's Tuesday, July 10, 2012 12:11 p.m. e-mail contained within **CSPRIV405628** should be appropriately redacted before production.

   **Document CSPRIV407854** is a seven page e-mail string between Collingsworth, Mark Carlson at Secure Pointe, and Michael Hugo regarding bills and a scope of work for Secure Point on the Drummond cases. The vast majority of the e-mail string is not privileged because it merely discusses logistics and fees. *See Armor Screen Corp. v. Storm Catcher, Inc.*, 2009 WL 2767664, at \*2 (S.D. Fla. Aug. 31, 2009) ("the communication of factual information, such as reports containing a litigation's status, fee agreements, and retainer agreements are generally not protected by the attorney-client privilege") (citing *O'Neal v. United States*, 258 F. 3d 1265, 1276 (11th Cir. 2001)) ("it is the law of this Circuit that information involving receipt of attorneys' fees from a client is not generally privileged"). The paragraph on **CSPRIV407857** mentioning the DynCorp case should be redacted as work product unrelated to the Drummond cases. However, the next paragraph on the same page mentioning "the Drummond issue" is due to be produced. The court concludes that this document "reflects a communication used to further a crime or fraud or was closely related to it" and/or "was created to further a crime or fraud or was closely related to it" related to witness bribery. Therefore, C&S's objection to the Special Master's recommendation that **CSPRIV407854** is subject to the crime-fraud exception is **OVERRULED**.

Document **CSPRIV410509** is represented to be an e-mail communication between Collingsworth and a potential witness in the Drummond litigation. The copy that has been provided to the court is unreadable. The court has been provided no basis on which to sustain an objection to the Special Master's recommendation. Therefore, C&S's objection to the Special Master's recommendation that **CSPRIV410509** is subject to the crime-fraud exception is **OVERRULED**.

Document **CSPRIV410510** is a ninety-seven page collection of numbered articles. These articles were attached to an e-mail between Collingsworth and a potential witness. Although C&S contends that the collection and organization of the articles reflects attorney work product. The court has been provided no basis on which to sustain an objection to the Special Master's recommendation. The court has no information indicating that the collection was organized by an attorney or that it was done in relation to ongoing litigation, particularly inasmuch as the articles are in Spanish. Therefore, C&S's objection is **OVERRULED**.

Document **CSPRIV413414** is an e-mail string among Collingsworth's legal team, portions of which pertain to wire transfers to Ivan Otero for security payments. C&S contends that the 1st, 3rd, and 4th sentences of Otero's March 5, 2012 9:30 p.m. e-mail should be redacted as work product. The court disagrees. The e-mail relates to money being wired to Otero, who was responsible for payments to witnesses. The court concludes that this document "reflects a communication used to further a crime or fraud or was closely related to it" and/or "was created to further a crime or fraud or was closely related to it" related to witness bribery. Therefore, C&S's objection to the determination that **Document CSPRIV413414** is subject to the crime-fraud exception is **OVERRULED**.

Document **CSPRIV413416** is a similar e-mail string to **CSPRIV413414** among Collingsworth's legal team, portions of which pertain to wire transfers to Ivan Otero for security

payments, only with some English translations. C&S again contends that the 1st, 3rd, and 4th sentences of Otero's March 5, 2012 9:30 p.m. e-mail should be redacted as work product. Again, the court disagrees. The e-mail relates to money being wired to Otero, who was responsible for payments to witnesses. Therefore, C&S's objection to the Special Master's recommendation that **Document CSPRIV413416 is subject to the crime-fraud exception is OVERRULED**.

**Document CSPRIV413450** is a six page e-mail string among Collingsworth's legal team, with some English translations. The e-mails discuss the status and source of payments to Ivan Otero for security and/or witnesses. The Special Master recommended that portions are closely related to or in furtherance of the crime of witness bribery and should be produced, and the remainder should be redacted as work product. C&S objects that (1) the paragraphs on **CSPRIV413450** starting with "On the trip..." and "Any word..."; (2) the paragraphs on **CSPRIV413451** and **CSPRIV413454**, starting "With regards to..."; and (3) the paragraph on **CSPRIV413452** and **CSPRIV413454** from "En lo que tiene..." to the end of the e-mail are all work product, do not reflect any crime-fraud issues, and should be redacted. The court agrees. These portions of the e-mails  appear to be work product related to cases not before this court and do not appear to relate to any of the crimes or frauds at issue. Therefore, C&S's objection that portions of **Document CSPRIV413450** (and **CSPRIV413454**) should be redacted as work product and not subject to the crime-fraud exception is **SUSTAINED**. The same redactions should be made on the following documents which are within various duplicates of the e-mail string: **CSPRIV413463**, **CSPRIV413469**, **CSPRIV413473**, **CSPRIV413479**, **CSPRIV413485**.

**Document CSPRIV413490** is a two page e-mail from Collingsworth (translated by Lorraine Leete) to Ivan Otero regarding a request for reimbursement of large sums incurred in connection with development of witness testimony. C&S objects that the parenthetical in first un-

redacted paragraph ("En Drummond … por 11 años.") on **CSPRIV413491** is work product and does not reflect any crime-fraud issues. To the contrary, the parenthetical refers directly to payments made in the cases against Drummond. Therefore, C&S's objection regarding **Document CSPRIV413490** is **OVERRULED**.

Document **CSPRIV414298** is a translation of a published article that is not attached to any privileged communication and does not reflect any attorney's mental impressions. Collingsworth[1] asserts that, because the document is a translation, it is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV414380** is translation of a letter received from Colombian government official. Collingsworth asserts that, because the document is a translation, it is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV414391** is a handwritten declaration of a Colombian witness, with translation, that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

---

[1] C&S initially filed objections to the Special Master's recommendations on certain documents. After the re-certification process, C&S withdrew its claims of privilege to a number of documents. However, although C&S is willing to produce these documents, Collingsworth has asserted a wholesale objection to their production. The court reviews these documents based on Collingsworth's objection to their production by addressing C&S's original stated reason for the objection.

Document **CSPRIV414416** is a signed declaration of a Colombian witness, with translation, that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV414422** is a typed, final declaration of a Colombian witness, with translation, that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV414427** is a translation of a declaration of a Colombian witness that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV414559** is a translation of a published article that is not attached to any privileged communication and does not reflect any attorney's mental impressions. Collingsworth asserts that, because the document is a translation, it is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV414565** is a translation of a signed declaration of a Colombian witness that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced.

Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV414569** is a translation of a declaration of a Colombian witness that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV415087** is a 192-page Spanish translation of a pleading filed in the *Balcero* case, together with an attachment in Spanish, not attached to any privilege communication. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV415515** is a translated declaration provided by Javier Ernesto Ochoa Quiñonez. An unredacted copy of this document was produced in the *Romero* case. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV415518** is a signed declaration of a Colombian witness in the *Romero* case, with translation, that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV415525** is a translation of declaration of Colombian witness, not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV415534** is a signed declaration of a Colombian witness in the *Romero* case, in Spanish. The objection is that a translation is work product and should not be produced. Because there is no translation, and because translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), the objection is **OVERRULED**.

Document **CSPRIV415566** is a typed declaration of a Colombian witness, with translation, that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at & 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV415579** is a  translation of a declaration of a Colombian witness in the *Romero* case that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV415599** is a translation of a declaration of a Colombian witness in the *Romero* case that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc.

# 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV415624** is a translation of a declaration of a Colombian witness filed in the *Romero* case that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Documents CSPRIV415624** and **CSPRIV415626** are copies of a translation of a declaration of a Colombian witness filed in the *Romero* case that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV415628** is a translation of a declaration of a Colombian witness in the *Romero* case that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV415657** is a typed declaration of a Colombian witness in the *Romero* case, in Spanish. The objection is that a translation is work product and should not be produced. Because there is no translation, and because translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), the objection is **OVERRULED**.

**Document CSPRIV425845** is a document marked for production and produced in one of the underlying cases. It is a translation of a speech. Collingsworth asserts that the translation is

work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV429921** is a published article that is not attached to any privileged communication and does not reflect any attorney's mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV429929** is a typed press release or public announcement regarding Drummond, in Spanish, not attached to any privileged communication and not reflecting attorney mental impressions. The objection is that the document is a draft press release, and that because it is not final version, it reflects mental impressions and is protected by work product. The court understands that the original privilege log description did not identify the document as a draft. The party asserting the privilege bears the burden to provide a factual basis for its privilege assertion and blanket and general assertions of a claim of privilege are insufficient. *See Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1393 (N.D. Ga. 2017). The document does not appear to be prepared for litigation purposes and is not attached to any privileged communication. Objection **OVERRULED**.

Document **CSPRIV429949** is a typed press release or public announcement regarding Drummond, not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that it is a translation and that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection

**OVERRULED**.

Document **CSPRIV429952** is a typed translation of a letter to Drummond, not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that it is a translation and that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV429956** is a translation of a published article, with the original article in Spanish, that is not attached to any privileged communication and does not reflect any attorney's mental impressions. Collingsworth asserts that the first four pages are a translation and that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV429962** is a certified of translation of a Colombian witness's declaration, that is not attached to any privileged communication and does not reflect attorney mental impressions. The Special Master recommended that confidential, identifying information about the witness should be redacted. Collingsworth asserts that it is a translation and that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV429964** is a typed, certified translation of a Colombian government document relating to a plaintiff in one of the underlying cases, that is not attached to any privileged communication and does not reflect attorney mental impressions. The Special Master recommended that confidential, identifying information about the individual should be redacted.

Collingsworth asserts that it is a translation and that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV429965** is a certified translation of a Colombian witness's declaration that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that it is a translation and that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV429969** is a document produced by the Colombian Government in one of the underlying cases, including a translation. The Special Master recommended that confidential, identifying information should be redacted. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV430060** is a translation of a document marked for production and produced in one of the underlying cases that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Documents CSPRIV430061** and **CSPRIV431607** are two copies of a Spanish transcription of a Colombian union worker's speech that is not attached to any privileged

communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV431703** is a translation of a Colombian union press release that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV432369** is a signed letter from Colombian government to Drummond, together with a translation that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV432380** is a signed letter from Colombian government to Drummond, together with a translation that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV432464** is a signed letter from Colombian government to Drummond, together with a translation that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document

(Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV432475** is a signed letter from Colombian government, together with a translation that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV432556** is a published article, with a translation, that is not attached to any privileged communication and does not reflect any attorney's mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV433253** is a signed declaration of a Colombian witness, together with a translation and certification of translation, that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV433283** is a signed declaration of a Colombian witness, together with a translation, that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Documents **CSPRIV433493**, **CSPRIV433496**, **CSPRIV433817**, **CSPRIV434234**, and **CSPRIV434242** are documents marked for production and produced, together with translations, in one of underlying cases that are not attached to any privileged communication and do not reflect attorney mental impressions. Collingsworth asserts that the translations are work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV434245** is a Colombian union press release or other public announcement, together with its translation, that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV434252** is a document marked for production and produced, together with a translation, in one of underlying cases that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV434804** is a signed declaration in the *Romero* case, together with a translation, that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc.

# 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Documents **CSPRIV434834** and **CSPRIV434896** are documents marked for production and produced, together with translations, in one of underlying cases that are not attached to any privileged communication and do not reflect attorney mental impressions. Collingsworth asserts that the translations are work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV435418** is a public announcement, with translation, not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV435420** is a signed declaration in the *Romero* case, together with a translation, that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Documents **CSPRIV435427** and **CSPRIV435442** are third-party letters, with translations, that are not attached to any privileged communication and do not reflect attorney mental impressions. Collingsworth asserts that the translations are work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV435492** is a document marked for production in one of the underlying cases, including a translation, that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Documents CSPRIV435500** and **CSPRIV435511** are a third-party letter and a third-party article, with translations, that are not attached to any privileged communication and do not reflect attorney mental impressions. Collingsworth asserts that the translations are work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV435807** is a Colombian government press release or public announcement, with translation, not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV435809** is a signed declaration in the *Romero* case, together with a translation, that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Documents **CSPRIV435816** and **CSPRIV435831** are third-party letters, with translations, that are not attached to any privileged communication and do not reflect attorney mental impressions. Collingsworth asserts that the translations are work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Document **CSPRIV438749** is an e-mail communication between Collingsworth and a researcher with a Dutch human rights group who authored a report on funding and collaboration of paramilitary groups in Colombia by coal companies. Collingsworth asserts that "e-mails with NGO sharing common interest are work-product" and should not be produced. However, Collingsworth has not demonstrated that "the parties [to the e-mail] had an identical legal and not solely commercial interest," *In re Androgel Antitrust Litig. (No. II)*, 2015 WL 9581828, at *2 (N.D. Ga. Dec. 30, 2015); therefore, that the common interest doctrine should apply. Objection **OVERRULED**.

Documents **CSPRIV439198** and **CSPRIV439199** are an e-mail communication between Collingsworth and a lobbyist regarding a draft letter to U.S. lawmakers about letters rogatory, and the draft letter to Columbian officials which Collingsworth wanted the lobbyist to arrange for U.S. lawmakers to send, with a copy to the U.S. Ambassador to Colombia. The Special Master recommended a finding that the work product privilege was waived because the e-mails were with a third party lobbyist, which increased the likelihood of disclosure to Drummond.

C&S's objection is that "communications with lobbyist assisting on a case does not increase likelihood of disclosure." (Doc. # 576-3 at 29). C&S argues that, as an attachment to privileged e-mails, the letter should be withheld and, alternatively, as a draft letter, it is also independently privileged. (*Id.*).

The proponent of the work product privilege must provide the court with underlying facts demonstrating the existence of the privilege. *MapleWood Partners, L.P. v. Indian Harbor Ins. Co*., 295 F.R.D. 550, 582-83 (S.D. Fla. 2013). The proponent of the privilege must prove that the document was "prepared with the primary motivating purpose of aiding in possible litigation." *Wyndham Vacation Ownership, Inc. et al., v. Reed Hein & Assocs., LLC, et al*., 2019 WL 9091666, at *15 (M.D. Fla. Dec. 9, 2019); *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981). As the party claiming the privilege, C&S is required to provide competent evidence that the primary motivating purpose behind creating the document was litigation, and not a business purpose or some other non-litigation purpose. *Holladay v. Royal Caribbean Cruises, Ltd*., 333 F.R.D. 588, 592 (S.D. Fla. 2019).

Alone, the e-mails are not obviously prepared with a primary purpose of aiding in litigation nor in anticipation of litigation. However, when the e-mails are read in conjunction with the attached draft letter, it becomes clear that they were "prepared by the party or his representative because of the [ongoing] litigation.'" *Owens v. Stifel, Nicolaus & Co*., 2013 WL 6389035, at *2 (M.D. Ga. Dec. 6, 2013) (quoting *Shipes v. BIC Corp*., 154 F.R.D. 301, 305 (M.D.Ga.1994)). As to **Documents CSPRIV439198** and **CSPRIV439199**, objection **SUSTAINED**.

**Documents CSPRIV439260**, **CSPRIV439262**, **CSPRIV439494**, and **CSPRIV439495** appear to be earlier e-mail communications between Collingsworth and a lobbyist regarding the draft letter to U.S. lawmakers about letters rogatory discussed immediately above in relation to **Documents CSPRIV439198** and **CSPRIV439199**, and earlier drafts of the letter. For the reasons noted above regarding **Documents CSPRIV439198** and **CSPRIV439199**, as to **Documents CSPRIV439260**, **CSPRIV439262**, **CSPRIV439494**, and **CSPRIV439495**, objection **SUSTAINED**.

**Document CSPRIV439949** is an e-mail circulated among Collingsworth's legal team. The Special Master recommended that portions pertaining to payments to Colombian witness for security are closely related to or in furtherance of the crime of witness bribery and should be produced, but that the remainder should be redacted as work product. C&S argues that the final sentence in the e-mail (starting "It might be good…") is work product, does not reflect any crime-fraud issues, and should be redacted. The court disagrees. The entire last paragraph pertains to a meeting with two individuals one of whom received payments. Therefore, objection **OVERRULED**.

**Document CSPRIV441731** is a translation of a signed declaration from a Colombian witness that is not attached to any privileged communication and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV443260** contains Collingsworth's notes related to Drummond regarding a January 26-February 3 trip to Columbia. The Special Master recommended that portions discussing funds for witness and security for others and reflecting requests by witness for payment are closely related to or in furtherance of the crime of witness bribery and should be produced, but that the remainder should be redacted as work product. C&S's objection is that, within item 39 on page **CSPRIV443263**, (the second bullet point containing the second and third sentences (starting "I also... Still waiting…") are work product, do not reflect any crime-fraud issues, and should be redacted. C&S asserts that those sections reflect a potential payment to a contractor to gather evidence. (Doc. # 576-1 at 3). The court disagrees. Although the sentences are subject to different interpretations, one interpretation is that they refer to payments to witnesses.

Objection **OVERRULED**.

**Documents CSPRIV443266** and **CSPRIV443372** contains different versions of Collingsworth's notes related to Drummond regarding a January 26-February 3 trip to Columbia, They both contain the same item 39 discussed above. The Special Master again recommended that portions discussing funds for witness and security for others and reflecting requests by witness for payment are closely related to or in furtherance of the crime of witness bribery and should be produced, but that the remainder should be redacted as work product**.** C&S makes the same objection but that objection is off the mark for the reasons noted above. Objection **OVERRULED**.

**Document CSPRIV460032** is an e-mail chain between Collingsworth and George Pierce, a former Drummond employee who was a witness in the *Romero* case. Within the e-mail chain, Collingsworth asks Pierce for information related to a then-pending case against Drummond, to which Pierce responds. The Special Master recommended a finding that the bottom e-mail Collingsworth and Pierce is not privileged, but that the top e-mail is an internal counsel communication that should be redacted as work product. C&S objects that communications with potential witness in an effort to gather evidence is work product and asserts that the entire document should be withheld. "The work-product doctrine protects materials if they were prepared for [] litigation . . . ." *MapleWood Partners, L.P. v. Indian Harbor Ins*. Co., 295 F.R.D. 550, 619 (S.D. Fla. 2013) (citing *FTC v. Grolier, Inc.*, 462 U.S. 19, 25 (1983)). The only sections of the e-mail chain that appear to have been prepared for litigation are the paragraph in the April 22, 2009 e-mail from Collingsworth to Pierce starting "LET ME ASK…" and the answer in Pierce's April 22, 2009 reply. Objection **SUSTAINED IN PART**.

**Document CSPRIV467056** is a status report pertaining to various cases handled by Collingsworth's legal team. The Special Master recommended a finding that portions of the report

(pertaining to security funds provided to Ivan Otero and a large payment to a confidential consultant for letters rogatory testimony) are closely related to or in furtherance of the crime of witness bribery and should be produced, and that the remainder should be redacted as work product. C&S objects that on page **CSPRIV467058**, the paragraph starting "I ALSO NOTE…" is work product, does not reflect any crime-fraud issues, and should be redacted. That paragraph does not reflect witness payments or unexplained payments for testimony and should be redacted as work product. Objection **SUSTAINED**.

**Document CSPRIV467743** is an e-mail chain among Collingsworth's legal team pertaining to a payment to Ivan Otero pursuant to Attorney Cooperation Agreement. The Special Master recommended a finding that the chain is closely related to or in furtherance of crime of witness bribery and should be produced, with the personal/financial information redacted. Collingsworth[2] objects that all e-mails sent after Mindy Drath's 3/30/2009 9:24 AM e-mail on **CSPRIV467745** (*i.e.*, pages **CSPRIV467743** to **467745**) are work product, do not reflect any crime-fraud issues, and should be redacted. The e-mails all relate to payments to, and agreement with, Ivan Otero, who made payments to witnesses related to proceedings against Drummond. Therefore, the court concludes that the e-mail chain is closely related to or in furtherance of crime of witness bribery and should be produced, with the personal/financial information redacted. Objection **OVERRULED**.

**Documents CSPRIV467753** and **CSPRIV467756** are copies of an e-mail chain among Collingsworth's legal team pertaining to payments to Francisco Ramirez Cuellar and Ivan Otero. The Special Master recommended a finding that the chain is closely related to or in furtherance of crime of witness bribery and should be produced, with the personal/financial information redacted.

---

[2] Again, C&S withdrew a number of its objections but Collingsworth persists in maintaining them.

C&S objects. It contends that in the Rebecca Pendleton 3/30/09 9:56 AM e-mail, the second half of Subject Line (starting with "$...") and first sentence of un-redacted paragraph ("starting "Are we…") are work product, do not reflect any crime-fraud issues, and should be redacted. The e-mails discuss monthly payments to Ramirez, who is a Colombian lawyer and is alleged to have paid witnesses for use in proceedings against Drummond (Case No. 2:15-cv-00506-RDP, Doc. # 1). Therefore, the court concludes that the e-mail chain is closely related to or in furtherance of crime of witness bribery and should be produced, with the personal/financial information redacted. Objection **OVERRULED**.

Documents **CSPRIV467760**, **CSPRIV467775**, **CSPRIV467778**, **CSPRIV467783**, and **CSPRIV467791** are copies of an e-mail chain among Collingsworth's legal team pertaining to a payment to Ivan Otero pursuant to Attorney Cooperation Agreement. The Special Master recommended a finding that the chain is closely related to or in furtherance of crime of witness bribery and should be produced, with the personal/financial information redacted. Collingsworth objects that all e-mails sent after Mindy Drath's 3/30/2009 9:24 AM e-mail are work product, do not reflect any crime-fraud issues, and should be redacted. The e-mails all relate to payments to, and agreement with, Ivan Otero, who made payments to witnesses in proceedings against Drummond. Therefore, the court concludes that the e-mail chain is closely related to or in furtherance of crime of witness bribery and should be produced, with the personal/financial information redacted. Objection **OVERRULED**.

Document **CSPRIV468946** is an e-mail among Collingsworth's legal team, portions of which pertains to requests by Colombian co-counsel for reimbursement of large sums of money incurred in connection with development of witness testimony. The Special Master recommended a finding that this portion of the e-mails is closely related to or in furtherance of the crime of

witness bribery and should be produced, with the remainder redacted as work product. C&S objects that the parenthetical ("In Drummond… for 11 years.") is work product, does not reflect any crime-fraud issues, and should be redacted. That sentence, however, may also encompass and/or be closely related to payments to witnesses in in proceedings against Drummond. Therefore, the court finds that the parenthetical is closely related to or in furtherance of crime of witness bribery and should be produced. Objection **OVERRULED**.

**Document CSPRIV469027** are e-mail communications among Collingsworth's team portions of which pertain to monthly payments to Ivan Otero for payments to witnesses. The Special Master recommended a finding that those portions of the e-mails are closely related to or in furtherance of the crime of witness bribery and should be produced, with the remainder redacted as work product. C&S objects that the third paragraph in Luisa Pavolini's September 26, 2012 3:46 PM e-mail (starting "Please note…") is work product, does not reflect any crime-fraud issues, and should be redacted. The court agrees that this portion of the e-mail does not meet crime-fraud standard and should be redacted. Objection **SUSTAINED**.

**Documents CSPRIV469034** and **CSPRIV469034** are copies of e-mail communications among Collingsworth's team, portions of which pertain to Albert Van Bilderbeek and funding of Colombian expenses.  The Special Master recommended a finding that this portion of the e-mail is closely related to or in furtherance of the crime of witness bribery and should be produced, and the remainder redacted as work product. C&S objects that the first full sentence Collingsworth November 5, 2012 9:42 AM e-mail (starting "I hope that…") does not reflect any crime-fraud issues and should be redacted. The court finds that the identified sentence does not meet the crime-fraud standard and should be redacted. Objection **SUSTAINED**.

Documents **CSPRIV469106** and **CSPRIV469107** are copies of e-mail communications among Collingsworth's legal team regarding the status and source of security payments to Ivan Otero. The Special Master recommended a finding that portions of the e-mail are closely related to or in furtherance of the crime of witness bribery and should be produced, and the remainder redacted as work product. C&S objects (1) that Hager's September 25, 2012 7:59 PM e-mail should be redacted in its entirety as it is work product and does not reflect any crime-fraud issues because it relates to contractors working with clients on banana cases; and (2) in Collingsworth September 25, 2012 2:55 PM e-mail, the first half of the second sentence (from "Things are..." to "...SJ,") and final sentence of the second paragraph (starting "Bob is...") are work product, do not reflect any crime-fraud issues, and should be redacted. The court agrees that these portions of the e-mails do not meet the crime-fraud standard and should be redacted. Objection **SUSTAINED**.

Document **CSPRIV469119** is an e-mail communication among Collingsworth's legal team regarding payments to Colombian witnesses and payments to Ivan Otero. The Special Master recommended a finding that the e-mail is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that the 1st, 5th, and 6th bulleted items in Maggie Crosby's September 25, 2012 10:25 AM e-mail do not reflect any crime-fraud issues and should be redacted. The court agrees that these bullet points do not meet the crime-fraud standard and should be redacted. Objection **SUSTAINED**.

Documents **CSPRIV469415** and **CSPRIV469426** are copies of an e-mail communication among Collingsworth's legal team regarding payments to Colombian witnesses and payments to Ivan Otero. The Special Master recommended a finding that the e-mail is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that (1) the second half of Maggie Crosby's September 10, 2012 3:38 pm e-mail  ("...and the pending …

items?") and (2) the second line of Lorraine Leete's September 10, 2012 3:59 PM e-mail "(Also … timesheet)" do not reflect any crime-fraud issues, and should be redacted. The court agrees that these portions of the e-mails do not meet the crime-fraud standard and should be redacted. Objection **SUSTAINED**.

**Document CSPRIV469616** is an e-mail communication among Collingsworth's legal team reflecting monthly payments to Ivan Otero. The Special Master recommended a finding that the e-mail is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that the final line of Maggie Crosby's July 31, 2012 12:28 PM e-mail (starting "**Janette…") is work product, does not reflect any crime-fraud issues, and should be redacted. The court agrees that this portion of the e-mail does not meet the crime-fraud standard and should be redacted. Objection **SUSTAINED**.

**Document CSPRIV472609** is an e-mail communication among Collingsworth's legal team reflecting monthly payments to Colombian co-counsel for security and logistical issues. The Special Master recommended a finding that the e-mail is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that the first un-redacted line in Collingsworth's March 5, 2012 4:15:32 PM e-mail ("The phone … please provide)") is work product, does not reflect any crime-fraud issues, and should be redacted. The court agrees that this portion of the e-mail does not meet the crime-fraud standard and should be redacted. Objection **SUSTAINED**.

**Document CSPRIV473263** is an e-mail chain among Collingsworth's legal team, portions of which discuss the status and source of payments to Ivan Otero and JBM, a Colombian witness, and a declaration. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that item

No. 6 and the below response ("6. Any updates … tomorrow.") in Collingsworth's August 25, 2011 15:11:49 e-mail are work product, do not reflect any crime-fraud issues, and should be redacted. The portion objected to by C&S appears to refer to matters unrelated to Drummond. The court agrees that this portion of the e-mail chain does not meet the crime-fraud standard and should be redacted. Objection **SUSTAINED**.

**Document CSPRIV473266** is an e-mail chain among Collingsworth's legal team discussing the status and source of payments to Ivan Otero and JBM, a Colombian witness, and a declaration. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that Item No. 6 in Lorraine Leete's August 25, 2011 5:39:40 PM e-mail is work product, does not reflect any crime-fraud issues, and should be redacted. The portion objected to by C&S references an update from the Van Bilderbeeks (who financed payments to witnesses) as related to a particular witness. Therefore, the court finds that the parenthetical is closely related to or in furtherance of crime of witness bribery and should be produced. Objection **OVERRULED**.

**Document CSPRIV473295** is an e-mail chain among Collingsworth's legal team discussing the status and source of payments to Ivan Otero and JBM, a Colombian witness, and a declaration. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that Lorraine Leete's August 10, 2011 1:46:14 PM e-mail (in its entirety), Collingsworth's 8/10/11 8:42 AM e-mail (in its entirety), and the second paragraph of Lorraine Leete's August 10, 2011 9:33 AM e-mail (starting "Did you..") are work product, do not reflect any crime-fraud issues, and should be redacted. The portion objected to by C&S references an update from the Van Bilderbeeks (who financed payments to witnesses) as related to a particular witness. Therefore, the court finds that

the parenthetical is closely related to or in furtherance of crime of witness bribery and should be produced. Objection **OVERRULED**.

**Documents CSPRIV474738** and **CSPRIV474744** are copies of an e-mail chain among Collingsworth's legal team discussing a wire transfer to Ivan Otero and a meeting with JB, a Colombian witness. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. Collingsworth objects that his February 11, 2011 11:56:41 PM e-mail and Lorraine Leete's February 11, 2011 2:10 PM e-mail relate to strategy for gaining entry to prison, are work product, do not reflect any crime-fraud issues, and should be redacted in their entirety. Collingsworth's February 11, 2011 4:53 could be read as showing that the payment to Otero, who has been a conduit for paying witnesses, and the meeting with JB in prison are not unrelated. Therefore, the court finds that these portions of the chain are closely related to or in furtherance of crime of witness bribery and should be produced. Objection **OVERRULED**.

**Documents CSPRIV475135** and **CSPRIV475139** are copies of an e-mail chain among Collingsworth's legal team discussing the status of payments to Ivan Otero, portions of which are to be paid to "S" and "ET" "until the depositions have ended." The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that (1) the first paragraph (starting "Translation of...") and first 5 paragraphs of translated e-mail (starting "I got...", "Among...", "There is...", "Ask...", and "Moving to...") of Lorraine Leete's 5/4/11 5:38 PM e-mail, and (2) the first 5 paragraphs (starting "Escucheé…", "Dentro…", "Está también…", "Preguntale…", and "Pasando...") of Ivan Otero's 5/4/11 e-mail, are work product, do not reflect any crime-fraud issues, and should be redacted. The court agrees that these portions of the e-mail chain do not meet the crime-fraud standard and

should be redacted. Objection **SUSTAINED**.

**Documents CSPRIV475209** and **CSPRIV475220** are copies of an e-mail chain among Collingsworth's legal team regarding payments to Ivan Otero and Colombian witnesses and/or families. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that Victoria Ryan's June 27, 2011 3:11 PM e-mail and Lorraine Sarfati's June 27, 2011 3:05 PM e-mail are work product, do not reflect any crime-fraud issues, and should be redacted in their entirety. The e-mails refer to payments to a legal expert. The court agrees that these portions of the e-mail chain do not meet the crime-fraud standard and should be redacted. Objection **SUSTAINED**.

**Document CSPRIV479093** is an e-mail chain among Collingsworth's legal team regarding payments to Ivan Otero and Colombian witnesses and/or families relating to various different cases. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that (1) Victoria Ryan's August 23, 2011 7:00:44 PM e-mail and (2) item Nos. 5 and 6 in Collingsworth's August 23, 2011 1:18 PM e-mail are work product, do not reflect any crime-fraud issues, and should be redacted to match the same redactions applied by the Special Mater in other versions of this e-mail. The court agrees that Victoria Ryan's August 23, 2011 7:00:44 PM e-mail and item No. 5 in Collingsworth's August 23, 2011 1:18 PM e-mail refer to payments made to various people and family members in cases unrelated to Drummond, do not meet the crime-fraud standard and should be redacted. However, item No. 6 discusses a monthly payments to Ramirez, who is a Colombian lawyer and is alleged to have paid witnesses for use in proceedings against Drummond (Case No. 2:15-cv-00506-RDP, Doc. # 1). Therefore, the court finds that item No. 6 in the e-mail chain is closely related to or in furtherance of crime of witness bribery and should be produced,

with the personal/financial information redacted. Objection **SUSTAINED IN PART and OVERRULED IN PART**.

Document **CSPRIV480461** is an e-mail chain among Collingsworth's legal team regarding payments to Ivan Otero and Colombian witnesses and/or families relating to various different cases. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that the second paragraph (starting "No one has…") of Collingsworth's March 9, 2012 10:37:46 PM e-mail is work product, does not reflect any crime-fraud issues, and should be redacted. The second paragraph of Collinsworth's March 9, 2012 10:37:46 PM e-mail appears to refer to matters unrelated to Drummond. The court agrees that this portion of the e-mail chain does not meet the crime-fraud standard and should be redacted. Objection **SUSTAINED**.

Document **CSPRIV480870** is a spreadsheet of C&S monthly expenses and reimbursements, portions of which reflect payments to Colombian witnesses and Ivan Otero. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that entry for Edgardo does not reflect any crime-fraud issues, and should be redacted. The court agrees that payments to Edgardo or his brother relate to a case or cases against an entity other than Drummond. The court agrees that this portion spreadsheet does not meet the crime-fraud standard and should be redacted. Objection **SUSTAINED**.

Document **CSPRIV487612** is a translation of sworn declaration of a Colombian witness who received payment from Defendants that is not attached to a privileged communication, and does not reflect attorney mental impressions. Collingsworth asserts that the translation is work product and should not be produced. Translations of documents are to be treated the same as the

underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

Documents **CSPRIV490336** and **CSPRIV490341** are e-mail chains among Collingsworth's legal team, portions of which pertain to the status of wire transfers to Ivan Otero, and payments for case expenditures. C&S objects that the second half of Ivan Otero's September 26, 2012 e-mail (from "En lo que tiene..." to the end of the e-mail) is work product, does not reflect any crime-fraud issues, and should be redacted. The court agrees. This portion of the e-mails appears to be work product related to cases not before this court and do not appear to relate to any of the crimes or frauds at issue. Objection **SUSTAINED**.

Document **CSPRIV490345** is an e-mail chain among Collingsworth's legal team, portions of which pertain to the status of wire transfers to Ivan Otero, and payments for case expenditures. C&S objects that (1) the second un-redacted paragraph (starting "OK - yeah, …") of Collingsworth October 3, 2012 e-mail, and (2) the second half of Ivan Otero's September 26, 2012 e-mail (from "En lo que tiene..." to the end of the e-mail) are work product, do not reflect any crime-fraud issues, and should be redacted. The court agrees. This portion of the e-mails appears to be work product related to cases not before this court and do not appear to relate to any of the crimes or frauds at issue. Objection **SUSTAINED**.

Documents **CSPRIV494790** and **CSPRIV494793** are an e-mail chain among Collingsworth's legal team, portions of which pertain to payments to Ivan Otero, funds for a witness, and funding from Albert Van Bilderbeek. C&S objects that item No. 6 and the below response ("6. Any updates … tomorrow.") in Collingsworth August 25, 2011 15:11:49 e-mail are work product, do not reflect any crime-fraud issues, and should be redacted. The portion objected to by C&S appears to refer to matters unrelated to Drummond. The court agrees that this portion

of the e-mail chain does not meet the crime-fraud standard and should be redacted. Objection **SUSTAINED**.

Document **CSPRIV496483** is an e-mail chain among Collingsworth's legal team regarding payments to Ivan Otero and Colombian witnesses and/or families relating to various different cases. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that the second paragraph (starting "No one has…") of Collingsworth's March 9, 2012 10:37:46 PM e-mail is work product, does not reflect any crime-fraud issues, and should be redacted. The second paragraph of Collinsworth's March 9, 2012 10:37:46 PM e-mail appears to refer to matters unrelated to Drummond. The court agrees that this portion of the e-mail chain does not meet the crime-fraud standard and should be redacted. Objection **SUSTAINED**.

Document **CSPRIV498148** is an e-mail chain among Collingsworth's legal team regarding payments to Ivan Otero and Colombian witnesses. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that (1) the first paragraph of Lorraine Leete's July 3, 2012 1:04 PM e-mail (starting "Got it..."), (2) the third paragraph of Collingsworth's July 3, 2012 11:49 AM e-mail (starting "I'll bring Yina..."), and (3) the second paragraph of Leete's July 3, 2012 12:44 PM e-mail (starting "One other...") are work product, do not reflect any crime-fraud issues, and should be redacted. The court agrees that these portions of the e-mail chain do not meet the crime-fraud standard and should be redacted. Objection **SUSTAINED**.

Documents **CSPRIV498502** and **CSPRIV498504** are e-mail communications among Collingsworth's team portions of which pertain to monthly payments to Ivan Otero for payments to witnesses. The Special Master recommended a finding that those portions of the e-mails are

closely related to or in furtherance of the crime of witness bribery and should be produced, with the remainder redacted as work product. C&S objects that the third paragraph in Luisa Pavolini's September 26, 2012 3:46 PM e-mail (starting "Please note…") is work product, does not reflect any crime-fraud issues, and should be redacted. The court agrees that this portion of the e-mail does not meet crime-fraud standard and should be redacted. Objection **SUSTAINED**.

**Document CSPRIV498590** is an e-mail chain among Collingsworth's legal team regarding payments to Ivan Otero and Colombian witnesses. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that sensitive bank and account information should be redacted. The court agrees that sensitive bank and account information should be redacted. Objection **SUSTAINED**.

**Document CSPRIV498843** is an e-mail chain among Collingsworth's legal team portions of which pertain to payments to Ivan Otero and Colombian witnesses. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that the third sentence in Susana Tellez's March 6, 2012 9:41 am e-mail ("I am already…") should be redacted as work product. The court disagrees. This portion of the e-mail relates to money being wired to Otero, who was responsible for payments to witnesses. Objection **OVERRULED**.

**Document CSPRIV498887** is an e-mail chain among Collingsworth's legal team regarding payments to Ivan Otero and Colombian witnesses. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that the second half of Ivan Otero's September 26, 2012 e-mail (from "En lo que tiene..." to the end of the e-mail) is work product, does not reflect any crime-

fraud issues, and should be redacted. The court agrees. This portion of the e-mail appears to be work product related to cases not before this court and do not appear to relate to any of the crimes or frauds at issue. Objection **SUSTAINED**.

**Document CSPRIV498891** is an e-mail chain among Collingsworth's legal team regarding payments to Ivan Otero and Colombian witnesses. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that (1) everything besides the second sentence of the second paragraph of Lorraine Leete's October 3, 2012 4 52 PM e-mail (starting "Ivan understands…"), and (2) the second half of Ivan Otero's September 26, 2012 e-mail (from "En lo que tiene..." to the end of the e-mail) is work product, does not reflect any crime-fraud issues, and should be redacted. The court agrees. This portion of the e-mail appears to be work product related to cases not before this court and do not appear to relate to any of the crimes or frauds at issue. Objection **SUSTAINED**.

**Documents CSPRIV498897**, **CSPRIV498902**, and **CSPRIV498908** are copies of an e-mail chain among Collingsworth's legal team regarding payments to Ivan Otero and Colombian witnesses. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that (1) the second line to end of Collingsworth October 4, 2012 12:42:27 AM e-mail (starting "I'm very..."), (2) everything besides the second sentence of the second paragraph of Lorraine Leete's October 3, 2012 5 53 PM e-mail (starting "Ivan understands…"), and (3) the second half of Ivan Otero's September 26, 2012 e-mail (from "En lo que tiene..." to the end of the e-mail) is work product, does not reflect any crime-fraud issues, and should be redacted. The court agrees. This portion of the e-mail appears to be work product related to cases not before this court and do not appear to

relate to any of the crimes or frauds at issue. Objection **SUSTAINED**.

**Document CSPRIV498914** is a two page e-mail from Collingsworth (translated by Lorraine Leete) to Ivan Otero regarding a request for reimbursement of large sums incurred in connection with development of witness testimony. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that the parenthetical in first un-redacted paragraph ("En Drummond … por 11 años.") on **CSPRIV498915** is work product and does not reflect any crime-fraud issues. On the contrary, the parenthetical refers directly to payments made in the cases against Drummond. Objection **OVERRULED**.

**Document CSPRIV499238** is an e-mail to Ivan Otero from family member of Colombian witness regarding monthly payment and internal e-mail among Collingsworth's legal team pertaining to request by family of Colombian witness for payment. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that the final two sentences of Ivan Otero's July 27, 2013 1 08 AM e-mail (starting "Hoy conersé…" through …con otras.") are work product and do not reflect any crime-fraud issues because they relate to another case. The court disagrees. Although the e-mail is somewhat vague, it relates to Charris, who received payments related to the Drummond cases, and wanting more victims. Objection **OVERRULED**.

**Document CSPRIV501289** is an e-mail chain between Collingsworth and former Drummond employee (Victor Marenco Boekhoudt), a Colombian witness in the *Romero* case. The Special Master recommended a finding that the chain was not privileged. C&S objects that this is a communication with source and potential witness in an effort to gather evidence, and is work product. The jury trial in the *Romero* case took place from July 10, 2007 through July 26, 2007.

*See Romero v. Drummond Co, Inc, et al*., Case No 7:03-cv-00575-KOB. The Jury returned a verdict in favor of Drummond on July 26, 2007. (Case No 7:03-cv-00575-KOB, Doc. # 486). Final judgment in favor of Drummond was entered on July 30, 2007. (Case No 7:03-cv-00575-KOB, Doc. # 487). The initial e-mail in the chain is dated July 23, 2007, and appears to be just an e-mail checking in following the writer's testimony and following Collingsworth's questioning of Drummond's witnesses. The response, dated September 28, 2007, contains nothing of substance nor does it relate to gathering evidence. The remaining e-mails, dated April 10 and 11, 2009, follow the Eleventh Circuit's decision affirming the 2007 decision in Romero in favor of Drummond and do not contain any information regarding gathering evidence. Objection **OVERRULED**.

**Document CSPRIV501455** is an e-mail chain between a third party who runs Corporate Campaign, Inc., which runs a website campaign against another company conducting business in Colombia, Collingsworth, and Albert Van Bilderbeek of Llanos Oil. The Special Master recommended a finding that the inclusion of the third party waives any privilege over the communication, but that the top two e-mails, which are between Collingsworth and Van Bilderbeek only, should be redacted as attorney-client communications. C&S objects that e-mails with a media consultant sharing a common interest qualify as work-product.

"The party claiming the [common interest] privilege must demonstrate that '(1) the material is privileged, (2) "the parties had an identical legal and not solely commercial interest," and (3) the communication was designed to further the shared legal interest.'" *In re Androgel Antitrust Litig. (No. II)*, 2015 WL 9581828, at *2 (N.D. Ga. Dec. 30, 2015) (quoting *Net2Phone, Inc. v. Ebay, Inc*., 2008 WL 8183817, at *7 (D.N.J. June 26, 2008) (citations omitted), in turn quoting *In re Regents of Univ. of Cal*., 101 F.3d 1386, 1390 (Fed. Cir. 1996)). The proponent of the common interest doctrine must establish that "the act of sharing was part of an ongoing

common legal enterprise" as opposed to a "joint business strategy which happens to include as one of its elements a concern about litigation." *See Spencer v. Taco Bell, Corp*., 2013 WL 12156093, at *2-3 (M.D. Fla. Apr. 23, 2013) (quoting *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust, No. 1B*, 230 F.R.D. 398, 416 (D. Md. 2005), and *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 447 (S.D.N.Y. 1995)); *see also Del Monte Int'l GMBH v. Ticofrut, S.A.*, 2017 WL 1709784, at *7 (S.D. Fla. May 2, 2017). The June 18, 2007 e-mail is simply an e-mail pitch from Rogers to Van Bilderbeek seeking to sell his services to Llanos Oil and is therefore not privileged. Rogers appears to only have a commercial interest in representing Llanos Oil, but no direct interest in the litigation. Therefore, the common interest privilege does not apply.

As to the two e-mails just between Collingsworth and Van Bilderbeek that the Special Master recommended be redacted as attorney-client communications, the court does not believe these e-mails are protected by any privilege. According to Collingsworth's e-mail, there was not yet a formal relationship with Van Bilderbeek. Moreover, the communication does not reveal any common litigation strategy as opposed to related commercial interests. Objection **OVERRULED**.

**Document CSPRIV502057** is an e-mail from Collingsworth to Albert Van Bilderbeek of Llanos Oil and a third party who runs Corporate Campaign, Inc., which runs a website campaign against another company conducting business in Colombia. The Special Master recommended a finding that the inclusion of the third party waives any privilege over the communication. C&S objects that e-mails with a media consultant sharing a common interest are work-product. This e-mail from Collingsworth predates the e-mails in **Document CSPRIV501455**, and is designed to introduce Van Bilderbeek to the media consultant. For the same reasons discussed in relation to **Document CSPRIV501455** (no common litigation interest and no formal attorney-client

41

relationship with Van Bilderbeek), the e-mail is not privileged. Objection **OVERRULED**.

**Document CSPRIV503065** is an e-mail chain among Collingsworth's legal team portions of which relate to the status of payments to Ivan Otero. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that the paragraph from "En lo que tiene..." to the end of the e-mail are all work product, do not reflect any crime-fraud issues, and should be redacted. As with **Document CSPRIV413450**, the court agrees. This portion of the e-mail appears to be work product related to cases not before this court and do not appear to relate to any of the crimes or frauds at issue. Objection **SUSTAINED**.

**Document CSPRIV505353** is an e-mail chain among Collingsworth's legal team portions of which relate to security payments and/or witness payments to Ivan Otero from Albert Van Bilderbeek. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that the second paragraph of Lorraine Leete's September 23, 2011 11:53 AM e-mail (starting "I'm sorry...") is work product, does not reflect any crime-fraud issues, and should be redacted. C&S points out that the Special Master redacted that paragraph in **Document CSPRIV505351**.

The party asserting the work-product privilege has the initial burden to establish that the documents it seeks to protect were prepared in anticipation of litigation. *United States ex rel. Bibby v. Wells Fargo Bank, N.A.*, 165 F. Supp. 3d 1319, 1324 (N.D. Ga. 2015). The "in anticipation of litigation" prong contains within it two related but distinct concepts: the document must have been prepared before or during the litigation and it must have been prepared *for* litigation and not for some other purpose. *See id*. at 1324 (emphasis in original). The subject paragraph merely discusses internet connectivity and moving offices, which does not appear to have been prepared "for"

litigation. Objection **OVERRULED**.

**Document CSPRIV505369** is an e-mail chain among Collingsworth's legal team portions of which relate to a request/demand for reimbursement by Colombian counsel for amounts spent on security for families. The Special Master recommended a finding that the chain is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that on **CSPRIV505370**, the second half of the paragraph in Collingsworth's December 13, 2012 3:19 PM e-mail (from "To make a..." to paragraph end) is work product, does not reflect any crime-fraud issues, and should be redacted. C&S states that this section concerns potential co-counsel arrangements for an unrelated case. The court disagrees. Although this portion may also relate to an unrelated case, it is part of the same overall discussion about payments to Colombian co-counsel and cannot be separated from that discussion. Objection **OVERRULED**.

**Documents CSPRIV513507**, **CSPRIV513508**, and **CSPRIV513509** all contain an e-mail among Collingsworth's legal team discussing payments to a Colombian witness and potential sources of those funds. The Special Master recommended a finding that the e-mail is closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that, in the main paragraph, the second and third sentences (starting "Our current… My firm…") should be redacted as work product related to mental impressions concerning the propriety of paying legal fees. The court disagrees. The statements relate to counsel's evaluation of the legality of the crime or fraud at issue. Therefore, they are closely related to or in furtherance of the crime of witness bribery and should be produced. Objection **OVERRULED**.

**Documents CSPRIV516715**, **CSPRIV516717**, and **CSPRIV516720** are an e-mail chain among Collingsworth's legal team portions of which discuss a witness's requests for money for a declaration and offers of money to other witnesses. The Special Master recommended that the

challenged portions discussing funds for witnesses and requests by witness for payment are closely related to or in furtherance of the crime of witness bribery and should be produced. C&S's objection is that two sentences (starting "I also... Still waiting…") are work product, do not reflect any crime-fraud issues, and should be redacted. The court disagrees. Although the sentences are subject to different interpretations, one interpretation is that they relate to payments to witnesses. Objection **OVERRULED**.

Documents **CSPRIV516784** and **CSPRIV517063** are an e-mail chain among Collingsworth's legal team and between Collingsworth and Albert Van Bilderbeek confirming wire transfers for witness and security payments. The Special Master recommended that the e-mails are closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that sensitive financial information should be redacted. The court agrees that any account information should be redacted. Objection **SUSTAINED**.

Document **CSPRIV517108** is an e-mail chain among Collingsworth's legal team, with the initial e-mail to Collingsworth originating from a researcher with a Dutch human rights group who authored a report on funding and collaboration of paramilitary groups in Colombia by coal companies. The remaining e-mails are internal counsel discussions. The Special Master recommended that the initial e-mail from a third party is not privileged, but that the other e-mails between counsel are unrelated to witness payments and should be redacted as work product. C&S objects that an e-mail with an NGO sharing a common interest is work product and should be withheld. C&S has not demonstrated that "the parties [to the e-mail] had an identical legal and not solely commercial interest," *In re Androgel Antitrust Litig. (No. II)*, 2015 WL 9581828, at *2 (N.D. Ga. Dec. 30, 2015), and therefore that the common interest doctrine should apply. Objection **OVERRULED**.

Document **CSPRIV520280** is an e-mail chain among Collingsworth's legal team discussing the status of funds to be sent to Colombia through Ivan Otero. The Special Master recommended that the e-mails are closely related to or in furtherance of the crime of witness bribery and should be produced. C&S objects that there is no indication in the e-mail that it relates to funds, as the language used is vague. Although the sentences are subject to different interpretations, one interpretation is that they relate to payments to witnesses. Objection **OVERRULED**.

Document **CSPRIV521231** is a Drummond-related Memo/To-Do List dated June 15, 2012 among Collingsworth's legal team reflecting meeting notes with a Colombian witness, portions of which reference payments and agreements for payments to witnesses. The Special Master recommended that the portions referencing payments and agreements for payments to witnesses are closely related to or in furtherance of the crime of witness bribery, but that the remainder should be redacted as work product. C&S objects that on page **CSPRIV521231**, in item 1, the final sentence (starting "With regards…") reflects strategy to work with new plaintiffs, is work product, does not reflect any crime-fraud issues, and should be redacted. The court agrees this sentence should be redacted. Objection **SUSTAINED**.

Document **CSPRIV521490** is a draft insert for a "response." The Special Master recommended that the portions discussing witness payments are closely related to the crime of witness bribery and should be produced, and the remainder should be redacted as work product. C&S objects that (1) on page **CSPRIV521493**, the first two un-redacted sentences (starting "Indeed, ... CITE ...") and the associated margin comment should be redacted because, C&S argues, an expert's opinion on what is the standard practice in Colombia does not fit into one of the current discovery categories; (2) on page **CSPRIV521494**, all but the header and the final

sentence (from "the purpose of..." to "... from such litigation.") is work product and should be redacted because, C&S argues, it is pure legal argument not applying any facts; and (3) on pages **CSPRIV521495** (entire page), 521496 (entire page), and 521497 (through the grey highlighted sentence, ending with "...WFP report") and the associated margin comments are work product and should be redacted because, C&S argues, it is pure legal argument not applying any facts.

The Special Master determined that this document, which is titled "Opposition Response," was a discovery response. But it appears to the court that the document consists of notes, an outline, and a draft for briefing in opposition to a motion and thus was "prepared by the party or his representative because of the [ongoing] litigation.'" *Owens v. Stifel, Nicolaus & Co*., 2013 WL 6389035, at *2 (M.D. Ga. Dec. 6, 2013) (quoting *Shipes v. BIC Corp*., 154 F.R.D. 301, 305 (M.D.Ga.1994)). Objection **SUSTAINED**.

**Document CSPRIV522103** is a signed declaration of Ivan Otero, a Columbian attorney who facilitated payments to witnesses, together with a translation, that is not attached to any privileged communication. Collingsworth objects that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV522123** is a translation of the declaration of Ivan Otero, a Columbian attorney who facilitated payments to witnesses, that is not attached to any privileged communication. Collingsworth objects that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Documents CSPRIV522198** and **CSPRIV522207** are signed declarations, together with translations, that are not attached to any privileged communication. Collingsworth objects that the

translations are work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at & 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV522265** is a translation of a signed letter to a third party, not attached to any privileged communication, and has no indication either that it is a draft or of any attorney mental impressions. Collingsworth objects that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV522782** is a translation of a signed letter to a third party, not attached to any privileged communication, and has no indication either that it is a draft or of any attorney mental impressions. Collingsworth objects that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV522783** is a signed declaration, together with a translation, that is not attached to any privileged communication. Collingsworth objects that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV522923** is an e-mail chain among Collingsworth's legal team portions of which discuss payments to a witness and the witness's family. The Special Master recommended that the portions discussing payments to witnesses and the disclosure of information concerning witness payments and discovery responses are closely related to or in furtherance of the alleged fraud on the court and should be produced, and the remainder should be redacted as

work product. C&S objects that on pages **CSPRIV522925**, **-522927**, and **-522930**, the paragraph starting with "Notice that for..." (the same paragraph appears on all three pages) is work product, does not reflect any crime-fraud issues, and should be redacted because, C&S argues, the paragraph contains legal research and analysis about payments to non-witness informants. Although the objected-to paragraph relates to payments to non-witnesses, one interpretation is that the persons to whom these payments were made were conduits for payments to witnesses, and there certainly is a factual predicate for that interpretation. Objection **OVERRULED**.

**Document CSPRIV522947** is an e-mail chain among Collingsworth's legal team portions of which discuss payments to Ivan Otero for security or witness payments. The Special Master recommended that these portions are closely related to or in furtherance of the alleged fraud on the court and should be produced, and the remainder should be redacted. C&S objects that (1) on pages **CSPRIV522947**, **-522948**, **-522951**, and **-522953**, in Ivan Otero's September 26, 2012 e-mail (the same e-mail appears four times), the entire second half of e-mail (sentences starting "Jarley..." and "Para acompañarme...") is work product, does not reflect any crime-fraud issues, and should be redacted; (2) on pages **CSPRIV522948**, **-522950**, and **-522951**, in Lorraine Leete's September 26, 2012 10:05 pm e-mail (same e-mail appears twice), the entire second paragraph (sentences starting "Jarley…" and "In order to...") is work product, does not reflect any crime-fraud issues, and should be redacted; (3) on page **CSPRIV522949**, in Collingsworth September 27, 2012 8:42 GMT e-mail, in the paragraph starting "On the trip..." is work product, does not reflect any crime-fraud issues, and should be redacted; and (4) on page **CSPRIV522953**, in Leete's September 27, 2012 9:07 e-mail, the paragraph starting "En el viaje..." is work product, does not reflect any crime-fraud issues, and should be redacted. The court agrees. It does not appear these paragraphs meet the crime-fraud standard and should be redacted. Objection **SUSTAINED**.

Document **CSPRIV524264** is an e-mail chain among Collingsworth's legal team related to case expenses and reflecting wires of funds to Colombia for witnesses. The Special Master recommended that the whole e-mail chain is closely related to or in furtherance of the alleged crime of witness bribery and should be produced. C&S objects that on page **CSPRIV524265**, in Susana Tellez's April 25, 2011 e-mail at 15:20:29, the final paragraph (starting "Shutting off…") is work product, does not reflect any crime-fraud issues, and should be redacted. Although this paragraph is non-substantive, it is not related to witness payments and therefore does not meet the crime-fraud standard, and should be redacted. Objection **SUSTAINED**.

Document **CSPRIV524274** is an e-mail chain among Collingsworth's legal team, portions of which also include a third-party researcher with a human rights group. The Special Master recommended that the e-mail with the third party be produced, but that the internal e-mail communications among Collingsworth's legal team related to case matters and unrelated to any crimes/frauds alleged should be redacted as work product. C&S objects that e-mails with an NGO sharing common interest are work-product and should be withheld. C&S has not demonstrated that "the parties [to the NGO e-mail] had an identical legal and not solely commercial interest," *In re Androgel Antitrust Litig. (No. II)*, 2015 WL 9581828, at *2 (N.D. Ga. Dec. 30, 2015), and therefore that the common interest doctrine should apply. Objection **OVERRULED**.

Document **CSPRIV524284** is an e-mail chain among Collingsworth's legal team and co-counsel, portions of which pertain to request by Colombian counsel to be reimbursed large sums for costs incurred in obtaining testimony in Colombia. The Special Master recommended that the portions related to payments are closely related to or in furtherance of the alleged crime of witness bribery and should be produced while the remaining portions should be redacted as work product. C&S objects that (1) on pages **CSPRIV524284**, **-524290**, **-524296**, **-524303**, **-524310**, **-524319**,

and **-524327** (the same e-mail appears seven times), the second half of the paragraph in Collingsworth's December 13, 2012 3:19 PM e-mail (from "To make a..." to paragraph end) concerns potential co-counsel arrangements from an unrelated case, is work product, does not reflect any crime-fraud issues, and should be redacted; and (2) on pages **CSPRIV524308**, **-524317**, and **-524326** (the same e-mail appears three times), in Shubhaa Srinivasan's February 14, 2012 8:13 AM e-mail, the second half of the paragraph (from "Good idea..." to the end) concerns potential co-counsel arrangements from an unrelated case, is work product, does not reflect any crime-fraud issues, and should be redacted. The court disagrees. Although this portion may involve an unrelated case, it is inextricably intertwined with the overall discussion about payments to Colombian co-counsel and cannot be separated from that. Objection **OVERRULED**.

**Document CSPRIV528274** is an e-mail chain among Collingsworth's legal team portions of which discuss wire transfers to Ivan Otero for security or witness payments. The Special Master recommended that these portions are closely related to or in furtherance of the alleged crime of witness bribery and should be produced, and the personal/financial information should be redacted. C&S objects that Mario Ivan Marengo Otero is a different person from Ivan Otero and was a Colombian contractor in the Drummond litigation. Thus, C&S argues, the document is work product and does not relate to any crime-fraud issue and should be withheld in its entirety. In light of the information that this is a different Otero, and there is no evidence this Otero facilitated witness payments, this document does not meet crime-fraud standard and should not be produced. Objection **SUSTAINED**.

**Documents CSPRIV529501** and **CSPRIV529503** consist of translations of signed letters between Ivan Otero and a third party, not attached to any privileged communication, and containing no indication either that they are drafts or contain any attorney mental impressions.

Collingsworth objects that the translation is work product and should not be produced. Translations of documents are to be treated the same as the underlying document (Doc. # 628 at ¶ 10(c)), which is neither work product, nor privileged. Objection **OVERRULED**.

**Document CSPRIV529517** is a memorandum among Collingsworth's legal team relating to Drummond dated May 2, 2011, a portion of which pertains to a payment to a witness and/or family. The Special Master recommended that this portion is closely related to or in furtherance of the alleged crime of witness bribery and should be produced, and the personal/financial information should be redacted. C&S objects that on page **CSPRIV529517**, in the first sentence, the city to which the witness's family relocated should be redacted. The court agrees. Objection **SUSTAINED**.

**Document CSPRIV529528** is a memorandum among Collingsworth's legal team relating to Drummond dated November 16, 2011, portions of which pertain to payments to a witness and/or family. The Special Master recommended that these portions are closely related to or in furtherance of the alleged crime of witness bribery and should be produced, and the remainder should be redacted. C&S objects that on page **CSPRIV529528**, in the first sentence of the unredacted paragraph, the city to which the witness's family relocated should be redacted. The court agrees. Objection **SUSTAINED**.

**Document CSPRIV529530** is a memorandum among Collingsworth's legal team relating to Drummond dated November 18, 2011, portions of which pertain to payments to a witness and/or family. The Special Master recommended that these portions are closely related to or in furtherance of the alleged crimes of witness bribery and suborning perjury and should be produced, and the remainder should be redacted. C&S objects that on page **CSPRIV529530**, in the first sentence, the city to which the witness's family relocated should be redacted. The court agrees. Objection

**SUSTAINED**.

**Document CSPRIV529531** is a memorandum among Collingsworth's legal team relating to Drummond dated November 4, 2011, portions of which pertain to payments to a witness and/or family. The Special Master recommended that these portions are closely related to or in furtherance of the alleged crimes of witness bribery and suborning perjury and should be produced, and the remainder should be redacted. C&S objects that on page **CSPRIV529531**, in the first sentence of the second un-redacted paragraph, the city to which the witness's family relocated should be redacted. The court agrees. Objection **SUSTAINED**.

**Documents CSPRIV529991** and **CSPRIV529992** are an e-mail chain between Collingsworth and a witness in the *Romero* case, and a copy of the court's April 30, 2010 Memorandum Opinion in *Doe v. Drummond*, Case No. 2:09-CV-01041. The Special Master recommended that the documents be produced because they are not privileged. Collingsworth objects that a communication with a source and potential witness in an effort to gather evidence is work product. The communication contains mere pleasantries and no effort to gather evidence. Objection **OVERRULED**.

**Document CSPRIV531101** is an e-mail chain among Collingsworth's legal team, portions of which reflect wire transfers to Colombian counsel for work performed in a Drummond matter and transportation payments for family members. The Special Master recommended that that these portions are closely related to or in furtherance of the alleged crime of witness bribery and should be produced, and the remainder should be redacted. C&S objects that on page **CSPRIV531101**, the entirety of Janette Perez's August 26, 2010 10:47 AM e-mail is work product, does not reflect any crime-fraud issues, and should be redacted because, C&S says, the e-mail references the payment of transportation costs for plaintiffs in underlying cases. The court agrees. Janette Perez's

August 26, 2010 10:47 AM e-mail does not meet the crime-fraud standard and should be redacted. However, the remaining portions left un-redacted do meet the standard and should be produced. Objection **SUSTAINED**.

**Document CSPRIV531306** is an e-mail chain among Collingsworth's legal team, a portion of which pertains to the source of funds for a family's relocation. The Special Master recommended that that this portion is closely related to or in furtherance of the alleged crime of witness bribery and should be produced, and the remainder should be redacted. C&S objects that on page **CSPRIV531306**, the final clause of the first paragraph of Collingsworth's August 30, 2010 1:31 PM e-mail (from "and will hand… " to end of sentence) is work product, does not reflect any crime-fraud issues, and should be redacted. Although this portion is somewhat unclear, it is part of the same overall discussion about payments for relocating a witness's family and cannot be separated from that discussion. Objection **OVERRULED**.

## III.   Conclusion

The Special Master **SHALL** produce the documents addressed herein to Drummond in a manner consistent with the court's rulings on the relevant objections.

In addition, after reviewing the court's rulings herein, the parties **SHALL** meet and confer, with the assistance of the Special Master, to apply these rulings to the remaining documents poised for *in camera* inspection by the court. The court notes that any objections maintained after this review process which do not appear to take into account the court's rulings herein may result in the imposition of sanctions.

**On or before January 28, 2022**, the parties **SHALL** file a joint report acknowledging the court's instructions and setting forth a proposed schedule to accomplish these tasks.

**DONE** and **ORDERED** this January 7, 2022.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE