IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC.<br><br>v.<br><br>TERRENCE P. COLLINGSWORTH, et al. | Case No. 2:11-cv-3596-RDP<br>(*Defamation*) |
| DRUMMOND COMPANY, INC., et al.<br><br>v.<br><br>TERRENCE P. COLLINGSWORTH, et al. | Case No. 2:15-cv-0506-RDP<br>(*RICO*) |

### PLAINTIFFS' BRIEF REGARDING THE DEPOSITION OF DEFENDANT TERRENCE P. COLLINGSWORTH

William Anthony Davis, III
H. Thomas Wells, III
Benjamin T. Presley
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
(205) 868-6000
fax: (205) 868-6099

Sara E. Kropf
Kropf Moseley PLLC
1001 H Street NW, Suite 1220
Washington, DC 20005
(202) 627-6900

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

{B4708705}

COMES NOW Drummond Company, Inc. and Drummond Ltd. (collectively "Drummond") and, pursuant to this Court's October 19, 2023 Order (*RICO* Doc. 259), request that this Court enter an order requiring Defendant Terrence P. Collingsworth ("Collingsworth") to appear for 21 hours of on-the-record deposition testimony in the *RICO* and *Defamation* cases. To the extent this Court's schedule allows and this Court deems it appropriate, Drummond further requests that Collingsworth's deposition take place at the Hugo Black Courthouse. *See Defamation* Doc. 746 (Aug. 16, 2023 Hrg. Tr.) at 8:4-18 (discussing length and time of Collingsworth's deposition and stating that "there's a good chance we'll have those depositions in my courtroom"). Collingsworth opposes Drummond's request.[1]

## INTRODUCTION AND PROCEDURAL HISTORY

This Court's operative Scheduling Orders provide that "[e]ach deposition, ***except depositions of named parties***, is limited to a maximum of 7 hours of on-the-record questioning unless extended by agreement of the parties or order of the court." *RICO* Doc. 242, ¶ 3; *Defamation* Doc. 748, ¶ 3 (emphasis added). Those orders further provide that "[f]or depositions of named parties, the parties SHALL meet and confer regarding the potential need to extend these limitations." *Id.*

In the Parties' Joint Reports Regarding Scheduling of Tier 1 Depositions, which were filed on October 2, 2023, Drummond noted the impasse regarding the

---

[1] Conrad & Scherer, LLP ("C&S") stated during the meet and confer that it "objected" to Drummond's request for 21 hours but has never clarified what it believes is an appropriate length of time for Collingsworth's deposition. Its response reiterates that position. *RICO* Doc. 261; *Defamation* Doc. 755. Defendants Otero and Ramirez did not state a position on Drummond's request, and Defendant Van Bilderbeek did not participate in the meet and confer with the Special Master.

{B4708705}                                     1

length and location of Collingsworth's deposition in these cases. *Defamation* Doc. 753 at 3-4; *RICO* Doc. 253 at 3-4.  On October 18, 2023, the Special Master presided over a meet and confer conference on the issue of Collingsworth's deposition.  During that conference, Collingsworth initially stated that he would only agree to sit for a deposition in which Drummond could ask him questions that he refused to answer in his prior deposition leading up the crime-fraud hearing in the Defamation case. *See Defamation* Doc. 329-1 (Collingsworth Dep.).  Of course, Collingsworth's prior deposition occurred more than 8 years ago and, more importantly, was limited in scope.  Since that time, Defendants have produced documents pursuant to the crime-fraud exception, which is a process that is still ongoing and continues to uncover critical facts. *See RICO* Doc. 256 at § II (discussing recently produced documents which prove that, contrary to his sworn testimony, Collingsworth (not Van Bilderbeek) paid Jaime Blanco).

After discussion amongst the parties and the Special Master regarding why this position was unwarranted, particularly in light of the express language in this Court's operative Scheduling Orders which emphasizes that "*Depositions taken as part of the discovery process leading up [to] the evidentiary hearing on the crime-fraud exception do not count towards this 'one deposition' per witness limitation,*" *RICO* Doc. 242, ¶ 3, Collingsworth revised his position.  Collingsworth withdrew his "scope" objection (i.e., that his deposition should only consist of questions he refused to

answer in his previous deposition), but stated that he would only agree to testify for a total of seven (7) hours.[2]

Drummond's position has been, and continues to be, that the facts and circumstances of these cases justify and require that Collingsworth be ordered to appear for a minimum of 21 hours of on-the-record testimony at his deposition. The parties were unable to reach an agreement, and the Special Master directed Drummond to raise this issue directly with the Court. Drummond files this brief in compliance with that directive and this Court's October 19, 2023 Order. *RICO* Doc. 259.

## ARGUMENT

As a threshold matter, an extended deposition of Collingsworth is already contemplated by this Court's Scheduling Orders. *RICO* Doc. 242, ¶ 3; *Defamation* Doc. 748, ¶ 3. Those orders specifically did not include a time limit for party depositions, and instead instructed the parties to meet and confer on this issue. *Id.* Collingsworth is a party and is, without question, the most important party witness on either side of the "v." On that basis alone, Drummond's request is warranted.

Drummond's request is also supported by the Federal Rules of Civil Procedure, which provide that a court "must allow additional time consistent with Rule 26(b)(1)

---

[2] This Court's Order directs interested parties to brief the "timing, *scope*, and location" of Collingsworth's deposition. *RICO* Doc. 259 (emphasis added). As explained above, Drummond does not believe the scope of Collingsworth's deposition is in dispute, thanks in large part to the Special Master's facilitation of the parties' meet and confer. To the extent Collingsworth (or any other party) backtracks and argues that the "scope" of his deposition should be limited to anything less than all issues relevant to the *RICO* and/or *Defamation* cases, including issues implicated by this Court's crime-fraud order, *Defamation* Doc. 417, Drummond objects and reserves the right to respond in its responsive brief. Notably, C&S appears to agree with Drummond regarding the proper scope of Collingsworth's deposition. *RICO* Doc. 261; *Defamation* Doc. 755.

{B4708705}                                3

and (2) if needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). "Whether good cause exists to extend a deposition beyond the presumptive time limit of seven hours is a fact-specific determination." *Pierre v. City of New York*, No. 120CV05116ALCVF, 2022 WL 2384150, at *1 (S.D.N.Y. July 1, 2022) (granting defendants' request to extend plaintiff's deposition time) (internal cites omitted). *See also Arista Records LLC v. Lime Group LLC*, No. 06-CV-5936, 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008) ("A district court has broad discretion to set the length of depositions appropriate to the circumstances of the case."). The 2000 Advisory Committee Notes to Rule 30(d) are particularly instructive here, as they contemplate extending the 7-hour default time limit "[i]f the examination will cover events occurring over a long period of time," as well as "[i]n cases in which the witness will be questioned about numerous or lengthy documents."

This Court is familiar with the history of this litigation, and therefore Drummond will not belabor the Court with a full recitation of those facts. Succinctly stated, the underlying facts span more than two decades and involve not only the instant *RICO* and *Defamation* cases, but also the underlying cases that Defendants filed in this Court against Drummond and its executives. The relevant events involve dozens of individuals and entities in the United States, South America, and Europe, and they continue to this very day, with Collingsworth and his cohorts actively spurring on criminal proceedings in Colombia. Accordingly, Collingsworth's deposition will unquestionably "cover events occurring over a long period of time." *Id.*

This Court and other district courts within the Eleventh Circuit have extended the time for depositions in cases of similar complexity. *See In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-cv-20000-RDP, 2017 WL 10410066, at *2–3 (N.D. Ala. Apr. 25, 2017) (granting plaintiffs' motion to extend the deposition time for the CEOs of BCBS-AL and BCBSA where those individuals "possess[ed] direct, personal knowledge" on critical issues and were the "primary defendants"); *see also Dunkin Donuts Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 522 (S.D. Fla. 2002) (granting plaintiff's motion to extend defendant's 30(b)(6) representative's deposition time "due to the complexity of the deposition," including thousands of pages of documents and facts spanning seven years).[3]

Defendants' litigation strategy has compounded the complexity of this case and reinforces the reasonableness—and necessity—of Drummond's request. C&S Managing Partner Bill Scherer, former C&S Chief Financial Officer Richard Drath,

---

[3] Other federal courts are in accord. *See Chevron Corp. v. Donziger*, No. 11 CIV. 0691 LAK, 2013 WL 3270339, at *2–3 (S.D.N.Y. June 27, 2013) (denying Donziger's motion for a protective order and ordering him to sit for more than 14 hours of deposition testimony, notwithstanding the fact that Chevron already deposed Donziger for 15 days in a related 28 U.S.C. § 1782 proceeding, while noting that "[i]n the absence of the prior deposition, the limit here would doubtless have been far greater than fourteen hours given Mr. Donziger's central role in this matter"); *see also Sifuentes v. United Parcel Serv., Inc.*, No. 10-2178-RDR, 2011 WL 13301689, at *9 (D. Kan. Mar. 1, 2011) ("The court finds that defendant has shown good cause for extending plaintiff's deposition and that the additional time is needed to fairly examine plaintiff, based on the number of his claims, the time frame of his claims, and the nature of his discovery responses so far."); *Chawla v. Metropolitan Oral Surgery Assocs., P.C.*, No. 11-CV-6248 RRM VMS, 2014 WL 4678023, at *4 (E.D.N.Y. Sept. 19, 2014) (affirming prior order allowing for 3 days to depose the plaintiff and denying plaintiff's motion to conclude the deposition after 2 days); *Gardens v. United States*, No. 93-655C, 2014 WL 4401529, at *5–6 (Fed. Cl. Sept. 5, 2014) (granting request for a 3-day deposition where "the relevant events in this case now stretch so far in the past" and "many witnesses are no longer available"); *In re Intel Corp. Microprocessor Antitrust Litig.*, No. CIV. A. 05-441-JJF, 2008 WL 5377979, at *2 (D. Del. Dec. 18, 2008) ("[T]his case involves eight years of particularized knowledge by the Dell Witnesses, including thousands of documents personally authored by each one, concerning Dell's alleged relationship with Intel. The Court cannot conclude that 2 or 3 days of deposition time for each of the involved witnesses is unreasonable to explore such a lengthy and substantial relationship.").

and former C&S lawyer Christian Levesque all testified that they now have no memory of crucial events, even when shown documents that reflect their direct involvement in those events. Due to Defendants' collective amnesia, Drummond has been forced to rely heavily on exhibits in depositions, which is a tedious and time-consuming process. For example, Christian Levesque was admitted *pro hac vice* in this Court in the *Balcero* case and was Collingsworth's primary co-counsel. She appears on numerous emails regarding witness payments, and she drafted pleadings, briefs, discovery responses, and affidavits which are littered with false representations regarding the scope, nature, and extent of Defendants' witness payments.

In her recent deposition, she claimed not to recall critical events—including events that occurred *in this case*—well over 100 times. *See RICO* Doc. 256-11 (Levesque Dep.). After being shown more than **60** exhibits, virtually all of which she either received or authored but claimed not to recall, she testified that she was unable to offer any explanation of Defendants' witness payments (and the fraudulent concealment of those payments) stating that "I don't know who else would have information" other than Collingsworth:

> Q And is it your testimony to the jury in this case that as it pertains to all of the payments, and all of the discussions of payments that we've gone through in these emails that you received in realtime, that sitting here today, you've just forgotten about them?
>
> A I'm –
>
> MS. LOCKWOOD: Objection. Misstates testimony.

A – I'm doing the best I can do to answer your questions and to recall back eight to ten years ago, or 11 years ago depending on when the emails were. I do not recall -- I do not recall those emails and communications and about those payments. This has been a long litigation. Again, you have pieced together your theory of what happened, and in realtime, those are not the only emails I'm receiving. I was litigating. And no, I -- I don't recall. When I've said I don't recall, I don't recall.

Q Well, I think you can see from what we've gone through what our theory of what happened is. Can you provide testimony for the jury to explain what did happen?

MS. LOCKWOOD: Object to the form.

A I –

Q What payments were made, why were only some disclosed, why were none disclosed during *Balcero* when those witnesses were being deposed?

MS. LOCKWOOD: Object -- object to the form.

A I -- I think you've -- you have documents that show at various points the kinds of payments that were made, and you also have information that indicates as a group those of us who were responding to Interrogatories, again, I go back to we were doing – or at least I was doing the best I could do to answer things in a responsive way. But that's not the area of this litigation that I was focused on. So I can't provide testimony about things that I don't know. You have clearly provided documents that discuss payments of various kinds and attempts to make certain decisions on discovery responses, but –

**Q Do you know anybody other than Mr. Collingsworth that can provide that explanation?**

A **I don't -- I don't think so**. I mean, you -- you see the documents yourself, you see who's on those documents. But Terry has acknowledged in these documents and elsewhere that he was the one talking to people on the ground in Colombia and making the arrangements there and elsewhere. So **I don't know who else would have information.**

*RICO* Doc. 256-11 (Levesque Dep.) at 255:4-257:1 (emphasis added).[4]

Relying on Collingsworth for a fulsome and forthcoming explanation is not conducive to a concise deposition. As this Court is aware, Collingsworth claims that he "forgot" that he paid witnesses. *See generally Defamation* Doc. 417 (Crime-Fraud Op.). Collingsworth's former law partner testified that "Collingsworth will say whatever he needs to say to get through the crisis at the moment," Ex. 1 (Carroll Dep.) 23:19-24; Ex. 2 (Carroll Dep. Ex. 4, CSWRS-001065), is not credible, Ex. 1 (Carroll Dep.) 38:24-39:14; Ex. 3 (Carroll Dep. Ex. 10, CSWRS-001203), and "can't be trusted." Ex. 1 (Carroll Dep.) 86:19-25; Ex. 4 (Carroll Dep. Ex. 26, CSWRS-000359). On top of that, Collingsworth has a proven track record of lying under oath. *Defamation* Doc. 417 (Crime-Fraud Op.) at 17 ("Collingsworth repeatedly made knowingly false representations in pleadings, affidavits, correspondence, and open court," and "there is (at least) probable cause to believe that Collingsworth, while prosecuting lawsuits on behalf of his firm, engaged in witness bribery and suborning perjury[.]"); *Defamation* Doc. 676 (District Court's Invited Response to Collingsworth's Mandamus Petition) at 34 ("Collingsworth secretly paid witnesses and then lied about it."). Collingsworth's inability to tell the truth or "recall" critical facts necessitates a document-intensive deposition, which further supports Drummond's request.

---

[4] Defendants have also stated that they do not control other members of Defendants' litigation team in their cases against Drummond who appeared on numerous documents relating to witness payments, including Rebecca Pendleton, Susana Tellez, and Lorraine Leete.

{B4708705}                                    8

## CONCLUSION

The underlying facts on which Collingsworth will be examined span decades and involve people and entities all over the globe. His testimony is essential, and that importance is magnified by the collective amnesia of the other key individuals at C&S. Drummond cannot fairly examine Collingsworth under these circumstances without an extension of time, making its request both reasonable and necessary. Drummond respectfully requests this Court order Collingsworth to sit for a total of 21 hours of on-the-record testimony at the Hugo Black Courthouse.

Respectfully submitted,

*s/ H. Thomas Wells, III*
William Anthony Davis, III
H. Thomas Wells, III
Benjamin T. Presley
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
(205) 868-6000
fax: (205) 868-6099
wad@starneslaw.com
htw@starneslaw.com
btp@starneslaw.com

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2023, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record. In addition, a copy of this motion was sent, via electronic mail, to the following:

Albert Van Bilderbeek
albert@vanbilderbeek.com

*s/ H. Thomas Wells, III*
H. Thomas Wells, III
