FILED

2023 Nov-06  PM 07:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No 2:11-cv-3695-RDP |
| | ) | |
| TERRENCE P. COLLINGSWORTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No 2:15-CV-506-RDP |
| | ) | |
| TERRENCE P. COLLINGSWORTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT TERRENCE P. COLLINGSWORTH'S REPLY TO DRUMMOND'S POSITION ON THE TIMING, SCOPE, AND LOCATION OF HIS DEPOSITION

Drummond filed its position on Mr. Collingsworth's deposition, ECF No. 757 [Libel, Case No. 2:11-cv-3695-RDP] and ECF No. 263 [RICO, Case No. 2:15-cv-506-RDP] ("Drummond Position") seeking *three additional days of deposition* for Mr. Collingsworth and also seeks to hold the deposition in this Court's chambers.[1]  Both aspects of Drummond's position are unreasonable, unprecedented, and should be denied.

---

[1] Mr. Collingsworth's position was filed as ECF No. 758  [Libel, Case No. 2:11-cv-3695-RDP] and ECF No. 264 [RICO, Case No. 2:15-cv-506-RDP] ("Collingsworth Position").  Conrad &

**A. Drummond's Position Seeking Three Additional Days to Depose Mr. Collingsworth Does Not Address, Let Alone Satisfy, the "Good Cause" Standard.**

As to the length of Mr. Collingsworth's deposition, Drummond attempts a sleight of hand to support its unprecedented demand for three additional days to depose him. Drummond cites two cases and claims they show "[t]his Court and other district courts within the Eleventh Circuit have extended the time for depositions in cases of similar complexity." Drummond Position at 5. It is true the courts Drummond cites allowed additional time, but none of them permitted ***three additional days*** on top of two other deposition sessions that Mr. Collingsworth sat for in 2015 and another full day as Mr. Collingsworth will be International Rights Advocates' 30(b)(6) designee. The Court in *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-cv-20000-RDP, 2017 WL 10410066, at *2–3 (N.D. Ala. Apr. 25, 2017) allowed for "a total of fourteen (14) hours" for a deposition in a complex case. Likewise, the court in *Dunkin Donuts Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 522 (S.D. Fla. 2002), allowed "fourteen hours over two days due to the complexity of the deposition."

Mr. Collingsworth's reasonable offer to sit for up to an additional day following his 2015 deposition for a total of two days is precisely what these courts allowed and should be ordered in this case. *See* Collingsworth Position at 2-7. This is in addition to a day of a 30 (b)(6) deposition Mr. Collingsworth will appear for.

Drummond's position is void of legitimate legal analysis and high on vitriol. As Mr. Collingsworth demonstrated, there are clear standards for what constitutes "good cause" for ***any*** additional deposition time beyond the seven hours permitted by Rule 30 (d)(1) and Drummond

---

Scherer also filed its position as ECF No. 755  [Libel, Case No. 2:11-cv-3695-RDP] and ECF No. 262 [RICO, Case No. 2:15-cv-506-RDP] ("C&S Position").

ignored these standards despite seeking an extraordinary amount of time. *See* Collingsworth

Position at 3-7. Mr. Collingsworth will not repeat his prior showing that Drummond's position

does not meet the three-factor "good cause" requirement, but he will demonstrate that

Drummond's position strongly reinforces its failure to meet the standard.

1. **Allowing three additional days for Drummond to depose Mr. Collingsworth would be "unnecessarily cumulative."**  (*See* Collingsworth Position at 3-6).

　　　Drummond makes no effort whatsoever to explain how its plan to take Mr.

Collingsworth's deposition for ***three additional days*** (plus another day of a 30 (b)(6) deposition)

would not be cumulative. Drummond fails to identify any aspect of Mr. Collingsworth's prior

deposition in 2015, when the facts were fresher, in which he failed to recall details of the

countless exhibits he was shown, but instead focusses on difficulties Christian Levesque and

others recently had recalling details of documents ***going back 11-14 years***. Drummond Position

at 5-8. This has nothing whatever to do with why Drummond is justified in getting three

additional days to  question Mr. Collingsworth about documents that he has already testified

about or that could themselves serve as the primary evidence of the issue they address.

　　　It was Drummond's burden in seeking extra time beyond the seven hours permitted by

Rule 30 (d)(1) to demonstrate why they needed three additional days instead of the reasonable

one additional day offered by Mr. Collingsworth. The law is clear that Drummond should not be

provided with ***any*** additional deposition time absent meeting its burden that there is a need to

question Mr. Collingsworth on matters beyond what was covered in his prior deposition. *See*

*Benson v. Giordano*, No. CIV. 05-4088, 2007 WL 2355783, at *2 (D.S.D. Aug. 17, 2007).

Drummond made no effort to do so, and merely assumes that by throwing mud at Mr.

Collingsworth and attacking his character will inflame the Court enough to give Drummond

whatever they ask for.

Drummond likewise failed to address the relevance in this case of three days of

testimony over cumulative evidence of "witness payment" issues that do not address the merits

questions of whether Drummond officials actually funded crimes against humanity by the AUC

in Colombia. Drummond's key officers in Colombia will be going to prison for their role in these

crimes while the lawyers at Starnes, Davis, Flores are quadruple billing for days of depositions

over issues that are not really in dispute. The "witness payment" facts are clear from the

documents. The issue in dispute is what those payments were for, and Mr. Collingsworth is

already on record in his first deposition and the crime fraud hearing in this Court in 2015 the

payments were to protect the family members of witnesses so the witnesses would be able to

testify and to support Jaime Blanco's lawyers so he could change his plea and cooperate with

Colombian authorities.

2. **Drummond Had Other Opportunities to Obtain the Same "Witness Payment" Information that it Apparently Will Seek Again From Mr. Collingsworth** (*See* Collingsworth Position at 6).

Drummond's Position (at 6,8) that it needs to subject Mr. Collingsworth to three full

days of reviewing exhibits, many of which he likely already testified about, ignores the legal

standard for "good cause" and that Drummond could introduce the documents themselves as

evidence of the facts of payments. *See* Collingsworth Position at 6. As noted in the preceding

section, the facts of payments as evidenced by the documents are not in dispute; the sole issue in

dispute is what the payments were for. Mr. Collingsworth has already testified in his prior

depositions and at the 2015 crime fraud hearing in this Court that the payments to the families of

former AUC members were for security relocations of the families of the witnesses. He further

has testified that payments to Jaime Blanco were for his attorneys to allow him to change his

plea and cooperate with the Colombian authorities.[2] These positions are already in the record,

and even if Drummond is permitted to re-depose Mr. Collingsworth concerning these positions

based on new information, Drummond has made no effort to show why this would require three

additional days.

Drummond's position does not meet the "good faith" standard, let alone the applicable

"good cause" standard. Drummond goes to great lengths to attack Mr. Collingsworth's character,

stating, "Collingsworth's inability to tell the truth or 'recall' critical facts necessitates a

document-intensive deposition, which further supports Drummond's request." Drummond

Position at 8. Quite the opposite; the reality is Drummond's lawyers want to spend three days

having Mr. Collingsworth read documents that speak for themselves, all while claiming what Mr.

Collingsworth says about the documents is not credible.

3. **On Balance, the Burden of Allowing Drummond Three Additional Days to Depose Mr. Collingsworth Far Outweighs Any Benefit** (See Collingsworth Position at 7).

The final factor of the "good cause" standard is "whether the burden of a second

deposition outweighs its potential benefit." *Morrison v. Stephenson*, No. 2:06-CV-0283, 2008

WL 145017, at *2 (S.D. Ohio Jan. 10, 2008).  Drummond's Position does not once mention the

word "burden" and fails to address this key factor in any way. In contrast, Mr. Collingsworth has

demonstrated the significant burden he would endure if subjected to three additional full days of

---

[22] Jaime Blanco's cooperation and testimony has been well-received by Colombian authorities. He has been released from prison due to his cooperation and is a key witness in the prosecution of Drummond's executives in the Colombian criminal proceeding.

deposition, in addition to another day as the 30(b)(6) witness for International Rights Advocates. *See* Collingsworth Position at 7. Further, Conrad & Scherer objects to the burden of participating in three additional days of deposition time for Mr. Collingsworth. C&S Position at 1. Finally, Drummond's mere assumption that Mr. Collingsworth's deposition would occur in this Court's chambers ignores the obvious and unnecessary burden on the Court.

**B. Drummond's Assumption that Mr. Collingsworth Should Be Deposed in this Court's Chambers Ignores the Compelling Reasons the Deposition Should be in Washington, D.C.**

Drummond merely assumes that Mr. Collingsworth's deposition will be taken in this Court's chambers based on an earlier comment by the Court. Drummond Position at 1. Drummond fails to address the compelling reasons why Mr. Collingsworth, like every other witness in this case, should be deposed in his home District. *See* Collingsworth Position at 8-9.

Most significant, the record is clear and the Court has acknowledged (see **Exhibit 3**), Mr. Collingsworth has fully cooperated with the discovery process once he exhausted his appellate options for challenging the Court's crime fraud ruling. Mr. Collingsworth has cooperated in document production and has not challenged questions of other witnesses based on privilege that has been lifted by the Court's crime fraud ruling. Collingsworth Position at 8. Further, as Conrad & Scherer has also pointed out, C&S Position at 2, the parties stipulated to a yet unused procedure (**Exhibit 6**) should there be any privilege disputes during Mr. Collingsworth's (or any other witnesses) deposition.

Drummond has not identified any basis to preemptively punish and burden Mr. Collingsworth by requiring him to travel to Birmingham for his additional deposition. As Mr. Collingsworth established, doing so would unnecessarily interfere with his preparation for his

January 16, 2024 Chiquita trial, and there is no basis in the record to presume that he will not cooperate during his deposition as he has with all other discovery in this case.

### C. Conclusion

Drummond has not even attempted to meet its burden under Rule 30(a)(2)(ii) and Rule 26(b)(1) and (2) of showing "good cause" for leave to take three additional days to depose Mr. Collingsworth. Drummond appears to assume that its attacks on Mr. Collingsworth are sufficient to override the law.

In contrast, Mr. Collingsworth has objectively demonstrated there are clear legal standards for establishing "good cause," and Drummond has failed to do so. While a case could be made that Drummond has failed to establish it is entitled to *any* additional time to depose Mr. Collingsworth, the Court should adopt Mr. Collingsworth's reasonable offer to sit for up to one additional day of deposition. As per the case law, the deposition should be limited to questions Mr. Collingsworth declined to answer in his first deposition due to work product privilege that has now been lifted by the Court's crime fraud order and questions concerning new issues that Drummond has discovered since Mr. Collingsworth's last depositions in August 2015. Further, the additional deposition of Mr. Collingsworth should be conducted in Washington, D.C. to avoid a further burden to Mr. Collingsworth, Conrad & Scherer, and the Court.

Respectfully submitted this 6th day of November, 2023,

/s/ Terrence P. Collingsworth
Terrence P. Collingsworth
INTERNATIONAL RIGHTS ADVOCATES
621 Maryland Avenue NE
Washington, D.C. 20002
Tel.: (202) 543-5811
tc@iradvocates.org
***Counsel for Terrence P. Collingsworth and International Rights Advocates***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2023 my office electronically filed the foregoing with the United States District Court for the Northern District of Alabama by using the CM/ECF system, which will send a notice of filing to all registered users.

Date: November 6, 2023                    /s/ Terrence P. Collingsworth
                                          Terrence P. Collingsworth (D.C. Bar No. 471830)
                                          INTERNATIONAL RIGHTS ADVOCATES
                                          621 Maryland Avenue, NE
                                          Washington, D.C. 20002
                                          Telephone: (202) 543-5811
                                          tc@iradvocates.org