# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DRUMMOND COMPANY, INC. et al.,** } | |
|     **Plaintiffs,** } | |
| } | |
| **v.** } | |
| } | **Case No.: 2:11-cv-3695-RDP** |
| **TERRENCE P. COLLINGSWORTH,** } | |
| et al., } | |
| } | |
|     **Defendants.** } | |

| | |
|---|---|
| **DRUMMOND COMPANY, INC., et al.,** } | |
| } | |
|     **Plaintiffs,** } | |
| } | |
| **v.** } | **Case No.:  2:15-CV-506-RDP** |
| } | |
| **TERRENCE P. COLLINGSWORTH, et** } | |
| al., } | |
| } | |
|     **Defendants.** } | |

## ORDER

This matter is before the court regarding a dispute about the timing, scope, and location of Defendant Collingsworth's deposition. The issue has been fully briefed. (Case No. 2:11-cv-03695-RDP, Docs. # 755, 757, 758, 760, 761, 762),

In this court's August 24, 2023 Amended Scheduling Order, the court specifically noted: "*Depositions taken as part of the discovery process leading up the evidentiary hearing on the crime-fraud exception do not count towards th[e] "one deposition" per witness limitation.*" (Case No. 2:11-cv-03695-RDP, Doc. # 748 at 3). Therefore, the court approaches this issue as if Collingsworth has not yet been deposed in these cases. That is, the contemplated merits deposition

of Collingsworth will *not* count as "additional" days of testimony.

> In the Amended Scheduling Order, the court also ordered that:
>
> Each deposition, *except depositions of named parties*, is limited to a maximum of 7 hours of on-the-record questioning unless extended by agreement of the parties or order of the court. In the event a deposition is cross-noticed or cross-subpoenaed, the total time of the deposition shall not exceed 11 hours of on-the-record questioning unless extended by agreement of the parties or order of the court, and the first noticing party shall have a maximum of 7 hours of on-the-record questioning and the cross-noticing party shall have a maximum of 4 hours of on-the-record questioning. Should an interpreter be required for any deposition, that deposition may be extended by an additional 1.5 hours of on-the-record questioning. *For depositions of named parties, the parties SHALL meet and confer regarding the potential need to extend these limitations.*

(Case No. 2:11-cv-03695-RDP, Doc. # 748 at 3) (emphasis added). Therefore, in its Amended Scheduling Order, the court contemplated that party depositions would be more time consuming than depositions of witnesses. (*Id.*).

> Third, Federal Rule of Civil Procedure 30(d)(1) addresses the duration of depositions:
>
> Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent, another person, or any other circumstance impedes or delays the examination.

Fed. R. Civ. P. 30(d)(1). The Advisory Committee Notes relating to the 2000 Amendments to Rule 30(d) list factors a court may take into account when considering whether to extend the time for a deposition. Those factors include "[i]f the examination will cover events occurring over a long period of time that may justify allowing additional time," whether "the witness will be questioned about numerous or lengthy documents," and "[i]n multi-party cases, the need for each party to examine the witness may warrant additional time." All of these circumstances apply to Collingsworth's deposition.

The court makes a number of observations. First, this is a multi-party case, and the court's Amended Scheduling Order contemplates that even the depositions of non-party witnesses that are cross-noticed may take up to "11 hours of on-the-record questioning." (*Id*). Thus, to the extent that any party other than Drummond intends to question Collingsworth, the deposition duration can be extended to eleven hours.

Second, Collingsworth is a named defendant in *two* cases. If the court had not, in an attempt to streamline discovery, ordered that one deposition would be "used for purposes of both of these cases," Collingsworth's deposition, of up to "11 hours of on-the-record questioning," could have been noticed and taken in each of the two cases, for a total of twenty-two hours. In this light, Drummond's request for twenty-one hours of deposition testimony from Collingsworth does not seem "excessive and overly burdensome" (Doc. # 755 at 1), "outrageous" (Doc. # 758 at 3), "unreasonable," or "unprecedented" (Doc. # 762 at 1). Moreover, Collingsworth has offered to sit for "up to an additional day"[1] and points out that there will be another opportunity to depose him because he will also be testifying as the International Rights Advocates' designee for a 30(b)(6) deposition." (Doc. # 75 at 2).

Under these circumstances, the court concludes that sixteen hours of on-the-record testimony is a reasonable duration for Collingsworth's individual merits deposition in these cases.

As to the location of the deposition, Defendants appear to have concerns about Drummond asking cumulative questions (*see* Docs. # 758 at 3, 762 at 3), and Plaintiffs appear to have (historically-based) concerns regarding Collingsworth's credibility and also concerns about

---

[1] The court understands that Collingsworth may have intended this "additional" day to be in addition to his 2015 crime-fraud deposition. But, under the Amended Scheduling Order, that deposition does not count towards the "one deposition" per witness limitation. (Case No. 2:11-cv-03695-RDP, Doc. # 748 at 3).

3

privilege objections (despite the Stipulation Regarding Privilege Objections During Depositions (Doc. # 755-1). The court has its own concerns, which are also historically-based. To alleviate all of those concerns, and because the cases are pending in this court in Birmingham, Alabama, the court concludes that Collingsworth's deposition should take place in a conference or jury room in the Hugo L. Black United States Courthouse in Birmingham, Alabama. The court notes that its Judicial Conference Room is available December 18, 19, and 20, 2023, and that the undersigned is available on December 19 and 20, 2023, and may have some availability on December 18, 2023.[2]

It is **ORDERED** as follows:

1. Defendant Collingsworth **SHALL** sit for up to sixteen hours of on the record testimony for his individual, merits deposition.

2. The deposition **SHALL** take place in the Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama.

3. The parties **SHALL** meet and confer and present deposition dates to the court.

**DONE** and **ORDERED** this November 8, 2023.

                                                      **R. DAVID PROCTOR**
                                                    UNITED STATES DISTRICT JUDGE

---

[2] The parties may present alternative dates to the court and check its availability.