IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DRUMMOND COMPANY, INC.**  )<br>)<br>    **Plaintiff,**  )<br>)<br>    v.  )<br>)<br>**TERRENCE P. COLLINGSWORTH,**  )<br>**individually and as the agent of Conrad**  )<br>**& Scherer, LLP; and CONRAD &**  )<br>**SCHERER, LLP,**  )<br>)<br>    **Defendant.**  )<br>) | **CIVIL ACTION NUMBER:**<br>**CV- 2:11-CV-3695-RDP** |

**REPORT AND RECOMMENDATION**
<u>**REGARDING PRIVILEGE SAMPLING OF "TAR" DOCUMENTS**</u>

1. On May 28, 2014, T. Michael Brown was appointed as Special Master pursuant to the Order of the Honorable R. David Proctor. (**Doc. 129**). The Court ordered the Special Master to oversee discovery in this matter, including the resolution of all disputes between the Parties with respect to any aspect of discovery. The Court also ordered the Special Master to entertain all motions for relief brought by the Parties concerning discovery, as well as all issues in any pending discovery motions not yet fully adjudicated, and promptly issue written Reports & Recommendations thereon.

2. On January 10, 2022, the Parties entered into a joint "Stipulation Regarding the Procedure for the Review and Production of Documents Pursuant to the Court's December 7, 2015 Order (**Doc. 417**)," or the "TAR Stipulation," which is already in the record at **Doc. 765-1**. The Parties negotiated and agreed on searches to be applied to the database created by Defendant C&S, which resulted in a set of documents eligible for review as further set forth in the TAR Stipulation (the "Review Set"). The Stipulation then set forth a detailed procedure for the Defendants' review,

1

logging, and production of certain documents within the Review Set. C&S was permitted to use, and did use, iPro's Technology Assisted Review ("TAR") software in performing the review and predictive coding of the documents within the Review Set according to the Parties' stipulation. According to Paragraph 3(g) of the TAR Stipulation, C&S and Mr. Collingsworth shall provide a privilege log identifying the documents within the Review Set that are withheld in full or in part as privileged.

3. On April 20, 2023, the Parties and the Special Master held a status conference discussed various issues involving the TAR review process. Specifically, the Parties and the Special Master discussed the sampling approach to the Special Master's *in camera* review of the documents tagged as privileged and/or non-responsive (either by an individual or by the TAR software) as set forth in the TAR Stipulation. During this status conference, both C&S and Drummond submitted alternative proposals with respect to, among other things, how the parameters of the sampling would be established and how the Special Master was to proceed, including how the sample documents to be review were to be selected and what percentage of the documents should be sampled as part of the TAR review process.

4. On May 23, 2023, the Special Master informed the Parties of his proposal for sampling the Review Set for relevancy (or responsiveness) and for claims of privilege. The documents reviewed as a part of the relevancy sampling were addressed in the Report & Recommendation filed on November 22, 2023 (**Doc. 765**). For the privilege sampling, which is the subject of this Report & Recommendation, the Special Master recommended a review of 5% of the approximately 8,000 documents to be selected by Drummond, for a total of 818 documents to be reviewed. The Parties agreed and/or consented to the Special Master's recommendation on privilege sampling.

5. On June 7, 2023, Drummond provided its selection of the 818 documents to be reviewed by the Special Master. Some of the selected documents were documents over which the Defendants asserted a claim of privilege over the entire documents, while others were documents over which Defendants asserted a claim of privilege over a portion of the documents, which were provided to the Special Master with the proposed redactions. C&S provided the withheld documents, as well as the proposed redactions, to the Special Master on June 9 and June 12, 2023.

6. The Special Master reviewed the Drummond-selected 5% sample from the TAR privilege documents, for a total of 818 documents (the "Sampling Documents"). The Special Master performed a document-by-document *in camera* review for relevancy (or responsiveness) of the Sampling Documents.

## RECOMMENDATIONS

7. After having reviewed the Sampling Documents, the Special Master finds that the Defendants' claims of privilege pursuant to the TAR Stipulation and TAR review process are within an acceptable range of reasonableness and accuracy.

8. Of the 818 Sampling Documents reviewed by the Special Master, there were 33 documents out of the 818 total documents for which the Special Master disagreed in full or in part with the determination of privilege. This is about a 4% discrepancy rate. The Special Master believes this to be within an acceptance range of reasonableness and, as to the documents reviewed, the Special Master finds that the claims of privilege were appropriate in light of the crime-fraud exception as applied under the law of the case and Eleventh Circuit precedent.

9. For the reasons outlined in this Report & Recommendation and in light of upcoming deadlines under the amended scheduling order, the Special Master recommends that the Parties be

ORDERED to file any Objections to this Report & Recommendation within five (5) business days and any Responses to Objections within two (2) business days.

DATED: February 6, 2024

*/s/ T. Michael Brown*
T. Michael Brown
Special Master