IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No 2:11-cv-3695-RDP |
| ) | |
| TERRENCE P. COLLINGSWORTH, et al., ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| DRUMMOND COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No 2:15-CV-506-RDP |
| ) | |
| TERRENCE P. COLLINGSWORTH, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT TERRENCE P. COLLINGSWORTH'S POSITION ON
THE LOCATION TO COMPLETE HIS DEPOSITION**

As per the Court's Text Order of February 29, 2024, directing the parties to state their positions on the appropriate location to complete the remaining 2.5 hours of the Collingsworth deposition, the undersigned Terrence P. Collingsworth responds as follows:

The parties made their respective positions clear in an exchange with the Special Master, Mike Brown. Mr. Collingsworth agreed that Drummond can depose him for an additional 2.5 hours, but for the following reasons, requests the Court to order that the remaining deposition time be conducted in Washington, D.C.:

1. After discussion between the parties to select two days during the week of February 20-23 (February 19 was the President's Day holiday) for the Collingsworth Deposition, the parties agreed to February 20 and 21 for the deposition, and Mike Brown confirmed that those days were good for the Court.

2. In the February 28, 2024, exchanges of emails on this topic with Mike Brown, Drummond tried to create ambiguity, saying they agreed to two days for the Collingsworth Deposition, February 20 and 21, but intended to preserve the possibility of a third day if necessary. See **Exhibit 1**, attached, email exchange.

3. Regardless of what Drummond is *now* saying about the parties' agreement to two days for the deposition, Drummond attorney Trey Wells wrote the following email to Mike Brown on January 19, 2024:

    > Mike, none of the other defendants have responded regarding their availability Feb. 20-22. Therefore, in order to confirm dates on Judge Proctor's calendar, **Drummond asks that you relay to Judge Proctor that he can pick *a two day span in the Feb. 20-22 window* that works best for him**.
    > Thanks, Trey

    See **Exhibit 2**, attached, email exchange (about halfway through the chain) (emphasis added).  This email reflects precisely what the parties actually agreed to – **two days** that were ultimately decided to be February 20-21. Conrad & Scherer attorney William Paulk agrees the parties selected those two days and so informed Mike Brown. See **Exhibit 1**.

4. In order for Mr. Collingsworth to be present for two full days for his deposition on February 20-21, due to the limited flight connections between Washington, D.C. and Birmingham, he had to depart on Monday, February 19 and return on Thursday, February 22, effectively losing four days of time from his office. See **Exhibit 3** (flight itinerary).

5. When Drummond did not finish the Collingsworth deposition as agreed on February 21, Drummond's counsel Trey Wells causally mentioned that we should finish the following morning on February 22. Mr. Collingsworth informed Drummond that he had a conflict. While the details of this conflict were not discussed, Mr. Collingsworth had to return to Washington to work with his team the afternoon and evening of February 22 to complete and finalize a major brief in a different case, which had to be filed on February 23 (brief attached as **Exhibit 4**).

6. There is no dispute that Mr. Collingsworth (and CS Counsel William Paulk – see **Exhibit 1**) did not learn of the limited hours of the Courthouse conference room until the end of the first day of his testimony on February 20. Drummond's counsel claims they likewise did not learn this until the end of the first day, but given that Drummond insisted that the Collingsworth deposition be conducted at the Courthouse (see Doc. No. 757 at 9: "Drummond respectfully requests this Court order Collingsworth to sit for a total of 21 hours of on-the-record testimony at the Hugo Black Courthouse"), it would have been reasonable for Drummond to make inquiries in advance of the deposition. Further, after day 1 of the deposition and Drummond knew of the time limitations, Drummond is the only party that could have made alternative arrangements for day 2 of their deposition, but they didn't.  By the end of the first day, it was clear that Mr. Collingsworth was fully cooperating in responding to Drummond's questions and that direct supervision of the Court was not necessary. Indeed, by the completion of day two, Drummond did not require the intervention of the Court so the deposition could have been completed at a law office that would have allowed the parties to stay as late as needed to complete Mr. Collingsworth's deposition.

7. The record will reflect that during the two days of his deposition, Mr. Collingsworth requested only two five-minute breaks to use the restroom. He also made clear to Drummond that he was available both evenings of February 20 and 21 to complete his deposition since he was in Birmingham for the sole purpose of completing his deposition. In contrast, in addition to the daily lunchbreaks Drummond took, the record will reflect that when Drummond called for an additional break on day two and Mr. Collingsworth, concerned about finishing the deposition, asked how long the break would be, Drummond's in-house counsel Blake Andrews stated, "as long as it takes." And it took a while.

8. Drummond filed their lengthy Renewed Motion for Sanctions (ECF No. 775) before Mr. Collingsworth's deposition, apparently to ensure that Mr. Collingsworth lost four days of response time while he was traveling and being deposed. If Mr. Collingsworth is forced to return to Birmingham to complete the deposition, he will lose an additional two days.

9. While the Court ultimately allowed Defendants until May 1, 2024, to respond to Drummond's Renewed Motion for Sanctions (Order at ECF No. 781), Mr. Collingsworth's trial against Chiquita Brands International (for, like Drummond, paying AUC terrorists in Colombia to murder union leaders and perceived enemies) was moved to April 22, 2024. See **Exhibit 5**. The Chiquita Court then set March 15, 2024, for a hearing on Pretrial Motions (**Exhibit 6**) and March 25, 2024, for the Pretrial Conference (**Exhibit 7**). In addition, Mr. Collingsworth will be traveling to Los Angeles from March 26 to April 2, 2024 (**Exhibit 8**).

10. The time available for Mr. Collingsworth to respond to Drummond's Motion is thus severely constricted and it would be extremely burdensome for him to be required to

4

return to Birmingham for his deposition, if it could even be scheduled before the start of Mr. Collingsworth's Chiquita trial. In contrast, Drummond has multiple lawyers representing it, they have traveled to Washington for other depositions in this case (most recently for Susana Tellez and Christian Levesque), and the burden to Drummond to complete the remaining 2.5 hours of Mr. Collingsworth's deposition in Washington is relatively small. Mr. Collingsworth could easily schedule the 2.5 hours to complete his deposition in Washington.

11. Mr. Collingsworth cooperated appropriately during two full days of testimony and there was no need for judicial intervention, the main rationale for having the deposition in Alabama. It is reasonable to conclude that he will continue to cooperate for the remaining 2.5 hours of allotted time, and that Drummond can complete Mr. Collingsworth's deposition in Washington without incident.

Accordingly, based on the reasons stated above, Mr. Collingsworth traveled to Birmingham, Alabama and was deposed for two full days. In scheduling this, Mr. Collingsworth had every reason to rely on the fact that his deposition would be completed during this time. Relative to Drummond, Mr. Collingsworth had no responsibility for or control over the fact that he was deposed in the Hugo Black Courthouse that had very restricted hours. Given Mr. Collingsworth's good faith cooperation for the two days he was deposed in Alabama, thus removing the need for the deposition to be in Alabama, his extremely tight schedule for the next two months, and the relatively small burden Drummond would face in completing the 2.5 hours of Mr. Collingsworth's deposition in Washington, D.C., Mr. Collingsworth respectfully requests

that the Court Order his deposition be completed in Washington, D.C. at a date mutually agreeable to the parties.

Respectfully submitted this 6th day of March 2024,

/s/ Terrence P. Collingsworth
Terrence P. Collingsworth
INTERNATIONAL RIGHTS ADVOCATES
621 Maryland Avenue NE
Washington, D.C. 20002
Tel.: (202) 543-5811
tc@iradvocates.org
*Counsel for Terrence P. Collingsworth and International Rights Advocates*

**CERTIFICATE OF SERVICE**

     I hereby certify that on March 6, 2024, I electronically filed the foregoing with the United States District Court for the Northern District of Alabama by using the CM/ECF system, which will send a notice of filing to all registered users.

Date: March 6, 2024                                  /s/ Terrence P. Collingsworth
                                                            Terrence P. Collingsworth (D.C. Bar No. 471830)
                                                            INTERNATIONAL RIGHTS ADVOCATES
                                                             621 Maryland Avenue, NE
                                                             Washington, D.C. 20002
                                                             Telephone: (202) 543-5811
                                                             tc@iradvocates.org