
FILED
2024 May-10 PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 2:11-cv-3695-RDP |
| v. | ) | ("*Defamation*") |
| | ) | |
| TERRENCE P. COLLINGSWORTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC., and DRUMMOND LTD., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:15-cv-00506-RDP ("*RICO*") |
| TERRENCE P. COLLINGSWORTH, et al., | ) ) | |
| Defendants. | ) | |

**CONRAD & SCHERER, LLP AND WILLIAM R. SCHERER, JR.'S OPPOSITION TO DRUMMOND'S MOTION TO EXCLUDE JAIME BLANCO MAYA'S TESTIMONY**

Defendants Conrad & Scherer, LLP and William R. Scherer, Jr. (together, "C&S") hereby respond to Drummond's motion to exclude the testimony of Jaime Blanco Maya (*Defamation* Doc. 785; *RICO* Doc. 289). Drummond's sole argument for excluding the deposition testimony that Blanco has provided in this case is that Drummond has not yet had an opportunity to cross-examine him. But the Court recently extended by three weeks—to May 31—the deadline for the parties to complete Blanco's deposition. *RICO* Doc. 300 at 2. As a result, the Court should deny Drummond's motion. Alternatively, the Court should administratively terminate the motion with leave for Drummond to refile it after May 31 if Blanco's deposition is not completed by then.

Requiring Drummond to refile its motion, if necessary, would allow the parties to brief, and the Court to consider, the complete record relevant to a determination of the admissibility of Blanco's testimony as it exists at that point, rather than the incomplete record as it exists now.

## I. Drummond's Motion is Premature

The sole argument Drummond raises for excluding Blanco's testimony is that it has not had an opportunity to cross-examine him, which, Drummond contends, violates its due process rights and renders Blanco's testimony inadmissible under a single hearsay exception. *See RICO* Doc. 289 at 8-9. But the Court recently extended by three weeks—to May 31—the deadline for the parties to complete Blanco's deposition. *See RICO* Doc. 300 at 2 (extending the dispositive motion deadline to June 15 and extending the two-week cutoff before that deadline for taking depositions for use at summary judgment). If the parties complete Blanco's deposition on or before May 31, Drummond's argument (and motion) will become moot. Therefore, the motion is premature and should be denied.

Even if the Court had not extended the cutoff for completing Blanco's deposition, Drummond's motion would be premature to the extent it seeks a ruling excluding Blanco's deposition testimony from trial, which is not scheduled to begin until November.  For timing and evidentiary reasons, the question of whether Blanco's testimony should be admitted at trial (if his deposition is not completed) should be decided closer to the trial date. This would allow the parties to brief, and the Court to consider, the full range of possibilities for which Blanco's testimony may be offered. *See, e.g.*, *Palmer v. Robbins*, No. CV419-167, 2022 WL 1063607, at *7 (S.D. Ga. Apr. 8, 2022) ("However, whether particular testimony is hearsay cannot be determined categorically . . . . The fact that Defendant does not articulate *specifically* what testimony he contends is hearsay precludes any definitive determination that it is excludable on that basis. . . .

As this Court has recognized, exclusion based on a motion *in limine* is appropriate only if the evidence is clearly inadmissible for any purpose." (internal citation omitted)); *Nationwide Mut. Fire Ins. Co. v. Kaloust Fin., LLC*, No. 8:12-CV-235-T-33MAP, 2013 WL 1437985, at *4 (M.D. Fla. Apr. 9, 2013) ("[T]o the extent that any particular statements within the deposition may be admissible under other Rules of Evidence . . . the Court will determine such issues on an individual basis if and when they arise at trial."), *opinion amended and superseded*, No. 8:12-CV-235-T-33MAP, 2013 WL 3270410 (M.D. Fla. June 26, 2013); *Mathes v. Mid-Century Ins. Co.*, No. 4:06-CV-01161 SNL, 2008 WL 222716, at *3 (E.D. Mo. Jan. 25, 2008) (deferring until the "date of trial" consideration of whether witness who left her deposition due to health concerns remained "unavailable" and whether her deposition testimony provided without the opportunity for cross-examination was admissible).

## II. If Blanco's Deposition is Not Completed by May 31, Drummond should be Required to Refile Its Motion Closer to Trial

If the parties are unable to complete Blanco's deposition on or before May 31, and Drummond still seeks to exclude his testimony, it should be required to refile its motion closer to trial so that the parties can brief, and the Court can consider, the full record as it exists at that time.

It is imperative that the Court have the benefit of the complete record before deciding whether to exclude Blanco's testimony, especially if doing so hinges on questions of his unavailability. History in this case has demonstrated that there are usually two factually divergent stories underlying disputes brought before the Court.

For example, Drummond's motion insinuates that Defendants are at fault for the parties' inability to complete Blanco's deposition in December. *See RICO* Doc. 289 at 5 ("C&S noticed Blanco's deposition for one day . . . .") But the full record reflects Drummond is equally at fault. On November 16, 2023, C&S noticed Blanco's deposition for Monday, December 11, 2023, in

3

Bogota, Colombia. Three weeks later, and just one full business day before Blanco's deposition, on Thursday, December 7, Drummond issued a cross-notice for the deposition. Ex. 1 (Drummond Cross-Notice). Under the scheduling order, Drummond's cross notice increased the total time the parties had for questioning Blanco, who required a translator, to 12.5 hours of questioning on the record. *RICO* Doc. 242 ¶ 3 (providing that a cross-noticing party is entitled to an additional 4 hours (beyond the 7 hours provided for under Rule 30) and that the use of a translator entitles the parties to an additional 1.5 hours). To C&S's knowledge, Drummond did not inquire about the Blanco's or defense counsel's availability for continuing the deposition beyond December 11 despite the high probability that the parties could not complete 12.5 hours of deposition questioning in one day.[1]

Drummond also insinuates that Defendants somehow acted improperly in arranging Blanco's deposition. *See, e.g.*, *RICO* Doc. 289, at 2-3 ("Defendants were—and to this day still are—in regular contact with Blanco and knew they could secure his voluntary appearance at a deposition in Colombia . . . Defendants secured Blanco's appearance at a deposition in Bogota, Colombia, on December 11, 2023."). This charge is also unfounded. Unlike when Blanco was deposed through the letters rogatory process in *Balcero* in 2012, Blanco is no longer in prison.[2]

---

[1] Drummond's failure to make appropriate arrangements to account for its cross-noticed portion of the deposition is curious for two reasons. First, after scheduling changes to other depositions set for later in the week, the day after Blanco's deposition was an available date. To C&S's knowledge, Drummond made no effort before the deposition to check Blanco's availability or that of defense counsel to remain in Bogota until the following day to complete the deposition if necessary. Second, Drummond was, however, able to make arrangements to have 9 attorneys and company personnel attend Blanco's deposition—two of its senior executives in Colombia who are facing a criminal trial (and against whom Blanco has previously testified), five Drummond lawyers and company representatives, and another two attorneys who appeared by Zoom. *See* Ex. 2 (highlighted names on "Appearances" pages) at 5-6. This far exceeds the "3 to 4-in person attendees" Drummond informed the parties might attend. *See* Ex. 3 (B. Presley Nov. 2, 2023 Email) ("For your planning purposes, we anticipate that there will be 3 or 4 in-person attendees for Drummond."). If Blanco's deposition is rescheduled, Defendants request that Drummond be required to identify at least three business days before the deposition which attorneys and company representatives will be present.

[2] In recounting Blanco's testimony in the *Balcero* case, Drummond states, "Collingsworth and C&S knowingly elicited false testimony from Blanco regarding whether he had been paid," and, in support of this accusation, cites page 24 of the Court's crime-fraud opinion. *See RICO* Doc. 289 at 1 (citing *Defamation* Doc. 417 at 24). The Court's crime-fraud opinion says no such thing, however. Instead, it says the following: "During that

4

Thus, a letters rogatory request was not required to compel his attendance as it was in 2012. In addition, Blanco has been conditionally accepted into the Special Jurisdiction for Peace ("JEP"), which requires him to provide truthful testimony when required, and he has testified before the JEP about Drummond, including as recently as May 7.[3] Because Blanco was already in the process of providing testimony against Drummond, he was willing to voluntarily appear for a deposition in this case without compulsory process. And, given the scheduling difficulties that often accompany letters rogatory depositions, it is hardly surprising Defendants preferred to arrange Blanco's deposition on a voluntary basis rather than relying on the Colombian authorities to schedule it.

In summary, the determination of the admissibility of Blanco's testimony at this point is premature and, even if Blanco's deposition is not completed, the determination of whether his testimony should be admitted or excluded should be made closer to trial on a complete factual record.

WHEREFORE, Conrad & Scherer respectfully requests that the Court deny Drummond's motion to exclude Blanco's testimony.

---

testimony, Collingsworth asked Blanco if he had received any promises or benefits for testifying. (*Balcero* Doc. #396-15 at 16-17). Blanco responds: 'No, no kind whatsoever.' (*Balcero* Doc. #396-15 at 16-17). But Blanco had already received at least two payments from Albert van Bilderbeek that were facilitated by Collingsworth." *Defamation* Doc. 417 at 24. The Court did not mention C&S and, as explained in C&S's response to Drummond's renewed motion for sanctions, C&S did not know about the arrangements Collingsworth made with Bilderbeek and Blanco. *See Defamation* Doc. 795 at 20-26.

[3] As Drummond notes in its motion (*RICO* Doc. 289 at 7-8), counsel for C&S previously informed Drummond that Defendants were having difficulty rescheduling Blanco's deposition because of safety and security concerns he expressed relating to testimony he has provided in Colombia, including his deposition testimony in this case. As reflected in Exhibit 4, Blanco's attorney memorialized those concerns in a letter to the JEP in early April, and the JEP has now opened a risk assessment into Blanco's security. *See* Ex. 4 (JEP Resolution No. 1747) (machine translated).

Dated: May 10, 2024

                                          Respectfully submitted,

                                          *s/ William T. Paulk*
                                          Robert K. Spotswood
                                          Michael T. Sansbury
                                          William T. Paulk
                                          SPOTSWOOD SANSOM & SANSBURY LLC
                                          505 20th Street North, Suite 700
                                          Birmingham, AL 35203
                                          Phone (205) 986-3620
                                          Fax (205) 986-3639
                                          rks@spotswood.com
                                          msansbury@spotswood.com
                                          wpaulk@spotswood.com

                                          *Attorneys for Defendant Conrad & Scherer, LLP and William R. Scherer, Jr.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on May 10, 2024, I filed the foregoing electronically with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record and *pro se* parties.

<u>s/ *William T. Paulk*</u>
William T. Paulk
