

FILED

2024 Jun-17  PM 05:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TERRENCE P. COLLINGSWORTH, | ) | Case No. 2:11-cv-3695-RDP-TMP |
| individually and as agent of Conrad & Scherer, | ) | |
| LLP; and CONRAD & SCHERER, LLP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DRUMMOND COMPANY, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

William Anthony Davis, III (ASB-5657-D65W)
H. Thomas Wells, III (ASB-4318-H62W)
Benjamin T. Presley (ASB-0136-I71P)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL  35209
(205) 868-6000
fax: (205) 868-6099

Sara E. Kropf
Kropf Moseley PLLC
1100 H Street NW, Suite 1220
Washington, DC 20005
(202) 627-6900

*Attorneys for Drummond Company, Inc.*

## TABLE OF CONTENTS

STATEMENT OF UNDISPUTED MATERIAL FACTS ........................................................... 1

ARGUMENT ................................................................................................................. 4

    I.    COLLINGSWORTH ACTED IN THE LINE AND SCOPE OF HIS EMPLOYMENT WHEN
    WRITING AND PUBLISHING THE DEFAMATORY LETTERS ............................................ 4

        A. The undisputed evidence confirms Collingsworth was acting in the line and
        scope of his employment ........................................................................................ 6

        B. C&S ratified Collingsworth's conduct ................................................................ 6

    II.    DEFENDANTS' LETTERS ARE DEFAMATORY PER SE .................................................. 7

CONCLUSION ............................................................................................................. 9

CERTIFCATE OF SERVICE ........................................................................................ 10

i

# TABLE OF AUTHORITIES

**Cases**                                                                   **Page(s)**

*Avco Corp. v. Richardson*,
   234 So. 2d 556 (Ala. 1970) ......................................................................................6

*Bonner v. City of Pritchard*,
   661 F.2d 1206 (11th Cir. 1981) ..............................................................................6

*Clews v. Jamieson*,
   182 U.S. 461 (1901) ................................................................................................7

*Culpepper v. Irwin Mortg. Corp.*,
   491 F.3d 1260 (11th Cir. 2007) ...............................................................................

*Delta Health Grp., Inc. v. Stafford*,
   887 So. 2d 887 (Ala. 2004) .....................................................................................7

*First Nat. Bank v. Biddle*,
   22 F.2d 11 (5th Cir. 1927) .......................................................................................7

*Harbin v. State*,
   397 So. 2d 143 (Ala. Civ. App. 1981) .....................................................................8

*Hendley v. Springhill Mem'l Hosp.*,
   575 So. 2d 547 (Ala. 1990) .....................................................................................6

*Holland v. Cooper*,
   192 F.2d 214 (5th Cir. 1951) ...................................................................................5

*Houston Canning Co. v. Virginia Can Co.*,
   100 So. 104 (Ala. 1924) ..........................................................................................5

*Johnston v. Turner*,
   47 So. 570 (Ala. 1908) ............................................................................................7

*Kelly v. Arrington*,
   624 So. 2d 546 (Ala. 1993) .....................................................................................7

*Lovingood v. Discovery Communications, Inc.*,
   Case No. 5:14-cv-00684-MHH, 2015 WL 5719169 (N.D. Ala. Sept. 30, 2015) .................. 7-8

*Nelson v. Lapeyrouse Grain Corp.*,
  534 So. 2d 1085 (Ala. 1988) ................................................................................. 7

*Paul v. Davis*,
  424 U.S. 693 (1976) ............................................................................................. 7

*Plaisance v. Yelder*,
  408 So. 2d 136 (Ala. Civ. App. 1981) ................................................................. 6

*Southern States Fire & Cas. Ins. Co. v. Lunsford*,
  68 So. 273 (Ala. 1914) ......................................................................................... 5

*Thigpen v. Thigpen*,
  926 F.2d 1003 (11th Cir. 1991) ............................................................................ 8

**Other Sources of Authority**                                                    **Page(s)**

9A Fletcher Cyc. Corp. § 4547 .............................................................................. 5

COMES NOW Drummond Company, Inc. ("Drummond") and files this Motion for Partial Summary Judgment.  Based on the undisputed facts and law, the Court should grant partial summary judgment to find that Collingsworth was acting within the line and scope of his employment when he wrote the two defamatory letters, and that the statements contained in the letters outlined this motion, assuming they are false, constitute defamation per se as a matter of law.

<h3 style="text-align:center">STATEMENT OF UNDISPUTED MATERIAL FACTS</h3>

***Undisputed Material Facts Relating to the Defamatory Letters***

1.      Collingsworth and C&S wrote the January 18, 2011 and February 4, 2011 letters which form the basis of this defamation lawsuit.  Doc. 86 (Defendants' Answer to 1st Am. Complaint) ¶ 14 ("Defendants admit they wrote the January 18, 2011 letter"); *id.* at ¶ 18 ("Defendants admit they wrote a February 4, 2011 letter").

2.      "Defendants admit the letters [which form the basis of this defamation lawsuit] were written on Conrad and Scherer LLP letterhead."  *Id.* at ¶ 30.

3.      Albert Van Bilderbeek is Defendants' client.  In July 2010, Van Bilderbeek signed an Attorney-Client Agreement with "Terrence P. Collingsworth of Conrad & Scherer, LLP" in which Van Bilderbeek gave Defendants a 33.3% contingency fee interest in Llanos Oil's claim against Drummond relating to oil and gas rights in Colombia.  Doc. 69-51.

4.      On December 13, 2010, Albert Van Bilderbeek directed Collingsworth to "email me a letter (with letterhead and signed) addressed to the following persons."  Van Bilderbeek then listed several Dutch government officials.  Collingsworth responded "I think we should not send til after holidays as these things get ignored in the midst of celebration.  I thought a strong letter

1

right after new years calling for action?"  Van Bilderbeek responded "Agreed!"  Doc. 817-1 (Ex. 1) at pp. 2-4 of 4.

5.      Between December 18, 2010 and January 13, 2011, Collingsworth repeatedly exchanged emails with Van Bilderbeek discussing the need for "books," which Collingsworth and Van Bilderbeek used as a code word for money.  Doc. 775-13 ("We have so many good things happening now.  I plan to get to Colombia around January 8 and stay about 2 weeks to get all of my forces going.  I hope it is possible to get me 150k books by then so I will have the resources to move."); Doc. 775-114 ("Please let me know when you have made the first transfer to me of 150 books and the pieces will fall into place."); Doc. 775-115 ("This Monday I will forward the request for 150 books."); Doc. 775-116 ("Any word on shipment of books?  I'm finalizing my plans to take some reading materials to Bogota.").

6.      On January 18, 2011, Collingsworth sent a letter to the Prime Minster of the Netherlands.  Doc. 817-2 (Ex. 2 - Jan. 18, 2011 Ltr.).  The January 18, 2011 letter closes with a statement "urg[ing]" the Dutch government "to terminate any business relationship with Drummond until it makes full amends for the atrocities it committed in Colombia."  *Id.* at p. 3 of 4.

7.      Collingsworth then emailed a copy of Defendants' January 18, 2011 letter to the other Dutch government officials identified by Albert Van Bilderbeek in December 2010, and he blind copied Albert Van Bilderbeek on each of those emails.  Doc. 817-3 (Ex. 3 - Pechtold email (IRA-010247)); Doc. 817-4 (Ex. 4 – Cohen email (IRA-010287)); Doc. 817-5 (Ex. 5 - Halsema email (IRA-010327)); Doc. 817-6 (Ex. 6 - Rouvoet email (IRA-010367)); *and compare with* Doc. 817-1 (Ex. 1) at p. 4 of 4.

8.      On February 3, 2011, Collingsworth emailed his assistant, Victoria Ryan, attaching a draft of the second letter which forms the basis of this defamation lawsuit.  In his email, Collingsworth stated that the revised draft included "Albert's changes," and he directed Ryan to "[s]end the new final to Albert with exhibits."  Doc. 817-7 (Ex. 7 - CS_TC212548).

9.      On February 4, 2011, Collingsworth sent Defendants' second letter to the Prime Minster of the Netherlands.  Doc. 817-8 (Ex. 8 - CS001114).

10.     On March 1, 2011, Collingsworth sent copies of Defendants' letters to Mariane Moor of PAX Cristi.  Doc. 817-9 (Ex. 9 - CS_TC058523).  Moor responded that she would "forward the letters immediately to members of Parliament, and will keep you posted of their possible action."  *Id.*

11.     On June 17, 2011, Albert Van Bilderbeek directed Collingsworth to "write Itochu Corp to inform them of your lawsuit."  Doc. 62-13.

12.     On September 19, 2011, Defendants sent their third letter which forms the basis of this defamation lawsuit to Itochu.  Doc. 817-10 (Ex. 10 - CS_TC037648).

13.     On September 20, 2011, Van Bilderbeek emailed Collingsworth and stated, "excellent letter do you have the letter on letterhead and signed."  Doc. 817-11 (Ex. 11 - CS_TC037647).

14.     Defendants' letters which form the basis of this defamation lawsuit contain the following statements:

- "[H]undreds of Colombian citizens … had a family member murdered by paramilitary forces working on behalf of Drummond."  Doc. 817-2 (Ex. 2 - Jan. 18, 2011 Ltr.) at p. 2 of 4.

- Drummond "has an atrocious human rights record."  *Id.*

3

- Drummond "made an alliance with the United Self Defense Forces of Colombia ('AUC')" which "was a designated terrorist organization." *Id.*

- "As a matter of objective fact, with Drummond support" a particular Front of the AUC "went from a small band of 20 thugs to a fighting force of 150 well equipped and trained soldiers." *Id.* at p. 3 of 4.

- "Drummond's mandate to the AUC led to the violent slaughter of hundreds of innocent civilians." *Id.*

- "Drummond can clearly get away with murder, extortion and major theft in Colombia." Doc. 817-8 (Ex. 8 - Feb. 4, 2011 Ltr.) at p. 3 of 35.

- "Drummond … has a record of major human rights crimes." Doc. 817-10 (Ex. 10 - Sept. 19, 2011 Ltr.) at p. 2 of 68.

- Drummond has "direct involvement in war crimes and other major human rights violations in Colombia." *Id.*

- "Drummond joined forces with the AUC, a terrorist organization." *Id.* at p. 4 of 68.

***Undisputed Facts Relating to Collingsworth's Agency***

15.     In September 2015, Collingsworth was a senior lawyer in good standing with C&S. Doc. 390 (Crime-Fraud Hrg. Tr.) at 414:17-24.

16.     In December 2015, this Court held that Collingsworth "acted at all relevant times on behalf of the law firm." Doc. 417 (Crime-Fraud Op.) at 32 n.23.

## ARGUMENT

## I.   COLLINGSWORTH ACTED IN THE LINE AND SCOPE OF HIS EMPLOYMENT WHEN WRITING AND PUBLISHING THE DEFAMATORY LETTERS.

In the operative 1st Amended Complaint, Drummond alleges that "[e]ach of the three [defamatory] letters discussed above were written on Conrad & Scherer, LLP letterhead and with

4

the actual and/or apparent authority of Conrad & Scherer, LLP and/or in the line and scope of Collingsworth's employment with Conrad & Scherer, LLP."   Doc. 73 (Am. Compl.) ¶ 30. Collingsworth and C&S responded by admitting that "the letters were written on Conard & Scherer, LLP letterhead" and denying the remainder of Paragraph 30.  Doc. 86 (Answer) ¶ 30.  For the reasons that follow, there is no genuine dispute of material fact that Collingsworth was acting within the line and scope of his employment as a C&S partner at the time Defendants wrote the defamatory letters that form the basis of this lawsuit, and therefore entry of partial summary judgment on this issue is appropriate.[1]

As a threshold matter, a principal's defense that its agent was acting *ultra vires* is an affirmative defense that must be pled and proven.  C&S, however, did not assert this affirmative defense in its Answer.  *See* Doc. 86 at 7-8.[2]  Accordingly, C&S waived it.  *Southern States Fire & Cas. Ins. Co. v. Lunsford*, 68 So. 273, 274 (Ala. 1914) (defense of *ultra vires* is an affirmative defense that must be pleaded); *Houston Canning Co. v. Virginia Can Co.*, 100 So. 104, 107 (Ala. 1924) (same); 9A Fletcher Cyc. Corp. § 4547 ("Ultra vires, i.e., acts beyond or in excess of the authority of the corporation, must be pleaded as an affirmative defense").

Setting the waiver issue aside, Alabama law governs whether C&S is liable for the defamatory letters under the doctrine of respondeat superior.  *Holland v. Cooper*, 192 F.2d 214, 215 (5th Cir. 1951) (in a federal case premised on diversity jurisdiction, state law governs the

---

[1] C&S does not dispute that it wrote the January 18, 2011 and February 4, 2011 letters.  Statement of Undisputed Material Facts, ¶ 1 (admitting that "Defendants" wrote these letters).  Thus, whether Collingsworth was acting within the line and scope of his employment with C&S, at least as it relates to these two letters, is arguably irrelevant.

[2] In tacit acknowledgement of this fact, C&S did assert this affirmative defense in the *RICO* case.  *See RICO* Doc. 82 (C&S and Bill Scherer Answer) at Affirmative Defense No. 19 ("Plaintiffs' injuries or damages, if any, were caused, in whole or in part, by the conduct of persons or entities acting outside the scope of their employment or agency with C&S.").

question of whether a principal is liable for its agent's acts under the doctrine of respondeat superior).[3]  The framework for this analysis is well settled:

> [I]n cases where a servant's deviation from the master's business is slight and not unusual, a court may determine, as a matter of law, that the servant was still executing the master's business.  On the other hand, with a very "marked and unusual" deviation, the court may determine that the servant is not on his master's business at all.  Cases falling between these two extremes must be regarded as involving a question of fact to be left to the jury.

*Hendley v. Springhill Mem'l Hosp.*, 575 So. 2d 547, 550–51 (Ala. 1990) (citing *Avco Corp. v. Richardson*, 234 So. 2d 556 (Ala. 1970)).  It is only conduct that "emanated from wholly personal motives of the agent and was committed to gratify wholly personal objectives or desires of the agent" that is not attributable to the principal.  *Id.* (citing *Plaisance v. Yelder,* 408 So. 2d 136 (Ala. Civ. App. 1981)).

### A.  The undisputed evidence confirms Collingsworth was acting in the line and scope of his employment.

Defendants' defamatory letters were written on C&S letterhead, at the direction of one of the firm's clients, and were in furtherance of Defendants' goal of creating extrajudicial pressure on Drummond by encouraging the recipients to sever all business ties with Drummond.  Statement of Undisputed Material Facts, ¶¶ 1-13.  There is no evidence that Collingsworth wrote the letters "to gratify wholly personal objectives or desires."  *Cf. Hendley*, 575 So. 2d at 551.  Rather, the undisputed evidence shows that Collingsworth wrote these letters while acting in the line and scope of his employment with C&S.

### B.  C&S ratified Collingsworth's conduct.

Even if it were not the law of the case that Collingsworth was acting as C&S agent (it is),

---

[3] The former Fifth Circuit's decisions are binding precedent.  *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

and even if there were evidence that Collingsworth acted outside the line and scope of his employment when writing the defamatory letters (there is not), C&S nonetheless ratified Collingsworth's conduct in writing the letters.  "The rule that a principal, who does not reject his agent's act within a reasonable time, is deemed to have ratified it, is supported by the great weight of authority."  *First Nat. Bank v. Biddle*, 22 F.2d 11, 12 (5th Cir. 1927) (citing *Clews v. Jamieson*, 182 U.S. 461, 483 (1901)).  C&S never disciplined Collingsworth for the defamatory letters, nor did it ever issue a retraction of the letters (or direct Collingsworth to do so).  To the contrary, C&S continued to employ Collingsworth, and Bill Scherer testified in September 2015—four years after the defamatory letters were sent—that Collingsworth remained a "senior partner … in good standing" with the firm.  Statement of Undisputed Material Facts, ¶¶ 15-16.  Accordingly, C&S ratified Collingsworth's act of writing and publishing the defamatory letters to third parties.

## III.   DEFENDANTS' LETTERS ARE DEFAMATORY PER SE.

"Words are defamatory per se if they directly tend to prejudice anyone in his office, profession, trade, or business, or in any lawful employment by which he may gain his livelihood." *Kelly v. Arrington*, 624 So. 2d 546, 549 (Ala. 1993).  To constitute defamation per se, "there must be an imputation of an indictable offense involving infamy or moral turpitude." *Delta Health Grp., Inc. v. Stafford*, 887 So. 2d 887, 896 (Ala. 2004).  *See also Paul v. Davis*, 424 U.S. 693, 697 (1976) ("Imputing criminal behavior to an individual is generally considered defamatory per se").  Alabama courts have consistently held that statements which impute the commission of a crime to be defamatory per se.  *Nelson v. Lapeyrouse Grain Corp.*, 534 So. 2d 1085, 1091 (Ala. 1988) (falsely imputing the commission of a larceny to an individual is defamatory per se); *Johnston v. Turner*, 47 So. 570, 571-72 (Ala. 1908) (statement that the plaintiff stole public funds was defamatory per se); *Lovingood v. Discovery Communications, Inc.*, Case No. 5:14-cv-00684-

MHH, 2015 WL 5719169, at *5 (N.D. Ala. Sept. 30, 2015) (statement accusing plaintiff of perjury is defamatory per se).  *See also Harbin v. State*, 397 So. 2d 143, 144 (Ala. Civ. App. 1981) ("Murder is a crime involving moral turpitude.") (citation omitted); *Thigpen v. Thigpen*, 926 F.2d 1003, 1013 (11th Cir. 1991) (same).

Defendants' letters which form the basis of this defamation lawsuit contain the following statements (among others):

- "[H]undreds of Colombian citizens … had a family member murdered by paramilitary forces working on behalf of Drummond."  Doc. 817-2 (Ex. 2 - Jan. 18, 2011 Ltr.) at p. 2 of 4.

- Drummond "has an atrocious human rights record."  *Id.*

- Drummond "made an alliance with the United Self Defense Forces of Colombia ('AUC')" which "was a designated terrorist organization."  *Id.*

- "As a matter of objective fact, with Drummond support" a particular Front of the AUC "went from a small band of 20 thugs to a fighting force of 150 well equipped and trained soldiers."  *Id.* at p. 3 of 4

- "Drummond's mandate to the AUC led to the violent slaughter of hundreds of innocent civilians."  *Id.*

- "Drummond can clearly get away with murder, extortion and major theft in Colombia." Doc. 817-8 (Ex. 8 - Feb. 4, 2011 Ltr.) at p. 3 of 35.

- "Drummond … has a record of major human rights crimes."  Doc. 817-10 (Ex. 10 - Sept. 19, 2011 Ltr.) at p. 2 of 68.

- Drummond has "direct involvement in war crimes and other major human rights violations in Colombia."  *Id.*

8

- "Drummond joined forces with the AUC, a terrorist organization." *Id.* at p. 4 of 68.

Each of these statements constitutes defamation per se under established Alabama law, and therefore entry of partial summary judgment on this issue is appropriate. While Defendants will no doubt contend the statements are true, that is a factual question to be decided by the jury. Drummond submits that there is no genuine dispute that, assuming the statements are untrue, they are defamatory per se under the law.

## CONCLUSION

Drummond requests that its motion for partial summary judgment be granted.

Respectfully submitted,

*/s/ H. Thomas Wells, III*
William Anthony Davis, III (ASB-5657-D65W)
H. Thomas Wells, III (ASB-4318-H62W)
Benjamin T. Presley (ASB-0136-I71P)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
(205) 868-6000
fax: (205) 868-6099

*/s/ Sara E. Kropf*
Sara E. Kropf
Kropf Moseley PLLC
1100 H. Street NW, Suite 1220
Washington, DC 20005
(202) 627-6900

*Attorneys for Drummond Company, Inc.*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **June 17, 2024**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ H. Thomas Wells, III*

H. Thomas Wells, III (ASB-4318-H62W)

10

2915922.1