IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DRUMMOND COMPANY, INC. et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.: 2:11-cv-3695-RDP |
| } | |
| **TERRENCE P. COLLINGSWORTH,** } | |
| **et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Conrad & Scherer, LLP's ("C&S") Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. # 1016). In the Motion, C&S argues that:

1. the amount in controversy in this action does not exceed $75,000 (*Id*. at 5);
2. Drummond's claim for compensatory damages should be disregarded because it was made in bad faith (*Id*. at 7);
3. Drummond's claim for presumed and punitive damages does not exceed $75,000 (*Id*. at 11); and
4. Drummond's damages do not exceed $75,000 even if compensatory damages are considered (*Id*. at 17);

C&S's arguments rely largely on matters discovered post-filing and during discovery. (*See generally Id*.).

"The first principle governing the jurisdiction of the federal courts is that federal courts are courts of limited rather than general jurisdiction." *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003) (citing *Aldinger v. Howard*, 427 U.S. 1, 15 (1976)). "This principle is so crucial to our constitutional understanding of the judicial branch that federal courts always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." *Id*. (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n. 9 (11th Cir. 1993)). Particularly now that this issue has been raised, the court has an obligation to all parties to resolve it.

For the reasons explained below, the Motion is due to be denied.

## I.     Background

Plaintiff Drummond Company, Inc. filed this case directly in this court on October 21, 2011. (Doc. # 1). The original Complaint asserts claims against Terrence P. Collingsworth and C&S. (Doc. # 1). It alleged that the court has subject matter jurisdiction because there was complete diversity of citizenship and the amount in controversy, including compensatory and punitive damages, exceeds $75,000. (Doc. # 1 at ¶ 4).

Drummond's Complaint alleged that Collingsworth, a partner in C&S, defamed Drummond by stating as "objective facts" in two letters to Dutch government officials that Drummond was complicit in murders in Colombia and had engaged in human rights violations. (Doc. # 1 at ¶¶ 7-12). Collingsworth's letters containing the allegedly defamatory statements were published on the website of a Dutch company, Llanos Oil. (*Id*. at ¶¶ 12-16). Collingsworth wrote another letter containing similar allegedly defamatory statements to the President and Chief Executive Officer of Itochu Corporation, with whom Drummond had entered into an agreement under which Itochu would acquire a 20% stake in Drummond's Colombian mining operation. (*Id*. at ¶ 17).

Drummond's original 2011 Complaint asserted one count of Defamation based on the three letters. (Doc. # 1 at ¶ 14-29). In the *ad damnum* clause, Drummond averred that Defendants were liable for compensatory damages, punitive damages, interest, and its costs and expenses in pursuing the case. (Doc. # 1 at 9). Drummond further sought "general, compensatory and punitive damages in an amount to be determined by a jury" and averred that "punitive damages should be assessed in an amount sufficient to punish the wrongful conduct of Defendants, to deter similar

conduct in the future and to serve as an example to deter others from engaging in similar wrongful conduct." (*Id.*).

Drummond filed an Amended Complaint on November 22, 2013 that made similar allegations. (Doc. # 73).

## II.     Applicable Law

"To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332." *Jack Doheny Companies, Inc. v. Drainage Partners, LLC*, 2023 WL 9022656, at *1 (S.D. Fla. Dec. 29, 2023). "Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000." *Jack Doheny Companies*, 2023 WL 9022656, at *1 (citing § 1332(a)).

The Eleventh Circuit recently explained a plaintiff's burden in invoking diversity jurisdiction:

> To invoke diversity jurisdiction, "a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000 ... in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2011); *see* 28 U.S.C. § 1332(a). A "plaintiff's good-faith pleading will be second guessed *only* if it 'appear[s] to a *legal certainty* that the claim is really for less than the jurisdictional amount.'" *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2011) (alteration in original) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

*Music Royalty Consulting, Inc. v. McLean*, 2025 WL 2814441, at *1 (11th Cir. Oct. 3, 2025) (emphasis added).

"When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations

3

omitted). Further, the court "cannot ignore the facts of th[e] case or its own insight and experience in determining [whether] it is 'facially apparent' from the pleading itself" that the amount in controversy exceeds the jurisdictional minimum. *Martin v. Wal-Mart Inc.*, 2025 WL 2889224, at *2 (N.D. Ga. July 24, 2025) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)(internal quotations omitted)). In certain circumstances, a "court may find, as a matter of fact, that the amount of claimed damages has been projected beyond the amount of a reasonable expectation of recovery, but such a finding must rest on facts in the record." *Jordan v. Closet Factory Franchise Corp.*, 2025 WL 1100911, at *5 (11th Cir. Apr. 14, 2025) (citing *Barry v. Edmunds*, 116 U.S. 550, 559-60 (1886)).

### III.   Discussion

As discussed above, Drummond's original Complaint alleged that the amount in controversy, including compensatory and punitive damages, exceeds $75,000. (Doc. # 1 at ¶ 4). At that time, it was not legally certain that the amount in controversy would be less than $75,000. *See Fastcase*, 907 F.3d at 1342.

In the original Complaint and the Amended Complaint, Drummond alleged that Defendants' defamatory statements were (1) globally distributed to third parties, including existing and potential business partners, and (2) made with the intent to damage Drummond's reputation and business relations. (Doc. # 1 at ¶¶ 11, 15, 19, 29, and 39; Doc. # 73 at ¶¶ 15, 23, 28, 31, 41, and 42). The question before the court is whether, in 2011, Drummond had a good faith basis to believe that Defendants' letters — which were distributed on an international basis and contained accusations of involvement in civil rights violations, murder, and complicity with a terrorist organization — were likely to cause harm in excess of $75,000. The court has no doubt that

4

Drummond had a good faith basis to believe that Defendants actions would cause it at least that level of harm. *See Roberts/Heywood Prop. v. Rayonier Forest Res., LP*, 2025 WL 1355824, at *3 (11th Cir. May 9, 2025) ("post-filing events [] have no effect on establishing the amount in controversy under § 1332."). The idea that it was a "legal certainty" that the jurisdictional about was not met on these facts is, frankly, wholly meritless.

Even now, after the parties have litigated this case for well over a decade, the court could not say to a legal certainty that the amount in controversy is less than $75,000. Further, after all this time, the court, which is very familiar with the facts of this case, concludes that a reasonable jury could find that those facts (if proven) are egregious and fully supportive of a significant punitive damages award, even one far exceeding $75,000.[1]

Collingsworth filed two cases against Drummond in 2009:

In March 2009, after he joined C&S, Collingsworth filed *Freddy Locarno Baloco, et al. v. Drummond Co. Inc. et al.*, ("*Baloco*"). (Case No. 7:09-cv-557-RDP, Doc. # 1). *Baloco* was filed on behalf of the children and heirs of three Drummond union officials who in 2001 were murdered by the AUC in Colombia. The plaintiffs alleged that Drummond "aided and abetted or conspired with the AUC by directly funding some of its operations." *Baloco v. Drummond Co.*, 767 F.3d 1229, 1233 (11th Cir. 2014).

In May 2009, Collingsworth and C&S filed *Claudia Balcero Giraldo, et al. v. Drummond Co. et al.* ("*Balcero*"). (Case No.: 2:09-cv-1041-RDP, Doc. # 1). *Balcero* was filed on behalf of the heirs of decedents who alleged that Drummond "engaged the [AUC] . . . to eliminate suspected guerilla groups from around the company's mining operations in Colombia." *Doe v. Drummond Co.*, 782 F.3d 576, 580 (11th Cir. 2015).

(Doc. # 855 at 2-3). But, as it turns out, in prosecuting these cases against Drummond,

---

[1] Of course, this does not in any way limit Plaintiffs and Defendants from challenging the propriety of any damage award actually rendered by a jury.

5

Collingsworth is reported to have paid seven of the witnesses[2] involved, hid the fact that he had paid these witnesses, and lied about it. (Doc. # 855 at 5-12).

Moreover, the court notes that at least some of the statements in the letters would qualify as defamatory per se.

> [D]amage is implied by law when spoken words are found to be slander per se. *Anderton v. Gentry*, 577 So.2d 1261, 1263 (Ala.1991), *see also Sunshine Invs., Inc. v. Brooks*, 642 So.2d 408, 410 (Ala.1994). Words found to be slander per se relieve the plaintiff of the requirement of proving actual harm to reputation or any other damage in order to recover nominal or compensatory damages. *Nelson v. Lapeyrouse Grain Corp.*, 534 So.2d 1085, 1092 (Ala.1988), quoting W. Prosser and W. Keeton, *The Law of Torts* § 112, at 788 (5th ed. 1984).

*Pensacola Motor Sales, Inc. v. Daphne Auto., LLC*, 155 So. 3d 930, 942 (Ala. 2013) (quoting *Liberty Nat'l Life Ins. Co. v. Daugherty*, 840 So.2d 152, 157 (Ala. 2002)) (internal quotation marks omitted).

## IV. Conclusion

Both this court's judicial experience and legal common sense dictate that the value of Drummond's claims is more likely than not to exceed $75,000. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1066 (11th Cir. 2010) (evaluating the value of plaintiff's claims in light of "judicial experience and common sense."). In any event, the court certainly cannot say to a "legal certainty"

---

[2] Halcon, Charris, El Canoso, Duarte, El Tigre, Samario, and Blanco. (Doc. # 855 at 11 (citing Case No. 2:15-cv-00506-RDP, Doc. # 363 at 5-8).

> "Halcon received monthly payments for three to four years. Charris received seventy-five payments over approximately a six year period. Gelvez received one payment within seven days of signing a declaration. Duarte received three payments in the spring of 2011. El Tigre and Samario received initial payments after providing their declarations, and then received monthly payments for over four years until Defendants were able to "get the[ir] depo[sition]s in the can" or "until the depos [were] done." (Doc. # (Docs. # 337-16 at 2; 335-7 at 2). Blanco received three large payments, in the amounts of $60,000, $25,000, and $30,000 []." (Case No. 2:15-cv-00506-RDP, Doc. # 363 at 5).

(Doc. # 855 at 11)

6

that the value of Drummond's claims is not in excess of $75,000. *See Music Royalty Consulting, Inc.*, 2025 WL 2814441, at *1.

Therefore, C&S's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 1016) is **DENIED**.

**DONE** and **ORDERED** this October 20, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE