IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC. <br><br> v. <br><br> TERRENCE P. COLLINGSWORTH, et al. | Case No. 2:11-cv-3695-RDP <br> (*Defamation*) |
| DRUMMOND COMPANY, INC., et al. <br><br> v. <br><br> TERRENCE P. COLLINGSWORTH, et al. | Case No. 2:15-cv-0506-RDP <br> (*RICO*) |

**DRUMMOND'S TRIAL MEMO IN SUPPORT OF**
**ADMISSIBILITY OF CUSTOMER STATEMENTS**

William Anthony Davis, III
H. Thomas Wells, III
Benjamin T. Presley
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
(205) 868-6000
fax: (205) 868-6099

Sara E. Kropf
Kropf Moseley Schmitt
1001 H Street NW, Suite 1220
Washington, DC 20005
(202) 627-6900

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

3401451.1

**BRIEF OVERVIEW**

Drummond Company, Inc. and Drummond Ltd. (collectively "Drummond") submit this trial memo in support of admitting testimony regarding customer statements concerning their motivations in making purchasing decisions. The customer statements are not hearsay pursuant to Fed. R. Evid. 801(c) because they are not being introduced to prove the truth of the matter asserted (i.e., that customers did not make a purchase with Drummond – Drummond can testify to that), but to show the motive (i.e., state of mind) of the customers. Additionally, the statements are relevant because they directly relate to the harmful impact of the fraudulent campaign, thus speaking to causation and damages.

**ARGUMENT**

Fed. R. Evid. 803(3), often referred to as the "state of mind" exception, states:

> *Then-Existing Mental, Emotional, or Physical Condition.* A statement of the declarant's then-existing state of mind (such as **motive**, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

(Emphasis added). 803(3) also requires that the declarant's state of mind "be relevant to some issue in the case." *See United States v. Veltmann*, 6 F.3d 1483, 1493 (11th Cir. 1993).

The admissibility of such customer statements under 803(3) is well-established, as appellate courts from the First, Third, Fifth, Sixth, Seventh, and Ninth Circuits have all upheld such use. *Packgen v. Berry Plastics Corp.*, 847 F.3d 80, 90 (1st Cir. 2017); *Herman Schwabe, Inc. v. United Shoe Mach. Corp.*, 297 F.2d 906, 914 (2d Cir. 1962); *Morris Jewelers, Inc. v. Gen. Elec. Credit Corp.*, 714 F.2d 32, 34 (5th Cir. 1983); *Innovation Ventures, LLC v. N.V.E., Inc.*, 694 F.3d 723, 738 (6th Cir. 2012); *Grove Fresh Distribs. v. New Eng. Apple Prods. Co.*, 969 F.2d 552, 556 (7th Cir. 1992); *United States v. Wiseman*, No. 90-10612, No. 90-10616, No. 90-10617, 1993 U.S.

1

App. LEXIS 8787, at *18 (9th Cir. Apr. 15, 1993). Eleventh Circuit courts have joined these circuits in finding customer statements to be admissible. *See Popular Bank v. Banco Popular*, 9 F. Supp. 2d 1347, 1361 (S.D. Fla. 1998); *see FTC v. FleetCor Techs., Inc.*, 620 F. Supp. 3d 1268, 1322 n.33 (N.D. Ga. 2022); *see Glock, Inc. v. Wuster*, No. 1:14-CV-568-AT, 2019 U.S. Dist. LEXIS 239616, at *48 (N.D. Ga. Aug. 9, 2019); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-61490-Civ, 2011 U.S. Dist. LEXIS 53234, at *8 (S.D. Fla. May 12, 2011).

Federal case law evidences a clear line of admissibility under 803(3): customer statements may be offered to show motive, not to prove the truth of what was said. *See Stelwagon Mfg. Co. v. Tarmac Roofing Sys., Inc.*, 63 F.3d 1267, 1274 (3d Cir. 1995). In *Stelwagon*, appellee sought to admit employee testimony recounting customer statements that they purchased materials from competitors at lower prices. *See id.* The court held that to use such statements to establish that the customers actually made purchases from competitors exceeded the scope of Fed. R. Evid. 803(3). *See id.* The court explained, however, that 803(3) allows the statements to prove customer motive—what was motivating the customers to make their purchasing decisions. *See id.* Thus, the statements were admissible solely to show why customers were no longer making purchases, not to show that the customers actually made purchases to competitors. *See id.* at n.16; *see also Callahan v A.E.V.*, 182 F.3d 237, 252-253 (admitting customer statements under 803(3) as evidence of motive, not to prove actual loss); *see also GF Princeton, L.L.C. v. Herring Land Grp., L.L.C.*, 518 F. App'x 108, 113-114 (3d Cir. 2013) (finding same).

Drummond offers customer statements solely to show customers' motive for discontinuing their business relationship with Drummond. Drummond will offer its own testimony proving that such customers, in fact, were not buying from Drummond. This purpose aligns squarely with the boundaries set by federal caselaw—including the caselaw cited above.

2

3401451.1

Additionally, the customer statements are relevant to the present action. The foregoing federal cases admitting customer statements implicitly affirm their relevance. Other courts have expressly emphasized such relevance, stating:

- "The angry state of mind of the customers of [plaintiffs] was not only relevant beyond cavil, it actually was the core of the case. Anger of customers translates into loss of goodwill. Without the proof of the anger of the customers, proof concerning loss of goodwill falls short." *Morris Jewelers, Inc. v. Gen. Elec. Credit Corp.*, 714 F.2d 32, 34 (5th Cir. 1983).

- "[T]he reason why a customer was not doing business with a particular seller is relevant in a lost profits/sales inquiry and its causal connection to the pricing practices of the alleged violator. If [plaintiff[ was losing sales or was being forced to cut its selling prices and thereby reducing its profits to meet [defendant's] price, this is directly related to actual injury." *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F. 2d 1524 n. 11 (3d Cir. 1990); and

- "In this case, Plaintiff offers the out-of-court statements of their customers in order to prove the motive of those customers for switching from [plaintiff's brand] to [competitor's brand], rather than to prove the facts concerning the switch. This motive evidence is directly relevant to the issue of competitive injury in this case. Accordingly, it is admissible under the state of mind exception to the rule against hearsay." *Feesers, Inc. v. Michael Foods, Inc.*, No. 1:CV-04-0576, 2008 U.S. Dist. LEXIS 3730, at *5 (M.D. Pa. Jan. 17, 2008).

Like the customer statements in the cases above, the customer statements Drummond seeks to admit are relevant in demonstrating causation and damages. The statements highlight the tangible harm the fraudulent campaign caused to Drummond's business interests by providing evidence of what was motivating customers to make their purchasing decisions.

Following the implementation of the fraudulent campaign, customers made statements to Drummond employees expressing their sudden unwillingness to do business with Drummond. Such statements are due to be admitted under 803(3)'s state of mind exception. The sole purpose of admission is to establish the motive of customers in making business decisions. In light of such purpose, combined with the relevance of such statements, the customer statements are admissible under 803(3).

Respectfully submitted,

| | |
|---|---|
| */s/ Benjamin T. Presley* | */s/ Sara E. Kropf* |
| William Anthony Davis, III (ASB-5657-D65W) | Sara E. Kropf |
| H. Thomas Wells, III (ASB-4318-H62W) | Kropf Moseley Schmitt PLLC |
| Benjamin T. Presley (ASB-0136-I71P) | 1100 H. Street NW, Suite 1220 |
| STARNES DAVIS FLORIE LLP | Washington, DC 20005 |
| 100 Brookwood Place, 7th Floor | (202) 627-6900 |
| Birmingham, AL 35209 | |
| (205) 868-6000 | |
| fax: (205) 868-6099 | |

*Attorneys for Drummond Company, Inc. and Drummond Ltd.*

### CERTIFICATE OF SERVICE

I hereby certify that on **December 2, 2025**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Benjamin T. Presley*
Benjamin T. Presley (ASB-0136-I71P)