IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:11-cv-3695-RDP |
| | ) | ("*Defamation*") |
| TERRENCE P. COLLINGSWORTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| DRUMMOND COMPANY, INC., and DRUMMOND LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-00506-RDP |
| | ) | ("*RICO*") |
| TERRENCE P. COLLINGSWORTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**NATACHA H. THYS HAS ADMISSIBLE TESTIMONY AND SHE SHOULD
BE PERMITTED TO TESTIFY LIVE AT TRIAL**

Defendants offer Natacha H. Thys to testify live at trial in two major areas that constitute highly relevant evidence to respond to Drummond's claims of Defamation and RICO against Defendants International Rights Advocates ("IRAdvocates") and Terrence P. Collingsworth. First, Drummond's RICO claim is premised on the (false) allegation that IRAdvocates was formed to be the vehicle for filing fictitious cases against Drummond to extort funds. *See, e.g.*, RICO Complaint ¶¶ 1,2,44,47, 174 (a), and 189.

Specifically, Drummond has alleged:

1

1.      . . . **Since at least 2008 and continuing to present day, [Collingsworth and International Rights Advocates, Inc. ("IRAdvocates")] and their co-conspirators have constituted an associated-in-fact enterprise (the "Enterprise")** and have conspired to perpetuate, and have in fact perpetuated, a scheme to extort money from and otherwise damage Drummond through a litany of illegal acts, including bribery, mail fraud, wire fraud, obstruction of justices, witness tampering, and money laundering.

2.      Over the span of more than six years, Defendants have engaged in a multifaceted criminal campaign to exert pressure on Drummond in an attempt to damage Drummond's reputation and business interests and obtain a fraudulent and extortionate financial windfall.  This campaign includes **three fraudulent lawsuit**s . . .

. . .

44.     . . . Collingsworth joined Conrad & Scherer as a partner at the beginning of 2008, and, with their financial support and funds from IRAdvocates, began **manufacturing new cases to bring against Drummond.** . .

. . .

47.     The Enterprise has pursued numerous multinational corporations in lawsuits premised on allegations of collaboration with Colombian paramilitaries.  According to the IRAdvocates website, the Enterprise is currently pressing such claims against Dole Food Company, Inc., Occidental Petroleum Corporation, Chiquita Brands International, and BP, plc.  Evidence discovered to date suggests that **the Enterprise's fraudulent practices** and witness payment schemes permeate all of their cases in Colombia.  Indeed, Collingsworth and Conrad & Scherer have claimed that paying Colombian witnesses and their families to procure testimony is an integral part of their business plan and strategy.

. . .

174.    . . . The RICO Defendants and their co-conspirators have perpetrated, and continue to perpetrate, a massive and multifaceted campaign of lies, **fraud**, corruption, and bribery to extort Drummond to settle spurious lawsuits, to damage Drummond's reputation and business interests and to obtain a **fraudulent and extortionate financial windfall**, either through settlement or judgment procured by fraud.  The RICO Defendants and their co-conspirators have organized their operation into a transnational unit,

> operating in the United States, Colombia and Europe, with Mr. Collingsworth serving as the ringleader. This criminal enterprise has been structured to operate as a unit in order to accomplish the goals of their criminal scheme:
>
>> a. Defendants [ ] have been responsible for the coordination of the **scheme to defraud, extort**, and "close down" Drummond, and have directed their agents and co-conspirators to take actions necessary to accomplish the goals of the criminal enterprise – namely, bribing imprisoned Colombian criminals to give false testimony against Drummond, utilizing false evidence in judicial proceedings and in a massive international media campaign designed to spread false and misleading information about Drummond, and obstructing Drummond's efforts to uncover their misconduct in various U.S. court proceedings.
>
> . . .
>
> 189. . . . Defendants . . . have on multiple occasions, knowingly caused the transportation, transmission, and/or transfer of funds to or from the United States . . . with the intent that those funds be used to promote the carrying on of unlawful activity, including but not limited to violations of 18 U.S.C. §§ 201, 1341, 1343 and 1951, including payments to Colombian witnesses in exchange for false testimony against Drummond.

See Rico Doc. 1 at ¶¶ 1,2,44,47, 174 (a), and 189 (emphasis added).

With respect to the Defamation claim, Drummond alleges, in pertinent part:

> 14. In the January 18, 2011 letter, Collingsworth characterized as "objective facts" numerous false and defamatory statements about Drummond. For example, Collingsworth stated:
>
>> a. that "hundreds of Colombian citizens . . . had a family member murdered by paramilitary forces working on behalf of Drummond;"
>>
>> b. that Drummond "has an atrocious human rights record;"
>>
>> c. that Drummond "made an alliance with the United Self Defense Forces of Colombia ('AUC'), the umbrella paramilitary group in Colombia;"

3

> d. that the "AUC was designated a terrorist organization by the U.S. government in 2001, yet Drummond continued its unlawful alliance until 2006, when the AUC demobilized as part of the Justice and Peace program in Colombia;"
>
> e. that "[a]s a matter of objective fact, with Drummond's support," a particular Front of the AUC "went from a small band of 20 thugs to a fighting force of 150 well equipped and trained soldiers;" and
>
> f. that "Drummond's mandate to the AUC led to the violent slaughter of hundreds of innocent civilians."
>
> 15. Not one of these statements—or any of Collingsworth's other statements in the January 18, 2011 letter accusing Drummond of human rights crimes and complicity with a terrorist organization—is true. At the time of writing the letter, Collingsworth knew these statements were false and/or acted with reckless disregard to whether they were false or not. . .

*See* Defamation Doc. 73 at ¶¶ 14-15.

As the Court is well-aware, evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. *See* Rule 401, Fed. R. Evid. And further, relevant evidence is admissible unless the Rules of Evidence, *inter alia*, provide otherwise. *See* Rule 402, Fed. R. Evid.

Without providing a roadmap for opposing counsel as to Ms. Thys' testimony, Ms. Thys is uniquely positioned to testify regarding the formation of IRAdvocates and its mission. In 2007, she was Associate General Counsel at International Labor Rights Forum (ILRF) and Mr. Collingsworth was Executive Director and General Counsel. Together, along with another lawyer, Derek Baxter, they were the legal department of ILRF. In 2007, they decided to leave ILRF and form IRAdvocates. Ms. Thys will testify to the reasons for establishing IRAdvocates (well before the alleged Enterprise formed), its mission of using the rule of law to hold corporations accountable for human rights violations in the global economy, and her personal knowledge of how

4

IRAdvocates acted consistent with its mission in a legal and ethical fashion. Moreover, Ms. Thys joined Conrad & Scherer with Mr. Collingsworth in 2008 and therefore also has personal knowledge of the interplay between IRAdvocates and Conrad & Scherer, as well as the work she performed for each entity. All of this testimony is highly relevant to whether the Defendants "manufactured" "three fraudulent lawsuits" against Drummond for purposes of a "fraudulent and extortionate financial windfall" as part of a "scheme to defraud [and] extort" Drummond, as Drummond has alleged.

Additionally, Ms. Thys was counsel of record in *Romero v. Drummond*. She will testify to her assessment of the facts of the case as well as her own reasonable belief that Drummond financed the AUC's crimes against humanity. As a disinterested non-party to this case, Ms. Thys' testimony as to her own reasonable belief will directly support the reasonableness of Mr. Collingsworth's subjective belief in the truth of the statements he made regarding Drummond's record of human rights violations in Colombia.

For all of these reasons, Ms. Thys' testimony is highly relevant to Drummond's allegations outlined above against the Defendants that goes to both the Defamation and RICO claims Drummond has alleged. As such, Ms. Thys testimony is admissible and there is no basis under the Rules of Evidence to exclude her testimony.

Respectfully submitted this 2nd day of January, 2026.

> */s/ Priscilla K. Williams*
> Shauncey Hunter Ridgeway
> Priscilla K. Williams
> Terrence P. Collingsworth (*Pro Hac Vice*)
> J. Chase Bryan (*Pro Hac Vice*)
> Kenneth O. Simon
> Richard E. Smith
> *Attorneys for Defendants, Terrence P. Collingsworth and International Rights Advocates*

**OF COUNSEL:**
**CHRISTIAN & SMALL, LLP**
505 20th Street North, Suite 1800
Birmingham, AL 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
pkwilliams@csattorneys.com
kosimon@csattorneys.com

**CHRISTIAN & SMALL, LLP**
603 Duling Avenue, Suite 204
Jackson, MS 39216
Telephone: (601) 427-4031
jcbryan@csattorneys.com
shridgeway@csattorneys.com

**INTERNATIONAL RIGHTS ADVOCATES**
621 Maryland Avenue NE
Washington, D.C. 20002
Telephone: (202) 255-2198
tc@iradvocates.org

## CERTIFICATE OF SERVICE

I hereby certify that on *January 2, 2026*, I electronically filed the foregoing with the United States District Court for the Northern District of Alabama by using the Pacer CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties.

/s/ *Priscilla K. Williams*
OF COUNSEL

4701703.1