FILED

2026 Jan-14  PM 06:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

FILED
United States District Court
Northern District of Alabama

**JAN 14 2026**

Judge R. David Proctor

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC., | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Case No.: 2:11-cv-3695-RDP |
| | } | |
| TERRENCE P. COLLINGSWORTH, et al., | } | |
| | } | |
| Defendants. | } | |

---

| | | |
|---|---|---|
| DRUMMOND COMPANY, INC., et al., | } | |
| | } | |
| Plaintiffs, | } | |
| | } | Case No.: 2:15-cv-506-RDP |
| v. | } | |
| | } | |
| TERRENCE P. COLLINGSWORTH, et al., | } | |
| | } | |
| Defendants. | } | |

## COURT'S INSTRUCTIONS TO THE JURY - CIVIL

**MEMBERS OF THE JURY:**

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

In any jury trial there are, in effect, two judges. I am one of the judges. It is my duty to preside over the trial and to determine what testimony and law are relevant for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case. You jurors are the other judge. You judge the facts. But in determining what actually happened in this case – that is, in reaching your decision as to the facts – it is your sworn duty to follow the law I am now in the process of defining for you.

It is your duty as jurors to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case. In deciding the facts of this case, you must not be swayed by bias or prejudice or sympathy or favor as to any party. Our system of

law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences. That was the oath you took when you were seated as a juror, and the parties have the right to expect nothing less.

This case should be considered and decided by you as a lawsuit between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as are private individuals, and private individuals are entitled to the same fair trial at your hands as a corporation. All persons, including individuals and corporations, stand equal before the law and you must deal with them as equals in a court of justice.

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the institution by his acts and declarations made while acting within the scope of his authority delegated to him by, or within the scope of his duties as an employee of, the corporation.

As stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence admitted in the case. That evidence may be direct or indirect evidence, sometimes referred to as circumstantial evidence. As a general

3

rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. The term "evidence" includes the sworn testimony of the witnesses including depositions received in evidence, sworn answers to interrogatories, and the exhibits admitted in the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding on you.

During the course of a trial, I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel. Do **not** assume from anything I may have said or done that I have any opinion concerning any of the issues in this

4

case. Except for my instructions to you on the law, in arriving at your own findings as to the facts you should disregard anything I may have said or done during the trial.

Although you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Now, I have said that you must <u>consider</u> all of the evidence. This does not mean, however, that you must <u>accept</u> all of the evidence as true or accurate. You may accept or reject the testimony of any witness in whole or in part. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the testimony and exhibits.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions:

Did the person impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did he or she have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

Did he or she appear to understand the questions clearly and answer them directly?

Has the witness said or done something in the past that is inconsistent with his or her testimony?

Did the witness's testimony differ from the testimony of other witnesses? These are some of the considerations that may help you determine the accuracy or truthfulness of what each witness said.

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony. If you believe that any witness has been so impeached, then it is your exclusive province

to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

There has been evidence offered in this case that witnesses made false statements under oath at a previous legal proceeding. If you find that any witness made a false statement while under oath, you may view that witness's testimony

more cautiously and weigh it with greater care. Of course, it is for you to decide whether a witness made false statements under oath and how that affects the other testimony that witness gave before you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. Also, you must not consider any witness's political beliefs – positively or negatively – in evaluating their testimony.

From time to time, I instructed you that certain evidence I admitted into the record could only be considered for limited purposes. You must follow each of my instructions in relation to considering that evidence. For example, I admitted a number of declarations into evidence. Those were received for the limited purpose of aiding you in determining what Defendant Terrence Collingsworth's state of mind was when he made the statements about Drummond in the Letters published on the internet and that are at issue in this case. And, as I told you during trial, they cannot be considered to prove the truth of any matter asserted in the declarations. To aid in your deliberations, exhibits admitted subject to a limiting instruction will have a coversheet.

8

The parties have agreed that certain facts are true and established in this case. This type of agreement is called a stipulation. You must treat these facts as proved for this case. I read the parties' stipulations of fact to you earlier in this case, and a copy of those stipulated facts will be available for your review during your deliberations.

Some of the evidence in this trial was presented by deposition. A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Some of the depositions were presented by video. Others were presented by reading the deposition transcripts to you.

When transcripts were read, you will recall the lawyers read the answers of deponents. You should not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Also, during the video depositions, witnesses and translators spoke in languages other than English during this trial. You must consider evidence provided through only the official court translators. It is important that all jurors consider the

9

same evidence. So, the parties have agreed that even if some of you speak or understand Spanish, you must accept the English translation provided and disregard any different meaning suggested or stated in another language. The following deposition testimony was presented to you by video:

- Eric Hager, taken on December 14, 2023

- Paul Wolf, taken on July 1, 2014

- James Carroll, taken on January 25, 2023

- Richard Drath, taken on July 27, 2022

- William Scherer, III, taken on October 19, 2022

- William Sherer, Jr., taken on September 28, 2022

- Juan Carlos Rodriguez, taken on August 25, 2015

- Jaime Blanco, taken on December 11, 2023, and on June 27, 2024

- Jhon Jaime Esquivel Cuadrado, aka "El Tigre", taken on March 22, 2012

The following depositions were presented by reading the transcript:

- Jim Adkins, taken on August 2, 2012

- Jhon Jaime Esquivel Cuadrado, aka "El Tigre", taken on March 22, 2012 (portions read where video was corrupted)

- Juan Aguas Romero, taken on July 12 and 13, 2004

10

- George Pierce, taken on June 24, 2004

- Garry Neil Drummond, taken on June 27, 2012

- Victor Boekhoudt, taken on November 30, 2005

- Jose Gelvez Alvarracin, taken on March 16, 2012, and on April 20, 2012

Those involved in litigation are expected to preserve certain information and not dispose of it. The law recognizes a doctrine called spoliation of evidence. Spoliation of evidence applies when one party disposes of evidence or fails to preserve it. Before this trial started, I determined that Collingsworth acted deliberately with the intent to deprive Drummond of information and evidence in this case when he disposed of, gave away, or otherwise discarded a computer and a hard drive. More specifically, Collingsworth used a MacBook laptop and a Seagate external hard drive while employed at Conrad & Scherer. You heard evidence that those items were disposed of, which resulted in the loss of Collingsworth's emails and other evidence.

Because I have made the determination that Collingsworth acted deliberately with the intent to deprive Drummond of information and evidence, you may presume that the missing emails and information contained on these devices was unfavorable to Collingsworth. Of course, it is for you as the trier-of-fact to decide what force and

11

effect to give this issue in light of all of the evidence in this case. And, to be clear, you can only consider the question of spoliation in relation to Collingsworth. I instruct you that it is not relevant to any other Defendant in this case.

A party who asserts a claim against another person has the burden of proof. To be clear, different burdens of proof apply to the claims here. Drummond must prove each of the elements of its RICO claim by a preponderance of the evidence. Similarly, the first three elements of its defamation claim must be proved by a preponderance of the evidence, but the last element, actual malice, must be proved by the clear and convincing evidence.

Let me next instruct you about the difference in those standards.

A preponderance of the evidence means such evidence, when considered and compared with evidence opposed to it, has more convincing force, and produces in your minds a belief, that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof as to that claim.

12

Proving a claim by clear and convincing evidence requires a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence, but it is less than proof beyond a reasonable doubt. I will tell you when to apply this higher standard of proof.

Regardless of which standard applies, in deciding whether a party has carried a burden of proof, you may consider all the evidence presented, including stipulations, testimony, and documents regardless of who offered the evidence at trial.

Next, I will give you instructions about Drummond's claims. As I told you during my Preliminary Instructions, Drummond has asserted a total of three claims: a defamation claim, a substantive RICO claim, and a RICO conspiracy claim. You must consider each claim separately.

I will now provide you specific instructions about each of those claims.

**Plaintiff's Defamation Claim**

Plaintiff Drummond Company, Inc.'s defamation claim is only asserted against Defendant Terrence P. Collingsworth. It is not asserted against IRAdvocates, Ortero, or Van Bilderbeek.

By way of general background, defamation is the publication of something false about another. A defamatory statement harms another's reputation, or lowers the community's esteem for the plaintiff, or makes others not want to associate with the plaintiff.

Here, Drummond says Collingsworth published three Letters about Drummond which made defamatory statements about it. Drummond claims that the Letters included statements that Drummond was responsible for human rights violations and the murders of Colombian citizens, and that those statements were false and defamed it. Collingsworth denies those allegations.

A person publishes a statement when he communicates it to a third person. The word publication can mean speaking to a third person, sending a letter, posting a letter on a website, or any other form of communication.

To recover on its defamation claim, Drummond must prove each of these four elements:

(1)    that Collingsworth made a false statement about Drummond;

(2)    the statement was defamatory;

14

(3)    that Collingsworth published the Letters to another person; and

(4)    that Collingsworth published the Letters with actual malice.

Note that Drummond's burden of proof is different as to the first three elements when compared to the fourth element. The first three elements – the making of false statements, the statements being defamatory, and the publication of the statements – must be proved by a preponderance of the evidence. The fourth element – actual malice – must be proved by clear and convincing evidence.

I will now give you additional instructions about each of the four elements.

Under the first element, Drummond must prove that Collingsworth's statements in the Letters were false. So, you as the trier-of-fact must decide whether the statements at issue here were true or false.

Under the second element, a statement is defamatory if it tends to harm the reputation of Drummond, lowers the community's judgment of Drummond's worth or character, or discourages others from associating with Drummond. A defamatory statement tends to impute fraud, dishonesty, a crime, or reflect shame on another. It is for you to determine whether, in fact, statements in the Letters were defamatory. In undertaking that analysis, you should apply these two principles:

1.    You must review and interpret the Letters in their entirety and in relation to the opinion of the public at the time and in the

15

community in which they were received. You do not focus just on part of these Letters.

2.      You must give the statements their natural meaning, and according to the sense in which the statements appear to have been used and the idea they were meant to communicate to those who saw them. They must be construed and determined by the natural and probable effect on the mind of the average viewer.

Under the third element, you must determine if Collingsworth published the Letters. This element can be met by showing Collingsworth communicated them to someone other than Drummond. Collingsworth is generally not responsible if others republish or repeat a defamatory statement. But, if it was natural and probable that others would repeat or republish the Letters, then Collingsworth is responsible for that repetition or republishing.

Again, I remind you that Drummond must prove each of these first three elements by a preponderance of the evidence.

Under the fourth element, Drummond must prove by clear and convincing evidence that Collingsworth acted with actual malice. Actual malice is a legal standard, so let me start by explaining that ill-will, improper motive, and personal animosity are not proof of actual malice. Nor is the republication of other media reports, standing alone, proof of actual malice.

Rather, actual malice means proof that Collingsworth knew that the Letters

16

conveyed false statements about Drummond at the time Collingsworth made the statements, or that Collingsworth published the Letters with reckless disregard as to whether the statements were true or false.

Collingsworth acted with a reckless disregard if, at the time he published the Letters, he had a serious doubt that statements conveyed in the Letters were true, or he had a high degree of awareness that the Letters conveyed statements that were false. So, this element requires you to examine Collingsworth's state of mind when he published the Letters.

Note that the question is not whether a reasonably prudent person would have published the Letters. And, although Collingsworth had no legal duty to investigate the statements he made in the Letters, if you find that Collingsworth failed to investigate because he intended to avoid the truth, you may consider this as evidence that Collingsworth either knew statements in the Letters were false or acted with reckless disregard as to whether statements in the Letters were false.

Evidence that Collingsworth acted with reckless disregard can be established by circumstantial evidence, including but not limited to the following:

1. Evidence that his statements about Drummond were fabricated;

2. Evidence that his statements were so inherently improbable that only a reckless person would make the statement; or

17

3.    Evidence that his statements were based on sources that Collingsworth had obvious reasons to doubt.

If Drummond did not prove all four elements, you must find for Collingsworth on Drummond's defamation claim. If Drummond proved each of these four elements, you must consider Collingsworth's defense.

## Collingsworth's Defense

Truth is a defense to a defamation claim. Collingsworth says the statements he made about Drummond are substantially true. The term substantially true does not mean somewhat true or partially true. It does not mean the statement is true in every possible and unimportant respect. It means the statement is true without qualification in all material respects. What is material is what would naturally and probably affect Drummond's reputation in the mind of the average lay reader or listener. If Collingsworth proves by a preponderance of the evidence the statements are substantially true, he is entitled to prevail on his defense and you must find in his favor on Drummond's defamation claim.

If you find Drummond proved all four elements, and also find Collingsworth has not established his defense that the statements were substantially true, you must find for Drummond and consider the question of damages.

## Drummond's Defamation Damages Claim

I will now instruct you on the law regarding damages. Of course, you will only consider this instruction if you find Collingsworth is liable for the defamation claim. That is, if you find he is not liable, you would not consider damages as part of your defamation verdict and in that instance your verdict on the defamation claim must be in favor of Collingsworth. Please note that the fact that I am giving you a damages instruction does not mean I am suggesting Collingsworth is liable. You are the trier-of-fact, not me. My role is limited to giving you a full instruction on the law.

Drummond claims two types of damages in this case: (1) presumed compensatory damages and (2) punitive damages. It is for you to determine whether Drummond has proved its damages in this case and, if so, to what extent.

Before I instruct you on these two types of damages, let me clarify one point. Certain statements, if made and false, are what we call defamatory *per se*. If a defamatory statement exposes a plaintiff to public ridicule or contempt, or there is an imputation of an indictable offense involving infamy or moral turpitude, it is deemed defamatory *per se*. As I have already noted, it is for you to find whether statements were made, whether they were published, whether they were false, and whether they were made with actual malice. If you so find, the court has already determined that the statements made by Collingsworth – that Drummond was

complicit with the AUC in murders, human rights violations, human rights crimes, and war crimes – are defamatory *per se*. This is because those statements accuse Drummond of indictable criminal offenses. Accordingly, if you find Collingsworth made these statements to others, they are false, and the statements were made with actual malice, you are instructed to presume that Collingsworth's statements are defamatory *per se* and are deemed to have injured Drummond. In such a case, damages are presumed. This is because the law recognizes the inevitable tendency of these types of statements – that is, defamatory *per se* statements – to injure a plaintiff's reputation, profession, trade, or business.

With that background, I will now provide more specific instructions about (1) presumed compensatory damages and (2) punitive damages.

## Presumed Compensatory Damages – Defamation

As I have already indicated in certain instances, the law presumes damages to reputation. If you determine Collingsworth is liable on Drummond's defamation claim, Drummond need not prove it was actually damaged.

The amount you award in presumed compensatory damages is up to you, but you must base the award on your sound judgment and the evidence in this case. The award must reasonably compensate Drummond for the harm to its reputation.

## Punitive Damages – Defamation

20

Punitive damages are awarded to a plaintiff in order to punish defendants for their wrongful conduct and to protect the public by deterring or discouraging a defendant and others from engaging in the same or similar wrongs in the future.

Before you can award punitive damages you must have decided to award Drummond presumed compensatory damages. In addition, to recover punitive damages, Drummond must first prove by a preponderance of the evidence the following facts:

1.    That when Collingsworth published the statement:

    a.    He knew the statement was false; or

    b.    He had a high degree of awareness the statement was false; or

    c.    He had a serious doubt that the statement was true;

2.    That at least five days before October 21, 2011, Drummond sent a written demand to Collingsworth that he publicly retract the statement; and,

3.    That Collingsworth either (a) did not, within five days of the written demand, publish a full and fair retraction in as prominent and public place or manner as they published the original statement, or (b) did not fully and fairly retract the statement in the same medium and in a way to catch the listener or reader's attention.

A retraction is a withdrawal of a statement.

21

In addition, in order to recover punitive damages, Drummond must also prove by clear and convincing evidence that Collingsworth consciously or deliberately acted toward Drummond with oppression, fraud, wantonness, or malice.

Oppression means causing Drummond to undergo cruel and unjust hardship in knowing disregard of its rights.

Fraud means an intentional misrepresentation, deceit, or concealment of an important fact the concealing party had a duty to disclose, which was gross, oppressive, or malicious and committed by Collingsworth, with the intention of depriving Drummond of its property or legal rights or otherwise causing injury.

Wantonness is conduct that is carried on with a reckless or conscious disregard of Drummond's rights.

Malice is the intentional doing of a wrongful act without just cause or excuse, either:

1.    With an intent to harm Drummond's reputation or lower its esteem in the community, or make others not want to associate with Drummond, or

2.    Under circumstances that the law will imply as an evil intent.

Whether you award punitive damages is up to you. And, if you award punitive damages, the amount of your award is determined by the character and degree of

22

Collingsworth's wrongful conduct and the necessity to prevent the same or similar wrongful conduct by him and others in the future.

This concludes my instruction on Drummond's defamation claim against Collingsworth.

## Drummond's RICO Claims

Drummond asserts two separate RICO claims in this case. Unlike its defamation claim, its RICO claims are made against additional Defendants. That is, Drummond claims Collingsworth, IRAdvocates, Ivan Otero, and Albert Van Bilderbeek each violated the Racketeer Influenced and Corrupt Organizations Act, commonly known as RICO. Drummond asserts both a substantive RICO claim and a RICO conspiracy claim against all of these Defendants. However, you must evaluate these claims against Collingsworth and IRAdvocates separately. That is you must determine whether Drummond has proved its RICO claims against Collingsworth and separately determine whether it has proved those claims against IRAdvocates.

I instruct you, however, that Drummond has already established that Otero and Van Bilderbeek are liable on its RICO claims. This is because Otero and Van Bilderbeek were each served with the RICO lawsuit but they each failed to defend against the RICO claims and they also failed to follow the court's orders to provide

documents and testimony in this case. This resulted in the court entering a default judgment against Otero and Van Bilderbeek as to liability.

As a result of that default, there is no need for you to consider the court's instructions about elements as they relate to Otero and Van Bilderbeek. All that you must decide with respect to Otero and Van Bilderbeek is whether Drummond has proved that it was damaged by the enterprise or the conspirators, and, if so, the amount of damages Drummond is entitled to receive on its RICO claims. (I will instruct you further about damages later in this instruction). For this reason, my instructions about the elements of the RICO claims will focus only on the proof offered against Collingsworth and IRAdvocates.

Let me underscore this next point. Collingsworth and IRAdvocates have not defaulted. They have defended against Drummond's RICO claims and say they are not liable on those claims,. You should not in any way consider Otero and Van Bilderbeek's default in determining whether Drummond has proved its RICO claims against Collingsworth and IRAdvocates.

As I indicated previously in this trial, Drummond asserts two separate RICO claims against Collingsworth and IRAdvocates. The law recognizes two separate types of RICO violations that are at issue in this case:

(1)   a substantive RICO violation, and

24

(2)    a RICO conspiracy violation.

Although they are related, they are distinct claims, and each claim has different elements that Drummond must prove.

## Substantive RICO Claim – *18 U.S.C. § 1962(c)*

Drummond specifically claims that Collingsworth and IRAdvocates violated § 1962(c) of RICO. Those Defendants have not defaulted, so you must first decide whether Drummond has proved this claim against them.

To succeed on this claim, Drummond must prove each of the following five elements by a preponderance of the evidence. To be clear, the clear and convincing standard of proof does not apply to Drummond's RICO claims:

First, the existence of an enterprise;

Second, that the enterprise engaged in, or had some effect on, interstate or foreign commerce;

Third, that Collingsworth and/or IRAdvocates were employed by or associated with the alleged enterprise;

Fourth, that Collingsworth and/or IRAdvocates participated, either directly or indirectly, in the conduct or affairs of the enterprise, and

Fifth, that Collingsworth and/or IRAdvocates intentionally participated through a pattern of racketeering activity.

25

Now I'll provide you with some additional instructions to apply as you consider the facts that Drummond must prove.

As to the first element, Drummond must prove the existence of an enterprise. An "enterprise" doesn't have to be a legal entity. It can be an association of persons or entities. In this case, Drummond contends the enterprise includes the Defendants in this trial – Collingsworth, IRAdvocates, Ivan Otero, and Albert Van Bilderbeek, – and former or settling Defendants – Francisco Ramirez Cueller, Conrad & Scherer, LLP, and William R. Scherer, Jr. The association between the enterprise's members might be loose or informal. But the enterprise must have at least a purpose, relationships among those associated with the enterprise, and a duration sufficient to permit those associates to pursue the enterprise's purpose.

As to the second element, Drummond must prove that the enterprise engaged in or had an effect on interstate or foreign commerce. To engage in or have an effect on interstate or foreign commerce means that the enterprise either engaged in, or had an effect on commerce between two or more states, or on commerce between a state and a foreign country. Interstate commerce includes the movement of money between states, or between states and the District of Columbia or a U.S. Territory or possession or between the United States and a foreign state or nation.

26

Drummond must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It is not necessary to prove that the defendants' acts affected interstate commerce as long as the acts of the enterprise had such an effect. Finally, Drummond is not required to prove that the defendant knew he was affecting interstate commerce.

As to the third element, Drummond must prove that Collingsworth and IRAdvocates were employed by or associated with the enterprise at issue here. The requirement that Collingsworth and/or IRAdvocates be employed by or associated with the enterprise means they must at least have some minimal association with the enterprise. Collingsworth and/or IRAdvocates must know something about the enterprise's activities as they relate to the racketeering activities.

As to the fourth element, Drummond must also prove that Collingsworth and/or IRAdvocates participated, directly or indirectly, in the conduct of the affairs of the enterprise. To prove this, Drummond must show that Collingsworth and/or IRAdvocates actively conducted or participated in conducting the affairs of the alleged enterprise through a pattern of racketeering activity. Drummond need not prove that Collingsworth and/or IRAdvocates participated in, or were aware of, all of the enterprise's activities. It is sufficient if Collingsworth and/or IRAdvocates knew the essential nature of the enterprise and participated in it. Similarly, it is

27

sufficient if Collingsworth and/or IRAdvocates conducted or participated in the conduct of some of the enterprise's activities through a pattern of racketeering activity, which is the element I will address next.

As to the fifth element, Drummond must prove that Collingsworth and/or IRAdvocates intentionally participated in the conduct of the enterprise's affairs through a pattern of racketeering activity.

Racketeering activity includes intentional acts that violate certain federal laws. As relevant to this case, these include witness bribery, wire fraud, money laundering, obstruction of justice, witness tampering, and extortion. I will now explain the law about these statutes to aid you in determining whether Drummond has proved by a preponderance of the evidence that Collingsworth and/or IRAdvocates engaged in these acts and violated these statutes. These acts of racketeering activity are sometimes referred to as "predicate acts."

To establish a "pattern of racketeering activity" Drummond must show that Collingsworth and/or IRAdvocates committed at least two distinct predicate acts. Distinct does not have to mean different types of acts. But by itself, proof of two or more predicate acts doesn't necessarily establish a pattern under RICO.

To prove a pattern of predicate acts, Drummond must show that the acts were related to one another and related to the enterprise. Two or more acts of racketeering

28

activity that aren't related don't establish a pattern of racketeering activity under RICO. Predicate acts are "related" to one another if they have the same or similar purposes, results, participants, victims, or methods. Predicate acts are also related if they have common distinguishing characteristics and aren't merely isolated events.

To be related, the predicate acts do not have to be the same kind of acts. For example, the acts may comprise one act of wire fraud and one act of witness bribery.

To make up a pattern of racketeering activity, predicate acts must demonstrate continuity. There are two basic ways continuity can be demonstrated. The first is to demonstrate related predicate acts extending over a substantial period of time. The second is to show conduct that doesn't occur over a substantial period of time but, by its nature, is likely to be repeated into the future.

Again, "racketeering activity" means an act that violates federal statutes outlawing different actions including as relevant here witness bribery, witness tampering, wire fraud, money laundering, obstruction of justice, and extortion. To determine if there is a pattern of racketeering activity, you must consider only those specific racketeering acts that Drummond alleges against Collingsworth and IRAdvocates. And, you can't find that Collingsworth and IRAdvocates engaged in a "pattern of racketeering activity" unless you unanimously agree on which of the two or more specific predicate acts that made up the pattern. That is, you must all

29

agree what two or more predicate acts Collingsworth and/or IRAdvocates committed. Put another way, you can't find that Collingsworth and/or IRAdvocates has engaged in a pattern of racketeering activity unless you find (1) a "pattern" of predicate acts, and (2) that Drummond has proved by a preponderance of the evidence that Collingsworth and/or IRAdvocates committed any two or more predicate acts that you find make up that pattern.

In this case, Drummond contends that Collingsworth, IRAdvocates, and others engaged in the following predicate acts: witness bribery, witness tampering, obstruction of justice, money laundering, wire fraud, and extortion.

Let me instruct you about each of these predicate acts, albeit in a slightly different order.

### 18 U.S.C. § 201 (Witness Bribery)

Drummond contends Collingsworth and/or IRAdvocates bribed witnesses. Drummond must show by a preponderance of the evidence that Collingsworth and/or IRAdvocates directly or indirectly, corruptly gave, offered, or promised anything of value to any person with intent to influence that person's testimony under oath or affirmation at a trial, hearing, or other proceeding, before any court.

30

## 18 U.S.C. § 1512(b)(1) (Witness Tampering)

Drummond contends Collingsworth and/or IRAdvocates tampered with witnesses. Drummond must show by a preponderance of the evidence that Collingsworth and/or IRAdvocates corruptly persuaded another person, or attempted to do so, or engaged in misleading conduct toward another person, with the intent to influence, delay, or prevent the testimony of any person in an official proceeding.

## 18 U.S.C. § 1503 (Obstruction of Justice)

Drummond contends Collingsworth and/or IRAdvocates obstructed justice. Drummond must show by a preponderance of the evidence that:

(1)    there was a proceeding before a court; and

(2)    Collingsworth and/or IRAdvocates knowingly and corruptly tried to influence, obstruct, or impede the due administration of justice in that judicial proceeding.

To influence, obstruct, or impede the due administration of justice is to do something to sway or change or prevent any action likely to be taken in the judicial proceeding.

To act "corruptly" means to act voluntarily, deliberately, and dishonestly with the specific intent to sway, change, or prevent some action likely to be taken in the judicial proceeding.

31

Drummond does not have to prove that the judicial proceeding was in fact influenced or obstructed or impeded in any way. It only has to prove that the Defendants corruptly tried to influence, obstruct, or impede the due administration of justice, and that the natural and probable effect of the Defendants' acts would be to sway, change, or prevent some action likely to be taken in the judicial proceeding.

## 18 U.S.C. § 1956(a)(2)(A) (Money Laundering)

Drummond contends Collingsworth and/or IRAdvocates laundered money. Drummond must show by a preponderance of the evidence that:

(1)    Collingsworth and/or IRAdvocates knowingly transported, transmitted, or transferred money from a place in the United States to or through a place outside the United States, or attempted to do so; and

(2)    Collingsworth and/or IRAdvocates acted with the intent to promote the carrying on of specified unlawful activity.

To "transport, transmit, or transfer" includes all means to carry, send, mail, ship, or move money. It includes any physical means of transferring or transporting funds, and also electronic transfer by wire or computer or other means.

It doesn't matter whether the money involved in this case was derived from criminal activity. It could be legitimately earned income.

The term "specified unlawful activity" means witness bribery, wire fraud, mail fraud, obstruction of justice, money laundering, or witness tampering.

32

The term "with the intent to promote the carrying on of specified unlawful activity" means that the Defendant must have conducted or attempted the financial transaction for the purpose of making easier or helping to bring about the "specified unlawful activity" as just defined.

To "attempt" an act means to intentionally take some substantial step toward accomplishing the act so that the act will occur unless something happens to interrupt or frustrate it.

### 18 U.S.C. § 1343 (Wire Fraud)

Drummond contends Collingsworth and/or IRAdvocates engaged in wire fraud. Drummond must show by a preponderance of the evidence that:

(1) Collingsworth and/or IRAdvocates knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) acted with the intent to defraud; and

(4) transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses,

33

representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

Drummond does not have to prove all the details alleged in the lawsuit about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged

34

fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, email, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate predicate act.

## 18 U.S.C. § 1951 (Extortion)

Drummond contends Collingsworth and/or IRAdvocates attempted to extort money from Drummond. Drummond must show by a preponderance of the evidence that Collingsworth and/or IRAdvocates knowingly created the fear of economic harm or exploited the existing fear of economic harm with the purpose of inducing Drummond to pay money to Collingsworth and/or IRAdvocates. Drummond does not have to prove that Collingsworth and/or IRAdvocates were successful in extorting money from Drummond. Rather, Drummond can show by a preponderance of the evidence that Collingsworth and/or IRAdvocates attempted to do so.

Having instructed you on those terms, let me continue my instruction on the substantive RICO claim. A person doesn't violate RICO by merely associating with

35

or being employed by an otherwise lawful enterprise if others conduct the enterprise's affairs through a pattern of racketeering activity in which the person isn't personally engaged.

If you find that Drummond established its substantive RICO claim against Collingsworth and/or IRAdvocates, you must then decide whether the RICO enterprise caused an injury to Drummond. The damages that Drummond may recover are those caused by the predicate acts constituting the pattern of racketeering activity if they injure Drummond in its business or property. It isn't necessary that every predicate act caused damage to Drummond. But, Drummond can only recover damages caused by predicate acts that are part of the pattern of racketeering activity.

This concludes my instruction to you on the substantive RICO claim.

## RICO Conspiracy Claim - *18 U.S.C. § 1962(d)*

Drummond also claims that Collingsworth and IRAdvocates are also liable because they conspired to violate the RICO statute. I've already given you instructions on the elements of a substantive violation of that statute. Now you must decide if Drummond has proved by a preponderance of the evidence that Collingsworth and/or IRAdvocates engaged in a conspiracy to violate RICO. Please note that the clear and convincing standard does not apply to this claim.

36

By way of general background, a RICO "conspiracy" is an agreement by two or more people to violate RICO. Put another way, it's a kind of partnership for illegal purposes. Every member of the conspiracy becomes the agent or partner of every other member. Drummond doesn't have to prove that all the people named in the complaint were members of the conspiracy – or that those who were members made any kind of formal agreement. The heart of the conspiracy is the making of the unlawful plan itself. And, Drummond doesn't have to prove that the conspirators were successful in carrying out the plan.

Drummond alleges that the members of the RICO conspiracy were Collingsworth, IRAdvocates, Conrad & Scherer, Bill Scherer, Ramirez, Otero, and Van Bilderbeek. To prove a RICO conspiracy, Drummond must prove each of the following elements by a preponderance of evidence:

First:    That two or more people or entities agreed to try to accomplish an unlawful plan to engage in a pattern of racketeering activity, and

Second:   Either that a defendant (a) agreed to the overall objective of the conspiracy, or (b) agreed with at least one other defendant to commit two predicate acts as part of the conspiracy.

Drummond may show an "agreement to the overall objective of the conspiracy" by circumstantial evidence that a defendant must have known that

37

others were also conspiring to participate in the same enterprise through a pattern of racketeering activity. If Drummond proves that a Defendant agreed to an overall objective of the conspiracy, it isn't necessary that the Defendant agreed to personally commit two predicate acts.

A defendant can also engage in a RICO conspiracy even if a defendant didn't agree to the conspiracy's overall objective. It's enough to find that Collingsworth and IRAdvocates agreed with at least one other co-conspirator to commit at least two predicate acts – alone or with someone else.

While the essence of a RICO conspiracy is an agreement to further an endeavor that, if completed, would satisfy all the elements of a substantive RICO violation, Drummond doesn't have to offer direct evidence of an agreement. The conspiracy's existence can be proved by circumstantial evidence, including inferences drawn from the participants' conduct. But, Drummond must prove that Collingsworth and/or IRAdvocates objectively manifested, through words or actions, their agreement to participate in the enterprise's affairs. If Drummond did not prove by a preponderance of the evidence that a particular defendant agreed to participate in the enterprise's affairs, you must find for that Defendant on Drummond's RICO conspiracy claim.

38

Drummond doesn't have to show that the alleged members of the conspiracy entered into any express or formal agreement. Nor does Drummond have to prove that members of the conspiracy directly stated the details of the scheme, its object, or purpose, or the precise means by which the object or purpose was to be accomplished. Drummond also doesn't have to establish that all the means or methods alleged to carry out the alleged conspiracy were, in fact, agreed on, or that all the means or methods that were agreed on were actually used or put into operation. And, Drummond doesn't have to prove that all persons alleged to be conspiracy members were actually members or that alleged conspirators succeeded in accomplishing their unlawful objectives.

To support a finding of a RICO conspiracy, you must find that Collingsworth and/or IRAdvocates agreed to try to accomplish an unlawful plan in a pattern of racketeering activity and that Collingsworth and/or IRAdvocates either agreed to the overall objective of the conspiracy or agreed with at least one other defendant to commit two predicate acts as part of the conspiracy.

A defendant can become a member of a conspiracy without knowing all the unlawful scheme's details or without knowing the names and identities of all the other alleged conspirators. If Drummond proves by a preponderance of the evidence that a particular defendant has knowingly joined the alleged conspiracy, it doesn't

matter that Collingsworth and/or IRAdvocates may not have participated in the alleged conspiracy or scheme's earlier stages.

Mere presence at the scene of some transaction or event or mere similarity of conduct among various persons who may have associated with each other or may have assembled together and discussed common aims and interests, doesn't necessarily prove the existence of a conspiracy. A person who doesn't have knowledge of a conspiracy, but who happens to act in a way that advances some object or purpose of conspiracy, doesn't become a conspirator.

Unlike the substantive RICO claim it has asserted, Drummond doesn't have to prove that a defendant actually committed any of the acts that Collingsworth and/or IRAdvocates may have agreed to commit to establish their membership in the conspiracy. Drummond's burden on its conspiracy claim is to prove by a preponderance of the evidence that Collingsworth and/or IRAdvocates agreed that a co-conspirator would commit a violation.

To determine whether there was a conspiracy, you must consider all the evidence in the case. If you find that there was a conspiracy, then you can attribute the statements or acts of Ivan Otero, Albert Van Bilderbeek, Francisco Ramirez Cuellar, Conrad & Scherer, LLP, and William R. Scherer, Jr. to Collingsworth and IRAdvocates. If you find that there was not a conspiracy, then you can't attribute the

40

statements or acts of Ivan Otero, Francisco Ramirez Cuellar, Albert Van Bilderbeek, Conrad & Scherer, LLP, and William R. Scherer, Jr. to Collingsworth and IRAdvocates.

If you find the conspiracy didn't exist, then you must find for Collingsworth and/or IRAdvocates on the RICO conspiracy claim. But, if you're satisfied that the conspiracy existed, you must determine who the members of the conspiracy were.

In order to find Collingsworth and/or IRAdvocates liable on the RICO conspiracy claim, you must find that they were members of the RICO conspiracy, not some other separate conspiracy.

If you decide that Collingsworth, or IRAdvocates, or both conspired to violate RICO, you must decide whether that conspiracy caused Drummond injury. The damages Drummond may recover are limited to those caused by the predicate acts committed by members of the conspiracy that injured Drummond in its business or property. Having said that, if you conclude that Collingsworth and/or IRAdvocates joined in a conspiracy to violate RICO, they are responsible for all damages caused by predicate acts committed by members of the conspiracy and that caused injury to Drummond. It isn't necessary that every predicate act caused damage to Drummond, but it can only recover for damages caused by any predicate acts committed by a member of the conspiracy.

In your consideration of this conspiracy claim, you should first determine whether the alleged conspiracy existed. If you conclude that a conspiracy existed as alleged, you should next determine whether each defendant under consideration willfully became a member of that conspiracy.

If you find that Drummond has proved each element of its RICO conspiracy claim, you must consider whether Drummond sustained an injury in its business or property.

## RICO Claim and RICO Conspiracy Claim Damages

I must now charge you on the issue of RICO damages. This same instruction applies to both the substantive RICO claim and the RICO conspiracy claim.

Persons and entities who are members of a RICO enterprise are liable for any RICO damages caused by the enterprise that are proved by a RICO Plaintiff. Similarly, persons and entities who are members of a RICO conspiracy are liable for any damages caused by that conspiracy that are proved by a RICO conspiracy Plaintiff. So, your task here is to determine what if any damages the RICO enterprise and/or the RICO conspiracy caused Drummond.

To be clear, you are not considering what damages any particular member of the enterprise caused or what damages any particular member of the conspiracy caused, but rather what damages were caused by the enterprise and all of its

42

members, and/or the conspiracy and all its members. That means, in assessing RICO damages – whether based on the substantive RICO claim, the conspiracy claim, or both – you must determine what damages Drummond incurred as a result of the RICO violations committed by members of the enterprise and/or members of the conspiracy.

Please note that you must evaluate the issue of RICO damages regardless of whether you find against Collingsworth and/or IRAdvocates on these claims. This is because Drummond also asserted its RICO claims against Defendants Otero and Van Bilderbeek, and they defaulted on those claims. Because Otero and Van Bilderbeek defaulted on the RICO claims against them, it is established that they are liable to Drummond on the RICO claims.

Whether or not you conclude that either Collingsworth, IRAdvocates, or both, are liable for a RICO violation – again, either a substantive RICO violation, a RICO conspiracy claim, or both – you have the same job: you must consider (1) whether Drummond has proved that it suffered damages as a result of the RICO enterprise's violations and/or the conspirators' conduct, and (2) if so, what damages were proved.

As the plaintiffs seeking monetary damages for RICO claims, Drummond must prove by a preponderance of the evidence that (1) an injury occurred to its business or property and (2) that such injury was because of the RICO violation

43

under 18 U.S.C. § 1962(c) and/or the RICO conspiracy violation under 18 U.S.C. § 1962(d). Drummond seeks the following categories of monetary damages in its RICO claims:

1. Legal expenses incurred in defending the claims against Drummond in the *Baloco*, *Balcero*, and *Melo* cases;

2. Expenses associated with trips to Europe to meet with Drummond's customers; and

3. Lost coal sales revenue.

For each category of damages, you must find that those damages were proximately caused by Defendants' (including Otero and Van Bilderbeek) RICO violation(s), which means you must find some direct relation between the injury asserted by Drummond and the Defendants' RICO violations. Proximate cause means that Defendants' RICO violations were a substantial factor in causing Drummond's injuries. The fact that other causes may also have contributed to Drummond's injuries does not mean that Drummond has not proved proximate cause for purposes of its RICO claims.

We will now hear summations, or closing arguments, from the attorneys. Remember that what the lawyers say is not evidence. I encourage you to test what the lawyers say against your own memory of the evidence. You are the judges of the facts – not the lawyers.

44

## Final Instruction

Ladies and Gentlemen of the Jury:

I remind you once again that the arguments of counsel are <u>not</u> evidence in this case. The court allows counsel to make closing arguments or summations to help you recall the evidence and to help you tie the evidence together. You should not substitute what the lawyers say about the evidence for your own recollection. Neither should you decide this case based on the eloquence of these attorneys and their arguments. You must decide the case solely based on your view of the facts as you find them to be from the evidence, and your application of the law to those facts as I have instructed you.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree as to the elements of each claim. Your deliberations will be secret; you will never have to explain your verdict to anyone.

Your duty as jurors is to discuss the case with one another and consult with one another in an effort to reach agreement, if you can do so. Each of you must decide the case for yourself, but only after full and impartial consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind, if you become convinced that your initial opinion was wrong. But do not give up your honest beliefs

45

as to the weight or effect of the evidence solely because the others think differently, or merely to return a verdict.

Remember, in a very real way you are judges – judges of the facts and judges of the credibility of the witnesses. Your sole interest is to seek the truth from the evidence in the case. Your duty is to decide whether Plaintiff has proved her claims against Defendants.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will guide your deliberations and will speak for you here in court.

The court has prepared verdict forms for your convenience. If after your deliberations, you unanimously agree that the Plaintiff has not proven a claim, you must find for the Defendant as to that claim. If, however, after your deliberations, you unanimously agree that the Plaintiff has proven a claim, you must find for Plaintiff as to that claim.

You will take the verdict forms to the jury room. When you have reached unanimous agreement, you will have your foreperson fill out, date, and sign the verdict forms. Knock on your courtroom door and tell Ms. Humphrey that you have a verdict. Should Ms. Humphrey not answer the door within a few seconds, please knock on the hall door and ask the Court Security Officer to locate Ms. Humphrey.

If you should desire to communicate with me at any time, please have your foreperson write down your message or question, date and sign it, then knock on your courtroom door and pass the note to Ms. Humphrey, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, regarding any message or question you might send, that you should not tell me your numerical division at the time.

Remember at all times that you are not partisans.

You are judges – judges of the facts.

Your sole interest is to seek the truth from the evidence in the case.

You may now return to the jury room, but please do not begin your deliberations until you receive word from Ms. Humphrey that you may do so.

47