FILED

2026 Jun-17  PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DRUMMOND COMPANY, INC. et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:11-cv-3695-RDP** |
| | } | |
| **TERRENCE P. COLLINGSWORTH, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

| | | |
|---|---|---|
| **DRUMMOND COMPANY, INC., et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:15-cv-506-RDP** |
| | } | |
| **TERRENCE P. COLLINGSWORTH, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## ORDER REGARDING SET OFF

These cases are before the court on Drummond's Motion to Enforce Alabama and Federal Set Off Law (Case No. 2:11-cv-03695-RDP ("Defamation case"), Doc. # 1189; Case No. 2:15-cv-00506-RDP ("RICO case"), Doc. # 701). The Motion (Case No. 2:11-cv-03695-RDP, Doc. # 1189; Case No. 2:15-cv-00506-RDP, Doc. # 701) is **GRANTED**.

This order addresses how the set-offs will be accomplished. The parties have submitted briefs on this issue. (Defamation Docs. # 1265, 1267, 1270; RICO Docs. # 776, 778, 781).

Drummond argues that Defendants are only entitled to a set-off in the amounts actually *received* by it under the settlements with Defendants Conrad & Scherer, LLP, William R. Scherer, Jr., and Francisco Ramirez, and indicates that it "will file a notice of partial satisfaction of judgment." (Defamation Docs. # 1189, # 1267 at 4-5 & n.1). Drummond further argues that the defamation set-off does not apply to punitive damages, and that *RICO* damages must be trebled before any set-off is applied. (Defamation Doc. # 1267 at 5-7).

As to the verdict in the Defamation case, Collingsworth and IRAdvocates argue that "[t]he law is clear that the settlement amount should be deducted from the award of compensatory damages before final judgement is entered." (Defamation Doc. # 1270 at 1). And, they note, the issue of whether defamation set-off only applies to compensatory damages "need not be addressed [because t]he entire C&S settlement amount for the defamation case can be set-off against the compensatory damages awarded by the jury." (*Id*. at 5). As to the RICO verdict, Collingsworth and IRAdvocates argue that although "the law is less clear[,] justice and equity require that the RICO settlement should be deducted before the damage award is trebled." (*Id*.).

As the court explains below, they are both right – in part.

### A.    Set-Off in the Defamation Case

Under Alabama law, "[i]t is well settled that a non-settling joint tortfeaser in Alabama is entitled to a set-off *once the injured party enters into* a pro tanto settlement agreement with another joint tortfeaser." *Popwell v. Cent. Hosp.*, No. 2:06-CV-00851-MHT, 2007 WL 9782647, at *1 (M.D. Ala. Nov. 9, 2007) (citing *Anderson v. Kemp*, 279 Ala. 321, 184 So. 2d 832 (1966)) (emphasis added). "The relief to which the joint tort-feaser is entitled is a set-off *in the amount of the pro tanto settlement* agreement." *Campbell v. Williams*, 638 So. 2d 804, 812 (Ala. 1994)

2

(emphasis added).

The parties agree that the amount due under the pro tanto settlement in the defamation case, plus some interest to date, has been paid and received by Drummond. (Docs. # 1199, # 1271-1 at 7). Further, the amount of the settlement – and therefore the amount of the set-off – in the Defamation case is less that the compensatory damages awarded by the jury. Accordingly, the *amount* of C&S's Defamation settlement will be set off from the compensatory damages portion of that award.

### B.    Set-Off in the RICO Case

"[U]nder the plain language of the RICO Act, [] the final judgment must reflect an amount that is three times the amount of actual damages." *Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1333 (S.D. Fla. 2009) (citing 18 U.S.C. § 1964(c)). "The value of the settlements should then be set-off *subsequent to trebling*." *Id*. ("the value of settlements that Plaintiffs have reached with various Defendants in this case should be deducted after trebling.") (collecting cases).

As to set-off in the RICO case, Drummond again argues that the set-off here is limited to the amounts actually paid under the settlements. The court disagrees. The applicable cases discuss the value of the settlement as the amount to be set-off, not the actual to-date payments received toward such a settlement.

"Because Plaintiffs have entered settlement agreements totaling $750,000.00, the monetary award in this case must be reduced by that amount to prevent a windfall to Plaintiffs." *Palterovich*, 653 F. Supp. 2d at 1334. "In RICO cases, when a plaintiff settles with one defendant, the non-settling defendants are entitled to a credit of the settlement *amount* against any judgment[.]" *Allstate Ins. Co. v. Abramov*, 2020 WL 1172697, at *14 (E.D.N.Y. Feb. 21, 2020), *report and*

*recommendation adopted*, 2020 WL 1166498 (E.D.N.Y. Mar. 11, 2020) (citing *Allstate Ins. Co. v. Polack*, 2012 WL 4489282, at *7 (E.D.N.Y. Sept. 12, 2012) *report and recommendation adopted*, 2012 WL 4490775 (Sept. 28, 2012)) (emphasis added). In *Harvey v. Home Savers Consulting Corp.*, the court explained,

> Since a plaintiff may not recover twice for same injury, the final damages award must be set off by the *value* of these agreements. *See Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989). However, the *value* of these settlements should be deducted from the amount of plaintiffs' damages only after they have been trebled pursuant to RICO. *See id.* at 601; *In re Crazy Eddie Secs. Litig.*, 948 F. Supp. 1154, 1169 (E.D.N.Y. 1996); *In re Nat'l Mortgage Equity Corp. Mortgage Pool Secs. Litig.*, 636 F. Supp. 1138, 1151-52 (C.D. Cal. 1986).

2011 WL 13298705, at *11 (E.D.N.Y. Mar. 3, 2011) (emphasis added).

Drummond cites *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, for the proposition that it is the amount of settlement payments received that is the proper set-off amount. (Defamation Doc. # 1267 at 5 (citing 517 F.3d 1271, 1277-78 (11th Cir. 2008)). Collingsworth and IRAdvocates argue that, despite *BUC Int'l Corp.*'s language, in context, the "amounts received" refers to the amount of the settlement, not the amount collected. (Defamation Doc. # 1270 at 4). To be sure, in *BUC Int'l Corp.*, admittedly the court discussed the set-off in terms of "the amounts received" under the settlement. But there was absolutely no indication that unpaid portions of the settlements were at issue in that case. 517 F.3d at 1274. Moreover, that case did not apply Alabama law or involve a RICO claim. Thus, the court is not persuaded that the case is relevant to the issues before this court.

Related to the timing of the RICO set-off, Collingsworth and IRAdvocates argue that, "[a]bsent binding Eleventh Circuit precedent on this issue, [] the more compelling position is that the C&S RICO settlement should be applied to the actual RICO compensatory damage award prior

to trebling." (Defamation Doc. # 1270 at 5). They also argue that it "makes better policy sense" for the setoff to be deducted from the actual damage award, not the trebled damage award, which is a punitive award. (*Id*. at 6).

The greater weight of the authority dictates that "[t]he value of the settlements should [] be set-off subsequent to trebling." *Palterovich*, 653 F. Supp. 2d at 1333*; see also Morley v. Cohen*, 888 F.2d 1006, 1013 (4th Cir. 1989) ("The deduction here should be made after trebling."); *Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1310 (7th Cir. 1987) ("setting-off damages after trebling is more likely to effectuate the purposes behind RICO"); *Burlington Indus. v. Milliken & Co*., 690 F.2d 380, 391 (4th Cir.1982), *cert. denied*, 461 U.S. 914 (1983) (settlement deductions made after trebling in antitrust cases); *Gilmore v. Pawn King, Inc*., 2016 WL 1180147, at *4 (D. Conn. Mar. 25, 2016) ("I agree that prevailing case law instructs a court to set off damages after trebling"); *State Farm Mut. Auto. Ins. Co. v. Kalika*, 2007 WL 4326920, at *9 (E.D.N.Y. Dec. 7, 2007) (recognizing that, though Second Circuit has not yet ruled on the issue, other circuits have held that set-off occurs after RICO damages are trebled); *City of New York v. Pollock*, 2006 WL 522462, at *17 (S.D.N.Y. Mar. 3, 2006) (same).

Accordingly, the *amount* of C&S's, Scherer's, and Ramirez's RICO settlements will be set off from the RICO award, and that set-off will occur only after trebling.

Separate final judgments will be entered.

**DONE** and **ORDERED** this June 17, 2026.

**R. DAVID PROCTOR**
SENIOR U.S. DISTRICT JUDGE

5